1 Scott Edward Cole, Esq. (S.B. #160744)
Clyde H. Charlton, Esq. (S.B. #127541)
2 Matthew R. Bainer, Esq. (S.B. #220972)
**SCOTT COLE & ASSOCIATES, APC**
3 1970 Broadway, Ninth Floor
Oakland, California 94612
4 Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
5 www.scalaw.com

6 Attorneys for Representative Plaintiff
and the Plaintiff class
7

ENDORSED
FILED
ALAMEDA COUNTY

JUL 06 2007

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

8 **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 **IN AND FOR THE COUNTY OF ALAMEDA**

10

11 ROBERT RUNNINGS individually, and )   Case No.: RG  07334249
on behalf of all others similarly situated, )
12                                           )   **CLASS ACTION**
                    Plaintiffs,             )
13 vs.                                      )   **COMPLAINT FOR DAMAGES,**
                                            )   **INJUNCTIVE RELIEF AND RESTITUTION**
14 DOLLAR TREE STORES, INC, and            )
DOES 1 through 25, inclusive,              )
15                                           )
                    Defendants.             )
16 _____ )

17

18 Representative Plaintiff alleges as follows:

19

20 **PRELIMINARY STATEMENT**

21     1.    This is a class action, brought on behalf of Robert Runnings (the "Representative

22 Plaintiff") and all other persons who are or have been employed as a Store Manager by defendant

23 Dollar Tree Stores, Inc. and Does 1 through 25, inclusive (collectively "Dollar Tree") in any of

24 Dollar Tree's retail stores in the State of California at any time after the commencement of the pay

25 period including July 6, 2003. On his own behalf and on behalf of the class, Representative Plaintiff

26 seeks unpaid wages, including unpaid overtime compensation and interest thereon, meal and rest

27 period compensation, waiting time penalties, injunctive and other equitable relief and reasonable

28 attorneys' fees and costs, under, *inter alia*, California Labor Code §§ 201, 202, 203, 226, 226.7, 512,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  1174 and 1194, CCP § 1021.5 and under Business and Professions Code §§ 17200-17208.

2      2.      The "class period" is designated as the time from at least the commencement of the

3  pay period including July 6, 2003 through the conclusion of trial on all issues presented in this

4  action, based upon the allegation that Dollar Tree's violations of California wage and hour laws, as

5  described more fully below, have been ongoing since at least this date. During the class period,

6  Dollar Tree has had a consistent policy of (1) requiring class members to work in excess of eight

7  hours per day and in excess of forty hours per week, without paying them overtime compensation

8  as required by California state wage and hour laws, (2) denying class members statutorily-mandated

9  meal and rest periods, (3) willfully failing to pay compensation (including unpaid overtime and/or

10 compensation for working through meal and/or rest periods) in a prompt and timely manner to those

11 class members whose employment with Dollar Tree have terminated, and (4) willfully failing to

12 provide class members with accurate semimonthly itemized statements of the total number of hours

13 each of them worked, the applicable deductions and the applicable hourly rates in effect during the

14 pay period.

15

16                              **INTRODUCTION**

17     3.      Since its inception, Dollar Tree has offered a wide range of merchandise to its

18 customers in many categories, including housewares, seasonal goods, candy and food, toys, health

19 and beauty care, gifts, party goods, stationery, books, personal accessories, and other consumer

20 items, all at a maximum $1.00 price point, a fact which, in and of itself, suggests the high level of

21 non-exempt work (e.g., freight receiving, warehouse work, stocking, inventory, sales) required to

22 ensure accessability of its stores' inventory to its customers. Dollar Tree boasts itself to be the

23 nation's largest $1.00 discount variety store chain, with gross profits exceeding $1.3 billion in 2006,

24 according to Securities and Exchange Commission filings.

25     4.      According to these same filings, during fiscal year 2006, Dollar Tree operated 3,219

26 stores nationwide. In California alone, Dollar Tree has employed hundreds of individuals in recent

27 years as retail Store Managers, an employment position which has not and currently does not meet

28 the test for exemption from the payment of overtime wages or from the entitlement to statutorily-

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  mandated meal and/or rest periods.

