MAUREEN E. McCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
Email: hernaez@kmm.com
MATTHEW P. VANDALL (State Bar No. 196962)
Email: vandall@kmm.com
KAUFF McCLAIN & McGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone:  (415) 421-3111
Facsimile:  (415) 421-0938

Attorneys for Defendant
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RUNNINGS individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC, and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. C 07-04012 EMC<br><br>**DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; <u>CERTIFICATE OF NOTIFICATION</u>**<br><br>**JUDGE:** Hon. Edward M. Chen<br><br>**COMPLAINT FILED:** July 6, 2007<br>**TRIAL DATE:** No date set. |

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; CERTIFICATE OF NOTIFICATION

CASE NO. C 07-04012 EMC

## DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that in the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, as soon as counsel may be heard, Defendant Dollar Tree Stores, Inc. ("Dollar Tree") will ask that, pursuant to Fed. R. Civ. P. 65, Fed. R. Civ. P. 23 and Local Rule 65,[1] the Court issue a Temporary Restraining Order prohibiting Scott Cole & Associates, counsel for Plaintiff Robert Runnings ("Plaintiff"), from communicating in any fashion with members of the putative class. Dollar Tree further requests the Court's permission to obtain expedited discovery concerning the circumstances surrounding the development and distribution of the Letter.

Subsequent to the TRO, Dollar Tree intends to seek a Preliminary Injunction addressing the harm caused by the Letter, which depending on the number of Letters mailed or other factors regarding the Letter, may include one or more of the following alternatives: the disqualification of the Scott Cole & Associates, sanctioning the Scott Cole & Associates for sending the Letter in the first instance, and/or instituting court supervision over communications with the putative class members by Scott Cole & Associates.

///
///
///

---

[1] Citation to the Federal Rules of Civil Procedure will be "Rule __." Citation to the Local Rules for the Northern District of California will be to "Local Rule __."

KAUFF, McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-1-

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; CERTIFICATE OF NOTIFICATION

CASE NO. C 07-04012 EMC

-2-

The motion will be based upon the Complaint at issue,[2] this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Certificate of Notification, the Declaration of Mark Soderholm, the argument of counsel, the pleadings and papers filed herein, and upon any other matters properly considered by the Court.

DATED: August 6, 2007

Respectfully submitted,

KAUFF McCLAIN & McGUIRE LLP

By: ___/S/___
    ALEX HERNAEZ

Attorneys for Defendant
DOLLAR TREE STORES, INC.

---

[2] Pursuant to Local Rule 65-1(a)(1), a copy of the underlying Complaint is attached hereto as **Exhibit A**.

KAUFF, McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; CERTIFICATE OF NOTIFICATION

CASE NO. C 07-04012 EMC

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

## I. INTRODUCTION

Filed on July 6, 2007 in the Alameda County Superior Court, this lawsuit is a wage and hour class action in the precertification stage. It was removed to this Court on August 6, 2007, twenty-six days after service of the summons and complaint. The putative class members are certain present and former Store Managers of Dollar Tree. For the reasons discussed below, Defendant asks that this Court issue a Temporary Restraining Order ("TRO") prohibiting counsel for Plaintiff from communicating in any fashion with members of the putative class.

Without any notice to Dollar Tree, Scott Cole & Associates has sent Letters to Store Managers containing demonstrably false information and violating the California Rules of Professional Conduct. These Letters appear calculated to pressure recipients into entering into an attorney-client relationship with the firm. If injunctive relief is not issued, Dollar Tree will suffer—**and likely has already suffered**—irreparable injury because Scott Cole & Associates is poisoning the pool of putative class members, which is something that cannot be undone. And, if Store Managers accept the tainted invitations and become clients of Scott Cole & Associates, Dollar Tree will be unable to investigate and defend this lawsuit. See Cal. Rules of Prof'l Conduct, Rule 2-100 (Communication With a Represented Party). Moreover, because the Letter is so clearly improper, the likelihood of success on the merits is high. Accordingly, a TRO should issue pending a hearing for preliminary injunction.

The tactics of Scott Cole & Associates simply are not contemplated by the provisions of Rule 23:

> Misleading communications to class members concerning the litigation pose a serious threat to the fairness of the litigation process, the adequacy of representation and the administration of justice generally.

In re School Asbestos Litigation, 842 F.2d 671, 680 (3d Cir. 1988).

