# EXHIBIT A

Scott Edward Cole, Esq. (S.B. #160744)
Clyde H. Charlton, Esq. (S.B. #127541)
Matthew R. Bainer, Esq. (S.B. #220972)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff class

FILED
ALAMEDA COUNTY
JUL 0 6 2007
CLERK OF THE SUPERIOR COURT
By _Jasha Perry_ Deputy

### IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF ALAMEDA

ROBERT RUNNINGS individually, and on behalf of all others similarly situated,

Plaintiffs,

vs.

DOLLAR TREE STORES, INC, and DOES 1 through 25, inclusive,

Defendants.

Case No.: RG 07334249

**CLASS ACTION**

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

Representative Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1. This is a class action, brought on behalf of Robert Runnings (the "Representative Plaintiff") and all other persons who are or have been employed as a Store Manager by defendant Dollar Tree Stores, Inc. and Does 1 through 25, inclusive (collectively "Dollar Tree") in any of Dollar Tree's retail stores in the State of California at any time after the commencement of the pay period including July 6, 2003. On his own behalf and on behalf of the class, Representative Plaintiff seeks unpaid wages, including unpaid overtime compensation and interest thereon, meal and rest period compensation, waiting time penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia*, California Labor Code §§ 201, 202, 203, 226, 226.7, 512,

1174 and 1194, CCP § 1021.5 and under Business and Professions Code §§ 17200-17208.

2. The "class period" is designated as the time from at least the commencement of the pay period including July 6, 2003 through the conclusion of trial on all issues presented in this action, based upon the allegation that Dollar Tree's violations of California wage and hour laws, as described more fully below, have been ongoing since at least this date. During the class period, Dollar Tree has had a consistent policy of (1) requiring class members to work in excess of eight hours per day and in excess of forty hours per week, without paying them overtime compensation as required by California state wage and hour laws, (2) denying class members statutorily-mandated meal and rest periods, (3) willfully failing to pay compensation (including unpaid overtime and/or compensation for working through meal and/or rest periods) in a prompt and timely manner to those class members whose employment with Dollar Tree have terminated, and (4) willfully failing to provide class members with accurate semimonthly itemized statements of the total number of hours each of them worked, the applicable deductions and the applicable hourly rates in effect during the pay period.

**INTRODUCTION**

3. Since its inception, Dollar Tree has offered a wide range of merchandise to its customers in many categories, including housewares, seasonal goods, candy and food, toys, health and beauty care, gifts, party goods, stationery, books, personal accessories, and other consumer items, all at a maximum $1.00 price point, a fact which, in and of itself, suggests the high level of non-exempt work (e.g., freight receiving, warehouse work, stocking, inventory, sales) required to ensure accessability of its stores' inventory to its customers. Dollar Tree boasts itself to be the nation's largest $1.00 discount variety store chain, with gross profits exceeding $1.3 billion in 2006, according to Securities and Exchange Commission filings.

4. According to these same filings, during fiscal year 2006, Dollar Tree operated 3,219 stores nationwide. In California alone, Dollar Tree has employed hundreds of individuals in recent years as retail Store Managers, an employment position which has not and currently does not meet the test for exemption from the payment of overtime wages or from the entitlement to statutorily-

mandated meal and/or rest periods.

5. Despite actual knowledge of these facts and legal mandates, Dollar Tree has enjoyed an advantage over its competition and a resultant disadvantage to its Store Managers by electing not to compensate them for overtime hours worked, compensation for missed meal and/or rest periods, and "waiting time" and related penalties.

6. This is hardly the first time Dollar Tree has been made aware of these precise violations with regard to its treatment of Store Managers. Most significantly, on April 17, 2002, Representative Plaintiff's attorneys filed an action in California Superior Court (Orange County), alleging the same violations as are pled in the present action. Although that matter resolved through settlement, Dollar Tree apparently has done little, if anything, to change these practices toward Store Managers.

