# EXHIBIT B

# KM&M

K A U F F   M c C L A I N & M c G U I R E   L L P

ONE POST STREET · SUITE 2600
SAN FRANCISCO, CA 94104

TELEPHONE (415) 421-3111
TELECOPIER (415) 421-0938

ALEX HERNAEZ
HERNAEZ@KMM.COM

NEW YORK
SAN FRANCISCO
LOS ANGELES
WWW.KMM.COM

August 6, 2007

**VIA FACSIMILE (510-891-7030)**

Scott Edward Cole, Esq.
Scott Cole & Associates, APC
1970 Broadway, Ninth Floor
Oakland, CA  94612

Re:    Runnings v. Dollar Tree Stores, Inc.

Dear Mr. Cole:

Today Defendant Dollar Tree Stores, Inc. will remove the above-captioned matter to the United States District Court for the Northern District of California.  In addition, Dollar Tree will be filing a motion seeking a Temporary Restraining Order and Preliminary Injunction.  The motion will be based upon the letter sent by your firm to the putative class members, which we believe was wholly improper.  A draft of the TRO papers is attached.  I will formally serve the papers when we secure a hearing date.

Sincerely,

ALEX HERNAEZ

AH:jal
Enclosures

cc:    Matthew R. Bainer (w/ Encls.; via Facsimile)
120443.v1

1    ALEX HERNAEZ (State Bar No. 201441)
     MAUREEN E. McCLAIN (State Bar No. 062050)
2    MATTHEW P. VANDALL (State Bar No. 196962)
     KAUFF McCLAIN & McGUIRE LLP
3    One Post Street, Suite 2600
     San Francisco, California 94104
4    Telephone:    (415) 421-3111
     Facsimile:     (415) 421-0938

**DRAFT**

5

6    Attorneys for Defendant
     DOLLAR TREE STORES, INC.

7

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11    ROBERT RUNNINGS individually, and on
     behalf of all others similarly situated,

   CASE NO.

12                 Plaintiff,

   **DEFENDANT DOLLAR TREE
   STORES, INC.'S EX PARTE
   MOTION FOR TEMPORARY
   RESTRAINING ORDER;
   MEMORANDUM OF POINTS AND
   AUTHORITIES IN SUPPORT;
   CERTIFICATE OF NOTIFICATION**

13       v.

14

15    DOLLAR TREE STORES, INC, and DOES
     1 through 25, inclusive,

16                Defendants.

   **COMPLAINT FILED:**    July 6, 2007
   **TRIAL DATE:**       No date set.

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE
MOTION FOR TEMPORARY RESTRAINING ORDER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;
CERTIFICATE OF NOTIFICATION

CASE NO.

1

2

## DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE MOTION
## FOR TEMPORARY RESTRAINING ORDER

3

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

4

PLEASE TAKE NOTICE that on August __, 2007, in Courtroom __ of the

5

United States District Court, Northern District of California, 450 Golden Gate Avenue,

6

___ Floor, San Francisco, California, at _____, or as soon thereafter as counsel may be

7

heard, Defendant Dollar Tree Stores, Inc. ("Dollar Tree") will ask that, pursuant to Fed.

8

R. Civ. P. 65, Fed. R. Civ. P. 23 and Local Rule 65,[1] the Court issue a Temporary

9

Restraining Order prohibiting Scott Cole & Associates, counsel for Plaintiff Robert

10

Runnings ("Plaintiff"), from communicating in any fashion with members of the putative

11

class.

12

The motion will be based upon the Complaint at issue, this Notice of

13

Motion and Motion, the Memorandum of Points and Authorities, the Certificate of

14

Notification, the Declaration of Mark Soderholm, the argument of counsel, the pleadings

15

and papers filed herein, and upon any other matters properly considered by the Court.

16

DATED: August __, 2007                          KAUFF McCLAIN & McGUIRE LLP

17

18

By: _____
                    ALEX HERNAEZ

19

20

Attorneys for Defendant
DOLLAR TREE STORES, INC.

21

22

23

24

25

26

[1] Citation to the Federal Rules of Civil Procedure will be "Rule __." Citation to the Local Rules for the Northern District of California will be to "Local Rule __."

