# EXHIBIT 1

1  MAUREEN E. McCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  ALEX HERNAEZ (State Bar No. 201441)
   Email: hernaez@kmm.com
3  KAUFF McCLAIN & McGUIRE LLP
   One Post Street, Suite 2600
4  San Francisco, California 94104
   Telephone:  (415) 421-3111
5  Facsimile:   (415) 421-0938

6  Attorneys for Defendant
   DOLLAR TREE STORES, INC.

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 ROBERT RUNNINGS individually, and on      CASE NO.
   behalf of all others similarly situated,
12                                           Alameda County Superior Court
                        Plaintiff,           Case No. RG 07334249
13
           v.                                NOTICE OF REMOVAL AND
14                                           CERTIFICATE OF INTERESTED
   DOLLAR TREE STORES, INC, and DOES         ENTITIES
15 1 through 25, inclusive,
                                             COMPLAINT FILED:  July 6, 2007
16                      Defendants.          TRIAL DATE:       No date set.

17

18        TO THE CLERK OF THE ABOVE ENTITLED COURT:

19            PLEASE TAKE NOTICE that Defendant Dollar Tree Stores, Inc. ("Dollar

20 Tree"), by counsel, hereby removes this action from the Superior Court of California for

21 the County of Alameda (the "State Court") to this Court.  This removal is based upon the

22 following grounds:

23            **PLEADINGS AND PROCEEDINGS TO DATE**

24            1.    On July 6, 2007, Plaintiff Robert Runnings ("Plaintiff") filed a

25 Complaint in the State Court styled, *ROBERT RUNNINGS individually, and on behalf of*

26 *all others similarly situated v. DOLLAR TREE STORES, INC, and DOES 1 through 25,*

27 *inclusive,* Alameda County Superior Court Case No. RG 07334249.  A true and correct

28 copy of the Complaint is attached hereto as **Exhibit A**.

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF REMOVAL AND CERTIFICATE OF INTERESTED          CASE NO.
ENTITIES                                                 ALAMEDA COUNTY SUPERIOR COURT CASE NO.
                                                         RG 07334249

1    2.    Service of the Complaint and accompanying Summons was effected

2    on Dollar Tree by personal service on Dollar Tree's registered agent on July 11, 2007.

3    The first date Dollar Tree received the Complaint and Summons was July 11, 2007. A

4    true and correct copy of the Summons is attached hereto as **Exhibit B**, and true and

5    correct copies of the other documents served with the Complaint and Summons are

6    attached hereto as **Exhibit C**. Exhibits A, B and C constitute all State Court process,

7    pleadings, and orders served on Dollar Tree.

8    ## TIMELY REMOVAL OF STATE COURT COMPLAINT

9    3.    Removal of Plaintiff's Complaint is authorized by 28 U.S.C. §§ 1441,

10    1446 and 1453(b). Given the service date of July 11, 2007, this Notice of Removal is

11    timely in that it has been filed and served within 30 days of the initial receipt of Plaintiff's

12    Summons and Complaint by Dollar Tree. *See Murphy Bros., Inc. v. Mitchetti Pipe*

13    *Stringing, Inc.*, 526 U.S. 344, 354 (1999) (defendant's period for removal will be no less

14    than 30 days from service).

15    ## SUBJECT MATTER JURISDICTION

16    4.    This case is brought by Plaintiff as a class action. Specifically,

17    Plaintiff seeks to represent "[a]ll persons who were employed as a Store Manager by

18    Dollar Tree Stores, Inc. in one or more of its California retail stores at any time on or

19    after July 6, 2003." **Exhibit A** (Compl.) at p. 5, ¶ 18, lines 16-17.

20    5.    Because Plaintiff's Complaint alleges a class action as defined by

21    28 U.S.C. §1332(d)(1)(B), this Court has original jurisdiction under the Class Action

22    Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified in various

23    sections of Title 28 of the United States Code). CAFA provides in relevant part that the

24    district courts have original jurisdiction over any class action, brought under state or

25    federal law, in which (a) the number of members of all proposed plaintiff classes in the

26    aggregate is at least 100; (b) any member of a class of plaintiffs is a citizen of a State

27    different from any defendant; and (c) the aggregated claims of class members exceed

28    the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-2-

NOTICE OF REMOVAL AND CERTIFICATE OF INTERESTED    CASE NO.
ENTITIES    ALAMEDA COUNTY SUPERIOR COURT CASE NO.
RG 07334249

1  **NUMEROSITY OF CLASS MEMBERS**

2  6.  Plaintiff alleges that the putative class is comprised of "hundreds of

3  individuals." **Exhibit A** (Compl.) at p. 2, ¶ 4, line 26.  Moreover, it is beyond all

4  reasonable dispute that the putative class numbers well in excess of 100.  As stated in

5  the Declaration of Kathleen E. Mallas, Dollar Tree's Vice President and Controller, there

6  are currently 225 store managers employed in the State of California.  Declaration of

7  Kathleen E. Mallas, ¶ 6, line 12 (attached hereto as **Exhibit D**).

8  **CITIZENSHIP OF THE PARTIES**

9  7.  Plaintiff asserts that at all times relevant to this action, she was

10  employed by Dollar Tree "at one or more of Defendant's California retail stores." **Exhibit**

11  **A** (Compl.), ¶ 11.  Dollar Tree's records also show Plaintiff as residing in Ukiah,

12  California.  **Exhibit D** (Mallas Decl.), ¶ 4, lines 4-5.  Therefore, Dollar Tree alleges on

13  information and belief that, at the time the Complaint was filed in State Court and at the

14  time of removal, Plaintiff was and continues to be a citizen of the State of California.

15  Moreover, it would be unreasonable to conclude that not one of the putative class

16  members is a California citizen.

17  8.  As of July 6, 2007, the day on which Plaintiff filed this action, Dollar

18  Tree was a Virginia corporation with its principal place of business in Chesapeake,

19  Virginia.  **Exhibit D** (Mallas Decl.), ¶ 5.  Dollar Tree continues to be a Virginia

20  corporation with its principal place of business in Chesapeake, Virginia.  *Id.*  Therefore,

21  at the time the Complaint was filed in State Court and at the time of removal, Dollar Tree

22  was and continues to be a citizen of the State of Virginia.

