UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT RUNNINGS, individually, and on behalf of others similarly situated,

    Plaintiff(s),                       No. C 07-4012 PJH

    v.                                **ORDER**

DOLLAR TREE STORES INC.,

    Defendant(s).

_____/

      The court held a hearing on the day following defendant's filing of a motion for temporary restraining order, in which it sought an order prohibiting plaintiff's counsel from communicating in any fashion with members of the putative class. Although plaintiff had not had an opportunity to oppose the motion in writing, he was permitted to do so orally at the hearing. Maureen McClain appeared for defendant; Scott Edward Cole appeared for plaintiff.

      Because the motion for a temporary restraining order does not go to the merits of the complaint or even the class certification process, it does not appear to the court to be the appropriate vehicle with which to seek the relief requested, and for that reason it is denied. However, the issue raised therein is one that concerns the court and counsel were accordingly advised that in the future, issues regarding abusive contacts with the putative class by counsel for either party, should be brought to the attention of the court by motion for a protective order or by requesting a case management conference.

      With respect to the merits, the court finds that while the letter borders on a questionable solicitation, it does not reflect a violation of the California Rules of

Professional Conduct identified by defendant.  However, the parties are advised that until a formal attorney client relationship is established or a class is certified, both sides may communicate with putative class members as long as the communication is not coercive or abusive and as long as the class members are told that their participation is entirely voluntary.  Any abuses must be supported by evidence and may be brought to the court's attention as set forth above.  Additionally, plaintiff's counsel shall within one week, provide to defendant's counsel in writing, a list of all putative class members to whom the letter was sent, identifying them by name (if known) and store, or other address if not sent to a store.

**IT IS SO ORDERED.**

Dated: August 8, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge