MAUREEN E. McCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
Email: hernaez@kmm.com
MATTHEW P. VANDALL (State Bar No. 196962)
Email: vandall@kmm.com
KAUFF McCLAIN & McGUIRE LLP
One Post Street, Suite 2600
San Francisco, California  94104
Telephone:   (415) 421-3111
Facsimile:   (415) 421-0938

Attorneys for Defendant
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RUNNINGS individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC, and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. C 07-04012 PJH<br><br>**DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER**<br><br>**COMPLAINT FILED:** July 6, 2007<br>**TRIAL DATE:** No date set. |

Defendant, Dollar Tree Stores, Inc. ("Dollar Tree"), by and through its undersigned counsel, provides the following answer to Plaintiff's Complaint:

1.  Paragraph 1 of the Complaint is a preliminary statement to which no response is necessary.  To the extent any response is required, Dollar Tree admits that Plaintiff filed a lawsuit styled as a class action and that Plaintiff purports to be a representative of the alleged class.  Dollar Tree denies that class status is appropriate, denies Plaintiff would be an adequate representative and denies Plaintiff is entitled to any relief.

2.  Dollar Tree denies the allegations in paragraph 2 of the Complaint.

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER                            CASE NO. C 07-04012 PJH

3. Dollar Tree admits it is a retail variety store offering goods for $1.00 or less. Dollar Tree admits it is the nation's largest retail variety store at the $1.00 price point. Dollar Tree denies the remaining allegations in paragraph 3 of the Complaint.

4. Dollar Tree admits it has over 3,000 stores nationwide. Dollar Tree admits it has employed in excess of two hundred Store Managers in California in recent years. Dollar Tree denies the remaining allegations in paragraph 4 of the Complaint.

5. Dollar Tree denies the allegations in paragraph 5 of the Complaint.

6. Dollar Tree admits it was involved in litigation in Orange County in a case styled as *Williams v. Dollar Tree Stores, Inc.* In *Williams*, there was no finding that Dollar Tree had violated any law and Dollar Tree did not admit to any violations, liability or wrongdoing. Dollar Tree denies the remaining allegations in paragraph 6 of the Complaint.

7. Dollar Tree denies the allegations of paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree denies the allegations in paragraph 8 of the Complaint.

9. Dollar Tree admits that jurisdiction is proper in the United States District Court for the Northern District of California. Dollar Tree denies that Plaintiff is entitled to any relief and denies the remaining allegations in paragraph 9 of the Complaint.

10. Dollar Tree admits that it is a Virginia corporation that conducts business in the State of California, including Alameda County. Dollar Tree admits that venue is proper in the United States District Court for the Northern District of California. Dollar Tree denies the remaining allegations in paragraph 10 of the Complaint.

11. Dollar Tree admits it employs Plaintiff as a store manager. Dollar Tree denies the remaining allegations in paragraph 11 of the Complaint.

12. Paragraph 12 is a statement creating definitions for "Plaintiff" and "class" as those terms are used in the Complaint. As such, no response is required. To

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-2-

DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER    CASE NO. C 07-04012 PJH

1  the extent a response is required, Dollar Tree denies that this case should proceed as a
2  class action and denies that Plaintiff, Robert Runnings, is an appropriate representative
3  for a class action against Dollar Tree.

4     13. Dollar Tree denies the allegations in paragraph 13 of the Complaint.

5     14. Dollar Tree denies it engaged in any unlawful conduct. Dollar Tree
6  admits that Plaintiff purports to bring this action under California Code of Civil Procedure
7  § 382 but Dollar Tree denies that this case should proceed as a class action. Dollar
8  Tree denies the remaining allegations in paragraph 14 of the Complaint.

9     15. Dollar Tree admits that it is a Virginia corporation that is licensed to
10 and does conduct business in the State of California. As the identities of Does 1 through
11 25 are unknown to Dollar Tree, it is without sufficient knowledge or information to form a
12 belief as to the truth of the remaining allegations in paragraph 15 of the Complaint and
13 on that basis denies those allegations.

14    16. Dollar Tree is without sufficient knowledge or information to form a
15 belief as to the truth of the allegations in paragraph 16 of the Complaint and on that
16 basis denies those allegations.

