(*Counsel of Record on Next Page*)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT RUNNINGS, individually, and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br>vs.<br><br>DOLLAR TREE STORES, INC.<br><br>                Defendant. | **Case No.: C-07-4012 SC**<br><br>**CLASS ACTION**<br><br>**JOINT F.R.C.P. RULE 26(F) REPORT**<br><br>Date:       Nov. 16, 2007<br>Time:      10:00 a.m.<br>Judge:     Hon. Samuel Conti<br>Courtroom: 1, 17th Floor |
| MIGUEL A. CRUZ and JOHN D. HANSEN, individually, and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br>vs.<br><br>DOLLAR TREE STORES, INC.<br><br>                Defendant. | **Case No.: C-07-02050 SC** (*Related Action*)<br><br>**CLASS ACTION** |

1  Scott Edward Cole, Esq. (S.B. #160744)
   Carrie Lin, Esq. (S.B. #241849)
2  **SCOTT COLE & ASSOCIATES, APC**
   1970 Broadway, Ninth Floor
3  Oakland, California 94612
   Telephone: (510) 891-9800
4  Facsimile:  (510) 891-7030
   web:  www.scalaw.com
5
   Attorneys for Representative Plaintiff
6  and the Plaintiff class

7  MAUREEN E. McCLAIN, Esq. (S.B. # 062050)
   Email: McClain@kmm.com
8  ALEX HERNAEZ, Esq. (S.B. #201441)
   Email: Hernaez@kmm.com
9  **KAUFF McCLAIN & MCGUIRE LLP**
   One Post Street, Suite 2600
10 San Francisco, CA 94104
   Telephone:    (415) 421-3111
11 Facsimile:    (415) 421-0938

12 BETH HIRSCH BERMAN (VA Bar No. 28091)
   Email: bberman@williamsmullen.com
13 **WILLIAMS MULLEN**
   Dominion Tower, Suite 1700
14 999 Waterside Drive
   Norfolk, VA 23510
15 Telephone:    (757) 629-0604
   Facsimile:    (757) 629 -0660
16
   Attorneys for Defendant
17 Dollar Tree Stores, Inc.

18

19

20

21

22

23

24

25

26

27

28

1. <u>Statement of the Case:</u> Plaintiff Robert Runnings, like the class members described in the operative Complaint, was and is a store manager for defendant Dollar Tree Stores during the class period. Plaintiff alleges that defendant Dollar Tree maintains a company wide policy of mis-classifying store managers as overtime "exempt" employees, thereby denying them full pay for all hours worked, including overtime pay, wages owed for missed rest and meal breaks and related penalties. Plaintiff brings this action, alleging violations of California state wage and hour laws, and the California Business and Professions Code, on behalf of himself and all other persons similarly situated (referred to as the "Class Members," and/or the "Plaintiff Classes"). Defendant disputes these claims.

Dollar Tree denies that any of its employees were improperly classified as exempt from overtime, denies the violation of any other state laws in the payment of wages or the issuance of wage statements, and denies any failure to provide meal and rest breaks. Dollar Tree asserts that the responsibilities held by its store managers in directing the operations of an entire store and supervising all store employees are clearly managerial functions exempt from overtime and attendant wage and hour requirements under applicable law. Dollar Tree further denies that this case is appropriately brought as a class action, as, inter alia, the amount of time spent on exempt/non-exempt functions, an inquiry raised in the Plaintiff's Complaint, is an inherently individualized inquiry.

2. <u>Subject Matter Jurisdiction</u>:  Plaintiff Robert Runnings filed this lawsuit in California State Court, County of Alameda, on July 6, 2007. This matter was removed to the Northern District Court on August 6, 2007. Defendant contends that the Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1332. All parties herein have been served.

3. <u>Legal Issues:</u> The parties identify one of the principal legal issues in dispute as whether Plaintiff and the putative class were properly classified, under California state law, as overtime -exempt employees. Defendant further contends that this lawsuit is not appropriate for class action treatment.

- 3 -
Joint F.R.C.P. Rule 26(f) Report

4. <u>Parties Evidence.</u>:

    (a) *Parties*:

        (1) Robert Runnings (Named Plaintiff and Putative Class Representative)

        (2) Dollar Tree Stores, Inc. (Defendant)

    (b) *Witnesses*: Given that the parties have not engaged in formal discovery beyond their Initial Disclosures, they are unable to list all, or even most, of the expected witnesses at this time. In addition to party witnesses, it is expected that, if and when a class is certified, testimony will be necessary from individuals identified in the initial disclosures, persons who have held or currently hold the position of Store Manager with Defendant, as well as from experts regarding common employment practices in the retail industry.

