1  (*Counsel of Record on Next Page*)

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10

11  ROBERT RUNNINGS, individually,          )   **Case No.: C-07-4012 SC**
    and on behalf of all others similarly   )
12  situated,                               )   **CLASS ACTION**
                                            )
13                    Plaintiffs,           )   **JOINT CASE MANAGEMENT**
                                            )   **CONFERENCE STATEMENT AND**
14  vs.                                     )   **[PROPOSED] ORDER**
                                            )
    DOLLAR TREE STORES, INC.                )
15                                          )   Date:        Nov. 16, 2007
                    Defendant.             )   Time:        10:00 a.m.
16                                          )   Judge:       Hon. Samuel Conti
                                            )   Courtroom:   1, 17th Floor
17  _____        )
                                            )
18  MIGUEL A. CRUZ and JOHN D.              )   **Case No.: C-07-02050 SC** (*Related Action*)
    HANSEN, individually, and on behalf     )
19  of all others similarly situated,       )   **CLASS ACTION**
                                            )
20                    Plaintiffs,           )
                                            )
21  vs.                                     )
                                            )
    DOLLAR TREE STORES, INC.                )
22                                          )
                    Defendant.             )
23  _____        )

24

25

26

27

28

1  Scott Edward Cole, Esq. (S.B. #160744)
   Carrie Lin, Esq. (S.B. #241849)
2  **SCOTT COLE & ASSOCIATES, APC**
   1970 Broadway, Ninth Floor
3  Oakland, California 94612
   Telephone: (510) 891-9800
4  Facsimile:  (510) 891-7030
   web:  www.scalaw.com
5
   Attorneys for Representative Plaintiff
6  and the Plaintiff class

7  MAUREEN E. McCLAIN, Esq. (S.B. # 062050)
   Email: McClain@kmm.com
8  ALEX HERNAEZ, Esq. (S.B. #201441)
   Email: Hernaez@kmm.com
9  **KAUFF McCLAIN & MCGUIRE LLP**
   One Post Street, Suite 2600
10 San Francisco, CA 94104
   Telephone:    (415) 421-3111
11 Facsimile:    (415) 421-0938

12 BETH HIRSCH BERMAN (VA Bar No. 28091)
   Email: bberman@williamsmullen.com
13 **WILLIAMS MULLEN**
   Dominion Tower, Suite 1700
14 999 Waterside Drive
   Norfolk, VA 23510
15 Telephone:    (757) 629-0604
   Facsimile:    (757) 629 -0660
16
   Attorneys for Defendant
17 Dollar Tree Stores, Inc.

18

19

20

21

22

23

24

25

26

27

28

Joint Case Management Conference Statement and [Proposed] Order

1    Representative Plaintiff Robert Runnings ("Plaintiff"), individually, and as putative class

2    representative, and defendant Dollar Tree Stores, Inc. ("Dollar Tree") jointly submit this Case

3    Management Statement and Proposed Order and request that the Court adopt the proposed Order

4    as its Case Management Conference Order.

5    1.    <u>Jurisdiction and Service</u>: Plaintiff Robert Runnings filed this lawsuit in California

6    Superior Court, County of Alameda, on July 6, 2007. This matter was removed to the Northern

7    District Court on August 6, 2007. Defendant contends that this Court has jurisdiction over this action

8    pursuant to 28 U.S.C. § 1332. All parties herein have been served.

9    2.    <u>Facts</u>:  Plaintiff alleges that he and all remaining putative class members (Dollar Tree

10   retail store managers) were misclassified by defendant Dollar Tree as overtime "exempt" employees,

11   and therefore denied overtime pay, wages for missed rest and meal breaks and related penalties.

12   Defendant disputes these claims. Notably, an action against Dollar Tree on identical facts was

13   brought and resolved through settlement by this plaintiff's counsel several years prior to the filing

14   of the instant action.