2       5.    Despite actual knowledge of these facts and legal mandates, Dollar Tree has enjoyed

3  an advantage over its competition and a resultant disadvantage to its Store Managers by electing not

4  to compensate them for overtime hours worked, compensation for missed meal and/or rest periods,

5  and "waiting time" and related penalties.

6       6.    This is hardly the first time Dollar Tree has been made aware of these precise

7  violations with regard to its treatment of Store Managers. Most significantly, on April 17, 2002,

8  Representative Plaintiff's attorneys filed an action in California Superior Court (Orange County),

9  alleging the same violations as are pled in the present action. Although that matter resolved through

10  settlement, Dollar Tree apparently has done little, if anything, to change these practices toward Store

11  Managers.

12       7.    As a result of those prior legal proceedings, among other reasons, Representative

13  Plaintiff is informed and believes and, based thereon, alleges that officers of Dollar Tree knew of

14  the occurrence of the violations alleged in this action and the legal mandates which govern such

15  conduct, yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

16       8.    Despite Dollar Tree's knowledge of class members' entitlement to full pay for all

17  hours worked, Dollar Tree failed to provide same to class members, in violation of the California

18  Labor Code, IWC Wage Order No. 7 and Title 8 of the California Code of Regulations, among other

19  laws and regulations. This action is brought to redress and end this long-time pattern of unlawful

20  conduct once and for all.

21

22  **JURISDICTION AND VENUE**

23       9.    This Court has jurisdiction over Representative Plaintiff's and class members' claims

24  under California statutes and, by extension, IWC Wage Order No. 7. This Court also has

25  jurisdiction over Representative Plaintiff's and class members' claims for injunctive relief, and

26  restitution of ill-gotten benefits arising from defendant Dollar Tree's unfair, unlawful and/or

27  fraudulent business practices under Business & Professions Code §§ 17200, *et seq.*

28  /////

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    10.    Venue as to Defendant is proper in this judicial district, pursuant to Code of Civil

2    Procedure § 395(a). Dollar Tree is a corporation, maintaining offices, operating retail stores and

3    doing business in Alameda County, and is otherwise within this Court's jurisdiction for purposes

4    of service of process. The unlawful acts alleged herein have a direct effect on Representative

5    Plaintiff and those similarly situated within the State of California and within Alameda County.

6    Defendant Dollar Tree employed numerous class members in Alameda County during the class

7    period.

8

9                                    **PLAINTIFF(S)**

10    11.    The Representative Plaintiff is a natural person and was, during the relevant time

11    period identified herein, employed by defendant Dollar Tree in the job position of Store Manager

12    at one or more of Defendant's California retail stores.

13    12.    As used throughout this Complaint, the terms "Plaintiff(s)" and/or "Class" refer to

14    the Representative Plaintiff herein, as well as each and every person eligible for membership in the

15    Plaintiff class, as further described and defined below.

16    13.    At all times herein relevant, the Representative Plaintiff was a person within the class

17    of persons further described and defined herein.

18    14.    The Representative Plaintiff brings this action on behalf of himself and as a class

19    action on behalf of all persons similarly situated and proximately damaged by the unlawful conduct

20    described herein, pursuant to California Code of Civil Procedure § 382.

21

22                                    **DEFENDANT**

23    15.    At all times herein relevant, defendant Dollar Tree and Does 1 through 25, inclusive

24    (collectively referred to as "Dollar Tree" and/or "Defendant") was and are corporations and/or other

25    business entities, duly licensed, located and doing business in, but not limited to, the State of

26    California. Representative Plaintiff is informed and believes and, on that basis, alleges that, at all

27    relevant times herein mentioned, each person responsible for the acts alleged herein was the agent

28    and/or employee of Dollar Tree and, in doing the acts herein alleged, was acting within the course

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Complaint for Damages, Injunctive Relief and Restitution

1    and scope of such agency and/or employment.

2        16.    Those defendants identified as Does 1 through 25, inclusive, are and were, at all

3    relevant times herein-mentioned, co-employers of some/each of the remaining defendants.