-3-

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; CERTIFICATE OF NOTIFICATION

CASE NO. C 07-04012 EMC

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

As part of the relief it seeks on this TRO application, Dollar Tree requests the Court's permission to obtain expedited discovery concerning the circumstances surrounding the development and distribution of the Letter. Dollar Tree further intends to seek an Order addressing the harm caused by the Letter, which depending on the number of Letters mailed or other factors regarding the Letter, may include one or more of the following alternatives: the disqualification of the firm, sanctioning the firm for sending the Letter in the first instance, and/or instituting court supervision over communications with the putative class members by Runnings' lawyers.

## II. FACTS

During the week of July 30, 2007, Steve Mason, a Dollar Tree Store Manager, gave a Letter he had received in the mail to Mark Soderholm, his direct supervisor and a Dollar Tree District Manager. The Letter at issue is attached as Exhibit A to Mr. Soderholm's accompanying Declaration and its envelope is attached as Exhibit B. Based upon the format of the Letter, Dollar Tree believes multiple copies have already been mailed. As discussed below, absent Court intervention, additional mailings of this Letter, together with other contacts threatened in the Letter, will further irreparably damage Dollar Tree's ability to defend this case.

## III. ARGUMENT

> Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time. One of the most significant insights that skilled trial judges have gained in recent years is the wisdom and necessity for early judicial intervention in the management of litigation.

Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 172 (1989).

Even before a responsive pleading has been filed by Dollar Tree, Runnings and his counsel have intruded upon (and perhaps destroyed) the fair notice process contemplated by Rule 23. Indeed, the Letter has undermined whatever fairness

-4-

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; CERTIFICATE OF NOTIFICATION

CASE NO. C 07-04012 EMC

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

previously existed in the class action process as a whole. The Court's intervention is needed.

### A.     The Letter Violates The California Rules of Professional Conduct.

"When engaging in precertification communications, as is equally true with any communication, a member of the State Bar of California must comply with the requirements of the Rules of Professional Conduct." Mevorah v. Wells Fargo Home Mortg., Inc., 2005 U.S. Dist. LEXIS 28615 *11 (N.D. Cal. 2005). Rule 1-400 governs attorney "communications," which are defined as follows:

> [A]ny message or offer made by or on behalf of a member concerning the availability for professional employment of a member or a law firm directed to any former, present, or prospective client, including but not limited to the following:
>
> * * * *
>
> (4)     Any unsolicited correspondence from a member or law firm directed to any person or entity."

Cal. Rules of Prof'l Conduct, Rule 1-400(A)(4).

The Letter qualifies as a "communication" under this rule. Therefore, as a communication, it may not:

> (1)     Contain any untrue statement; or
>
> (2)     Contain any matter, or present or arrange any matter in a manner or format which is false, deceptive, or which tends to confuse, deceive, or mislead the public; or
>
> (3)     Omit to state any fact necessary to make the statements made, in the light of circumstances under which they are made, not misleading to the public; or
>
> * * * *

Cal. Rules of Prof'l Conduct, Rule 1-400(D)(1-3).

Moreover, pursuant to rule 1-400(E), the Board of Governors of the State Bar has adopted the following standards which are presumed to be in violation of Rule 1-400:

> (1)     A "communication" which contains guarantees, warranties, or predictions regarding the result of the

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-5-

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;
CERTIFICATE OF NOTIFICATION

CASE NO. C 07-04012 EMC

representation.

(2) A "communication" which contains testimonials about or endorsements of a member unless such communication also contains an express disclaimer such as "this testimonial or endorsement does not constitute a guarantee, warranty, or prediction regarding the outcome of your legal matter."

* * * *

Cal. Rules of Prof'l Conduct, Standards 1-2.

The Letter violates multiple provisions of Rule 1-400.

### 1. The Letter Overstates The Scope Of The Lawsuit As Well As Its Potential Value.

The Letter claims that Scott Cole & Associates filed a class action lawsuit "on behalf of all California Store Managers working for Dollar Tree Stores at any time after July 6, 2003" (emphasis in original). It repeats this assertion in Paragraph 2, lines 5-6 and then claims that Store Managers may receive overtime pay "going back as many as four years." These assertions constitute knowing misrepresentations of fact.