7. As a result of those prior legal proceedings, among other reasons, Representative Plaintiff is informed and believes and, based thereon, alleges that officers of Dollar Tree knew of the occurrence of the violations alleged in this action and the legal mandates which govern such conduct, yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

8. Despite Dollar Tree's knowledge of class members' entitlement to full pay for all hours worked, Dollar Tree failed to provide same to class members, in violation of the California Labor Code, IWC Wage Order No. 7 and Title 8 of the California Code of Regulations, among other laws and regulations. This action is brought to redress and end this long-time pattern of unlawful conduct once and for all.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Representative Plaintiff's and class members' claims under California statutes and, by extension, IWC Wage Order No. 7. This Court also has jurisdiction over Representative Plaintiff's and class members' claims for injunctive relief, and restitution of ill-gotten benefits arising from defendant Dollar Tree's unfair, unlawful and/or fraudulent business practices under Business & Professions Code §§ 17200, *et seq.*

/////

10. Venue as to Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395(a). Dollar Tree is a corporation, maintaining offices, operating retail stores and doing business in Alameda County, and is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Representative Plaintiff and those similarly situated within the State of California and within Alameda County. Defendant Dollar Tree employed numerous class members in Alameda County during the class period.

## PLAINTIFF(S)

11. The Representative Plaintiff is a natural person and was, during the relevant time period identified herein, employed by defendant Dollar Tree in the job position of Store Manager at one or more of Defendant's California retail stores.

12. As used throughout this Complaint, the terms "Plaintiff(s)" and/or "class" refer to the Representative Plaintiff herein, as well as each and every person eligible for membership in the Plaintiff class, as further described and defined below.

13. At all times herein relevant, the Representative Plaintiff was a person within the class of persons further described and defined herein.

14. The Representative Plaintiff brings this action on behalf of himself and as a class action on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein, pursuant to California Code of Civil Procedure § 382.

## DEFENDANT

15. At all times herein relevant, defendant Dollar Tree and Does 1 through 25, inclusive (collectively referred to as "Dollar Tree" and/or "Defendant") was and are corporations and/or other business entities, duly licensed, located and doing business in, but not limited to, the State of California. Representative Plaintiff is informed and believes and, on that basis, alleges that, at all relevant times herein mentioned, each person responsible for the acts alleged herein was the agent and/or employee of Dollar Tree and, in doing the acts herein alleged, was acting within the course

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

and scope of such agency and/or employment.

16. Those defendants identified as Does 1 through 25, inclusive, are and were, at all relevant times herein-mentioned, co-employers of some/each of the remaining defendants.

17. Representative Plaintiff is unaware of the true names and capacities of those defendants sued herein as Does 1 through 25, inclusive and, therefore, sues these defendants by such fictitious names. Representative Plaintiff will seek leave of court to amend this Complaint when same are ascertained. Representative Plaintiff is informed and believes and, on that basis, alleges that each of the fictitiously-named defendants is responsible in some manner for, gave consent to, ratified and/or authorized the conduct herein alleged and that Representative Plaintiff's and the class members' damages, as herein alleged, were proximately caused thereby.

## CLASS ACTION ALLEGATIONS

18. The Representative Plaintiff brings this action on behalf of himself and as a class action on behalf of all persons similarly situated and proximately damaged by Dollar Tree's conduct as set forth herein, including, but not necessarily limited to the following class:

> All persons who were employed as a Store Manager by Dollar Tree Stores, Inc. in one or more of its California retail stores at any time on or after July 6, 2003.

19. This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable, to wit:

    a. <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the class are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiff is informed and believes and, on that basis, alleges that the total number of class members is well into the hundreds of individuals. Membership in the Plaintiff class will be determined upon analysis of employee and payroll, among other potential records maintained by Dollar Tree.

    b. <u>Commonality</u>: The Representative Plaintiff and the class members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

   i. Whether defendant Dollar Tree violated California law by failing to pay compensation to Dollar Tree's employees for all time worked;

   ii. whether defendant Dollar Tree violated California Labor Code §§ 226.7 and/or 512 by failing to consistently provide uninterrupted meal and/or rest periods to Representative Plaintiff and the class members;

   iii. whether defendant Dollar Tree violated California Business and Professions Code § 17200 by engaging in unfair, unlawful and/or fraudulent business practices;

   iv. whether defendant Dollar Tree violated California Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

   v. whether defendant Dollar Tree violated California Labor Code §§ 201-203 by failing to pay wages due and owing at the time that class members' employment with Defendant terminated;

   vi. whether Defendant Dollar Tree violated California Labor Code § 226 by failing to provide the semimonthly itemized statements to class members of total hours worked by each, and all applicable hourly rates in effect during the pay period; and

   vii. whether Representative Plaintiff and class members are entitled to "waiting time" penalties pursuant to California Labor Code § 203.