27

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE                          CASE NO.
MOTION FOR TEMPORARY RESTRAINING ORDER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;
CERTIFICATE OF NOTIFICATION

1
2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**

3

**I.    INTRODUCTION**

4        Filed on July 6, 2007 in the Alameda County Superior Court, this lawsuit is

5   a wage and hour class action in the precertification stage.  It was removed to this Court

6   on August 6, 2007, twenty-six days after service of the summons and complaint.  The

7   putative class members are certain present and former Store Managers of Dollar Tree.

8   For the reasons discussed below, Defendant asks that this Court issue a Temporary

9   Restraining Order ("TRO") prohibiting counsel for Plaintiff from communicating in any

10  fashion with members of the putative class.

11       Without any notice to Dollar Tree, Scott Cole & Associates has sent Letters

12  to Store Managers containing demonstrably false information and violating the California

13  Rules of Professional Conduct.  These Letters appear calculated to pressure recipients

14  into entering into an attorney-client relationship with the firm.  If injunctive relief is not

15  issued, Dollar Tree will suffer—**and likely has already suffered**—irreparable injury

16  because Scott Cole & Associates is poisoning the pool of putative class members, which

17  is something that cannot be undone.  And, if Store Managers accept the tainted

18  invitations and become clients of Scott Cole & Associates, Dollar Tree will be unable to

19  investigate and defend this lawsuit.  See Cal. Rules of Prof'l Conduct, Rule 2-100

20  (Communication With a Represented Party).  Moreover, because the Letter is so clearly

21  improper, the likelihood of success on the merits is high.  Accordingly, a TRO should

22  issue pending a hearing for preliminary injunction.

23       The tactics of Scott Cole & Associates simply are not contemplated by the

24  provisions of Rule 23:

25       Misleading communications to class members concerning the
         litigation pose a serious threat to the fairness of the litigation
26       process, the adequacy of representation and the
         administration of justice generally.
27

In re School Asbestos Litigation, 842 F.2d 671, 680 (3d Cir. 1988).

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-3-

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE
MOTION FOR TEMPORARY RESTRAINING ORDER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;
CERTIFICATE OF NOTIFICATION

CASE NO.

1    As part of the relief it seeks on this TRO application, Dollar Tree requests

2    the Court's permission to obtain expedited discovery concerning the circumstances

3    surrounding the development and distribution of the Letter.  Dollar Tree further intends to

4    seek an Order addressing the harm caused by the Letter, which depending on the

5    number of Letters mailed or other factors regarding the Letter, may include one or more

6    of the following alternatives: the disqualification of the firm, sanctioning the firm for

7    sending the Letter in the first instance, and/or instituting court supervision over

8    communications with the putative class members by Runnings' lawyers.

9    **II.    FACTS**

10    During the week of July 30, 2007, Steve Mason, a Dollar Tree Store

11    Manager, gave a Letter he had received in the mail to Mark Soderholm, his direct

12    supervisor and a Dollar Tree District Manager.  The Letter at issue is attached as Exhibit

13    A to Mr. Soderholm's accompanying Declaration and its envelope is attached as Exhibit

14    B.  Based upon the format of the Letter, Dollar Tree believes multiple copies have

15    already been mailed.  As discussed below, absent Court intervention, additional mailings

16    of this Letter, together with other contacts threatened in the Letter, will further irreparably

17    damage Dollar Tree's ability to defend this case.

18    **III.    ARGUMENT**

19    Because trial court involvement in the notice process is
     inevitable in cases with numerous plaintiffs where written
20    consent is required by statute, it lies within the discretion of a
     district court to begin its involvement early, at the point of the
21    initial notice, rather than at some later time.  One of the most
     significant insights that skilled trial judges have gained in
22    recent years is the wisdom and necessity for early judicial
     intervention in the management of litigation.
23
     Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 172 (1989).
24
     Even before a responsive pleading has been filed by Dollar Tree, Runnings
25
     and his counsel have intruded upon (and perhaps destroyed) the fair notice process
26
     contemplated by Rule 23.  Indeed, the Letter has undermined whatever fairness
27
     previously existed in the class action process as a whole.  The Court's intervention is

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-4-

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE
MOTION FOR TEMPORARY RESTRAINING ORDER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;
CERTIFICATE OF NOTIFICATION

CASE NO.