23  9.  Also named in the Complaint are "DOES 1 through 25, inclusive."

24  "Doe" defendants are disregarded for purposes of determining diversity upon removal.

25  *See e.g., Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).  Moreover,

26  diversity is sufficiently established under CAFA where, as here, any single member of a

27  class of plaintiffs is a citizen of a State different from any defendant.  28 U.S.C. §

28  1332(d)(2)(A).  *See Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005) (CAFA

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-3-

NOTICE OF REMOVAL AND CERTIFICATE OF INTERESTED
ENTITIES

CASE NO.
ALAMEDA COUNTY SUPERIOR COURT CASE NO.
RG 07334249

1    amends the federal diversity statute, 28 U.S.C. § 1332, and now vests original

2    jurisdiction for class actions in federal court where there is minimal diversity). Therefore,

3    because Plaintiff is a citizen of the State of California and Dollar Tree is a citizen of the

4    State of Virginia, the parties are diverse as required by CAFA.

### JURISDICTIONAL MINIMUM

6        10.    As explained below and in the accompanying Mallas Declaration,

7    the aggregated claims of class members exceed the sum or value of $5,000,000,

8    exclusive of interest and costs. **Exhibit D** (Mallas Decl.), ¶ 11.[1]

9        11.    Plaintiff alleges that Dollar Tree failed to pay its Store Managers

10    overtime. **Exhibit A** (Compl.), ¶¶ 36-42. Dollar Tree store managers are expected to

11    work a minimum of 45 hours per week and they are eligible for up to 80 hours of annual

12    Paid Time Off. **Exhibit D** (Mallas Decl.), ¶¶ 7-8. Assuming *arguendo* that Plaintiff can

13    establish that Dollar Tree failed to pay overtime (which Dollar Tree disputes), the annual

14    claims would be valued as follows: 2005 ($1,718,176.45), 2006 ($1,862,865.00), and

15    through June of 2007 ($999,255.25). The estimated total value of the overtime claim is

16    $4,580,296.70. *Id.* at ¶ 11 & Exhibit 1 (worksheet showing calculations).

17        12.    Plaintiff also alleges a violation of Labor Code § 226(e). **Exhibit A**

18    (Compl.), ¶ 54. Section 226(e) provides for a maximum aggregate penalty of $4,000 per

19    individual employee. Assuming *arguendo* that Plaintiff can establish a violation of §

20    226(e) (which Dollar Tree disputes), Ms. Mallas has calculated that, with respect to

21    employees eligible for the maximum penalty, the total claim for <u>only one year</u> (2006) is

22    $824,000.00. **Exhibit D** (Mallas Decl.), ¶ 11 & Exhibit 1 (worksheet showing

23    calculations).[2]

24

25    [1]    In *Williams v. Dollar Tree Stores, Inc.*, Case No. 01CC00329 (Orange County Superior
Court), Dollar Tree resolved a similar lawsuit, which covered a period through December 11,
26    2004. The Declaration of Ms. Mallas has excluded from her calculations any amounts paid as a
result of that settlement. **Exhibit D** (Mallas Decl.), ¶ 9 & 11.

27    [2]    Plaintiff seeks to enforce this statute pursuant to California's Unfair Competition Law (the
"UCL"), *Cal. Bus. & Prof. Code § 17200 et seq.* The UCL has a four-year statute of limitations.
28    *Yeganeh v. Sims*, 2006 U.S. Dist. LEXIS 79132 (N.D. Cal. 2006).

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-4-

1        13.    The sum of the overtime claim together with only a portion of the §

2    226(e) claim is $5,404,296.70.

3        14.    In addition, Plaintiff seeks further penalties pursuant to Labor Code

4    § 226.7, **Exhibit A** (Compl. at p. 14, ¶ 5) and §§ 201-203 *Id.* at p. 15, ¶ 7.  Labor Code §

5    226.7 provides for a payment of "one additional hour of pay at the employee's regular

6    rate of compensation for each work day that the meal or rest period is not provided."

7    Cal. Lab. Code § 226.7(b).  Labor Code § 203 provides for the post-separation

8    continuation of an employee's wages for up to 30 days.

9        15.    Plaintiff also prays for restitution, injunctive relief and attorneys'

10   fees. *Id.* at p. 15, ¶¶ 10, 11, & 14. ·*Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032-

11   35 (N.D. Cal. 2002) (amount in controversy may include attorneys' fees).

12       16.    Based upon the foregoing, Dollar Tree has established that the

13   amount in controversy requirement is satisfied.

14   **VENUE**

15       17.    This action is currently pending in the Superior Court of California in

16   the County of Alameda and, therefore, venue in this Court is proper pursuant to 28

17   U.S.C. § 84(a), 28 U.S.C. § 1391(a), and LR 3-2(d).

18   **NOTIFICATIONS**

19       18.    As required by 28 U.S.C. § 1446(d), Dollar Tree will provide prompt

20   written notice to Plaintiff, by counsel, of removal of this action to federal court.

21       19.    As required by 28 U.S.C. § 1446(d), Dollar Tree will file a copy of

22   this Notice of Removal and Certificate of Interested Entities with the Clerk of the Superior

23   Court of the State of California for the County of Alameda.

24   **CERTIFICATION OF INTERESTED PARTIES**

25       Pursuant to Civil L.R. 3-16, the undersigned certifies that the following

26   listed persons, associations of persons, firms, partnerships, corporations (including

27   parent corporations) or other entities (i) have a financial interest in the subject matter in

28   controversy or in a party to the proceeding, or (ii) a non-financial interest in that subject

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF REMOVAL AND CERTIFICATE OF INTERESTED
ENTITIES

CASE NO. ____
ALAMEDA COUNTY SUPERIOR COURT CASE NO.
RG 07334249

1  matter or in a party that could be substantially affected by the outcome of this

2  proceeding:  Dollar Tree's shareholders.