17    17. Dollar Tree is without sufficient knowledge or information to form a
18 belief as to the truth of the allegations setting forth what Plaintiff knows or intends to do,
19 and on that basis denies those allegations. Dollar Tree also denies that either it or any
20 of its agents engaged in any conduct that was unlawful or that damaged Plaintiff. Dollar
21 Tree also denies that it gave consent to, ratified or authorized conduct that was unlawful
22 or that damaged Plaintiff. Dollar Tree denies the remaining allegations in paragraph 17
23 of the Complaint.

24    18. Dollar Tree admits that Plaintiff purports to bring this action on
25 behalf of himself and others. Dollar Tree denies that this case should proceed as a class
26 action and denies that Plaintiff, Robert Runnings, is an appropriate representative for a
27 class action against Dollar Tree. Dollar Tree denies that Plaintiff or others were
28 damaged by its conduct. Dollar Tree denies that any class period can extend back to

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-3-

DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER     CASE NO. C 07-04012 PJH

July 6, 2003.  Dollar Tree denies the remaining allegations in paragraph 18 of the Complaint.

19.     Dollar Tree admits that Plaintiff purports to bring this action under California Code of Civil Procedure § 382.  Dollar Tree denies the remaining allegations in paragraph 19 of the Complaint.

20.     The allegations in paragraph 20 the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Dollar Tree denies that it failed to adequately compensate its store managers and denies the remaining allegations in paragraph 20 of the Complaint.

21.     Dollar Tree denies that it violated California Labor Code §§ 201 and/or 202 and denies the allegations in paragraph 21 of the Complaint.

22.     The allegations in paragraph 22 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Dollar Tree denies the allegations.

23.     The allegations in paragraph 23 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Dollar Tree denies it violated the California Labor Code and denies the remaining allegations in paragraph 23 of the Complaint.

24.     Dollar Tree denies the allegations in paragraph 24 of the Complaint.

25.     Dollar Tree denies that Plaintiff has left the employ of Dollar Tree. Dollar Tree avers that no class has been established and no putative class members have been identified and on that basis denies the remaining allegations in paragraph 25 of the Complaint.

26.     Dollar Tree denies the allegations in paragraph 26 of the Complaint.

27.     Dollar Tree denies the allegations in paragraph 27 of the Complaint.

28.     Dollar Tree denies the allegations in paragraph 28 of the Complaint.

29.     Dollar Tree denies the allegations in paragraph 29 of the Complaint.

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-4-

DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER                    CASE NO. C 07-04012 PJH

30. Dollar Tree denies that it engaged in any unlawful conduct and denies that Plaintiff is entitled to any relief.

31. Dollar Tree incorporates its answers to allegations 1 through 30 above as if fully set forth herein.

32. Dollar Tree admits that Plaintiff has brought this action seeking restitution, and equitable and statutory relief. Dollar Tree denies that it engaged in any misconduct or unlawful conduct and denies that Plaintiff is entitled to any relief.

33. The allegations in paragraph 33 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree denies the allegations.

34. The allegations in paragraph 34 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Dollar Tree denies the allegations.

35. Dollar Tree denies the allegations in paragraph 35 of the Complaint.

36. Dollar Tree incorporates its answers to allegations 1 through 35 above as if fully set forth herein.

37. Dollar Tree admits that Plaintiff was and is employed by it as a store manager, and admits that store managers often work in excess of 40 hours in a workweek. Dollar Tree avers that no class has been established and no putative class members have been identified and therefore it is without sufficient knowledge or information to form a belief as to the number of hours worked by the putative class members and on that basis denies the remaining allegations in paragraph 37 of the Complaint. Dollar Tree also denies that Plaintiff or the putative class members have suffered any damages related to their employment at Dollar Tree.

38. Dollar Tree denies the allegations in paragraph 38 of the Complaint.

39. Dollar Tree denies the allegations in paragraph 39 of the Complaint.

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-5-

DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER    CASE NO. C 07-04012 PJH

40. Paragraph 40 of the Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, Dollar Tree admits it has a duty to comply with California laws, codes and regulations applicable to it.