    (c) *Documents*: Given that the parties have not engaged in discovery beyond their Initial Disclosures, they are unable to list relevant documents with any specificity at this time. At the very least, the parties anticipate that, if and when a class is certified, the documents relevant to this action will include: documents identified in the initial disclosures, Defendant's written policies and practices concerning the job duties of the putative class, putative class members' scheduling and time records, and putative class members' payroll records.

5. <u>Status of Discovery</u>: Defendant has deposed the named plaintiffs in the *Cruz* matter, and have exchanged documents and exhibits related to said depositions subject to a protective order negotiated by all parties in both this matter and *Cruz*. The parties to this action have exchanged Initial Disclosures.

6. <u>Discovery Plan</u>:

    (a) Plaintiff Runnings believes that establishing a formal discovery plan at this juncture would be premature, given the likelihood of consolidation of his claims with those alleged in the *Cruz* action and requests that the Court allow the Plaintiffs in these actions to seek consolidation before any discovery timetables be set.

Regardless of the outcome of consolidation efforts, however, Plaintiff believes that, while merits adjudications need not be made at the point of class certification, there exists substantial cross-over between merits and class certification issues, such that bifurcating discovery would lead

to duplicative efforts by all counsel, a waste of judicial and the parties' resources and the incurrence of unnecessary delay. Moreover, to the extent that defendant may argue that individual determinations predominate over common issues, Plaintiff believes he should be permitted to discover what those alleged individual issues are prior to bringing his anticipated motion for class action treatment. Finally, to the extent that the parties can discover facts that would aid in their respective evaluation of the case on the merits, such could facilitate early settlement of the claims.

As such, Plainitff would oppose bifurcation of class certification from merits related discovery issues.

(b)  Defendant proposes that discovery should be conducted in two phases with the first phase involving discovery related to Plaintiffs' individual claims and the propriety of class certification and the second phase involving the merits of the class claims. There is no reason to conduct the wide-ranging discovery Plaintiff proposes unless and until a class is certified. Nor is it proper to confuse certification issues with merits issues. Indeed, Plaintiff fails to identify any specific areas of "substantial cross-over." Rather than conserving resources, Plaintiff's proposal would require that all involved engage in what might very well be needless work.

7.  <u>Initial Disclosure Timing</u>: The parties have completed Initial Disclosures.

8.  <u>Requested Changes to Discovery Limits</u>: The Court has not yet imposed any discovery limits on the parties, but both parties reserve the right to request changes in the event the Court does.

9.  <u>Dispositive Motions</u>: Plaintiff and Defendant may wish to file dispositive motions, such as motions for summary judgment/adjudication. Defendant will oppose certification of any class.

10.  <u>Settlement</u>: Plaintiff is amenable to private meditation after sufficient discovery is complete to make such a process meaningful. Defendant proposed an Early Neutral Evaluation, which Plaintiff declined.

11.  <u>Magistrate Judges</u>: The parties do not consent to assignment of this matter to a Magistrate Judge.

12. <u>Issues that can be narrowed by agreement or Motion</u>: Plaintiff believes that a stipulation by all parties to consolidate his claim with the related case of *Miguel A. Cruz and John D. Hansen v. Dollar Tree Stores, Inc.* would streamline discovery and expedite litigation in both matters. It is anticipated that the parties, at the upcoming CMC, will inform the Court of whether a stipulation to consolidation will be forthcoming or whether the Plaintiffs will be filing an opposed motion to consolidate.

13. <u>Parties Seek the Following Referrals</u>:  The parties do not seek reference to arbitration, a Special Master, or the Judicial Panel on Multidistrict Litigation.

Dated: November 9, 2007

**SCOTT COLE & ASSOCIATES, APC**

By: /s/ Carrie S. Lin, Esq.
Carrie S. Lin, Esq.
Attorneys for the Representative Plaintiff
and the Plaintiff Class

Dated: November 9, 2007

**KAUFF, McCLAIN & MCGUIRE, LLP**

By: /s/
Alex Hernaez, Esq.
Attorneys for Defendant Dollar Tree Stores, Inc.

**ATTESTATION OF E-FILED SIGNATURE**

I, Carrie S. Lin Esq., am the ECF User whose ID and password are being used to file this Certification of Service. In compliance with General Order 45, X.B., I hereby attest that Alex Hernaez, Esq. has read and approved this Certificate of Service and consents to its filing in this action.

Dated: November 9, 2007

**SCOTT COLE & ASSOCIATES, APC**

By:  /s/ Carrie S. Lin, Esq.
Carrie S. Lin, Esq.
Attorneys for the Representative Plaintiff
and the Plaintiff Class