15   Dollar Tree denies that any of its employees were improperly classified as exempt from

16   overtime, denies the violation of any other state laws in the payment of wages or the issuance of

17   wage statements, and denies any failure to provide meal and rest break periods. Dollar Tree asserts

18   that the responsibilities held by its store managers in directing the operations of an entire store and

19   supervising all store employees are clearly managerial functions exempt from overtime and

20   attendant wage hour requirements under applicable law. Dollar Tree denies any violation of any

21   rights held by its employees. As described below, Dollar Tree denies that this case is appropriately

22   brought as a class action because, inter alia, the amount of time spent on exempt/non-exempt

23   functions, an inquiry raised in the Plaintiff's complaint, is an inherently individualized inquiry.

24   3.    <u>Legal and Factual Issues in Dispute</u>: The parties identify one of the principal legal

25   and factual issues in dispute as being whether Plaintiff and the putative class were properly

26   classified, under California state law, as overtime-exempt employees.

27   Defendant further identifies the following areas of dispute:

28

a. Whether the store managers' duties were such that they were properly exempted from the payment of overtime under California law. This fact issue is the core issue for several of Plaintiff's claims for relief which are dependent upon the exemption question. Those derivative claims are:

    (1) The UCL Claim (First Cause of Action)

    (2) A claim for failure to pay all wages at the time of termination (Second Cause of Action)

    (3) A claim for meal and rest period violations (Third Cause of Action)

    (4) A claim involving the nature of the wage statements received by store managers (Fourth Cause of Action)

b. Whether the issue of each California store manager's performance of exempt duties (and the time spent in such performance) during the relevant time period is an individualized inquiry such that a class cannot be certified.

c. The amount of damages, if any.

Defendant further identifies the following legal issues:

a. What are the legal standards for an executive exemption and how do those legal standards apply in this case.

b. Whether Plaintiffs may bring this case as a class action under Rule 23 of the Federal Rules of Civil Procedure.

c. Whether Plaintiffs may bring this case as a class and/or representative action under Business & Professions Code Section 17200, et. seq.

d. What is the appropriate period for alleging a class action in this case in light of of the Settlement in Williams v. Dollar Tree Stores, Inc. (California Orange County Superior Court No. 01CC00329).[1]

e. Whether Plaintiffs are entitled to monetary relief, including but not limited to

---

[1] In *Williams v. Dollar Tree Stores, Inc.* Case No. 01CC00329 (Orange County Superior Court), Dollar Tree resolved a similar lawsuit, which covered a period through December 11, 2004.

damages, restitution, and/or punitive damages.

    4.    <u>Motions and Applications</u>

        a.    <u>Prior Motions or Applications</u>:

            (1)    On August 6, 2007, Defendant filed an *ex parte* application for a Temporary Restraining Order in an effort to prevent Plaintiff's counsel from communicating with potential class members. The Hon. Phyllis J. Hamilton denied Defendant's application after a hearing on August 8, 2007.

            (2)    On August 15, 2007, Defendant filed an administrative motion to have this matter related to *Miguel A. Cruz and John D. Hansen v. Dollar Tree Stores, Inc*., Case No. C-07-02050 ("*Cruz*"), an action currently pending before this Court. Plaintiff did not oppose that motion. On August 31, 2007, the Court granted the motion to relate the cases.

        b.    <u>Pending Motions:</u>  None as of the current date.

        c.    <u>Anticipated Motions:</u>  The parties are currently meeting and conferring with regard to whether the above-captioned matter should be formally consolidated with the *Cruz* matter. Plaintiff Runnings believes consolidation would facilitate the prosecution, defense and judicial management of both cases. Defendant has neither agreed to, nor rejected, Plaintiff's request for consolidation. Absent a stipulation to consolidate these related matters, Plaintiff's counsel will bring and/or join a motion to consolidate the actions.

Before deciding to what extent, if any, Defendant will agree to consolidation, Plaintiff must make a proposal on this matter. Defendant object to a complete consolidation of the two cases. It is anticipated that the parties, at the upcoming CMC, will inform the Court of whether a stipulation to consolidation will be forthcoming or whether the Plaintiffs will be filing an opposed motion to consolidate.