4        17.    Representative Plaintiff is unaware of the true names and capacities of those

5    defendants sued herein as Does 1 through 25, inclusive and, therefore, sues these defendants by such

6    fictitious names.  Representative Plaintiff will seek leave of court to amend this Complaint when

7    same are ascertained.  Representative Plaintiff is informed and believes and, on that basis, alleges

8    that each of the fictitiously-named defendants is responsible in some manner for, gave consent to,

9    ratified and/or authorized the conduct herein alleged and that Representative Plaintiff's and the class

10    members' damages, as herein alleged, were proximately caused thereby.

11

12                        **CLASS ACTION ALLEGATIONS**

13        18.    The Representative Plaintiff brings this action on behalf of himself and as a class

14    action on behalf of all persons similarly situated and proximately damaged by Dollar Tree's conduct

15    as set forth herein, including, but not necessarily limited to the following class:

16            All persons who were employed as a Store Manager by Dollar Tree Stores,
            Inc. in one or more of its California retail stores at any time on or after July
17            6, 2003.

18        19.    This action has been brought and may properly be maintained as a class action under

19    Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation

20    and the proposed class is easily ascertainable, to wit:

21

22        a.    Numerosity:  A class action is the only available method for the fair and
            efficient adjudication of this controversy. The members of the class are so
23            numerous that joinder of all members is impractical, if not impossible,
            insofar as Representative Plaintiff is informed and believes and, on that basis,
24            alleges that the total number of class members is well into the hundreds of
            individuals.  Membership in the Plaintiff class will be determined upon
25            analysis of employee and payroll, among other potential records maintained
            by Dollar Tree.

26        b.    Commonality:  The Representative Plaintiff and the class members share a
            community of interests in that there are numerous common questions and
27            issues of fact and law which predominate over any questions and issues
            solely affecting individual members, including, but not necessarily limited
28            to:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, 9TH FLOOR
OAKLAND, C   94612
TEL: (510) 835 9800

1

2

3

4

5

6

7

8

9

10

11

12

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY. NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i.    Whether defendant Dollar Tree violated California law by failing to pay compensation to Dollar Tree's employees for all time worked;

ii.    whether defendant Dollar Tree violated California Labor Code §§ 226.7 and/or 512 by failing to consistently provide uninterrupted meal and/or rest periods to Representative Plaintiff and the class members;

iii.    whether defendant Dollar Tree violated California Business and Professions Code § 17200 by engaging in unfair, unlawful and/or fraudulent business practices;

iv.    whether defendant Dollar Tree violated California Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

v.    whether defendant Dollar Tree violated California Labor Code §§ 201-203 by failing to pay wages due and owing at the time that class members' employment with Defendant terminated;

vi.    whether Defendant Dollar Tree violated California Labor Code § 226 by failing to provide the semimonthly itemized statements to class members of total hours worked by each, and all applicable hourly rates in effect during the pay period; and

vii.    whether Representative Plaintiff and class members are entitled to "waiting time" penalties pursuant to California Labor Code § 203.

c.    Typicality: The Representative Plaintiff's claims are typical of the claims of the Plaintiff class. The Representative Plaintiff and all members of the class sustained injuries and damages arising out of and caused by defendant Dollar Tree's common course of conduct in violation of California law, as alleged herein.

d.    Superiority of Class Action: Since the damages suffered by individual class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impracticable for members of the class to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual member of the class, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

e.    Adequacy of Representation: The Representative Plaintiff in this class action is an adequate representative of the class, in that the Representative Plaintiff's claims are typical of those of the class and the Representative Plaintiff has the same interests in the litigation of this case as the class members. The Representative Plaintiff is committed to vigorous prosecution of this case, and has retained competent counsel, experienced in litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the class. The Representative Plaintiff anticipates no management difficulties in this litigation.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## COMMON FACTUAL ALLEGATIONS

20.    As described herein, Dollar Tree has, for years, knowingly failed to adequately compensate Store Managers for all wages earned, including overtime wages and/or compensation for missed meal and/or rest periods, and due under the California Labor Code and the applicable California Wage Order, thereby enjoying a significant competitive edge over other retail stores and/or retail chains.

21.    Even upon termination or resignation of the employment of numerous class members, Dollar Tree has declined to pay these wages, in blatant violation of California Labor Code §§ 201 and/or 202.