Plaintiff's counsel participated in Williams v. Dollar Tree Stores, Inc., Case No. 01CC00329 (Orange County Superior Court), which involved, *inter alia*, a claim for overtime by Store Managers.[3] The prior lawsuit is specifically referenced in the Complaint. See Compl., p. 3, 6. As Plaintiff's counsel well knows, the settlement of Williams covered all non-opt out Store Managers through December 11, 2004.[4] Hence, it cannot be correct that this lawsuit covers all Store Managers working after July 6, 2003. Moreover, as to Mr. Mason and nearly all other Store Managers (*i.e.*, all except the 8 opt-outs), the third statement is equally false. Except for the eight opt-outs, damages can go back only to December 12, 2004. **The letter misstates the relevant recovery period by more than one-year and five months**. Accordingly, these

---

[3]   There were only eight opt-outs.

[4]   See Declaration of Kathleen E. Mallas, ¶ 10 (filed in conjunction with Defendant's removal papers).

KAUFF, McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-6-

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; CERTIFICATE OF NOTIFICATION

CASE NO. C 07-04012 EMC

assertions patently violate Rule 1-400(D)(1).  See also Belt v. Emcare Inc., 299 F. Supp. 2d 664, 668 (E.D. Tex. 2003)(ex parte communication improper where "it mischaracterized the damages available to the putative class").

### 2. The Letter Offers "Predictions Regarding The Result Of The Representation."

The Letter boasts that the firm has "scrutinized Dollar Tree's practices for years and, based upon [their] extensive investigation believe" that Dollar Tree has violated the law.  The Letter also states that they have performed an "investigation" which has convinced the firm that Store Managers are not performing managerial tasks.  Dollar Tree contends that these assertions constitute predictions regarding the result of representation and therefore constitute a presumptive violation under Standard (1) of Rule 1-400.

### 3. The Letter Omits Full Disclosure Of Material Facts And Provides An Implicit Endorsement.

Citing to Rule 1-400(D)(3), the Court in In re McKesson HBOC, Inc. Sec. Litig., 126 F. Supp. 2d 1239, 1245 (N.D. Cal. 2000) found certain mailings to be improper because, *inter alia*, they "do not identify the court-appointed lead plaintiff and counsel . . . ."  Here, the Letter claims the "named plaintiff is so convinced of this [*i.e.*, a violation of law] that he filed this case on behalf of all California Store Managers (since July 6, 2003) so that they each may hopefully receive whatever backpay they're owed."  However, as in McKesson HBOC, the individual at issue is not identified.  This omission is improper under Rule 1-400(D)(3).

The Letter also omits to discuss the fact that determining whether a particular position is exempt or non-exempt requires an individualized analysis of that position's duties.  By omitting this fact, the Letter suggests that all Store Managers are similarly situated to the anonymous "named plaintiff" and that Scott Cole & Associates has made some kind of investigation resulting in a conclusion that each one of the hundreds of Store Managers is non-exempt.

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-7-

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; CERTIFICATE OF NOTIFICATION

CASE NO. C 07-04012 EMC

Moreover, Standard (2) of Rule 1-400 prohibits "endorsements of a member" unless an express disclaimer is provided. The facts asserted regarding the named plaintiff constitute an implicit endorsement of Scott Cole & Associates. A Store Manager could easily reason that if the firm is "good enough" for a colleague (even an unnamed one), it should be "good enough" for him or her. Therefore, because the Letter contains no disclaimer, it is a presumptive violation of Rule 1-400.

### 4. The Letter Threatens An Improper "Solicitation."

Incredibly, the Letter promises a further violation of Rule 1-400(D). As distinct from a "communication," a "solicitation" is defined to include the making of a telephone call "[c]oncerning the availability for professional employment of a member or a law firm in which a significant motive is pecuniary gain." Cal. R. Prof. Conduct 1-400(B)(1) & (B)(2)(a). Solicitations are generally prohibited:

> A solicitation shall not be made by or on behalf of a member or law firm to a prospective client with whom the member or law firm has no family or prior professional relationship, unless the solicitation is protected from abridgment by the Constitution of the United States or by the Constitution of the State of California. A solicitation to a former or present client in the discharge of a member's or law firm's professional duties is not prohibited.

See Cal. R. Prof. Conduct 1-400(C).

Notwithstanding this prohibition, the Letter actually threatens a subsequent violation: "As this case progresses, we will be providing you with additional information, either by letter or by telephone."

### 5. The Letter Is Confusing In That It Suggests The Recipient Is Already A Class Member And It Calls Itself A "Newsletter."