c. <u>Typicality</u>: The Representative Plaintiff's claims are typical of the claims of the Plaintiff class. The Representative Plaintiff and all members of the class sustained injuries and damages arising out of and caused by defendant Dollar Tree's common course of conduct in violation of California law, as alleged herein.

d. <u>Superiority of Class Action</u>: Since the damages suffered by individual class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impracticable for members of the class to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual member of the class, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

e. <u>Adequacy of Representation</u>: The Representative Plaintiff in this class action is an adequate representative of the class, in that the Representative Plaintiff's claims are typical of those of the class and the Representative Plaintiff has the same interests in the litigation of this case as the class members. The Representative Plaintiff is committed to vigorous prosecution of this case, and has retained competent counsel, experienced in litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the class. The Representative Plaintiff anticipates no management difficulties in this litigation.

## COMMON FACTUAL ALLEGATIONS

20. As described herein, Dollar Tree has, for years, knowingly failed to adequately compensate Store Managers for all wages earned, including overtime wages and/or compensation for missed meal and/or rest periods, and due under the California Labor Code and the applicable California Wage Order, thereby enjoying a significant competitive edge over other retail stores and/or retail chains.

21. Even upon termination or resignation of the employment of numerous class members, Dollar Tree has declined to pay these wages, in blatant violation of California Labor Code §§ 201 and/or 202.

22. Moreover, California Labor Code §§ 201 and 202 require defendant Dollar Tree to pay all severed employees all wages due, immediately upon discharge or within 72 hours of resignation of their positions, in most circumstances. California Labor Code § 203 provides that, if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, for a period not to exceed 30 days of wages.

23. Furthermore, despite its knowledge of the Representative Plaintiff's and the class members' entitlement to compensation for all hours worked, Dollar Tree violated California Labor Code § 1174(d) by failing to provide or require the use, maintenance or submission of time records by members of the class. Dollar Tree also failed to provide Representative Plaintiff and class members with accurate semimonthly itemized statements of the total number of hours worked by each and all applicable hourly rates in effect during the pay period, in violation of California Labor Code § 226. In so doing, Dollar Tree has not only failed to pay its workers the full amount of compensation due, it has, until now, effectively shielded itself from its employees' scrutiny for its unlawful conduct by concealing the magnitude (i.e., the full number of hours worked) and financial impact of its wrongdoing.

24. Representative Plaintiff and all persons similarly situated are entitled to unpaid compensation, yet, to date, have not received such compensation despite the termination of certain class members' employment with Dollar Tree.

25. More than 30 days have passed since Representative Plaintiff and/or certain class members have left defendant Dollar Tree's employ.

26. As a consequence of defendant Dollar Tree's willful conduct in not paying compensation for all hours worked, certain class members are entitled to 30 days wages, as a penalty under Labor Code § 203, together with attorneys' fees and costs.

27. As a consequence of defendant Dollar Tree's willful conduct in not providing an uninterrupted 30 minute meal period within the first five hours of class members' shifts, as required under Labor Code § 512 and Section 11 of IWC Wage Order No. 7, class members are entitled to one hour of wages for each day that they were denied at least one meal period, as provided under Labor Code § 226.7, together with interest thereon and attorneys' fees and costs.

28. As a consequence of defendant Dollar Tree's willful conduct in not providing a ten minute rest period once during each four hour segment of work, as prescribed by Section 12 of IWC Wage Order No. 7, class members are entitled to one hour of wages for each day that they were denied at least one rest period, as provided under Labor Code § 226.7, together with interest thereon and attorneys' fees and costs.

29. As a direct and proximate result of Dollar Tree's unlawful conduct, as set forth herein, Representative Plaintiff and class members have sustained damages, as described above, including compensation for missed meal and rest periods, and loss of earnings for hours worked on behalf of Defendant, in amounts to be established, in a formulaic manner, at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and/or certain class members herein are entitled to recover "waiting time" penalties/wages (pursuant to California Labor Code § 203) and penalties for failure to provide semimonthly statements of hours worked and all applicable hourly rates (pursuant to Labor Code § 226) in an amount to be established, in a formulaic manner, at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and class members are also entitled to recover costs and attorneys' fees, pursuant to California Labor Code § 1194 and/or California Civil Code § 1021.5, among other authorities.