1    needed.

2    **A.    The Letter Violates The California Rules of Professional Conduct.**

3    "When engaging in precertification communications, as is equally true with

4    any communication, a member of the State Bar of California must comply with the

5    requirements of the Rules of Professional Conduct." Mevorah v. Wells Fargo Home

6    Mortg., Inc., 2005 U.S. Dist. LEXIS 28615 *11 (N.D. Cal. 2005). Rule 1-400 governs

7    attorney "communications," which are defined as follows:

8    [A]ny message or offer made by or on behalf of a member
     concerning the availability for professional employment of a
9    member or a law firm directed to any former, present, or
     prospective client, including but not limited to the following:
10

11   * * * *

12   (4)    Any unsolicited correspondence from a member or law
            firm directed to any person or entity."

13   Cal. Rules of Prof'l Conduct, Rule 1-400(A)(4).

14   The Letter qualifies as a "communication" under this rule. Therefore, as a

15   communication, it may not:

16   (1)    Contain any untrue statement; or

17   (2)    Contain any matter, or present or arrange any matter
            in a manner or format which is false, deceptive, or which
18          tends to confuse, deceive, or mislead the public; or

19   (3)    Omit to state any fact necessary to make the
            statements made, in the light of circumstances under which
20          they are made, not misleading to the public; or

21   * * * *

22   Cal. Rules of Prof'l Conduct, Rule 1-400(D)(1-3).

23   Moreover, pursuant to rule 1-400(E), the Board of Governors of the State

24   Bar has adopted the following standards which are presumed to be in violation of Rule 1-

25   400:

26   (1)    A "communication" which contains guarantees,
            warranties, or predictions regarding the result of the
27          representation.

28

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-5-

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE                          CASE NO.
MOTION FOR TEMPORARY RESTRAINING ORDER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;
CERTIFICATE OF NOTIFICATION

1  (2) A "communication" which contains testimonials about
  or endorsements of a member unless such communication
2  also contains an express disclaimer such as "this testimonial
  or endorsement does not constitute a guarantee, warranty, or
3  prediction regarding the outcome of your legal matter."

4    * * * *

5 Cal. Rules of Prof'l Conduct, Standards 1-2.

6  The Letter violates multiple provisions of Rule 1-400.

7  **1. The Letter Overstates The Scope Of The Lawsuit As Well As Its Potential Value.**

8

9  The Letter claims that Scott Cole & Associates filed a class action lawsuit

"on behalf of all California Store Managers working for Dollar Tree Stores at any time

10 after July 6, 2003" (emphasis in original).  It repeats this assertion in Paragraph 2, lines

11 5-6 and then claims that Store Managers may receive overtime pay "going back as many

12 as four years."  These assertions constitute knowing misrepresentations of fact.

13  Plaintiff's counsel participated in <u>Williams v. Dollar Tree Stores, Inc.</u>, Case

14 No. 01CC00329 (Orange County Superior Court), which involved, *inter alia*, a claim for

15 overtime by Store Managers.[2]  The prior lawsuit is specifically referenced in the

16 Complaint.  See Compl., p. 3, 6.  As Plaintiff's counsel well knows, the settlement of

17 <u>Williams</u> covered all non-opt out Store Managers through December 11, 2004.[3]  Hence,

18 it cannot be correct that this lawsuit covers all Store Managers working after July 6,

19 2003.  Moreover, as to Mr. Mason and nearly all other Store Managers (*i.e.*, all except

20 the 8 opt-outs), the third statement is equally false.  Except for the eight opt-outs,

21 damages can go back only to December 12, 2004.  **The letter misstates the relevant**

22 **recovery period by more than one-year and five months.**  Accordingly, these

23 assertions patently violate Rule 1-400(D)(1).  <u>See also</u> <u>Belt v. Emcare Inc.</u>, 299 F. Supp.

24

25 [2] There were only eight opt-outs.

26 [3] *See* Declaration of Kathleen E. Mallas, ¶ 10 (filed in conjunction with Defendant's
removal papers).