3          WHEREFORE, Defendant Dollar Tree Stores, Inc. hereby removes this

4  action from the State Court to the United States District Court for the Northern District of

5  California.

6  DATED:  August  6, 2007                    Respectfully submitted,

7                                             KAUFF McCLAIN & McGUIRE LLP

8

9                                             By: _____

10                                                  ALEX HERNAEZ

11                                             Attorneys for Defendant
                                               DOLLAR TREE STORES, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-6-

NOTICE OF REMOVAL AND CERTIFICATE OF INTERESTED
ENTITIES

CASE NO.
ALAMEDA COUNTY SUPERIOR COURT CASE NO.
RG 07334249

**EXHIBIT A**

*5440560*

1    Scott Edward Cole, Esq. (S.B. #160744)
     Clyde H. Charlton, Esq. (S.B. #127541)
2    Matthew R. Bainer, Esq. (S.B. #220972)
     **SCOTT COLE & ASSOCIATES, APC**
3    1970 Broadway, Ninth Floor
     Oakland, California 94612
4    Telephone: (510) 891-9800
     Facsimile: (510) 891-7030
5    www.scalaw.com

6    Attorneys for Representative Plaintiff
     and the Plaintiff class

7

**FILED**
ALAMEDA COUNTY

JUL 0 6 2007

CLERK OF THE SUPERIOR COURT
By _Jasha Pessis_
                 Deputy

8         **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **IN AND FOR THE COUNTY OF ALAMEDA**

10

11    ROBERT RUNNINGS individually, and   )    Case No.: **RG 07334249**
     on behalf of all others similarly situated,  )
12                                      )    **CLASS ACTION**
                     Plaintiffs,   )
13    vs.                                )    **COMPLAINT FOR DAMAGES,**
                               )    **INJUNCTIVE RELIEF AND RESTITUTION**
14    DOLLAR TREE STORES, INC, and   )
     DOES 1 through 25, inclusive,      )
15                                       )
                     Defendants.   )
16   ────────────────────────── )

17

18    Representative Plaintiff alleges as follows:

19

20                         **PRELIMINARY STATEMENT**

21        1.       This is a class action, brought on behalf of Robert Runnings (the "Representative

22    Plaintiff") and all other persons who are or have been employed as a Store Manager by defendant

23    Dollar Tree Stores, Inc. and Does 1 through 25, inclusive (collectively "Dollar Tree") in any of

24    Dollar Tree's retail stores in the State of California at any time after the commencement of the pay

25    period including July 6, 2003. On his own behalf and on behalf of the class, Representative Plaintiff

26    seeks unpaid wages, including unpaid overtime compensation and interest thereon, meal and rest

27    period compensation, waiting time penalties, injunctive and other equitable relief and reasonable

28    attorneys' fees and costs, under, *inter alia*, California Labor Code §§ 201, 202, 203, 226, 226.7, 512,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 1 -
Complaint for Damages, Injunctive Relief and Restitution

1  1174 and 1194, CCP § 1021.5 and under Business and Professions Code §§ 17200-17208.

2      2.    The "class period" is designated as the time from at least the commencement of the

3  pay period including July 6, 2003 through the conclusion of trial on all issues presented in this

4  action, based upon the allegation that Dollar Tree's violations of California wage and hour laws, as

5  described more fully below, have been ongoing since at least this date. During the class period,

6  Dollar Tree has had a consistent policy of (1) requiring class members to work in excess of eight

7  hours per day and in excess of forty hours per week, without paying them overtime compensation

8  as required by California state wage and hour laws, (2) denying class members statutorily-mandated

9  meal and rest periods, (3) willfully failing to pay compensation (including unpaid overtime and/or

10 compensation for working through meal and/or rest periods) in a prompt and timely manner to those

11 class members whose employment with Dollar Tree have terminated, and (4) willfully failing to

12 provide class members with accurate semimonthly itemized statements of the total number of hours

13 each of them worked, the applicable deductions and the applicable hourly rates in effect during the

14 pay period.

15

16                     **INTRODUCTION**

17     3.    Since its inception, Dollar Tree has offered a wide range of merchandise to its

18 customers in many categories, including housewares, seasonal goods, candy and food, toys, health

19 and beauty care, gifts, party goods, stationery, books, personal accessories, and other consumer

20 items, all at a maximum $1.00 price point, a fact which, in and of itself, suggests the high level of

21 non-exempt work (e.g., freight receiving, warehouse work, stocking, inventory, sales) required to

22 ensure accessability of its stores' inventory to its customers. Dollar Tree boasts itself to be the

23 nation's largest $1.00 discount variety store chain, with gross profits exceeding $1.3 billion in 2006,

24 according to Securities and Exchange Commission filings.

25     4.    According to these same filings, during fiscal year 2006, Dollar Tree operated 3,219

26 stores nationwide. In California alone, Dollar Tree has employed hundreds of individuals in recent

27 years as retail Store Managers, an employment position which has not and currently does not meet

28 the test for exemption from the payment of overtime wages or from the entitlement to statutorily-

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    mandated meal and/or rest periods.

2       5.      Despite actual knowledge of these facts and legal mandates, Dollar Tree has enjoyed

3    an advantage over its competition and a resultant disadvantage to its Store Managers by electing not

4    to compensate them for overtime hours worked, compensation for missed meal and/or rest periods,

5    and "waiting time" and related penalties.

6       6.      This is hardly the first time Dollar Tree has been made aware of these precise

7    violations with regard to its treatment of Store Managers. Most significantly, on April 17, 2002,

8    Representative Plaintiff's attorneys filed an action in California Superior Court (Orange County),

9    alleging the same violations as are pled in the present action. Although that matter resolved through

10    settlement, Dollar Tree apparently has done little, if anything, to change these practices toward Store

11    Managers.

12       7.      As a result of those prior legal proceedings, among other reasons, Representative

13    Plaintiff is informed and believes and, based thereon, alleges that officers of Dollar Tree knew of

14    the occurrence of the violations alleged in this action and the legal mandates which govern such

15    conduct, yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

16       8.      Despite Dollar Tree's knowledge of class members' entitlement to full pay for all

17    hours worked, Dollar Tree failed to provide same to class members, in violation of the California

18    Labor Code, IWC Wage Order No. 7 and Title 8 of the California Code of Regulations, among other

19    laws and regulations. This action is brought to redress and end this long-time pattern of unlawful

20    conduct once and for all.