41. Dollar Tree denies the allegations in paragraph 41 of the Complaint.

42. Dollar Tree denies the allegations in paragraph 42 of the Complaint.

43. Dollar Tree incorporates its answers to allegations 1 through 43 above as if fully set forth herein.

44. Dollar Tree avers that the California Labor Code speaks for itself.

45. Paragraph 45 of the Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, Dollar Tree admits it has a duty to comply with California laws, codes and regulations applicable to it.

46. Dollar Tree avers that the California Labor Code speaks for itself.

47. Paragraph 47 of the Complaint asserts legal conclusions as to which no response is required. To the extent a response is required, Dollar Tree avers that IWC Wage Order No. 7 speaks for itself.

48. Dollar Tree avers that IWC Wage Order No. 7 speaks for itself.

49. Dollar Tree denies the allegations in paragraph 49 of the Complaint.

50. Dollar Tree denies the allegations in paragraph 50 of the Complaint.

51. Dollar Tree denies the allegations in paragraph 51 of the Complaint.

52. Dollar Tree incorporates its answers to allegations 1 through 51 above as if fully set forth herein.

53. Dollar Tree avers that the California Labor Code speaks for itself.

54. Dollar Tree avers that the California Labor Code speaks for itself.

55. Dollar Tree avers that the California Labor Code speaks for itself.

56. Dollar Tree denies the allegations in paragraph 56 of the Complaint.

57. Dollar Tree denies the allegations in paragraph 57 of the Complaint.

58. Dollar Tree denies Plaintiff is entitled to any of the relief sought in paragraphs 1 through 15 of his prayer for relief.

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-6-

DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER         CASE NO. C 07-04012 PJH

1    59.    Dollar Tree denies any allegation not affirmatively admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, because the Complaint (or any of its causes) fails to state a claim upon which relief can be granted.

2. Without accepting the burden of proof on the matter, Plaintiff is not similarly situated to other individuals who work or worked as store managers for Dollar Tree.

3. To the extent Plaintiff is asserting a claim under the California Labor Code for a period of time beyond the applicable statute of limitations periods, such claim is barred.

4. To the extent Plaintiff's individual and class claims seek to go back to a period prior to December 11, 2004, they are barred by the settlement and release in *Williams v. Dollar Tree Stores, Inc*.

5. Dollar Tree properly classified Plaintiff as exempt.

6. Without accepting the burden of proof on the matter, Plaintiff has unclean hands which bars or reduces his claims for relief.

7. Without accepting the burden of proof on the matter, Plaintiff and/or Plaintiff's counsel are precluded from bringing this action on a class basis because of Plaintiff's unclean hands, and/or conduct which disqualifies Plaintiff and/or Plaintiff's counsel from serving in a representational capacity.

8. Without accepting the burden of proof, Plaintiff is still employed by Dollar Tree and therefore cannot have any claims against Dollar Tree under California Labor Code § 203.

9. Without accepting the burden of proof, Plaintiff is still employed by Dollar Tree and therefore cannot represent any class for alleged violations of California Labor Code § 203.

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-7-

DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER                    CASE NO. C 07-04012 PJH

10. Neither Plaintiff nor any of the putative class members may be awarded punitive damages as the claims asserted in this action do not provide for such relief.

11. To the extent that Plaintiff seeks punitive damages and/or civil penalties, such claims are unconstitutional under the Federal and State Constitutional provisions of due process, equal protection and/or the excessive fines clauses.

12. While denying any wrongdoing or damage to Plaintiff, Defendant alleges that Plaintiff's claimed recovery is barred or diminished by his failure to mitigate.

13. While denying any wrongdoing or damage to Plaintiff, Defendant alleges that any damage or loss sustained by Plaintiff has been proximately caused by Plaintiff's own actions or inactions.

14. Dollar Tree reserves the right to seek to amend this Answer to raise any and all other defenses that it may learn during discovery.

WHEREFORE, Dollar Tree prays that judgment be entered in its favor and it be awarded its costs, including attorneys' fees and such further relief as this Court deems just and appropriate.

DATED: August 10, 2007           Respectfully submitted,

                                 KAUFF McCLAIN & McGUIRE LLP


                                 By:         /S/
                                       MAUREEN E. McCLAIN

                                 Attorneys for Defendant
                                 DOLLAR TREE STORES, INC.

120615.v1

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-8-

DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER                CASE NO. C 07-04012 PJH