The Parties anticipate motions relating to class certification/decertification issues. Defendant anticipates a motion for summary judgment regarding Plaintiffs' individual claims.

    5.    <u>Amendment to the Pleadings</u>: There have been no amendments to the pleadings. Plaintiff's counsel may seek to amend the Complaint to add additional class representatives if deemed necessary. Plaintiff believes it is premature to establish a cut-off date for amendment to the

1    pleadings.

2        Defendant asks that the Court prohibit further amendment to the pleadings.

3        6.    <u>Evidence Preservation</u>: Dollar Tree has maintained an internal records hold with

4    respect to this case since the initiation of the litigation. Plaintiff has, likewise, preserved all relevant

5    evidence relating to the subject matter of this litigation. On October 19, 2007, plaintiffs' and defense

6    counsel in *Cruz* stipulated to and obtained a Protective Order regarding the use of Defendant's

7    alleged confidential and/or proprietary information, a Stipulation negotiated, in part, by plaintiff

8    Runnings' counsel. All parties to both related actions understand that this Protective Order would

9    also apply in the *Runnings* matter.  Defendant negotiated the *Cruz* Protective Order with Runnings'

10   counsel because it was requested to do so by Mr. Scott Cole, counsel for Mr. Runnings.

11       7.    <u>Initial Disclosures</u>: The parties have served their Initial Disclosures.

12       8.    <u>Discovery</u>:

13           a.    <u>Plaintiff's Proposal</u>: Plaintiff Runnings believes that establishing a formal

14   discovery plan at this juncture would be premature, given the likelihood of consolidation of his

15   claims with those alleged in the *Cruz* action and requests that the Court allow the Plaintiffs in these

16   actions to seek consolidation before any discovery timetables be set.

17       Regardless of the outcome of consolidation efforts, however, Plaintiff believes that, while

18   merits adjudications need not be made at the point of class certification, there exists substantial

19   cross-over between merits and class certification issues, such that bifurcating discovery would lead

20   to duplicative efforts by all counsel, a waste of judicial and the parties' resources and the incurrence

21   of unnecessary delay. Moreover, to the extent that defendant may argue that individual

22   determinations predominate over common issues, Plaintiff believes he should be permitted to

23   discover what those alleged individual issues are prior to bringing his anticipated motion for class

24   action treatment. Finally, to the extent that the parties can discover facts that would aid in their

25   respective evaluation of the case on the merits, such could facilitate early settlement of claims.

26       As such, Plainitff would oppose bifurcation of class certification from merits related

27   discovery issues.

28

Joint Case Management Conference Statement and [Proposed] Order

b.    <u>Dollar Tree's Proposal:</u> Defendant proposes that discovery should be conducted in two phases with the first phase involving discovery related to Plaintiffs' individual claims and the propriety of class certification, and the second phase involving the merits of the class claims. There is no reason to conduct the wide-ranging discovery Plaintiff proposes unless and until a class is certified. Nor is it proper to confuse certification issues with merits issues. Indeed, Plaintiff fails to identify any specific areas of "substantial cross-over." Rather than conserving resources, Plaintiff's proposal would require that all involved engage in what might very well be needless work.

9.    <u>Class Action</u>**:** Plaintiff believes that membership in the proposed class, as defined in the Complaint, is ascertainable and that there exists a well-defined community of interest in the litigation. The class consists of all California Dollar Tree retail stores managers, employed thereby over a four-year period. The claims brought on their behalf are not unique; they involve the alleged misclassification of class members as "exempt" from California's liberal overtime scheme, based upon the executive exemption, the same affirmative defense raised when Dollar Tree defended a similar action brought several years ago. Plainitff envisions no management difficulties in this litigation whatsoever. Defendant denies that this action is maintainable as a class action under Rule 23.

Defendant disputes that this case is properly maintainable as a class action as there are many individualized questions relating to a determination of liability including, but not limited to, issues of the expected work responsibilities relative to the size, location, sales volume, merchandise sold, number of employees and other distinguishing factors among stores; issues relating to what the store managers actually do on a day to day basis, and, if there are variations, why they occur; issues relating to the percentage of time each store manager spends each day on exempt functions (Dollar Tree expects store managers to spend more than 50 % of their work time in managing the store operations and store employees); issues relating to individualized store manager practices regarding availing themselves of meal and break periods; and other individualized inquiries that relate to liability issues.