22.    Moreover, California Labor Code §§ 201 and 202 require defendant Dollar Tree to pay all severed employees all wages due, immediately upon discharge or within 72 hours of resignation of their positions, in most circumstances. California Labor Code § 203 provides that, if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, for a period not to exceed 30 days of wages.

23.    Furthermore, despite its knowledge of the Representative Plaintiff's and the class members' entitlement to compensation for all hours worked, Dollar Tree violated California Labor Code § 1174(d) by failing to provide or require the use, maintenance or submission of time records by members of the class. Dollar Tree also failed to provide Representative Plaintiff and class members with accurate semimonthly itemized statements of the total number of hours worked by each and all applicable hourly rates in effect during the pay period, in violation of California Labor Code § 226. In so doing, Dollar Tree has not only failed to pay its workers the full amount of compensation due, it has, until now, effectively shielded itself from its employees' scrutiny for its unlawful conduct by concealing the magnitude (i.e., the full number of hours worked) and financial impact of its wrongdoing.

24.    Representative Plaintiff and all persons similarly situated are entitled to unpaid compensation, yet, to date, have not received such compensation despite the termination of certain class members' employment with Dollar Tree.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    25.    More than 30 days have passed since Representative Plaintiff and/or certain class

2    members have left defendant Dollar Tree's employ.

3    26.    As a consequence of defendant Dollar Tree's willful conduct in not paying

4    compensation for all hours worked, certain class members are entitled to 30 days wages, as a penalty

5    under Labor Code § 203, together with attorneys' fees and costs.

6    27.    As a consequence of defendant Dollar Tree's willful conduct in not providing an

7    uninterrupted 30 minute meal period within the first five hours of class members' shifts, as required

8    under Labor Code § 512 and Section 11 of IWC Wage Order No. 7, class members are entitled to

9    one hour of wages for each day that they were denied at least one meal period, as provided under

10    Labor Code § 226.7, together with interest thereon and attorneys' fees and costs.

11    28.    As a consequence of defendant Dollar Tree's willful conduct in not providing a ten

12    minute rest period once during each four hour segment of work, as prescribed by Section 12 of IWC

13    Wage Order No. 7, class members are entitled to one hour of wages for each day that they were

14    denied at least one rest period, as provided under Labor Code § 226.7, together with interest thereon

15    and attorneys' fees and costs.

16    29.    As a direct and proximate result of Dollar Tree's unlawful conduct, as set forth

17    herein, Representative Plaintiff and class members have sustained damages, as described above,

18    including compensation for missed meal and rest periods, and loss of earnings for hours worked on

19    behalf of Defendant, in amounts to be established, in a formulaic manner, at trial. As a further direct

20    and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff

21    and/or certain class members herein are entitled to recover "waiting time" penalties/wages (pursuant

22    to California Labor Code § 203) and penalties for failure to provide semimonthly statements of

23    hours worked and all applicable hourly rates (pursuant to Labor Code § 226) in an amount to be

24    established, in a formulaic manner, at trial. As a further direct and proximate result of Defendant's

25    unlawful conduct, as set forth herein, Representative Plaintiff and class members are also entitled

26    to recover costs and attorneys' fees, pursuant to California Labor Code § 1194 and/or California

27    Civil Code § 1021.5, among other authorities.

28    /////

30.    Representative Plaintiff seeks injunctive relief, prohibiting Defendant from engaging in the illegal labor acts described herein in the future. Representative Plaintiff also seeks restitution of costs incurred by Representative Plaintiff and class members under California's Unfair Competition Law. Unless enjoined, Defendant's unlawful conduct will continue unchecked, while Representative Plaintiff and class members bear the financial brunt of Defendant's unlawful conduct. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Plaintiff class are also entitled to recover costs and attorneys' fees, pursuant to statute.

## FIRST CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT
#### (California Business & Professions Code §§ 17200-17208)

31.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

32.    Representative Plaintiff brings this cause of action, seeking equitable and other relief to stop the misconduct of Defendant, as complained of herein, and seeking restitution from Defendant through the unfair, unlawful and fraudulent business practices described herein.