In one place the letter says "we have not yet asked the Court overseeing this lawsuit to join all Store Managers into the case." However, the footer reads: "S\Clients\Runnings\Correspondence\Class Members\2007\Outgoing\Newsletter g27 wpd." This line suggests that the recipient is already a "Class Member" in the litigation. Thus, at the very least the Letter would "tend to confuse" in violation of Rule 1-400(D)(2).

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-8-

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;
CERTIFICATE OF NOTIFICATION

CASE NO. C 07-04012 EMC

Adding to this confusion is the Letter's title of "NEWSLETTER." It is true that Standard (5) of Rule 1-400 requires that "communications" be titled "Advertisement, Newsletter or words of similar import." But the document is simply not a newsletter in any conventional sense of the word. Rather, it is an unabashed and unsolicited invitation to become a client of Scott Cole & Associates. The Letter's title should truthfully reflect its contents; it does not.

### B. The Letter Is A Misleading, Coercive, And Improper Communication With The Putative Class.

Rule 23(d) of the Federal Rules of Civil Procedure gives the court broad powers to make "appropriate orders" to ensure efficient and fair proceedings in a class action. McKesson HBOC, 126 F. Supp. 2d at 1242. Specifically, the court is authorized to enter orders "requiring, for the protection of the members of the class or otherwise for the fair conduct of the action," as well as orders "imposing conditions on the representative parties or on intervenors." See Rule 23(d)(2-3). The court's Rule 23(d) powers include the authority to enjoin communications with class members to protect them from undue interference. See Gulf Oil Co. v. Bernard, 452 U.S. 89 (1981). And "[c]ourts have limited pre-certification communications with potential class members after misleading, coercive, or improper communications were made." Mevorah, 2005 U.S. Dist. LEXIS 28615 at *11; see also Belt, 299 F. Supp. 2d at 667 (ex parte communication improper because it "tapped into fears and concerns" of putative class).

As discussed in § A above, the Letter suffers from numerous specific and serious defects. However, the fundamental problem is that the Letter is nothing but an invitation to become a client of Scott Cole & Associates, which is made with a one-sided, factually incorrect, and argumentative presentation of the issues. And that invitation is express:

> **If you have any questions regarding your rights in this case, please do not hesitate to contact our office.**
>
> **That's what were here for.**

KAUFF, McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-9-

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;
CERTIFICATE OF NOTIFICATION

CASE NO. C 07-04012 EMC

> \* \* \* \*
>
> We urge you to contact us today to discuss this case and the role you may play in it. In staying abreast of these developments, you should know that **you have the right to communicate with our office on a confidential basis**. If you wish to have a consultation about your legal rights and you wish to treat the conversation as a privileged attorney-client communication, we will gladly do so.

(Emphasis in original).

"Rule 23 contemplates that putative class members will make an informed decision about their decision to opt out of a class." McKesson HBOC, 126 F. Supp. 2d at 1243. In fact, the "potential plaintiffs are not 'represented parties' for the purposes of California State Bar Rules of Professional Conduct, rule 2-100." Tierno v. Rite Aid Corp., 2006 U.S. Dist. LEXIS 71795 *7 (N.D. Cal. 2006). "This means that both sides should have equal access and freedom to communicate with potential class members in the pre-certification stage because both sides should be permitted to investigate the case fully." Id. (internal citations omitted).

Here, the Letter is attempting to subvert what should be a fair process by using false information in a bid to secure an attorney-client relationship. Creating this relationship, especially when done through the use of false statements, is inconsistent with Rule 23 and cannot be allowed to occur. In addition, the Letter in effect is preempting the class notice stage, where putative class members are told in neutral and balanced language of their rights and of the positions of all parties. "Misleading communications by soliciting counsel have a detrimental effect on the class notice procedure and, therefore, on the fair administration of justice." In re Cmty. Bank of N. Va. Loan Litig., 418 F.3d 277, 311 (3d Cir. 2005). Depending on the scope of the mailing, the Letter, which essentially calls Dollar Tree's management liars (". . . . our investigation convinces us this is untrue.") and concludes that something illegal has happened ( ". . .we think to be an illegal practice."), may already have destroyed the integrity of this process.