/////

30. Representative Plaintiff seeks injunctive relief, prohibiting Defendant from engaging in the illegal labor acts described herein in the future. Representative Plaintiff also seeks restitution of costs incurred by Representative Plaintiff and class members under California's Unfair Competition Law. Unless enjoined, Defendant's unlawful conduct will continue unchecked, while Representative Plaintiff and class members bear the financial brunt of Defendant's unlawful conduct. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Plaintiff class are also entitled to recover costs and attorneys' fees, pursuant to statute.

### FIRST CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT
(California Business & Professions Code §§ 17200-17208)

31. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

32. Representative Plaintiff brings this cause of action, seeking equitable and statutory relief to stop the misconduct of Defendant, as complained of herein, and seeking restitution from Defendant through the unfair, unlawful and fraudulent business practices described herein.

33. The knowing conduct of Defendant, as alleged herein, constitutes an unlawful, unfair and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

34. Defendant's knowing failure to adopt policies in accordance with and/or to adhere to these laws, all of which are binding upon and burdensome to Defendant's competitors, engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§ 17200-17208.

35. Particularly in light of its repeated violations of these laws, despite the pursuit of prior litigation against it for same, it is clear that Defendant has established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiff and the Plaintiff class herein alleged, as incidental to its business operations, rather than accept the

alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by responsible competitors of Defendant and as set forth in legislation and the judicial record.

### SECOND CAUSE OF ACTION
### UNLAWFUL FAILURE TO PAY ALL WAGES DUE
(Violation of California Wage Order 7 and California Labor Code)

36. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

37. On one or more dates since July 6, 2003, Representative Plaintiff and the class members were employed by and did perform work for Dollar Tree, oftentimes in excess of eight hours in a workday and/or forty hours in a workweek. The precise number of hours and the attendant damages will be proven in a formulaic manner at trial.

38. During said time period, Dollar Tree refused to compensate Representative Plaintiff and class members for some and/or all of the wages due them, including overtime wages and compensation for missed meal and/or rest periods, in violation of the applicable California Wage Order and/or the California Labor Code.

39. Moreover, during said time period, many of the class members herein were employed by and were thereafter terminated or resigned from their positions with Dollar Tree, yet were not paid all wages due upon said termination or within seventy-two (72) hours of said resignation of employment therefrom. Said non-payment of all wages due was the direct and proximate result of a willful refusal to do so by Defendant.

40. At all relevant times, Defendant was aware of and was under a duty to comply with various provisions of the applicable IWC California Wage Order as well as California Labor Code §§ 201-203, 510, 1198 and 1199.

41. By refusing to compensate Representative Plaintiff and class members for all wages earned, Defendant violated those California Labor Code and IWC Wage Order provisions cited herein.

42. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and class members have sustained damages, including loss of earnings for

hours of overtime worked on behalf of Defendant, in an amount to be established, in a formulaic manner, at trial, plus interest thereon. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and class members are entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as costs and attorneys' fees, pursuant to statute.

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL AND REST PERIODS
### (California Labor Code §§ 226.7 and 512)

43. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

44. California Labor Code § 512 provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

45. At all relevant times, Defendant was aware of and was under a duty to comply with California Labor Code §§ 226.7 and 512.

46. Specifically, California Labor Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

/////

/////

47. Sections 11 and 12, respectively, of IWC Wage Order No. 7 mandate that employers provide all applicable meal and/or rest periods to non-exempt (including exempt-misclassified) employees.

48. Section 11 of the IWC Wage Order provides:

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes .... (B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes .... (C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided

Moreover, Section 12 of the IWC Wage Order provides:

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof .... (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

49. By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted ten-minute net rest periods to Representative Plaintiff and the remaining class members, Defendant violated California Labor Code and IWC Wage Order provisions.

50. Representative Plaintiff is informed and believes and, based thereon, alleges that Dollar Tree has never paid the one hour of compensation to any class member due to its violations of these California Labor Code and IWC Wage Order provisions.

51. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and class members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established, in a formulaic manner, at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and class members are entitled to recover "waiting time" and

1  other penalties, in amounts to be established at trial, as well as costs and attorneys' fees, pursuant
2  to statute.
3
4  **FOURTH CAUSE OF ACTION**
   **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
5  **(California Labor Code §§ 226, 1174)**
6      52.    Representative Plaintiff incorporates in this cause of action each and every allegation
7  of the preceding paragraphs, with the same force and effect as though fully set forth herein.
8      53.    California Labor Code § 226(a) provides:

> Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions; provided, that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

    54.    Moreover, California Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

    55.    Finally, California Labor Code § 1174 provides:

> Every person employing labor in this state shall: (d) Keep, at a central location in the state... payroll records showing the hours worked daily by and the wages paid to ... employees .... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

    56.    Dollar Tree failed to provide timely, accurate itemized wage statements to Representative Plaintiff and class members in accordance with Labor Code § 226(a). Specifically, none of the statements provided by Defendant to Representative Plaintiff and class members has

accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions therefor.

57. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and class members seek to recover penalties, in amounts to be established, in a formulaic manner, at trial, as well as costs and attorneys' fees, pursuant to statute.

## RELIEF SOUGHT

WHEREFORE, the Representative Plaintiff, on behalf of himself and the proposed Plaintiff class, prays for judgment and the following specific relief against **Defendant(s)**, jointly and separately, as follows:

1. For an Order certifying the proposed class and/or any other appropriate subclass under CCP § 382;

2. For a finding that Dollar Tree violated the provisions of California Labor Code § 201 and Title 8 California Code of Regulations § 11070(9)(A) as to the Representative Plaintiff and the Plaintiff class;

3. That the Court declare, adjudge and decree that Dollar Tree violated the overtime provisions of the California Labor Code and the applicable Industrial Wage Commission California Wage Order as to the Representative Plaintiff and the Plaintiff class;

4. That the Court make an award to Representative Plaintiff and the Plaintiff class of damages for the amount of unpaid compensation, including interest thereon, and penalties, in amounts to be proven, in a formulaic manner, at trial;

5. That the Court declare, adjudge and decree that defendant Dollar Tree violated its legal duties under California Labor Code §§ 226.7 and/or 512 and the relevant Sections of the applicable IWC Wage Order to pay wages for missed meal and/or rest periods;

6. That the Court declare, adjudge and decree that Dollar Tree violated the record keeping provisions of California Labor Code §§ 226(a) and 1174(d) and the relevant Wage Order as to Representative Plaintiff and the class members, and for willful failure to provide accurate semimonthly itemized statements thereto;

7. That the Court declare, adjudge and decree that Dollar Tree violated California Labor Code §§ 201-203 for willful failure to pay all compensation owed at the time of termination of employment to Representative Plaintiff and/or other class members;

8. That the Court declare, adjudge and decree that Dollar Tree violated California Business and Professions Code § 17200, et. seq. by failing to pay Representative Plaintiff and class members overtime and/or other forms of compensation and, generally, by misclassifying Representative Plaintiff and class members as overtime-exempt employees;

9. For an Order requiring Dollar Tree to pay restitution to Representative Plaintiff and the Plaintiff class as a result of Dollar Tree's unfair, unlawful and/or fraudulent activities, pursuant to Business and Professions Code §§ 17200-08;

10. For an injunction, enjoining defendant Dollar Tree to cease and desist from further unfair, unlawful and/or fraudulent activities in violation of Business and Professions Code § 17200;

11. For punitive/exemplary damages in an amount appropriate and sufficient to punish Defendant, and to deter others from engaging in similar misconduct in the future;

12. For all other Orders, findings, and determinations identified and sought in this Complaint;

13. For interest on the amount of any and all economic losses, at the prevailing legal rate;

14. For reasonable attorneys' fees, pursuant to statute; and

15. For costs of suit and any and all such other relief as the Court deems just and proper.

Dated: July 6, 2007

SCOTT COLE & ASSOCIATES, APC

By: _____
Scott Edward Cole, Esq.
Attorneys for the Representative Plaintiff
and the Plaintiff class