27

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-6-

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE
MOTION FOR TEMPORARY RESTRAINING ORDER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;
CERTIFICATE OF NOTIFICATION

CASE NO.

1    2d 664, 668 (E.D. Tex. 2003)(ex parte communication improper where "it

2    mischaracterized the damages available to the putative class").

3    ### 2.    The Letter Offers "Predictions Regarding The Result Of The Representation."

4

5    The Letter boasts that the firm has "scrutinized Dollar Tree's practices for

6    years and, based upon [their] extensive investigation believe" that Dollar Tree has

7    violated the law.  The Letter also states that they have performed an "investigation"

8    which has convinced the firm that Store Managers are not performing managerial tasks.

9    Dollar Tree contends that these assertions constitute predictions regarding the result of

10   representation and therefore constitute a presumptive violation under Standard (1) of

11   Rule 1-400.

12   ### 3.    The Letter Omits Full Disclosure Of Material Facts And Provides An Implicit Endorsement.

13   Citing to Rule 1-400(D)(3), the Court in In re McKesson HBOC, Inc. Sec.

14   Litig., 126 F. Supp. 2d 1239, 1245 (N.D. Cal. 2000) found certain mailings to be

15   improper because, inter alia, they "do not identify the court-appointed lead plaintiff and

16   counsel . . . ."  Here, the Letter claims the "named plaintiff is so convinced of this [i.e., a

17   violation of law] that he filed this case on behalf of all California Store Managers (since

18   July 6, 2003) so that they each may hopefully receive whatever backpay they're owed."

19   However, as in McKesson HBOC, the individual at issue is not identified.  This omission

20   is improper under Rule 1-400(D)(3).

21   The Letter also omits to discuss the fact that determining whether a

22   particular position is exempt or non-exempt requires an individualized analysis of that

23   position's duties.  By omitting this fact, the Letter suggests that all Store Managers are

24   similarly situated to the anonymous "named plaintiff" and that Scott Cole & Associates

25   has made some kind of investigation resulting in a conclusion that each one of the

26   hundreds of Store Managers is non-exempt.

27   Moreover, Standard (2) of Rule 1-400 prohibits "endorsements of a

28

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-7-

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE
MOTION FOR TEMPORARY RESTRAINING ORDER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;
CERTIFICATE OF NOTIFICATION

CASE NO.

1    member" unless an express disclaimer is provided.  The facts asserted regarding the

2    named plaintiff constitute an implicit endorsement of Scott Cole & Associates.  A Store

3    Manager could easily reason that if the firm is "good enough" for a colleague (even an

4    unnamed one), it should be "good enough" for him or her.  Therefore, because the Letter

5    contains no disclaimer, it is a presumptive violation of Rule 1-400.

6          **4.        The Letter Threatens An Improper "Solicitation."**

7                Incredibly, the Letter promises a further violation of Rule 1-400(D).  As

8    distinct from a "communication," a "solicitation" is defined to include the making of a

9    telephone call "[c]oncerning the availability for professional employment of a member or

10   a law firm in which a significant motive is pecuniary gain."  Cal. R. Prof. Conduct 1-

11   400(B)(1) & (B)(2)(a).  Solicitations are generally prohibited:

12              A solicitation shall not be made by or on behalf of a member
                or law firm to a prospective client with whom the member or
13              law firm has no family or prior professional relationship,
                unless the solicitation is protected from abridgment by the
14              Constitution of the United States or by the Constitution of the
                State of California.  A solicitation to a former or present client
15              in the discharge of a member's or law firm's professional
                duties is not prohibited.
16
     See Cal. R. Prof. Conduct 1-400(C).
17
                Notwithstanding this prohibition, the Letter actually threatens a subsequent
18
     violation: "As this case progresses, we will be providing you with additional information,
19
     either by letter or by telephone."
20
          **5.        The Letter Is Confusing In That It Suggests The Recipient Is
21              Already A Class Member And It Calls Itself A "Newsletter."**

22               In one place the letter says "we have not yet asked the Court overseeing

23   this lawsuit to join all Store Managers into the case."  However, the footer reads:

24   "S\Clients\Runnings\Correspondence\Class Members\2007\Outgoing\Newsletter g27

25   wpd."  This line suggests that the recipient is already a "Class Member" in the litigation.