21

22                              **JURISDICTION AND VENUE**

23       9.      This Court has jurisdiction over Representative Plaintiff's and class members' claims

24    under California statutes and, by extension, IWC Wage Order No. 7. This Court also has

25    jurisdiction over Representative Plaintiff's and class members' claims for injunctive relief, and

26    restitution of ill-gotten benefits arising from defendant Dollar Tree's unfair, unlawful and/or

27    fraudulent business practices under Business & Professions Code §§ 17200, *et seq.*

28    /////

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

10.     Venue as to Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395(a). Dollar Tree is a corporation, maintaining offices, operating retail stores and doing business in Alameda County, and is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Representative Plaintiff and those similarly situated within the State of California and within Alameda County. Defendant Dollar Tree employed numerous class members in Alameda County during the class period.

## PLAINTIFF(S)

11.     The Representative Plaintiff is a natural person and was, during the relevant time period identified herein, employed by defendant Dollar Tree in the job position of Store Manager at one or more of Defendant's California retail stores.

12.     As used throughout this Complaint, the terms "Plaintiff(s)" and/or "class" refer to the Representative Plaintiff herein, as well as each and every person eligible for membership in the Plaintiff class, as further described and defined below.

13.     At all times herein relevant, the Representative Plaintiff was a person within the class of persons further described and defined herein.

14.     The Representative Plaintiff brings this action on behalf of himself and as a class action on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein, pursuant to California Code of Civil Procedure § 382.

## DEFENDANT

15.     At all times herein relevant, defendant Dollar Tree and Does 1 through 25, inclusive (collectively referred to as "Dollar Tree" and/or "Defendant") was and are corporations and/or other business entities, duly licensed, located and doing business in, but not limited to, the State of California. Representative Plaintiff is informed and believes and, on that basis, alleges that, at all relevant times herein mentioned, each person responsible for the acts alleged herein was the agent and/or employee of Dollar Tree and, in doing the acts herein alleged, was acting within the course

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Complaint for Damages, Injunctive Relief and Restitution

1    and scope of such agency and/or employment.

2        16.    Those defendants identified as Does 1 through 25, inclusive, are and were, at all

3    relevant times herein-mentioned, co-employers of some/each of the remaining defendants.

4        17.    Representative Plaintiff is unaware of the true names and capacities of those

5    defendants sued herein as Does 1 through 25, inclusive and, therefore, sues these defendants by such

6    fictitious names.  Representative Plaintiff will seek leave of court to amend this Complaint when

7    same are ascertained.  Representative Plaintiff is informed and believes and, on that basis, alleges

8    that each of the fictitiously-named defendants is responsible in some manner for, gave consent to,

9    ratified and/or authorized the conduct herein alleged and that Representative Plaintiff's and the class

10   members' damages, as herein alleged, were proximately caused thereby.

11

12                            **CLASS ACTION ALLEGATIONS**

13       18.    The Representative Plaintiff brings this action on behalf of himself and as a class

14   action on behalf of all persons similarly situated and proximately damaged by Dollar Tree's conduct

15   as set forth herein, including, but not necessarily limited to the following class:

16           All persons who were employed as a Store Manager by Dollar Tree Stores,
             Inc. in one or more of its California retail stores at any time on or after July
17           6, 2003.

18       19.    This action has been brought and may properly be maintained as a class action under

19   Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation

20   and the proposed class is easily ascertainable, to wit:

21       a.    <u>Numerosity</u>:  A class action is the only available method for the fair and
22            efficient adjudication of this controversy.  The members of the class are so
             numerous that joinder of all members is impractical, if not impossible,
23            insofar as Representative Plaintiff is informed and believes and, on that basis,
             alleges that the total number of class members is well into the hundreds of
24            individuals.  Membership in the Plaintiff class will be determined upon
             analysis of employee and payroll, among other potential records maintained
25            by Dollar Tree.

26       b.    <u>Commonality</u>:  The Representative Plaintiff and the class members share a
27            community of interests in that there are numerous common questions and
             issues of fact and law which predominate over any questions and issues
             solely affecting individual members, including, but not necessarily limited
28            to:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

i.   Whether defendant Dollar Tree violated California law by failing to pay compensation to Dollar Tree's employees for all time worked;

ii.  whether defendant Dollar Tree violated California Labor Code §§ 226.7 and/or 512 by failing to consistently provide uninterrupted meal and/or rest periods to Representative Plaintiff and the class members;

iii. whether defendant Dollar Tree violated California Business and Professions Code § 17200 by engaging in unfair, unlawful and/or fraudulent business practices;

iv.  whether defendant Dollar Tree violated California Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

v.   whether defendant Dollar Tree violated California Labor Code §§ 201-203 by failing to pay wages due and owing at the time that class members' employment with Defendant terminated;

vi.  whether Defendant Dollar Tree violated California Labor Code § 226 by failing to provide the semimonthly itemized statements to class members of total hours worked by each, and all applicable hourly rates in effect during the pay period; and

vii. whether Representative Plaintiff and class members are entitled to "waiting time" penalties pursuant to California Labor Code § 203.

c.   <u>Typicality</u>: The Representative Plaintiff's claims are typical of the claims of the Plaintiff class. The Representative Plaintiff and all members of the class sustained injuries and damages arising out of and caused by defendant Dollar Tree's common course of conduct in violation of California law, as alleged herein.

d.   <u>Superiority of Class Action</u>: Since the damages suffered by individual class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impracticable for members of the class to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual member of the class, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

e.   <u>Adequacy of Representation</u>: The Representative Plaintiff in this class action is an adequate representative of the class, in that the Representative Plaintiff's claims are typical of those of the class and the Representative Plaintiff has the same interests in the litigation of this case as the class members. The Representative Plaintiff is committed to vigorous prosecution of this case, and has retained competent counsel, experienced in litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the class. The Representative Plaintiff anticipates no management difficulties in this litigation.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**COMMON FACTUAL ALLEGATIONS**

20.     As described herein, Dollar Tree has, for years, knowingly failed to adequately compensate Store Managers for all wages earned, including overtime wages and/or compensation for missed meal and/or rest periods, and due under the California Labor Code and the applicable California Wage Order, thereby enjoying a significant competitive edge over other retail stores and/or retail chains.