Dollar Tree does not agree with the alleged class period as it conflicts with a prior class settlement (Dollar Tree vigorously contested the allegations in the earlier Williams case, did not

admit liability in the terms of the settlement, and made significant efforts to reaffirm the exempt nature of store managers' work following entering into such settlement). Given the Williams settlement, in Defendant's view, the class period cannot go back earlier than December 11, 2004. The Complaint seeks to recover for a time period going back to July 2003.

Finally, Defendants believe that there may be significant issues of the adequacy of representation on the part of the named Plaintiffs and/or Plaintiffs' counsel which will be developed as discovery progresses.

10.    Related Cases*:* This matter was deemed related to the *Cruz* matter, also currently assigned to this Court. *Cruz*, like *Runnings*, is a class action alleging, *inter alia*, that Dollar Tree illegally failed to pay overtime wages to its California retail store managers. The Complaint was filed on April 10, 2003, approximately three months prior to the underlying action. The cases were related August 31, 2007. As noted, *supra*, Plaintiff's counsel seeks consolidation of the two cases.

11.    Relief:

a.    Plaintiff's Request for Relief: Generally speaking, Plaintiff seeks an Order certifying the proposed class and, subsequently, an adjudication regarding the applicability of the executive exemption and an award of wages and penalties, fees and costs against Dollar Tree and injunctive relief.

b.    Defendant's Request for Relief: Defendant seeks an Order denying certification of any class and, subsequently, an Order dismissing this lawsuit with prejudice and awarding Defendant its attorneys' fees and costs.

12.    Settlement and ADR: Plaintiff is amenable to private mediation after sufficient discovery is complete to make such a process meaningful. Defendant proposed an Early Neutral Evaluation, which Plaintiff declined.

13.    Consent to Magistrate Judge: The parties do not consent to have this matter heard before a magistrate judge.

14.    Other References: The parties do not seek referral to arbitration, a Special Master, or other reference at this time.

15. <u>Narrowing of Issues</u>: The parties' divergent positions on whether this action would benefit from use of class actions procedures will be disposed of through a motion therefor.

16. <u>Expedited Scheduling</u>**:** Given the complex nature of this Class Action, the parties agree that this case should not be handled on an expedited schedule.

17. <u>Scheduling</u>: The parties believe that any scheduling at this time be limited to setting a further Case Management Conference or ADR deadline.

18. <u>Trial</u>: The parties believe that it is premature to set a trial date at this time given the need for extensive class certification related discovery, anticipated class certification and/or Notice proceedings, and the parties' interest in filing dispositive motions. Given the existence of class action allegations in the Complaint, it would be premature to estimate the length of trial. Plaintiff requests a jury trial. Defendant does not request a jury trial.

19. <u>Disclosure of Non-Interested Entities or Persons</u>: Defendant filed a Certification of Interested Entities or Persons on August 6, 2007 stating Dollar Tree shareholders as interested parties.

Dated: November 9, 2007                    **SCOTT COLE & ASSOCIATES, APC**

                                           /s Carrie S. Lin
                                           Carrie S. Lin,Esq.
                                           Attorneys for the Plaintiff and the Plaintiff
                                           Classes

Dated: November 9, 2007                    **KAUFF, McCLAIN & MCGUIRE, LLP**

                                           /s Alex Hernaez
                                           Alex Hernaez, Esq.
                                           Attorneys for Defendant

Joint Case Management Conference Statement and [Proposed] Order

1

**[PROPOSED] ORDER**

2

3        The Case Management Statement and Proposed Order is hereby adopted by the Court as the

4   Case Management Order for the case and the parties are ordered to comply with this Order.

5

6   Dated:  November ___, 2007        By:    _____

7                                            Hon. Samuel Conti
                                             United States District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joint Case Management Conference Statement and [Proposed] Order