33.    The knowing conduct of Defendant, as alleged herein, constitutes an unlawful, unfair and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

34.    Defendant's knowing failure to adopt policies in accordance with and/or to adhere to these laws, all of which are binding upon and burdensome to Defendant's competitors, engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§ 17200-17208.

35.    Particularly in light of its repeated violations of these laws, despite the pursuit of prior litigation against it for same, it is clear that Defendant has established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiff and the Plaintiff class herein alleged, as incidental to its business operations, rather than accept the

SCOTT COLE & ASSOCIATES,
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne

2    by responsible competitors of Defendant and as set forth in legislation and the judicial record.

3

4    **SECOND CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PAY ALL WAGES DUE**
5    **(Violation of California Wage Order 7 and California Labor Code)**

6        36.    Representative Plaintiff incorporates in this cause of action each and every allegation

7    of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8        37.    On one or more dates since July 6, 2003, Representative Plaintiff and the class

9    members were employed by and did perform work for Dollar Tree, oftentimes in excess of eight

10   hours in a workday and/or forty hours in a workweek. The precise number of hours and the attendant

11   damages will be proven in a formulaic manner at trial.

12       38.    During said time period, Dollar Tree refused to compensate Representative Plaintiff

13   and class members for some and/or all of the wages due them, including overtime wages and

14   compensation for missed meal and/or rest periods, in violation of the applicable California Wage

15   Order and/or the California Labor Code.

16       39.    Moreover, during said time period, many of the class members herein were employed

17   by and were thereafter terminated or resigned from their positions with Dollar Tree, yet were not

18   paid all wages due upon said termination or within seventy-two (72) hours of said resignation of

19   employment therefrom. Said non-payment of all wages due was the direct and proximate result of

20   a willful refusal to do so by Defendant.

21       40.    At all relevant times, Defendant was aware of and was under a duty to comply with

22   various provisions of the applicable IWC California Wage Order as well as California Labor Code

23   §§ 201-203, 510, 1198 and 1199.

24       41.    By refusing to compensate Representative Plaintiff and class members for all wages

25   earned, Defendant violated those California Labor Code and IWC Wage Order provisions cited

26   herein.

27       42.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein,

28   Representative Plaintiff and class members have sustained damages, including loss of earnings for

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL.: (510) 891-9800

1  hours of overtime worked on behalf of Defendant, in an amount to be established, in a formulaic

2  manner, at trial, plus interest thereon. As a further direct and proximate result of Defendant's

3  unlawful conduct, as set forth herein, Representative Plaintiff and class members are entitled to

4  recover "waiting time" and other penalties, in amounts to be established at trial, as well as costs and

5  attorneys' fees, pursuant to statute.

6

7

8
**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**
**(California Labor Code §§ 226.7 and 512)**

9  43.    Representative Plaintiff incorporates in this cause of action each and every allegation

10  of the preceding paragraphs, with the same force and effect as though fully set forth herein.

11  44.    California Labor Code § 512 provides:

12  An employer may not employ an employee for a work period of more
than five hours per day without providing the employee with a meal
13  period of not less than 30 minutes, except that if the total work period
per day of the employee is no more than six hours, the meal period
14  may be waived by mutual consent of both the employer and
employee. An employer may not employ an employee for a work
15  period of more than 10 hours per day without providing the employee
with a second meal period of not less than 30 minutes, except that if
16  the total hours worked is no more than 12 hours, the second meal
period may be waived by mutual consent of the employer and the
17  employee only if the first meal period was not waived.

18

19  45.    At all relevant times, Defendant was aware of and was under a duty to comply with

20  California Labor Code §§ 226.7 and 512.

21  46.    Specifically, California Labor Code § 226.7 provides:

22  (a)    No employer shall require any employee to work during any
meal or rest period mandated by an applicable order of the
23  Industrial Welfare Commission.

24  (b)    If an employer fails to provide an employee a meal period or
rest period in accordance with an applicable order of the
25  Industrial Welfare Commission, the employer shall pay the
employee one additional hour of pay at the employee's regular
26  rate of compensation for each work day that the meal or rest
period is not provided.