-10-

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; CERTIFICATE OF NOTIFICATION

CASE NO. C 07-04012 EMC

### C. A Temporary Restraining Order And Subsequent Preliminary Injunction Is An Appropriate Remedy.

"Preliminary injunctive relief is available to a party who demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987) (internal citations omitted). "Under any formulation of the test, the moving party must demonstrate a significant threat of irreparable injury." Id. Here, injunctive relief is proper because Dollar Tree can show both a probability of success and the possibility of irreparable harm.

#### 1. The Likelihood Of Success On The Merits Is High.

In this procedural context, the question of "success on the merits" means whether Dollar Tree will be able to show that Plaintiff's counsel has improperly communicated with the putative class. E.g., Vogt v. Tex. Instruments Inc., 2006 U.S. Dist. LEXIS 96515 *17 (N.D. Tex. 2006)(In the context of a collective action under the FLSA: "The court agrees with [defendant] that, given the procedural posture of this action, it may satisfy the first element by showing a substantial likelihood of success of narrowing the scope of the conditionally certified class."). Here, because the Letter contains demonstrable false assertions as well as presumptive violations of the California Rules of Professional Conduct, the likelihood of success on this question is high.

### D. Absent Intervention, Dollar Tree Will—And Most Likely Already Has—Suffered Irreparable Harm.

In Vogt, the Court found that where a misleading document has been circulated to putative class members, "a substantial threat of immediate and irreparable injury" exists because "future distribution of the [document] would prejudice [defendant] and usurp the court's managerial authority to oversee the collective action." Id. at *18.

-11-

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; CERTIFICATE OF NOTIFICATION

CASE NO. C 07-04012 EMC

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1 | The same holds true in this case. Because the letter has false information, its further
2 | dissemination to putative class members can only prejudice Dollar Tree and render the
3 | Rule 23 procedures unfair. And there is no remedy for this injury. If putative class
4 | members are exposed to misinformation, they may refuse to cooperate with Dollar
5 | Tree's investigation no matter what type of correction is offered.

On this issue Vogt is directly on point: "as misleading commercial speech does not merit First Amendment protection[5] . . . [defendants] interest in monitoring information provided to potential class members outweighs any interest [Plaintiff's] may have in distributing the [document]." Id. at *17-18. "[E]njoining Plaintiffs and their counsel from distributing the [document] in the future promotes rather than disserves the public interest. The [document] is likely to deceive, instead of inform, potential class members about the lawsuit; therefore the court may prohibit further distribution." Id. at *18. The same is true of the Letter.

Nor is the threat imaginary. The Letter was addressed to "Store Manager" and sent to the address of a Dollar Tree store in Visalia. To the extent it has not already done so, it is reasonable to assume that Scott Cole & Associates hopes to replicate this Letter throughout Dollar Tree's California stores. Moreover, as noted above, the Letter itself promises further communications: "As this case progresses, we will be providing you with additional information, either by letter or by telephone." Therefore, there is a very real basis that additional harm is imminent.

### IV. CONCLUSION

Dollar Tree asks that a Temporary Restraining Oder be issued prohibiting Scott Cole & Associates from communicating in any fashion with members of the putative class. Dollar Tree further requests the Court's permission to obtain expedited

---

[5] Citing to Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n, 447 U.S. 557, 563 (1980).

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-12-

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;
CERTIFICATE OF NOTIFICATION

CASE NO. C 07-04012 EMC

discovery concerning the circumstances surrounding the development and distribution of the Letter. Subsequent to the TRO, Dollar Tree requests a Preliminary Injunction addressing the harm caused by the Letter, which depending on the number of Letters mailed or other factors regarding the Letter, may include one or more of the following alternatives: the disqualification of the Scott Cole & Associates, sanctioning Scott Cole & Associates for sending the Letter in the first instance, and/or instituting court supervision over communications with the putative class members by Scott Cole & Associates.

## DEFENDANT DOLLAR TREE STORES, INC.'S CERTIFICATE OF NOTIFICATION

Dollar Tree first provided to Scott Cole, Esq. of the firm Scott Cole & Associates notice of its intent to move for an ex parte TRO on August 6, 2007 10:55 a.m. by faxing a letter together with a draft copy of this motion. See **Exhibit B**.

DATED: August 6, 2007

Respectfully submitted,

KAUFF McCLAIN & McGUIRE LLP

By: _____/S/_____
ALEX HERNAEZ

Attorneys for Defendant
DOLLAR TREE STORES, INC.

120465.v1

KAUFF, McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-13-

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;
CERTIFICATE OF NOTIFICATION

CASE NO. C 07-04012 EMC