26   Thus, at the very least the Letter would "tend to confuse" in violation of Rule 1-400(D)(2).

27   Adding to this confusion is the Letter's title of "NEWSLETTER."  It is true that Standard

28

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-8-

1    (5) of Rule 1-400 requires that "communications" be titled "Advertisement, Newsletter or

2    words of similar import."  But the document is simply not a newsletter in any conventional

3    sense of the word.  Rather, it is an unabashed and unsolicited invitation to become a

4    client of Scott Cole & Associates.  The Letter's title should truthfully reflect its contents; it

5    does not.

6    **B.    The Letter Is A Misleading, Coercive, And Improper Communication
          With The Putative Class.**

7

8              Rule 23(d) of the Federal Rules of Civil Procedure gives the court broad

9    powers to make "appropriate orders" to ensure efficient and fair proceedings in a class

10   action.  McKesson HBOC, 126 F. Supp. 2d at 1242.  Specifically, the court is authorized

11   to enter orders "requiring, for the protection of the members of the class or otherwise for

12   the fair conduct of the action," as well as orders "imposing conditions on the

13   representative parties or on intervenors."  See Rule 23(d)(2-3).  The court's Rule 23(d)

14   powers include the authority to enjoin communications with class members to protect

15   them from undue interference.  See Gulf Oil Co. v. Bernard, 452 U.S. 89 (1981).  And

16   "[c]ourts have limited pre-certification communications with potential class members after

17   misleading, coercive, or improper communications were made."  Mevorah, 2005 U.S.

18   Dist. LEXIS 28615 at *11; see also Belt, 299 F. Supp. 2d at 667 (ex parte

19   communication improper because it "tapped into fears and concerns" of putative class).

20             As discussed in § A above, the Letter suffers from numerous specific and

21   serious defects.  However, the fundamental problem is that the Letter is nothing but an

22   invitation to become a client of Scott Cole & Associates, which is made with a one-sided,

23   factually incorrect, and argumentative presentation of the issues.  And that invitation is

24   express:

25             **If you have any questions regarding your rights in this
             case, please do not hesitate to contact our office.**

26             **That's what were here for.**

27             * * * *

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE
MOTION FOR TEMPORARY RESTRAINING ORDER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;
CERTIFICATE OF NOTIFICATION

CASE NO.

1
2
3
4

> We urge you to contact us today to discuss this case and the role you may play in it. In staying abreast of these developments, **you should know that you have the right to communicate with our office on a confidential basis**. If you wish to have a consultation about your legal rights and you wish to treat the conversation as a privileged attorney-client communication, we will gladly do so.

5    (Emphasis in original).

6    "Rule 23 contemplates that putative class members will make an informed

7    decision about their decision to opt out of a class." <u>McKesson HBOC</u>, 126 F. Supp. 2d

8    at 1243. In fact, the "potential plaintiffs are not 'represented parties' for the purposes of

9    California State Bar Rules of Professional Conduct, rule 2-100." <u>Tierno v. Rite Aid Corp.</u>,

10   2006 U.S. Dist. LEXIS 71795 *7 (N.D. Cal. 2006). "This means that both sides should

11   have equal access and freedom to communicate with potential class members in the

12   pre-certification stage because both sides should be permitted to investigate the case

13   fully." <u>Id.</u> (internal citations omitted).

14   Here, the Letter is attempting to subvert what should be a fair process by

15   using false information in a bid to secure an attorney-client relationship. Creating this

16   relationship, especially when done through the use of false statements, is inconsistent

17   with Rule 23 and cannot be allowed to occur. In addition, the Letter in effect is

18   preempting the class notice stage, where putative class members are told in neutral and

19   balanced language of their rights and of the positions of all parties. "Misleading

20   communications by soliciting counsel have a detrimental effect on the class notice

21   procedure and, therefore, on the fair administration of justice." <u>In re Cmty. Bank of N.</u>

22   <u>Va. Loan Litig.</u>, 418 F.3d 277, 311 (3d Cir. 2005). Depending on the scope of the

23   mailing, the Letter, which essentially calls Dollar Tree's management liars (". . . . our

24   investigation convinces us this is untrue.") and concludes that something illegal has

25   happened ( ". . .we think to be an illegal practice."), may already have destroyed the

26   integrity of this process.