21.     Even upon termination or resignation of the employment of numerous class members, Dollar Tree has declined to pay these wages, in blatant violation of California Labor Code §§ 201 and/or 202.

22.     Moreover, California Labor Code §§ 201 and 202 require defendant Dollar Tree to pay all severed employees all wages due, immediately upon discharge or within 72 hours of resignation of their positions, in most circumstances. California Labor Code § 203 provides that, if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, for a period not to exceed 30 days of wages.

23.     Furthermore, despite its knowledge of the Representative Plaintiff's and the class members' entitlement to compensation for all hours worked, Dollar Tree violated California Labor Code § 1174(d) by failing to provide or require the use, maintenance or submission of time records by members of the class. Dollar Tree also failed to provide Representative Plaintiff and class members with accurate semimonthly itemized statements of the total number of hours worked by each and all applicable hourly rates in effect during the pay period, in violation of California Labor Code § 226. In so doing, Dollar Tree has not only failed to pay its workers the full amount of compensation due, it has, until now, effectively shielded itself from its employees' scrutiny for its unlawful conduct by concealing the magnitude (i.e., the full number of hours worked) and financial impact of its wrongdoing.

24.     Representative Plaintiff and all persons similarly situated are entitled to unpaid compensation, yet, to date, have not received such compensation despite the termination of certain class members' employment with Dollar Tree.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 7 -

25. More than 30 days have passed since Representative Plaintiff and/or certain class members have left defendant Dollar Tree's employ.

26. As a consequence of defendant Dollar Tree's willful conduct in not paying compensation for all hours worked, certain class members are entitled to 30 days wages, as a penalty under Labor Code § 203, together with attorneys' fees and costs.

27. As a consequence of defendant Dollar Tree's willful conduct in not providing an uninterrupted 30 minute meal period within the first five hours of class members' shifts, as required under Labor Code § 512 and Section 11 of IWC Wage Order No. 7, class members are entitled to one hour of wages for each day that they were denied at least one meal period, as provided under Labor Code § 226.7, together with interest thereon and attorneys' fees and costs.

28. As a consequence of defendant Dollar Tree's willful conduct in not providing a ten minute rest period once during each four hour segment of work, as prescribed by Section 12 of IWC Wage Order No. 7, class members are entitled to one hour of wages for each day that they were denied at least one rest period, as provided under Labor Code § 226.7, together with interest thereon and attorneys' fees and costs.

29. As a direct and proximate result of Dollar Tree's unlawful conduct, as set forth herein, Representative Plaintiff and class members have sustained damages, as described above, including compensation for missed meal and rest periods, and loss of earnings for hours worked on behalf of Defendant, in amounts to be established, in a formulaic manner, at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and/or certain class members herein are entitled to recover "waiting time" penalties/wages (pursuant to California Labor Code § 203) and penalties for failure to provide semimonthly statements of hours worked and all applicable hourly rates (pursuant to Labor Code § 226) in an amount to be established, in a formulaic manner, at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and class members are also entitled to recover costs and attorneys' fees, pursuant to California Labor Code § 1194 and/or California Civil Code § 1021.5, among other authorities.

/////

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL.: (510) 891-9800

30.     Representative Plaintiff seeks injunctive relief, prohibiting Defendant from engaging in the illegal labor acts described herein in the future. Representative Plaintiff also seeks restitution of costs incurred by Representative Plaintiff and class members under California's Unfair Competition Law. Unless enjoined, Defendant's unlawful conduct will continue unchecked, while Representative Plaintiff and class members bear the financial brunt of Defendant's unlawful conduct. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Plaintiff class are also entitled to recover costs and attorneys' fees, pursuant to statute.

## FIRST CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT
(California Business & Professions Code §§ 17200-17208)

31.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

32.     Representative Plaintiff brings this cause of action, seeking equitable and statutory relief to stop the misconduct of Defendant, as complained of herein, and seeking restitution from Defendant through the unfair, unlawful and fraudulent business practices described herein.

33.     The knowing conduct of Defendant, as alleged herein, constitutes an unlawful, unfair and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

34.     Defendant's knowing failure to adopt policies in accordance with and/or to adhere to these laws, all of which are binding upon and burdensome to Defendant's competitors, engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§ 17200-17208.

35.     Particularly in light of its repeated violations of these laws, despite the pursuit of prior litigation against it for same, it is clear that Defendant has established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiff and the Plaintiff class herein alleged, as incidental to its business operations, rather than accept the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne

2    by responsible competitors of Defendant and as set forth in legislation and the judicial record.

3

4                            **SECOND CAUSE OF ACTION**
              **UNLAWFUL FAILURE TO PAY ALL WAGES DUE**

5      **(Violation of California Wage Order 7 and California Labor Code)**

6          36.      Representative Plaintiff incorporates in this cause of action each and every allegation

7    of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8          37.      On one or more dates since July 6, 2003, Representative Plaintiff and the class

9    members were employed by and did perform work for Dollar Tree, oftentimes in excess of eight

10    hours in a workday and/or forty hours in a workweek. The precise number of hours and the attendant

11    damages will be proven in a formulaic manner at trial.

12          38. .      During said time period, Dollar Tree refused to compensate Representative Plaintiff

13    and class members for some and/or all of the wages due them, including overtime wages and

14    compensation for missed meal and/or rest periods, in violation of the applicable California Wage

15    Order and/or the California Labor Code.

16          39.      Moreover, during said time period, many of the class members herein were employed

17    by and were thereafter terminated or resigned from their positions with Dollar Tree, yet were not

18    paid all wages due upon said termination or within seventy-two (72) hours of said resignation of

19    employment therefrom. Said non-payment of all wages due was the direct and proximate result of

20    a willful refusal to do so by Defendant.