27  /////

28  /////

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1    47.    Sections 11 and 12, respectively, of IWC Wage Order No. 7 mandate that employers

2    provide all applicable meal and/or rest periods to non-exempt (including exempt-misclassified)

3    employees.

4    48.    Section 11 of the IWC Wage Order provides:

5    (A) No employer shall employ any person for a work period of more
     than five (5) hours without a meal period of not less than 30 minutes

6    .... (B) An employer may not employ an employee for a work period
     of more than ten (10) hours per day without providing the employee

7    with a second meal period of not less than 30 minutes .... (C) If an
     employer fails to provide an employee a meal period in accordance

8    with the applicable provisions of this order, the employer shall pay
     the employee one (1) hour of pay at the employee's regular rate of

9    compensation for each workday that the meal period is not provided

10

11   Moreover, Section 12 of the IWC Wage Order provides:

12   (A) Every employer shall authorize and permit all employees to take
     rest periods, which insofar as practicable shall be in the middle of
     each work period. The authorized rest period time shall be based on

13   the total hours worked daily at the rate of ten (10) minutes net rest
     time per four (4) hours or major fraction thereof .... (B) If an

14   employer fails to provide an employee a rest period in accordance
     with the applicable provisions of this order, the employer shall pay

15   the employee one (1) hour of pay at the employee's regular rate of
     compensation for each workday that the rest period is not provided.

16

17   49.    By failing to consistently provide uninterrupted thirty-minute meal periods within

18   the first five hours of work each day and/or uninterrupted ten-minute net rest periods to

19   Representative Plaintiff and the remaining class members, Defendant violated California Labor Code

20   and IWC Wage Order provisions.

21   50.    Representative Plaintiff is informed and believes and, based thereon, alleges that

22   Dollar Tree has never paid the one hour of compensation to any class member due to its violations

23   of these California Labor Code and IWC Wage Order provisions.

24   51.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein,

25   Representative Plaintiff and class members have sustained damages, including lost compensation

26   resulting from missed meal and/or rest periods, in an amount to be established, in a formulaic

27   manner, at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set

28   forth herein, Representative Plaintiff and class members are entitled to recover "waiting time" and

1  other penalties, in amounts to be established at trial, as well as costs and attorneys' fees, pursuant

2  to statute.

3

4
## FOURTH CAUSE OF ACTION
## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
5
### (California Labor Code §§ 226, 1174)

6       52.      Representative Plaintiff incorporates in this cause of action each and every allegation

7  of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8       53.      California Labor Code § 226(a) provides:

9            Each employer shall semimonthly, or at the time of each payment of
             wages, furnish each of his or her employees either as a detachable
10           part of the check, draft or voucher paying the employee's wages, or
             separately when wages are paid by personal check or cash, an
11           itemized wage statement in writing showing: (1) gross wages earned;
             (2) total number of hours worked by each employee whose
12           compensation is based on an hourly wage; (3) all deductions;
             provided, that all deductions made on written orders of the employee
13           may be aggregated and shown as one item; (4) net wages earned; (5)
             the inclusive date of the period for which the employee is paid; (6)
14           the name of the employee and his or her social security number; and
             (7) the name and address of the legal entity which is the employer.
15

16       54.      Moreover, California Labor Code § 226(e) provides:

17           An employee suffering injury as a result of a knowing and intentional
             failure by an employer to comply with subdivision (a) is entitled to
18           recover the greater of all actual damages or fifty dollars ($50) for the
             initial pay period in which a violation occurs and one hundred dollars
19           ($100) per employee for each violation in a subsequent pay period,
             not exceeding an aggregate penalty of four thousand dollars ($4,000),
20           and is entitled to an award of costs and reasonable attorney's fees.

21

22       55.      Finally, California Labor Code § 1174 provides:

23           Every person employing labor in this state shall: (d) Keep, at a
             central location in the state... payroll records showing the hours
24           worked daily by and the wages paid to ... employees .... These
             records shall be kept in accordance with rules established for this
25           purpose by the commission, but in any case shall be kept on file for
             not less than two years.