27

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-10-

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE                        CASE NO.
MOTION FOR TEMPORARY RESTRAINING ORDER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;
CERTIFICATE OF NOTIFICATION

1

**C.    A Temporary Restraining Order And Subsequent Preliminary Injunction Is An Appropriate Remedy.**

2

3          "Preliminary injunctive relief is available to a party who demonstrates either

4    (1) a combination of probable success and the possibility of irreparable harm, or (2) that

5    serious questions are raised and the balance of hardship tips in its favor.  These two

6    formulations represent two points on a sliding scale in which the required degree of

7    irreparable harm increases as the probability of success decreases."  <u>Arcamuzi v.</u>

8    <u>Continental Air Lines, Inc.</u>, 819 F.2d 935, 937 (9th Cir. 1987) (internal citations omitted).

9    "Under any formulation of the test, the moving party must demonstrate a significant

10   threat of irreparable injury."  <u>Id.</u>  Here, injunctive relief is proper because Dollar Tree can

11   show both a probability of success and the possibility of irreparable harm.

**1.    The Likelihood Of Success On The Merits Is High.**

12         In this procedural context, the question of "success on the merits" means

13   whether Dollar Tree will be able to show that Plaintiff's counsel has improperly

14   communicated with the putative class.  <u>E.g., Vogt v. Tex. Instruments Inc.</u>, 2006 U.S.

15   Dist. LEXIS 96515 *17 (N.D. Tex. 2006)(In the context of a collective action under the

16   FLSA: "The court agrees with [defendant] that, given the procedural posture of this

17   action, it may satisfy the first element by showing a substantial likelihood of success of

18   narrowing the scope of the conditionally certified class.").  Here, because the Letter

19   contains demonstrable false assertions as well as presumptive violations of the

20   California Rules of Professional Conduct, the likelihood of success on this question is

21   high.

**D.    Absent Intervention, Dollar Tree Will—And Most Likely Already Has— Suffered Irreparable Harm.**

22

23

24         In <u>Vogt</u>, the Court found that where a misleading document has been

25   circulated to putative class members, "a substantial threat of immediate and irreparable

26   injury" exists because "future distribution of the [document] would prejudice [defendant]

27   and usurp the court's managerial authority to oversee the collective action."  <u>Id.</u> at *18.

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEFENDANT DOLLAR TREE STORES, INC.'S EX PARTE                                                   CASE NO.
MOTION FOR TEMPORARY RESTRAINING ORDER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;
CERTIFICATE OF NOTIFICATION

1   The same holds true in this case. Because the letter has false information, its further

2   dissemination to putative class members can only prejudice Dollar Tree and render the

3   Rule 23 procedures unfair. And there is no remedy for this injury. If putative class

4   members are exposed to misinformation, they may refuse to cooperate with Dollar

5   Tree's investigation no matter what type of correction is offered.

6           On this issue <u>Vogt</u> is directly on point: "as misleading commercial speech

7   does not merit First Amendment protection[4] . . . [defendants] interest in monitoring

8   information provided to potential class members outweighs any interest [Plaintiff's] may

9   have in distributing the [document]." <u>Id.</u> at *17-18. "[E]njoining Plaintiffs and their

10   counsel from distributing the [document] in the future promotes rather than disserves the

11   public interest. The [document] is likely to deceive, instead of inform, potential class

12   members about the lawsuit; therefore the court may prohibit further distribution." <u>Id.</u> at

13   *18. The same is true of the Letter.

14           Nor is the threat imaginary. The Letter was addressed to "Store Manager"

15   and sent to the address of a Dollar Tree store in Visalia. To the extent it has not already

16   done so, it is reasonable to assume that Scott Cole & Associates hopes to replicate this

17   Letter throughout Dollar Tree's California stores. Moreover, as noted above, the Letter

18   itself promises further communications: "As this case progresses, we will be providing

19   you with additional information, either by letter or by telephone." Therefore, there is a

20   very real basis that additional harm is imminent.

21   **IV.    CONCLUSION**

22           Dollar Tree asks that a Temporary Restraining Oder be issued prohibiting

23   Scott Cole & Associates from communicating in any fashion with members of the

24   putative class.