21          40.      At all relevant times, Defendant was aware of and was under a duty to comply with

22    various provisions of the applicable IWC California Wage Order as well as California Labor Code

23    §§ 201-203, 510, 1198 and 1199.

24          41.      By refusing to compensate Representative Plaintiff and class members for all wages

25    earned, Defendant violated those California Labor Code and IWC Wage Order provisions cited

26    herein.

27          42.      As a direct and proximate result of Defendant's unlawful conduct, as set forth herein,

28    Representative Plaintiff and class members have sustained damages, including loss of earnings for

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   hours of overtime worked on behalf of Defendant, in an amount to be established, in a formulaic

2   manner, at trial, plus interest thereon. As a further direct and proximate result of Defendant's

3   unlawful conduct, as set forth herein, Representative Plaintiff and class members are entitled to

4   recover "waiting time" and other penalties, in amounts to be established at trial, as well as costs and

5   attorneys' fees, pursuant to statute.

6

7                                 **THIRD CAUSE OF ACTION**

                 **FAILURE TO PROVIDE MEAL AND REST PERIODS**

8                    **(California Labor Code §§ 226.7 and 512)**

9        43.    Representative Plaintiff incorporates in this cause of action each and every allegation

10   of the preceding paragraphs, with the same force and effect as though fully set forth herein.

11        44.    California Labor Code § 512 provides:

12             An employer may not employ an employee for a work period of more

13             than five hours per day without providing the employee with a meal

              period of not less than 30 minutes, except that if the total work period

14             per day of the employee is no more than six hours, the meal period

              may be waived by mutual consent of both the employer and

15             employee. An employer may not employ an employee for a work

              period of more than 10 hours per day without providing the employee

16             with a second meal period of not less than 30 minutes, except that if

              the total hours worked is no more than 12 hours, the second meal

17             period may be waived by mutual consent of the employer and the

              employee only if the first meal period was not waived.

18

19        45.    At all relevant times, Defendant was aware of and was under a duty to comply with

20   California Labor Code §§ 226.7 and 512.

21        46.    Specifically, California Labor Code § 226.7 provides:

22          (a)     No employer shall require any employee to work during any

                meal or rest period mandated by an applicable order of the

23                Industrial Welfare Commission.

24          (b)     If an employer fails to provide an employee a meal period or

                rest period in accordance with an applicable order of the

25                Industrial Welfare Commission, the employer shall pay the

                employee one additional hour of pay at the employee's regular

26                rate of compensation for each work day that the meal or rest

                period is not provided.

27   /////

28   /////

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

47.    Sections 11 and 12, respectively, of IWC Wage Order No. 7 mandate that employers provide all applicable meal and/or rest periods to non-exempt (including exempt-misclassified) employees.

48.    Section 11 of the IWC Wage Order provides:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes .... (B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes .... (C)  If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided

Moreover, Section 12 of the IWC Wage Order provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof .... (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

49.    By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted ten-minute net rest periods to Representative Plaintiff and the remaining class members, Defendant violated California Labor Code and IWC Wage Order provisions.

50.    Representative Plaintiff is informed and believes and, based thereon, alleges that Dollar Tree has never paid the one hour of compensation to any class member due to its violations of these California Labor Code and IWC Wage Order provisions.

51.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and class members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established, in a formulaic manner, at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and class members are entitled to recover "waiting time" and

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   other penalties, in amounts to be established at trial, as well as costs and attorneys' fees, pursuant

2   to statute.

3

4                              **FOURTH CAUSE OF ACTION**
      **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
5                          **(California Labor Code §§ 226, 1174)**

6       52.    Representative Plaintiff incorporates in this cause of action each and every allegation

7   of the preceding paragraphs, with the same force and effect as though fully set forth herein.

8       53.    California Labor Code § 226(a) provides:

9              Each employer shall semimonthly, or at the time of each payment of
               wages, furnish each of his or her employees either as a detachable
10             part of the check, draft or voucher paying the employee's wages, or
               separately when wages are paid by personal check or cash, an
11             itemized wage statement in writing showing: (1) gross wages earned;
               (2) total number of hours worked by each employee whose
12             compensation is based on an hourly wage; (3) all deductions;
               provided, that all deductions made on written orders of the employee
13             may be aggregated and shown as one item; (4) net wages earned; (5)
               the inclusive date of the period for which the employee is paid; (6)
14             the name of the employee and his or her social security number; and
               (7) the name and address of the legal entity which is the employer.
15

16      54.    Moreover, California Labor Code § 226(e) provides:

17             An employee suffering injury as a result of a knowing and intentional
               failure by an employer to comply with subdivision (a) is entitled to
18             recover the greater of all actual damages or fifty dollars ($50) for the
               initial pay period in which a violation occurs and one hundred dollars
19             ($100) per employee for each violation in a subsequent pay period,
               not exceeding an aggregate penalty of four thousand dollars ($4,000),
20             and is entitled to an award of costs and reasonable attorney's fees.

21

22      55.    Finally, California Labor Code § 1174 provides:

23             Every person employing labor in this state shall: (d) Keep, at a
               central location in the state... payroll records showing the hours
24             worked daily by and the wages paid to ... employees .... These
               records shall be kept in accordance with rules established for this
25             purpose by the commission, but in any case shall be kept on file for
               not less than two years.

26      56.    Dollar Tree failed to provide timely, accurate itemized wage statements to

27   Representative Plaintiff and class members in accordance with Labor Code § 226(a). Specifically,

28   none of the statements provided by Defendant to Representative Plaintiff and class members has

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions

2   therefor.

3       57.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein,

4   Representative Plaintiff and class members seek to recover penalties, in amounts to be established,

5   in a formulaic manner, at trial, as well as costs and attorneys' fees, pursuant to statute.