26       56.      Dollar Tree failed to provide timely, accurate itemized wage statements to

27  Representative Plaintiff and class members in accordance with Labor Code § 226(a). Specifically,

28  none of the statements provided by Defendant to Representative Plaintiff and class members has

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1 │ accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions

2 │ therefor.

3 │      57.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein,

4 │ Representative Plaintiff and class members seek to recover penalties, in amounts to be established,

5 │ in a formulaic manner, at trial, as well as costs and attorneys' fees, pursuant to statute.

6

7 │ <u>**RELIEF SOUGHT**</u>

8 │     **WHEREFORE, the Representative Plaintiff,** on behalf of himself and the proposed

9 │ **Plaintiff class**, prays for judgment and the following specific relief against **Defendant(s)**, jointly

10 │ and separately, as follows:

11 │     1.    For an Order certifying the proposed class and/or any other appropriate subclass

12 │ under CCP § 382;

13 │     2.    For a finding that Dollar Tree violated the provisions of California Labor Code § 201

14 │ and Title 8 California Code of Regulations § 11070(9)(A) as to the Representative Plaintiff and the

15 │ Plaintiff class;

16 │     3.    That the Court declare, adjudge and decree that Dollar Tree violated the overtime

17 │ provisions of the California Labor Code and the applicable Industrial Wage Commission California

18 │ Wage Order as to the Representative Plaintiff and the Plaintiff class;

19 │     4.    That the Court make an award to Representative Plaintiff and the Plaintiff class of

20 │ damages for the amount of unpaid compensation, including interest thereon, and penalties, in

21 │ amounts to be proven, in a formulaic manner, at trial;

22 │     5.    That the Court declare, adjudge and decree that defendant Dollar Tree violated its

23 │ legal duties under California Labor Code §§ 226.7 and/or 512 and the relevant Sections of the

24 │ applicable IWC Wage Order to pay wages for missed meal and/or rest periods;

25 │     6.    That the Court declare, adjudge and decree that Dollar Tree violated the record

26 │ keeping provisions of California Labor Code §§ 226(a) and 1174(d) and the relevant Wage Order

27 │ as to Representative Plaintiff and the class members, and for willful failure to provide accurate

28 │ semimonthly itemized statements thereto;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Complaint for Damages, Injunctive Relief and Restitution

1    7.    That the Court declare, adjudge and decree that Dollar Tree violated California Labor

2    Code §§ 201-203 for willful failure to pay all compensation owed at the time of termination of

3    employment to Representative Plaintiff and/or other class members;

4    8.    That the Court declare, adjudge and decree that Dollar Tree violated California

5    Business and Professions Code § 17200, et. seq. by failing to pay Representative Plaintiff and class

6    members overtime and/or other forms of compensation and, generally, by misclassifying

7    Representative Plaintiff and class members as overtime-exempt employees;

8    9.    For an Order requiring Dollar Tree to pay restitution to Representative Plaintiff and

9    the Plaintiff class as a result of Dollar Tree's unfair, unlawful and/or fraudulent activities, pursuant

10   to Business and Professions Code §§ 17200-08;

11   10.    For an injunction, enjoining defendant Dollar Tree to cease and desist from further

12   unfair, unlawful and/or fraudulent activities in violation of Business and Professions Code § 17200;

13   11.    For punitive/exemplary damages in an amount appropriate and sufficient to punish

14   Defendant, and to deter others from engaging in similar misconduct in the future;

15   12.    For all other Orders, findings, and determinations identified and sought in this

16   Complaint;

17   13.    For interest on the amount of any and all economic losses, at the prevailing legal rate;

18   14.    For reasonable attorneys' fees, pursuant to statute; and

19   15.    For costs of suit and any and all such other relief as the Court deems just and proper.

20

21   Dated: July 6, 2007

22                                          SCOTT COLE & ASSOCIATES, APC

23

24                       By:    _____

25                              Scott Edward Cole, Esq.
                                Attorneys for the Representative Plaintiff
26                              and the Plaintiff class

27

28

SCOTT COLE & ASSOCIATES, APC
TTORNEYS AT LAW
THE R SAVINGS TOWER
1970 BROA WAY, NINTH FLOOR
OAK AND, CA 94612
TE. (510) 891-9800