25

26   [4]    Citing to *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n*, 447 U.S. 557, 563
(1980).

27

28

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-12-

1

## DEFENDANT DOLLAR TREE STORES, INC.'S CERTIFICATE OF NOTIFICATION

2

Dollar Tree first provided to Scott Cole, Esq. of the firm Scott Cole &

3

Associates notice of its intent to move for an ex parte TRO on August 6, 2007 10:45 a.m.

4

DATED: August __, 2007                    KAUFF McCLAIN & McGUIRE LLP

5

6

7        By: _____
                         ALEX HERNAEZ

8        Attorneys for Defendant
9        DOLLAR TREE STORES, INC.

10    120435.v1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-13-

1   MAUREEN E. McCLAIN (State Bar No. 062050)
    Email: mcclain@kmm.com
2   ALEX HERNAEZ (State Bar No. 201441)
    Email: hernaez@kmm.com
3   MATTHEW P. VANDALL (State Bar No. 196962)
    Email: vandall@kmm.com
4   KAUFF McCLAIN & McGUIRE LLP
    One Post Street, Suite 2600
5   San Francisco, California  94104
    Telephone:   (415) 421-3111
6   Facsimile:    (415) 421-0938

7   Attorneys for Defendant
    DOLLAR TREE STORES, INC.

8
                    UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10

11
    ROBERT RUNNINGS individually, and on         CASE NO.
12  behalf of all others similarly situated,
                                                 **DECLARATION OF MARK
13              Plaintiff,                        SODERHOLM IN SUPPORT OF
                                                 DEFENDANT'S EX PARTE
14       v.                                      MOTION FOR TEMPORARY
                                                 RESTRAINING ORDER**
15  DOLLAR TREE STORES, INC, and DOES
    1 through 25, inclusive,                     **COMPLAINT FILED:**  July 6, 2007
16                                               **CASE REMOVED:**     August 6, 2007
                Defendants.                      **TRIAL DATE:**       No date set.
17

18

19           I, Mark Soderholm, do hereby declare:

20           1.      I am employed as a District Manager for Dollar Tree Stores, Inc.

21  My work location is Fresno, California.  I oversee eleven retail stores located in Fresno

22  and surrounding areas.  The Store Managers of those retail locations report to me.

23           2.      I submit this declaration to identify Exhibits A and B.  I have

24  personal knowledge of the facts contained in this declaration.

25           3.      Exhibit A is a true and correct copy of a letter recently given to me

26  by one of the Store Managers in my District.  That Store Manager, Steve Mason, told me

27  that he had received the letter attached as Exhibit A in the mail at the Dollar Tree store

28  where he works in Visalia, California.  Mr. Mason also provided me with the envelope in

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

1    which Exhibit A was mailed. A true and correct copy of the front of that envelope is

2    attached as Exhibit B. 2333 S. Mooney Blvd. is the address of the Dollar Tree store in

3    Visalia, CA.

4           4.    I first had knowledge of Exhibit A during the week of July 30, 2007.

5           I declare under penalty of perjury under the laws of the State of California

6    and the United States of America that the above statement is true and correct. Executed

7    on August ⎯3⎯, 2007 in Fresno, California.

8

9                               Mark Soderholm

10    120417.v1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAUPP, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-2-

SCOTT EDWARD COLE, ESQ
MATTHEW R. BAINER, ESQ

MATTHEW R. BAINER, ESQ
Writer's E-Mail  mrbainer@scalaw com

SCA Web Site: www scalaw com

# SCOTT COLE & ASSOCIATES
### A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
THE WORLD SAVINGS TOWER
1970 BROADWAY NINTH FLOOR
OAKLAND CALIFORNIA 94612

Oakland, California  Offi
T lephone  (510) 891 9800
F  mile  (510) 891 7030

P tterson, California Offic
2) North El Circulo Avenue
Patterson, California 95363
T lephone  (209) 892 2508
Facs mile  (209) 892 1631

July 27, 2007


## NEWSLETTER


    re    **DOLLAR TREE STORES, INC  STORE MANAGERS**
          **Overtime Pay Class Action Update**