6

7                              **RELIEF SOUGHT**

8       **WHEREFORE, the Representative Plaintiff,** on behalf of himself and the proposed

9   **Plaintiff class,** prays for judgment and the following specific relief against **Defendant(s),** jointly

10  and separately, as follows:

11      1.      For an Order certifying the proposed class and/or any other appropriate subclass

12  under CCP § 382;

13      2.      For a finding that Dollar Tree violated the provisions of California Labor Code § 201

14  and Title 8 California Code of Regulations § 11070(9)(A) as to the Representative Plaintiff and the

15  Plaintiff class;

16      3.      That the Court declare, adjudge and decree that Dollar Tree violated the overtime

17  provisions of the California Labor Code and the applicable Industrial Wage Commission California

18  Wage Order as to the Representative Plaintiff and the Plaintiff class;

19      4.      That the Court make an award to Representative Plaintiff and the Plaintiff class of

20  damages for the amount of unpaid compensation, including interest thereon, and penalties, in

21  amounts to be proven, in a formulaic manner, at trial;

22      5.      That the Court declare, adjudge and decree that defendant Dollar Tree violated its

23  legal duties under California Labor Code §§ 226.7 and/or 512 and the relevant Sections of the

24  applicable IWC Wage Order to pay wages for missed meal and/or rest periods;

25      6.      That the Court declare, adjudge and decree that Dollar Tree violated the record

26  keeping provisions of California Labor Code §§ 226(a) and 1174(d) and the relevant Wage Order

27  as to Representative Plaintiff and the class members, and for willful failure to provide accurate

28  semimonthly itemized statements thereto;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

7.    That the Court declare, adjudge and decree that Dollar Tree violated California Labor Code §§ 201-203 for willful failure to pay all compensation owed at the time of termination of employment to Representative Plaintiff and/or other class members;

8.    That the Court declare, adjudge and decree that Dollar Tree violated California Business and Professions Code § 17200, et. seq. by failing to pay Representative Plaintiff and class members overtime and/or other forms of compensation and, generally, by misclassifying Representative Plaintiff and class members as overtime-exempt employees;

9.    For an Order requiring Dollar Tree to pay restitution to Representative Plaintiff and the Plaintiff class as a result of Dollar Tree's unfair, unlawful and/or fraudulent activities, pursuant to Business and Professions Code §§ 17200-08;

10.    For an injunction, enjoining defendant Dollar Tree to cease and desist from further unfair, unlawful and/or fraudulent activities in violation of Business and Professions Code § 17200;

11.    For punitive/exemplary damages in an amount appropriate and sufficient to punish Defendant, and to deter others from engaging in similar misconduct in the future;

12.    For all other Orders, findings, and determinations identified and sought in this Complaint;

13.    For interest on the amount of any and all economic losses, at the prevailing legal rate;

14.    For reasonable attorneys' fees, pursuant to statute; and

15.    For costs of suit and any and all such other relief as the Court deems just and proper.


Dated: July 6, 2007

                                SCOTT COLE & ASSOCIATES, APC


                                By:  _____
                                     Scott Edward Cole, Esq.
                                     Attorneys for the Representative Plaintiff
                                     and the Plaintiff class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL (510) 891-9800

# EXHIBIT B

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
DOLLAR TREE STORES, INC, and DOES 1 through 25, inclusive.



**FILED**
ALAMEDA COUNTY

JUL 06 2007

CLERK OF THE SUPERIOR COURT
By _Dasha Perry_
                                    Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
ROBERT RUNNINGS individually, and on behalf of all others similarly situated.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be In proper legal form if you want the court to hear your case.  There may be a court form that you can use for  your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: | RG 07334249 |
|---|---|---|
| (El nombre y dirección de la corte es): | (Número del Caso): | |

Alameda County Superior Court
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Scott Edward Cole, Esq., SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor, Oakland, CA 94612 (510) 891-9800     _Dasha Perry_

DATE:          JUL 06 2007     **PAT S. SWEETEN**    Clerk, by _____ , Deputy
(Fecha)                                            (Secretario)                              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL — SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA]

Page 1 of 1

| Form Adopted for Mandatory Use | | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | **SUMMONS** | American LegalNet, Inc. \| www.USCourtForms.com |
| SUM-100 [Rev. January 1, 2004] | | |

**EXHIBIT C**

*5440563*

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Scott Edward Cole, Esq. (S.B. #160744)
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor, Oakland, CA 94612
TELEPHONE NO: (510) 891-9800    FAX NO: (510) 891-7030
ATTORNEY FOR (Name): Robert Runnings, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Robert Runnings, et al. v. Dollar Tree Stores, Inc., et al.

FILED
ALAMEDA COUNTY

JUL 0 6 2007

CLERK OF THE SUPERIOR COURT
By _____ Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG 073342_19 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder | JUDGE: |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | DEPT.: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental /Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence    f. [✓] Substantial post-judgment judicial supervision
3. Type of remedies sought (check all that apply):
   a. [✓] monetary    b. [✓] nonmonetary; declaratory or injunctive relief    c. [✓] punitive
4. Number of causes of action (specify): Four (4)
5. This case [✓] is [ ] is not a class action suit.
Date: July 6, 2007

Scott Edward Cole, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

**EXHIBIT D**

1   MAUREEN E. McCLAIN (State Bar No. 062050)
    Email: mcclain@kmm.com
2   ALEX HERNAEZ (State Bar No. 201441)
    Email: hernaez@kmm.com
3   KAUFF McCLAIN & McGUIRE LLP
    One Post Street, Suite 2600
4   San Francisco, California 94104
    Telephone: (415) 421-3111
5   Facsimile: (415) 421-0938

6   Attorneys for Defendant
    DOLLAR TREE STORES, INC.

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  | ROBERT RUNNINGS individually, and on behalf of all others similarly situated, | CASE NO. _____ Alameda County Superior Court Case No. RG 07334249 |
    |---|---|
12  |  |  |
    | Plaintiff, |  |
13  |  | **DECLARATION OF KATHLEEN E. MALLAS IN SUPPORT OF NOTICE OF REMOVAL** |
    | v. |  |
14  |  |  |
    | DOLLAR TREE STORES, INC, and DOES 1 through 25, inclusive, |  |
15  |  | **COMPLAINT FILED:** July 6, 2007 **TRIAL DATE:** No date set. |
16  | Defendants. |  |

17

18          I, Kathleen E. Mallas, declare as follows:

19          1.      I am over the age of 18. The facts stated herein are true of my own

20  personal knowledge. If called upon as a witness, I would testify competently thereto.