Dear Store Manager

As you may have heard, on July 6, 2007, our law firm filed a class action lawsuit in Alameda County Superior Court on behalf of all **California Store Managers** working for Dollar Tree Stores at any time after July 6, 2003  The lawsuit alleges that Dollar Tree denied overtime pay, meal and rest breaks to Store Managers across the state  Although Dollar Tree may claim that Store Managers spend most of their time performing 'management' type tasks (i e , not cashiering, stocking or merchandising), our investigation convinces us that this is untrue

We have scrutinized Dollar Tree's practices for years and, based upon our extensive investigation  believe that its Store Managers are actually spending most of their work time on activities such as clerking, stocking, and filling out routine paperwork  tasks that are commonly performed by hourly workers and, if true, should entitle Store Managers to overtime pay, going back as many as *four years*  In fact  the named plaintiff is so convinced of this that he filed this case on behalf of *all* California Store Managers (since July 6, 2003) so that they each may hopefully receive whatever back pay they're owed

As a law firm dedicated to prosecuting wage violations such as those alleged here  we are committed to fighting for the rights of Store Managers and, hopefully, putting an end to what we think to be an illegal practice  Although we have not yet asked the Court overseeing this lawsuit to join all Store Managers into the case, we would like your support in doing so

Finally, we just learned that Dollar Tree may wish you to sign a statement indicating that your work does not entitle you to overtime pay and/or that you worked little or no overtime hours  Be careful  You should know that you are **not** required to sign any statement, whether prepared by Dollar Tree, by our law firm, *or anyone* unless you really believe that what you re signing is true  If **you** have any questions regarding your rights in this case, **please do not hesitate to contact our office.**

**That's what we're here for**

**EXHIBIT A**

As this case progresses, we will be providing you with additional information, either by letter or by telephone. These contacts do not obligate you to do anything. We also urge you to contact us today to discuss this case and the role you may play in it. Our job is to keep you informed and make sure you understand your rights. In staying abreast of these developments, you should also know that **you have the right to communicate with our office on a confidential basis.** If you wish to have a consultation about your legal rights and you wish us to treat the conversation as a privileged attorney-client communication, we will gladly do so.

Thank you for taking the time to review this Newsletter. We look forward to hearing from you.

Very truly yours,

MATTHEW R. BAINER

MRB:rdr

IT COLE & ASSOCIATES APC
ATTORNEYS AND COUNSELORS
The World Savings Tower
1970 Broadway Ninth Floor
Oakland CA 94612



160
2 /00 00 41 PB8636551
8 6 6 MAILED FROM OAKLAND CA  JUL 27  77
94612

NEWSLETTER
Attn  Store Manager
Dollar Tree Store  Inc
2333 S Mooney Blvd
Visalia CA 93277-6228

93277 6228  002

**EXHIBIT B**

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              4506
RECIPIENT ADDRESS     15108917030
DESTINATION ID
ST. TIME              08/06 10:44
TIME USE              07'37
PAGES SENT            20
RESULT                OK
```

# KM&M



KAUFF McCLAIN & McGUIRE LLP

## ATTORNEYS AT LAW

ONE POST STREET
SUITE 2600
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE (415) 421-3111  FAX  (415) 421-0938

NEW YORK
SAN FRANCISCO
LOS ANGELES
WWW.KMM.COM

## FAX COVER SHEET

This facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Addressee(s) named below. If you are not the intended recipient of this facsimile, or the agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

**DATE:**     August 6, 2007                      **FILE NUMBER:**     11181.0005

**TO:**

| NAME | FAX NO. | PHONE NO. |
|------|---------|-----------|
| Scott Edward Cole, Esq.<br>Scott Cole & Associates, APC | (510) 891-7030 | (510) 891-9800 |

**CC:**

| | | |
|------|---------|-----------|
| Matthew R. Bainer, Esq.<br>Scott Cole & Associates, APC | (510) 891-7030 | (510) 891-9800 |

**FROM:**     Alex Hernaez, Esq.

**RE:**     Runnings v. Dollar Tree Stores, Inc.

NUMBER OF PAGES WITH COVER PAGE: 20     ORIGINAL WILL NOT FOLLOW

**MESSAGE:**