21          2.      I have been employed by Dollar Tree Management, Inc., a wholly

22  owned subsidiary of Dollar Tree Stores, Inc. (collectively "Dollar Tree") at its corporate

23  headquarters in the finance department located at 500 Volvo Parkway, Chesapeake,

24  Virginia, since 1997. I am providing this Declaration to support Dollar Tree's removal to

25  federal court of the action filed against it by Plaintiff Robert Runnings ("Plaintiff").

26          3.      I am a certified public accountant and am currently employed as

27  Dollar Tree's Vice President and Controller. In connection with my job duties, I am

28  familiar with Dollar Tree's policies and practices. In making this Declaration, I reviewed

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1    Dollar Tree's payroll records with respect to its California store managers and reviewed

2    its records for opening dates for stores in the state of California.  These items are kept

3    by Dollar Tree in the course of its regularly conducted business activity.

4            4.      As reflected in Dollar Tree's records, Plaintiff's last known address is

5    in Ukiah, California.

6            5.      On July 6, 2007, Dollar Tree was a Virginia corporation with its

7    principal place of business in Chesapeake, Virginia.  Dollar Tree continues to be a

8    Virginia corporation with its principal place of business in Chesapeake, Virginia.

9            6.      In the course of doing business, Dollar Tree maintains payroll

10   records that permit it to identify each store manager within the State of California and the

11   amount each is paid.  Based upon my review of Dollar Tree's payroll records as of July

12   20, 2007, 225 store managers are employed in the state of California and their average

13   pay is $50,158.70.

14           7.      In making this Declaration, I consulted with Gary Philbin, Chief

15   Operating Officer of Dollar Tree concerning Dollar Tree's requirements of the minimum

16   hours to be worked by its store managers in the state of California.  He stated that store

17   managers are expected to work a minimum of 45 hours per week.

18           8.      In making this Declaration, I reviewed Dollar Tree's paid time off

19   policy and ascertained that store associates, including store managers, are eligible for

20   up to 80 hours per year of paid time off during their first five years of employment.

21           9.      In the course of doing business, Dollar Tree maintains records of the

22   dates that its stores opened.  Based on my review of these records, Dollar Tree operated

23   190 stores in California on January 1, 2005; 206 stores in California on January 1, 2006;

24   and 221 stores in California on January 1, 2007.

25           10.     In making this Declaration, I reviewed a confidential settlement

26   agreement between Dollar Tree and Michael Williams and ascertained that it covered all

27   periods up to and including December 11, 2004.

28           11.     After considering all of the foregoing information and the penalty for

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-2-

DECLARATION OF KATHLEEN E. MALLAS IN SUPPORT OF
NOTICE OF REMOVAL

CASE NO.
ALAMEDA COUNTY SUPERIOR COURT CASE NO.
RG 07334249

1   failure to provide accurate wage statements, I have determined that the damages being

2   sought by the plaintiff in this matter are in excess of $5.0 million.  The calculations that I

3   used to come to this conclusion are shown on the attached Exhibit A which I prepared.

4           I declare under penalty of perjury that the foregoing is true and correct.

5       Executed in Chesapeake, Virginia this _3_ of August, 2007.

6

7                                                    KATHLEEN E. MALLAS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-3-

DECLARATION OF KATHLEEN E. MALLAS IN SUPPORT OF                    CASE NO.
NOTICE OF REMOVAL

# EXHIBIT A

Dollar Tree Stores, Inc.
Estimate of Potential Exposure
As of July 26, 2007

Summary of allegation: Plaintiff alleges that store managers in CA should be non-exempt and compensated for overtime hours worked.

Assumptions:
    Store managers work approximately 45 hours per week.
    Store managers are eligible for up to 80 hours of vacation time during their first five years.
    The Williams case covered the period through December 11, 2004.

| | | |
|---|---|---|
| Average annual store manager salary | 50,158.70 | |
| Straight-time annual hours | 2,080 | |
| Average rate per hour | 24.11 | |
| Annual overtime hours alleged | 375.00 | 50 weeks with 7.5 hours for each week |
| Amount allegedly owed per associate | 9,043.03 | |
| | | |
| Number of stores in CA at start of 2007 | 221 | |
| Number of stores in CA at start of 2006 | 206 | |
| Number of stores in CA at start of 2005 | 190 | |
| | | |
| Potential exposure for 2007 | 999,255.25 | Calculated through June 2007 |
| Potential exposure for 2006 | 1,862,865.00 | |
| Potential exposure for 2005 | 1,718,176.45 | |
| Estimated wage exposure | 4,580,296.70 | |
| Penalty for failure to provide accurate wage statements | 824,000.00 | See Note below |
| Total estimated exposure | 5,404,296.70 | |

Note: Paragraph 54 of the complaint references the penalty for failure to provide accurate wage statements as $50 for the first instance and $100 thereafter up to a $4,000 per person maximum. Associates that are employed for more than 40 weeks for which the penalty were due would reach the $4,000 maximum. The calculation is for a one year period only and assumes 206 stores (total open in CA at January 1, 2006) at the $4,000 maximum.

## CERTIFICATE OF SERVICE BY HAND DELIVERY

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Post Street, Suite 2600, San Francisco, California 94104. On **August 6, 2007**, I served a true and correct copy of the within documents:

**NOTICE OF REMOVAL AND CERTIFICATE OF INTERESTED ENTITIES**

on the interested parties in said action by placing true and correct copies in a sealed envelope and giving it into the care of Freewheelin' Attorney Service for same-day hand delivery to the parties as follows:

**Scott Edward Cole, Esq.**
**Scott Cole & Associates, APC**
**1970 Broadway, Ninth Floor**
**Oakland, CA  94612**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **August 6, 2007**, at San Francisco, California.

Jennifer A. Llewelyn

120208.v1

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

NOTICE OF REMOVAL AND CERTIFICATE OF INTERESTED ENTITIES

CASE NO.
ALAMEDA COUNTY SUPERIOR COURT CASE NO.
RG 07334249