1   MAUREEN E. MCCLAIN (State Bar No. 062050)
    Email: mcclain@kmm.com
2   ALEX HERNAEZ (State Bar No. 201441)
    Email: hernaez@kmm.com
3   KAUFF MCCLAIN & MCGUIRE LLP
    One Post Street, Suite 2600
4   San Francisco, California 94104
    Tel:   (415) 421-3111
5   Fax:   (415) 421-0938

6   Attorneys for Defendant
    DOLLAR TREE STORES, INC.
7
    BETH HIRSCH BERMAN (VA Bar No. 28091)
8   Email: bberman@williamsmullen.com
    WILLIAMS MULLEN
9   Dominion Tower, Suite 1700, 999 Waterside Drive
    Norfolk, Virginia 23510
10  Telephone:   (757) 629-0604
    Facsimile:   (757) 629-0660
11
    Pro Hac Vice Attorneys for Defendant
12  DOLLAR TREE STORES, INC.

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15

16  MIGUEL A. CRUZ, and JOHN D. HANSEN,          CASE NO.  C 07 2050 SC
    individually and on behalf of all others
17  similarly situated,

18              Plaintiffs,

    v.
19
    DOLLAR TREE STORES, INC.,
20              Defendant.

21  ROBERT RUNNINGS individually, and on         CASE NO. C 07 04012 SC
    behalf of all others similarly situated,
22              Plaintiff,                       **DEFENDANT DOLLAR TREE
                                                 STORES, INC.'S NOTICE OF
23  v.                                           MOTION AND MOTION FOR
                                                 SUMMARY JUDGMENT AS TO
24  DOLLAR TREE STORES, INC.,                    ROBERT RUNNINGS;
                                                 MEMORANDUM OF POINTS AND
25              Defendant.                       AUTHORITIES IN SUPPORT
                                                 THEREOF**
26
                                                 **JUDGE:**          Hon. Samuel Conti
27                                               **COMPLAINTS FILED:** April 11, 2007
                                                                     July 6, 2007
28                                               **TRIAL DATES:**    No dates set.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1

# **TABLE OF CONTENTS**

2

Page

3    I.      RELIEF REQUESTED ........................................................................................3

4    II.     INTRODUCTION...............................................................................................3

     III.    UNDISPUTED FACTS .....................................................................................4

5    IV.     ARGUMENT.....................................................................................................6

6            A.    Summary Judgment Standard .....................................................6

7            B.    California's Executive Exemption Test. .......................................7

             C.    Analysis Of The Evidence In Light Of Wage Order And The Code Of
8                  Federal Regulations. ...................................................................8

9                  1.    Runnings' Duties And Responsibilities Involve The
                         Management Of The Enterprise In Which He Is Employed.............8

10                 2.    Runnings Customarily And Regularly Directs The Duties Of
                         Two Or More Employees ...................................................9

11                 3.    Runnings Has The Authority To Hire And Fire Employees
                         And His Recommendations Are Given Particular Weight With
12                       Regard To Promotions.......................................................9

13                 4.    Runnings Customarily And Regularly Exercises Discretion
                         And Independent Judgment...............................................10

14                 5.    Runnings Spends More Than Half His Time Performing
15                       Exempt Work ...................................................................12

16                 6.    Runnings' Monthly Salary Is Two Times The California
                         Minimum Wage.................................................................19

17           D.    Runnings Cannot Assert Any Claims Arising Prior To December 11,
                   2004. ............................................................................................19

18           E.    Runnings Position Is Properly Classified As Exempt, Thus The
                   Remaining Counts Must Be Denied............................................20

19                 1.    Exempt Employees Are Not Entitled To Meal Periods Or Rest
20                       Periods............................................................................20

21                 2.    Unfair Competition And Unfair Business Practices Claims Fail
                         When The Underlying, Claimed Labor Law Violations Fail. ...........20

22                 3.    Exempt Employees Are Not Entitled To Itemized Wage
                         Statements.......................................................................21

23                 4.    Runnings Has No Claim For Waiting Time Penalties....................21

     V.      CONCLUSION ...............................................................................................21
24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1

# TABLE OF AUTHORITIES

2

**Page**

3

## FEDERAL CASES

4

*Anderson v. Liberty Lobby, Inc.,*

5            477 U.S. 242 (1986) ................................................................................6

6

*Baldwin v. Trailer Inns, Inc.*
            266 F.3d 1104 (9th Cir. 2001)..........................................................9, 15

7

*Cooper v. Spring Haven,*

8            1995 U.S. Dist. LEXIS 16918. *7 (D. Kan. 1995)......................................14

9

*Donovan v. Burger King,*
            672 F.2d 221 (1st Cir. 1982)....................................................................14

10

*Donovan v. Burger King,*

11           675 F.2d 516 (2nd Cir. 1982).....................................................................15

12

*Horne v. Crown Central Petroleum, Inc.,*

13           775 F.Supp. 189 (D. SC 1991) ................................................................15

14

*Palazzolo-Robinson v. Sharis Management Corporation,*

15           68 F.Supp. 1186 (WD Wash. 1999)....................................................8, 14

16

*Rebel Oil Co, Inc. v. Atlantic Richfield Co.,*
            51 F.3d 1421 (9th Cir. 1995)......................................................................6

17

*Whiteway v. FedEx Kinko's Office and Print Servs., Inc.,*

18           No. C 05-2320 SBA, 2007 WL 2408872 (N.D. Cal., Aug. 21, 2007).........................20

19

## STATE CASES

20

*Alcala v. Western Ag Enters.,*

21           182 Cal.App.3d 546 (1986)....................................................................10

22

*Conley v. Pacific Gas & Electric Co.,*
            131 Cal.App.4th 260 (2005).......................................................................7

23

*Harris v. Investor's Business Daily, Inc.,*

24           138 Cal.App.4th 28 (2006)......................................................................20

25

*Nordquist v. McGraw-Hill Broadcasting Co.,*
            32 Cal.App.4th 555 (1995)......................................................................10

26

*Ramirez v. Yosemite Water Company,*

27           20 Cal.4th 785 (1999).........................................................................13, 16, 17

28

- ii -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;      CASE NOS. C 07-2050 SC &
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                           C 07-04012 SC

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

**STATE STATUES**

4

Cal. Labor Code §§ 201 and 203 ................................................................................21

5

Cal. Labor Code § 226(a).............................................................................................21

6

Cal. Labor Code § 510 .............................................................................................7, 21

7

Cal. Labor Code § 515(a)..............................................................................................7

8

**STATE REGULATIONS**

9

8 Cal. Code Regs. § 11040(1)(A)..................................................................................19

10

8 Cal. Code Regs. § 11070(1)(A)....................................................................................8

11

Cal. Code Regs. § 11070(2)(N) ...................................................................................10

12

8 Cal. Code Regs. § 11070 1(A)(1)(e) .............................................................12, 13, 14

13

**FEDERAL RULES**

14

Federal Rules of Civil Procedure 56(b) ..........................................................................3

15

**FEDERAL REGULATIONS**

16

29 C.F.R. § 541.102.....................................................................................................13

17

29 C.F.R. 541.104(b)) ....................................................................................................9

18

29 C.F.R. 541.106........................................................................................................10

19

29 C.F.R. § 541.108(c) ................................................................................................14

20

29 C.F.R. § 541.207.....................................................................................................10

21

22

**OTHER AUTHORITIES**

23

DLSE 2002 Operations and Procedures Manual § 51.5.1 ............................................10

24

Wage Order 7 ..........................................................................................................4, 13

25

Wage Order 7-2001 § 1(A)..........................................................................................20

26

27

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;     CASE NOS. C 07-2050 SC &
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF          C 07-04012 SC

1                     TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

2                 PLEASE TAKE NOTICE that as soon as counsel may be heard in

3 Courtroom 1 of the above-entitled Court, located at 450 Golden Gate Ave., 17th Floor,

4 San Francisco, CA, Defendant, Dollar Tree Stores, Inc. ("Dollar Tree") will, and hereby

5 does, request that the Court summarily adjudicate in Dollar Tree's favor as to Plaintiff,

6 Robert Runnings ("Runnings"), each and every count of the Complaint. Specifically, this

7 Court should find that Runnings is properly classified as an exempt employee under the

8 California Labor Code, since he spends or should spend the majority of his time

9 performing managerial exempt duties in order to carry out the primary purpose of his

10 position which is the management of his Dollar Tree store.

11                 Runnings' First Cause of Action seeks relief for unfair competition and

12 unfair business practices. This claim is derived from Runnings' erroneous assertion that

13 he is a non-exempt employee and can survive only if Runnings were able to prove that

14 Dollar Tree had violated the California Labor Code or Wage Order as alleged in the

15 Complaint. However, all those alleged violations are premised on the assumption that

16 Runnings was a non-exempt employee. Since Runnings is properly classified as an

17 exempt employee, he cannot establish any such violations and therefore has no basis

18 on which to pursue this claim. Accordingly, the First Cause of Action should be

19 adjudicated in Dollar Tree's favor.

20                 In his Second Cause of Action, Runnings alleges he was improperly denied

21 overtime compensation; improperly denied compensation for missed meal and rest

22 periods; and is entitled to waiting time penalties. Since Runnings is an exempt

23 employee, he is not entitled to overtime compensation or meal and rest breaks. Waiting

24 time penalties are available only to those who failed to receive all wages due them upon

25 termination of employment and since Runnings still works for Dollar Tree and has had no

26 breaks in service for Dollar Tree, as a matter of law, waiting penalties are not available to

27 him. Therefore, the Second Cause of Action should be adjudicated in favor of Dollar

28 Tree.

-1-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;       CASE NOS. C 07-2050 SC &
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF              C 07-04012 SC

1    The Third Cause of Action, Dollar Tree's alleged failure to provide meal

2  and rest breaks, is premised exclusively upon Runnings' allegations that he is a non-

3  exempt employee. Since Runnings is an exempt employee, this Cause of Action should

4  be adjudicated in Dollar Tree's favor.

5    The Fourth Cause of Action alleges that Dollar Tree improperly failed to

6  provide Runnings with accurate wage statements. Since Runnings is an exempt

7  employee, the law does not require that Dollar Tree provide him with an itemized wage

8  statement. Accordingly, Runnings' claims under the Fourth Cause of Action should be

9  denied.

10    This motion is based upon this Notice of Motion and Motion for Summary

11  Judgment, the Memorandum Of Points and Authorities in support thereof, the Request

12  for Judicial Notice, the Declarations of Carlos Hernandez, Paula Brady, Charlotta

13  Jacobson-Allen and Beth Hirsch Berman as well as all records and proceedings in this

14  action, and on such other and further matters as may be presented to the Court in

15  connection with the hearing on this Motion for Summary Judgment. This motion is being

16  filed and served pursuant to Fed. R. Civ. P. 56.

17  DATED:    January 19, 2008                Respectfully submitted,

18                                            KAUFF MCCLAIN & MCGUIRE LLP

19

20  By:_____/S/_____
                              ALEX HERNAEZ

21                                            Attorneys for Defendant
                                              DOLLAR TREE STORES, INC.

22

23

24

25

26

27

28

-2-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    RELIEF REQUESTED.

3

4

5

6

7

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, Defendant Dollar Tree Stores, Inc. ("Dollar Tree") respectfully requests that the Court enter an Order granting summary judgment in Defendant's favor regarding Plaintiff Robert Runnings' ("Runnings") claims for relief which arise under the California Labor Code, and California Business and Professions Code.

8

### II.    INTRODUCTION.

9

10

11

12

13

Dollar Tree owns and operates retail variety discount stores nationwide, selling a broad assortment of goods, including but not limited to, housewares and household cleaners; foods and beverages; party and seasonal goods; toys; hardware; pet supplies; stationery; automotive products; and health and beauty aids, all at the $1.00 price point.

14

15

16

17

18

19

20

21

Runnings was hired by Dollar Tree as a Trainee in April of 2004. In June of 2004, he was promoted to Assistant Manager. Effective October 31, 2004, he was promoted to the Store Manager position at store no. 2939 in Willits, California. Runnings continues to be the Store Manager of store no. 2939. In December of 2005, Runnings also assisted in running Dollar Tree store no. 2262 in Healdsburg, California which had no Store Manager at that time. In his position as a Store Manager, Runnings is and has been the highest level employee at his store and the only employee to be paid on an exempt salaried basis.[1]

22

23

24

25

On July 6, 2007, Runnings filed a class action complaint on behalf of current and former California Dollar Tree Store Managers alleging that they were misclassified as exempt employees and therefore improperly denied overtime pay. Specifically, Runnings alleged: 1) unfair competition and unfair business practices; 2)

26

27

28

---

[1] Runnings' District Manager, Richard Tellstrom, has an office at store no. 2939. Every Dollar Tree District Manager maintains an office in one of the stores in his or her District. This is done as a convenience to Dollar Tree and not to provide additional oversight at the store where the office is located.

-3-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CASE NOS. C 07-2050 SC &
C 07-04012 SC

1  failure to pay overtime wages, failure to pay compensation for missed meal and rest
2  periods, and waiting time penalties, in violation of the California Labor Code and Wage
3  Order 7; 3) failure to provide meal and rest periods; and 4) failure to provide accurate
4  itemized wage statements.

5        Runnings has one basic theory of unlawful conduct upon which all his
6  claims for recovery rest - that Dollar Tree improperly classified its Store Managers in
7  California, including him, as exempt.  It is that premise upon which Runnings relies to
8  support the various allegations and forms of relief he seeks.

9        Dollar Tree denies each of Runnings' allegations and asserts that its Store
10  Managers are properly classified as exempt.  Under California law, employees are
11  exempt from overtime compensation if they: (a) spend the majority of their time
12  performing work that either requires the exercise of independent judgment and discretion
13  or is directly and closely related thereto; (b) supervise two or more full-time employees or
14  the equivalent thereof; and (c) are compensated at a rate of at least two times
15  California's minimum wage.  As a Store Manager, Runnings met all these criteria.  In
16  order properly to supervise his employees and manage his store, Runnings has and
17  should be spending the majority of his time performing exempt work.

18  **III.    UNDISPUTED FACTS**

19        1.    Dollar Tree, which operates over 3,000 retail stores throughout the
20  continental United States, owns and operates approximately 220 stores throughout
21  California.  Declaration of Paula Brady., ¶ 3 ("Brady Decl.").

22        2.    Each store is run by a Store Manager who is responsible for all that
23  happens within his or her store.  Declaration of Carlos Hernandez ,¶ 3 ("Hernandez
24  Decl.").

25        3.    Runnings was hired by Dollar Tree as a Trainee in April of 2004.  A
26  true and correct copy of the Deposition of Robert Runnings ("Runnings Dep.") is
27  attached as Exhibit A to the Declaration of Beth Hirsch Berman, 23:18-20.  In June of
28  2004, he was promoted to Assistant Manager.  (Brady Decl., ¶ 5.)  In November 2004,

-4-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;          CASE NOS. C 07-2050 SC &
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                              C 07-04012 SC

1  Runnings became the Store Manager of store no. 2939 in Willits, California and remains

2  in that position. (Runnings Dep., 25:2-7.)

3            4.    Runnings' annual base salary was approximately three times the

4  minimum wage. (Declaration of Charlotta Jacobson-Allen, ¶ 10 ("Jacobson-Allen Decl.").)

5            5.    As a Store Manager, Runnings has been assisted by between three

6  to four Assistant Managers. (Runnings Dep., 60:22-61:16.)

7            6.    Runnings supervises anywhere from eight to 40 hourly employees

8  including Assistant Managers. (Jacobson-Allen Decl., ¶ 9.)

9            7.    The total number of hours worked by the employees in store no.

10  2939 under Runnings' direct supervision ranged from a low of 151 to a high of 1,055.

11  (Jacobson-Allen Decl., ¶ 9.)

12            8.    Runnings is supervised by a District Manager, Richard Tellstrom.

13  Mr. Tellstrom oversees 12 stores. A true and correct copy of the Deposition of Richard

14  Tellstrom ("Tellstrom Dep.") is attached as Exhibit B to the Declaration of Beth Hirsch

15  Berman, 17:1-5. District Managers do not run the stores or direct the work of the store

16  employees. (Tellstrom Dep., 21:12-18.) That is left to the Store Managers. (*Id.*)

17            9.    The merchandise mix and merchandise displays vary from store to

18  store because Store Managers are expected to drive sales by creating displays and

19  ordering merchandise that attracts their store's customers. (Tellstrom Dep., 65:19-66:2.)

20  As the Store Manager, Runnings was responsible for all the ordering in his store.

21  (Hernandez Decl., ¶ 10.) Orders for general merchandise were submitted on a weekly

22  basis. (Runnings Dep., 124:9-10.) In a separate order, Runnings ordered all the frozen

23  and dairy food weekly. (Runnings Dep., 30:4-14, 101:3-8.) Runnings was also

24  responsible for ordering all his store's supplies. (Runnings Dep., 132:1-19, 213:2-4.)

25            10.    As a Store Manager, Runnings was responsible for a multitude of

26  management tasks such as: reviewing, analyzing and preparing reports (Runnings Dep.,

27  264:25-265:4, 371:11-16; 267:22-24); scheduling employees (Runnings Dep., 244:5-7);

28  hiring, firing and disciplining employees (Runnings Dep., 65:18-66:4; 148:21-150:25;

-5-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;          CASE NOS. C 07-2050 SC &
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                              C 07-04012 SC

1  265:19-25); recommending and/or determining employee raises (Runnings Dep.,

2  209:19-210:1); and promotions (Runnings Dep., 252:9-18); planning the daily work

3  duties (Runnings Dep., 265:15-18); approving payroll; reviewing store employees' time

4  records to make sure that all work is accurately recorded (Runnings Dep., 233:16-25);

5  determining the number of employees needed, including deciding upon additional hiring

6  needs for the November/December holiday season (Runnings Dep., 250:17-24);

7  accounting for all sales transactions in the store, and regular review of cashier statistics

8  (Runnings Dep., 123:4-21); conducting regular till audits (Runnings Dep., 167:6-9);

9  controlling both internal and external inventory loss in the store; account for breakage,

10  defective goods, expiration dates and field markdowns through the mark up/mark down

11  function (Runnings Dep., 273:11-22); merchandising the store including creating

12  attractive displays of end caps, impulse items on clip strips, gondola displays, and other

13  forms of merchandise display (Runnings Dep., 276:22-277:1; 377:13-379:5) and creating

14  and maintaining a workplace that is compliant with federal and state OSHA, local fire

15  codes and, ensuring compliance with various other local, state and federal laws,

16  regulations and ordinances. (Runnings Dep., 274:25-275:12; 267:17-21.)

17  Given the nature of and time it takes to carry out those managerial

18  responsibilities, the Store Manager position that Runnings held was properly classified

19  as exempt.

20  **IV.    ARGUMENT.**

21  **A.    Summary Judgment Standard.**

22  Summary judgment is appropriate when the pleadings, affidavits and other

23  material present no genuine issue of material fact and the moving party is entitled to

24  judgment as a matter of law. *Rebel Oil Co, Inc. v. Atlantic Richfield Co.*, 51 F.3d 1421,

25  1432 (9th Cir. 1995). "By its very terms, this standard provides that the mere existence

26  of *some* alleged factual dispute between the parties will not defeat an otherwise properly

27  supported motion for summary judgment; the requirement is that there be no *genuine*

28  issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986)

-6-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;    CASE NOS. C 07-2050 SC &
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF    C 07-04012 SC

1  (emphasis in original). As set forth below, the undisputed facts established that as a

2  Store Manager, Runnings' employment, from his compensation to his job

3  responsibilities, met all of the criteria necessary to qualify him as an executive, exempt

4  from California overtime requirements and exempt from California's rest and meal break

5  and itemized wage statement requirements.

6  **B.** **California's Executive Exemption Test.**

7  Under California's Labor Code sections 510 (computation of overtime pay)

8  and 515 (exemptions from payment of overtime), an employee is entitled to overtime pay

9  for his work for an employer unless the employer demonstrates the employee's work is

10  subject to an exemption from payment of overtime. *Conley v. Pacific Gas & Electric Co.,*

11  131 Cal.App.4th 260, 266 (2005). Labor Code section 515 provides that California's

12  Industrial Welfare Commission (IWC) "may establish exemptions from the requirement

13  [of Section 510] that an overtime rate of compensation be paid . . . for executive,

14  administrative, and professional employees..." Cal. Lab. Code § 515(a).

15  The IWC established the exemptions to Section 510 by means of wage

16  orders. The IWC's wage orders are compiled in the California Code of Regulations, Title

17  8. Regarding the executive employee exemption, section 1 (A) (1) of the wage order

18  states:

19  A person employed in an executive capacity means any employee:

20  (a) Whose duties and responsibilities involve the
    management of the enterprise in which he/she is employed or

21  of a customarily recognized department or subdivision
    thereof; and

22

23  (b) Who customarily and regularly directs the work of
    two or more other employees herein; and

24  (c) Who has the authority to hire or fire other
    employees or whose suggestions and recommendations as

25  to the hiring or firing and as to the advancement and
    promotion or any other change of status of other employees

26  will be given particular weight; and

27  (d) Who customarily and regularly exercises discretion
    and independent judgment; and

28

-7-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CASE NOS. C 07-2050 SC &
C 07-04012 SC

1          (e) Who is primarily engaged in duties which meet the
2    test of the exemption. The activities constituting exempt work
     and non-exempt work shall be construed in the same manner
     as such items are construed in the following regulations
3    under the Fair Labor Standards Act effective as of the date of
     this order: 29 C.F.R. Sections 541.102, 541.104-111, and
4    541.115-116.7 Exempt work shall include, for example, all
     work that is directly and closely related to exempt work and
5    work which is properly viewed as a means for carrying out
     exempt functions. The work actually performed by the
6    employee during the course of the work week must, first and
     foremost, be examined and the amount of time the employee
7    spends on such work, together with the employer's realistic
     expectations and the realistic requirements of the job, shall
8    be considered in determining whether the employee satisfies
     this requirement.

9          (f) Such an employee must also earn a monthly salary
10   equivalent to no less than two (2) times the state minimum
     wage for full-time employment. Full-time employment is
11   defined in Labor Code Section 515(c) as 40 hours per week.

12   8 Cal. Code Regs. § 11070(1)(A) ("Wage Order").

13          The executive exemption applies where the employee's "duties and

14   responsibilities involve the management of . . . a customarily recognized department or

15   subdivision" of the employer; the employee "customarily and regularly directs the work of

16   two or more other employees . . ." and the employee has "the authority to hire or fire

17   other employees" or have "particular weight" given to his or her recommendations.

18   8 Cal. Code Regs. § 11070(1)(A).

19      C.    **Analysis Of The Evidence In Light Of Wage Order And The Code Of**
             **Federal Regulations.**
20
21          1.    **Runnings' Duties And Responsibilities Involve The**
                  **Management Of The Enterprise In Which He Is Employed.**

22          Runnings is in sole charge of his store, with complete responsibility for its

23   operations.[2] "In the vast majority of cases there is no difficulty in determining whether an

24   individual is in charge of a customarily recognized department or subdivision of a

25   department. For example, it is clear that where an enterprise comprises more than one

26   establishment, the employee in charge of each establishment may be considered in

27   _____

28   [2] "**Q.** Dollar Tree is the first time you've had responsibility for the entire location, correct?
     **A.** Yes." (Runnings Dep., 75:15-17.)

                                        -8-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;      CASE NOS. C 07-2050 SC &
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF             C 07-04012 SC

1    charge of a subdivision of the enterprise." 29 C.F.R. 541.104(b)(2001). As the Store

2    Manager, Runnings was the highest ranking and only exempt employee regularly in

3    store no. 2939. (Runnings Dep., 64:23-25.) Runnings is responsible for all aspects of

4    the management of store no. 2939 including hiring; disciplining; evaluating employees;

5    approving payroll; and planning and assigning work; to name a few. *See* III Undisputed

6    Facts *supra.* at ¶ 10.

### 2.    Runnings Customarily And Regularly Directs The Duties Of Two Or More Employees.

9    The Wage Order requires that an executive employee customarily and

10    regularly direct the duties of two or more employees. The store that Runnings manages

11    has been regularly staffed with three to four Assistant Managers and anywhere from 8 to

12    40 Associates. (Runnings Dep., 60:22-61:2; Jacobson-Allen Decl., ¶ 9). Runnings need

13    not always be physically present when his employees work for them to be under his

14    supervision. *Baldwin v. Trailer Inns, Inc.* 266 F.3d 1104, 1117 (9th Cir. 2001). Runnings

15    was and is the highest ranking and only exempt employee regularly in store no. 2939.

16    The store's weekly work schedule is created by Runnings. (Runnings Dep., 244:5-7.)

17    Runnings adjusts his employees' schedules to meet the needs of the store. (Runnings

18    Dep., 244:23-245:15.) Runnings also directs the duties of his employees on a daily

19    basis and checks to make sure the assigned tasks are accomplished. (Runnings Dep.,

20    39:10-40:12; 92:19-93:10; 160:9-11.)

### 3.    Runnings Has The Authority To Hire And Fire Employees And His Recommendations Are Given Particular Weight With Regard To Promotions.

23    Runnings has the authority to interview, hire, evaluate, discipline, and fire

24    employees in his store. Runnings also has made decisions and/or recommendations

25    about promotions. (Runnings Dep., 71:16-24; 251:24-252:18.) Runnings decided when

26    his store needed more Sales Associates. (Runnings Dep., 250:17-251:3.) Runnings

27    has hired over 100 employees while a Store Manager. (Runnings Dep., 65:20-66:4.) In

28    addition, Runnings has the authority to terminate employees. (Runnings Dep., 148:21-

-9-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;    CASE NOS. C 07-2050 SC &
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF    C 07-04012 SC

1  149:25.) Based on the foregoing, Runnings clearly exercised the authority required by

2  the third prong of the exemption test. 29 C.F.R. 541.106 (2001).

### 4. Runnings Customarily And Regularly Exercises Discretion And Independent Judgment.

The California executive exemption requires that the employee be engaged

in work that is "primarily" managerial and which must require the exercise of discretion

and independent judgment. *Id.* "Primarily" is defined as "more than one-half the

employee's work time." 8 Cal. Code Regs. § 11070(2)(N). The Wage Order does not

define "discretion and independent judgment." The California Court of Appeals in

*Nordquist v. McGraw-Hill Broadcasting Co.*, however, defined "discretion and

independent judgment" as:

> "Discretion and independent judgment" . . . involves the
> comparison of possible courses of conduct, and acting after
> considering various possibilities. It implies that the employee
> has the power to make an independent choice free from
> immediate supervision and with respect to matters of
> significance. The decisions must be at a level appropriate to
> administrative work. Matters of consequence are those of
> substantial significance to the policies or general operations
> of the business of the employer.

17  *Nordquist v. McGraw-Hill Broadcasting Co.*, 32 Cal.App.4th 555, 573 (1995). In the

18  above quoted passage, *Nordquist* adopts the definition found in 29 C.F.R. § 541.207.[3]

19  The FLSA interpretation adopted by *Nordquist* to form its definition of "discretion and

20  independent judgment" applies equally to both the "administrative" and "executive"

21  exemption.[4]

22  Runnings made numerous decisions on a daily basis utilizing discretion

23  and independent judgment. Operating a Dollar Tree store requires that many decisions

24  be made on a daily basis, with the decisions varying based on the particular

---

[3] Courts may look to the federal regulations in interpreting California wage laws. *See, e.g.,
Alcala v. Western Ag Enters.*, 182 Cal.App.3d 546, 550 (1986) (FLSA regulations "may serve as
persuasive guidance for interpreting California law").
[4] *See also* "For enforcement purposes, therefore, DLSE will ... rely upon the language of 29
C.F.R. § 541.207 to define the term "discretion and independent judgment" in each of the exempt
classifications." DLSE 2002 Operations and Procedures Manual § 51.5.1.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;          CASE NOS. C 07-2050 SC &
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                          C 07-04012 SC

1   circumstances of the store. (Hernandez Decl., ¶ 4.) Runnings has been the highest

2   ranking executive in store no. 2939 and the employee charged with making those

3   decisions. Although each store is overseen by a District Manager, the District Manager

4   does not have the time nor the responsibility for making the daily decisions required to

5   run a store. (Tellstrom Dep., 21:12-18.) Runnings alleges since July of 2007 he has

6   worked an average of 45 to 47 hours a week. (Runnings Dep., 80:9-81:13.) In contrast,

7   his District Manager is not in the store on a daily or even weekly basis. (Runnings Dep.,

8   62:25-63:18.) Runnings, as Store Manager, is ultimately the person in charge of all store

9   operations and the profitability of his store. (Tellstrom Dep., 21:12-18.)

10          Runnings is responsible for increasing store sales through his own

11   entrepreneurial talents and management skills. Unlike many other retail chains, Dollar

12   Tree views its Store Managers as individual entrepreneurs who know their customers

13   and best know how to serve their needs. As a result of that philosophy, Runnings is

14   responsible for ordering a portion of all store merchandise and he is responsible for

15   ordering 100% of the refrigerated and frozen food. *See,* III Undisputed Facts at ¶ 9.

16          Runnings is also responsible for identifying sales opportunities, creating

17   merchandise displays (Runnings Dep., 378:18-379:5); and developing and executing a

18   plan to sell the merchandise. (Runnings Dep., 242:4-243:17). These tasks require

19   independent judgment and discretion to determine the appropriate merchandise mix for

20   the store and to determine how to effectively display the merchandise in the store.

21   (Hernandez Decl., ¶ 5.) Merchandise displays vary from store to store as determined by

22   the skill of the individual Store Managers. (Hernandez Decl., ¶ 10:3). Dollar Tree uses

23   merchandise planners for its stores. However, the planners do not cover the entire store

24   and are not designed to fit every store. (Hernandez Decl., ¶ 8.) Runnings' store is a

25   racetrack style store and contains many more endcaps than other types of Dollar Tree

26   stores. The planner contains display guidelines for only about 25% of the store's

27   endcaps. The remaining 75% are designed by Runnings. (Runnings Dep., 106:4-8.)

28   Runnings uses the planner as a guideline, taking into account the merchandise and

-11-

KAUFF McCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;          CASE NOS. C 07-2050 SC &
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                          C 07-04012 SC

1    fixtures he has available and his own knowledge of what sells in his particular store.

2    (Runnings Dep., 109:1-7.) Therefore, decisions about which merchandise to put on the

3    sales floor and how to display that merchandise are left to Runnings' discretion.

4    (Runnings Dep., 242:4-243:17; 276:22-277:1.) It is also up to him to create plans for

5    cross-selling products, to determine what items sell well together, and how to increase

6    sales of high margin items. (Runnings Dep., 271:3-272:22.) In addition, Runnings is

7    responsible for planning how merchandise will be stored in the backroom. (Runnings

8    Dep., 34:2-35:11.)

9         Runnings uses his discretion and independent judgment to make

10    management decisions calculated to ensure store success. Runnings: (1) hires the

11    Associates he wants (Runnings Dep., 251:21-23); (2) arranges merchandise in the store

12    in a manner he believes to be attractive to customers (Runnings Dep., 276:22-277:1); (3)

13    orders store merchandise (Runnings Dep., 102:3-6); (4) counsels and terminates

14    employees (Runnings Dep., 186:18-187:15); (5) makes recommendations regarding

15    promotion and pay raises (Runnings Dep., 209:19-210:1); (6) makes decisions about

16    scheduling employees (Runnings Dep., 246:17-248:4); and (7) prioritizes tasks, and

17    assigns them to employees daily. (Runnings Dep., 243:10-17; 265:15-18.) Runnings

18    has substantially more responsibilities than any other employee in his store. When he

19    does delegate duties to his Assistant Managers, he remains ultimately responsible for

20    those duties.

21         **5.    Runnings Spends More Than Half His Time Performing Exempt Work.**

22

23         As shown by his deposition testimony, Runnings spent a substantial

24    amount of time performing exempt work. While there has been little California case law

25    to flesh out what is or is not "managerial work," the Wage Order specifically incorporates

26    the definition set forth in the regulations promulgated under the FLSA.[6] 8 Cal. Code

27    ─────────────────
     [5] Note that the FLSA regulations were changed in 2004. The Wage Order has not been
     amended to reference the new regulations, thus the pre-2004 regulations will relied upon in this
28    section.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;    CASE NOS. C 07-2050 SC &
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                       C 07-04012 SC

1     Regs. § 11070 1(A)(1)(e).  In particular, the Wage Order incorporates 29 C.F.R. §

2     541.102, which provides some examples of exempt work including:

3                 interviewing, selecting and training employees, setting and
                 adjusting pay rates and work hours, directing work, keeping
4                 production records for subordinates, evaluating employee's
                 efficiency and productivity, handling employee complaints,
5                 disciplining employees, planning work, determining
                 techniques to be used, distributing work, deciding on types of
6                 materials, supplies, machinery and tools to be used or
                 merchandise to be bought, stocked, and sold, controlling the
7                 flow and distribution of merchandise and supplies, and
                 providing for employee safety.
8

9     29 C.F.R. § 541.102 (2001).  Moreover, a person may be simultaneously engaged in

10    hands on, non-exempt type work and exercising managerial duties.  One example would

11    be a manager physically placing items on shelves in conjunction with creating the display

12    because the placing of the merchandise is the means for carrying out the exempt task.[7]

13                California law mandates a quantitative review of an employee's duties.

14    *Ramirez v. Yosemite Water Company*, 20 Cal.4th 785, 797 (1999).  The work actually

15    performed by Runnings during the course of the work week, and the amount of time he

16    spends on such work, together with Dollar Tree's expectations and the realistic

17    requirements of the job, are considered in determining whether  Runnings satisfies the

18    requirement that he spend more than half his time engaged in exempt work.  8 Cal.

19    Code Regs. § 11070 1(A)(1)(e).

20                Runnings is unable to state how much time he spends performing either

21    exempt or non-exempt tasks.  (Runnings Dep., 262:12-24.)  He does state that he

22    believes he spends over half of his time performing non-exempt functions; however,

23    Runnings is mistaken as to what are, and are not, exempt functions.  (Runnings Dep.,

24    379:18-380:5.)  Runnings is under the impression that anytime he is working on the

25    _____
      [6] Note that the FLSA regulations were changed in 2004.  The Wage Order has not been
26    amended to reference the new regulations, thus the pre-2004 regulations will relied upon in this
      section.
27    [7] "For example, time spent by a manager using a computer to prepare a management report
      should be classified as exempt time where use of the computer is a means for carrying out the
28    exempt task."  *The Statement as to the Basis of Wage Order*, IWC Statement as to the Basis
      accompanying amendments to Section 1 of Wage Order 7.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;          CASE NOS. C 07-2050 SC &
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                          C 07-04012 SC

1    sales floor, he is performing non-exempt work.  (Runnings Dep., 377:13-380:5.)  This

2    belief is not consistent with the law.

3              The Wage Order states that "[e]xempt work shall include all work that is

4    directly and closely related to exempt work and work which is properly viewed as a

5    means for carrying out exempt functions."  8 Cal. Code Regs. §11070 1(A)(1)(e).  This

6    means that activities, which viewed in the abstract seem non-exempt, will be considered

7    exempt if they are undertaken with the purpose of effectuating the exempt functions of a

8    manager's job.

9              Therefore, cashiering and stocking are not automatically non-exempt

10   functions.  Rather, one must look to the purposes for which they are performed to

11   determine whether and when they are exempt or non-exempt.  To the extent such work

12   is conducted to train employees or oversee their work, it is directly and closely related to

13   supervising and managing employees and is exempt.  *Donovan v. Burger King*, 672 F.2d

14   221, 226 (1st Cir. 1982) (Burger King I).  To the extent this work is performed as part of

15   Runnings' designing merchandise displays, or overseeing and monitoring the work of his

16   subordinates or to assist in ordering, it would also be exempt.  "[I]n other establishments

17   it is not uncommon to leave the actual distribution of materials and supplies in the hands

18   of the supervisor.  In such cases it is exempt work since it is directly and closely related

19   to the managerial responsibility of maintaining the flow of materials...."  29 C.F.R. §

20   541.108(c); *See Palazzolo-Robinson v. Sharis Management Corporation*, 68 F.Supp.

21   1186, 1190 (WD Wash. 1999) (plaintiff never stopped being the manager, even when

22   she was on the floor of the restaurant pouring coffee); "[O]ne can still be 'managing' ...

23   even while physically doing something else."  *Donovan v. Burger King*, 672 F.2d at 226

24   (Burger King I); "[A]n employee can manage while performing other work."  *Id.*  "It is

25   possible for an employee to perform managerial duties simultaneously with nonexempt

26   work."  *Cooper v. Spring Haven*, 1995 U.S. Dist. LEXIS 16918. *7 (D. Kan. 1995)

27   (plaintiff oversaw the work of other dietary employees while at the same time cooking,

28   serving meals, etc.); "[M]uch of the oversight of the operation can be carried out

-14-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;          CASE NOS. C 07-2050 SC &
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                          C 07-04012 SC

1    simultaneously with the performance of non-exempt work." *Donovan v. Burger King*, 675

2    F.2d 516, 521 (2nd Cir. 1982) (Burger King II); *Horne v. Crown Central Petroleum, Inc.*,

3    775 F.Supp. 189, 190 (D. SC 1991) (convenience store manager performed

4    management duties "simultaneously" with assisting store clerks in waiting on customers);

5    "Management function cannot readily and economically be separated from nonexempt

6    tasks." *Baldwin v. Trailer Inns, Inc.*, 266 F.3rd at 1114; "One can still be managing if one

7    is in charge, even while physically doing something else." *Id.*

8       Runnings admits that while he is stocking he is directing employees,

9    creating new displays, determining what products to cross sell, observing the holes and

10   flow of goods to assist him in ordering and evaluating, motivating, training and directing

11   employees. (Runnings Dep., 97:19-98:4; 128:14-129:9; 144:24-145:5; 188:12-189:25;

12   378:14-379:5.)  Contrary to Runnings' notions of California wage and hour law, these are

13   properly exempt tasks.

14      The evidence shows that Runnings spends the majority of his time either

15   performing tasks that are directly exempt (direct management of staff, hiring and firing,

16   counseling and disciplining subordinates, and the like) or are "closely related" to his

17   management tasks thereby making them exempt too.  Dollar Tree expects its Store

18   Managers to delegate most non-exempt work so that the Store Manager is performing

19   only the work that most other employees cannot do.  Only Store Managers have the

20   primary function of planning and assigning work.  Store Managers are ultimately

21   responsible for ordering for the store, including ordering food products for those stores

22   which sell refrigerated food.  Store Managers are responsible for reviewing store

23   employees' time records to make sure that all work is accurately recorded.  Store

24   Managers are responsible for determining the number of employees needed, including

25   deciding upon additional hiring needs for the November/December holiday season.

26   Store Managers are ultimately responsible for accounting for all sales transactions in the

27   store, and should regularly review cashier statistics (contained on a form entitled a

28   Cashier Comparison Report) to insure that cashiers are productive and honest.  Store

-15-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CASE NOS. C 07-2050 SC &
C 07-04012 SC

1    Managers should review such reports to make sure that there is nothing unusual about

2    the employee's average transactions and that line item voids are both within Company

3    standards and not otherwise unusual.  Store Managers should conduct regular till audits

4    (making sure that the amount of cash in the register corresponds to the transaction

5    accounts).  Store Managers are responsible for controlling both internal and external

6    inventory loss in the store, including taking steps to prevent theft and to record

7    accurately goods that cannot be sold or are being sold as part of a $1.00 grab bag

8    (referred to as a mark up/mark down function).  As part of the mark up/mark down

9    function, Store Managers must account for breakage, defective goods, expiration dates

10   and field markdowns (often merchandise placed in a grab bag) through the mark

11   up/mark down function.  Store Managers are responsible for store presentation; the store

12   should be clean and recovered, with attractive displays of end caps, impulse items on

13   clip strips, gondola displays, and other forms of merchandise display.  Store Managers

14   are responsible for completing performance evaluations on their employees.  In order to

15   accomplish all the tasks outlined above, Runnings will spend more than half of his time

16   performing exempt work.  (Hernandez Decl., ¶ 6.)

17           Furthermore, the determination of whether an employee is exempt or non-

18   exempt also depends on the employee's performance of his work duties.  *Id.*  As the

19   court in *Ramirez* noted:

20           An employee who is supposed to be engaged in [exempt]
             activities during most of his working hours and falls below the
21           50 percent mark due to his own substandard performance
             should not thereby be able to evade a valid exemption.
22

23   *Ramirez v. Yosemite Water Co.*, 20 Cal.4th at 802.

24           Accordingly, the California Supreme Court advises:

25           [T]he trial court should also consider whether the employee's
             practice diverges from the employer's realistic expectations,
26           whether there was any concrete expression of employer
             displeasure over an employee's substandard performance,
27           and whether these expressions were themselves realistic
             given the actual overall requirements of the job.
28

-16-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;          CASE NOS. C 07-2050 SC &
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                            C 07-04012 SC

1  *Id.*

2      Dollar Tree made it clear to Runnings that he was expected to spend

3  greater than half of his time performing exempt functions. (Runnings Dep., 48:15-22.)

4  Dollar Tree requires its Store Managers to complete weekly payroll certifications

5  certifying that they spend greater than fifty percent of their time performing various

6  exempt functions. (Runnings Dep., 48:15-22.) Runnings completed the certifications

7  sometimes certifying "yes" and other times "no".[8] Runnings claims that when he was not

8  able to certify that he spent over half his time performing exempt tasks, he was unable to

9  do so because his payroll hours were too low. Matching his stores' payroll hours to his

10 certification responses, however, shows no correlation between the certifications and

11 hours. For example, on January 20, 2007, Runnings certified "no" when he had utilized

12 318 payroll hours[9] while he certified "yes" on June 25, 2005 when he used only 299

13 payroll hours and had 13% greater sales. (Jacobson-Allen Decl., ¶ 7); Runnings Dep.,

14 Exhibit 42. When asked what was different in the weeks for which he was able to certify

15 "yes" from the weeks he responded "no", Runnings was unable to provide an

16 explanation. (Runnings Dep. 315:16-317:3.) Moreover, on repeated occasions

17 Tellstrom told Runnings that his store would benefit from Runnings spending more time

18 in the office analyzing the workflow, developing a store plan and delegating the work on

19 the floor. (Runnings Dep., 372:4-10.) Despite Dollar Tree's expectations and explicit

20 instructions, Runnings continued to perform work out on the sales floor. (Runnings Dep.,

21 374:18-22.)

22

23

---

24  [8] Runnings' belief as to what activities are exempt is incorrect. In completing his certifications, Runnings counted all time that he spent designing a display as non-exempt if any portion of that

25  time involved placing merchandise on the display. (Runnings Dep., 379:18-380:5.) Thus, the fact that Runnings checked "no" on his certification is not dispositive as to whether Runnings

26  spent more or less than fifty percent of his time performing exempt functions during that week. Moreover, Runnings acknowledges he has no evidence to show how he actually spent his time.

27  (Runnings Dep., 262:12-21.) The certifications do show that Runnings knew what duties were expected of him.

28  [9] Payroll hours include time worked in the store by non-exempt employees so Runnings' hours are not included in the payroll hours figures.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;          CASE NOS. C 07-2050 SC &
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                              C 07-04012 SC

1    It is Dollar Tree's reasonable expectation that its Store Managers spend
2    more than half their time performing exempt management duties. The Store Manager is
3    in charge of a multimillion dollar enterprise with numerous employees and constant flow
4    of merchandise. In order to effectively run a store, the Store Manager has to efficiently
5    utilize properly trained associates based upon an analysis of the store's workflow in
6    addition to the other managerial tasks associated with running a safe and profitable
7    store. (Hernandez Decl., ¶ 6.) Dollar Tree expects the Store Manager to delegate so
8    that the Store Manager is performing only the work that most other employees cannot
9    do. (Hernandez Decl., ¶ 7.) In order to properly carry out all the tasks and duties
10   required of a Store Manager outlined above, the Store Manager will necessarily spend
11   the majority of his time on non-exempt tasks. Indeed, the majority of Dollar Tree store
12   managers spend more than half their time performing exempt functions. (Jacobson-
13   Allen Decl., ¶ 8.)

14   Runnings cannot make himself a non-exempt employee by failing to
15   complete required Store Manager functions. Runnings admits that he failed to:
16   (1) complete employee evaluations (Runnings Dep., 94:16-95:9; 97:3-12); (2) complete
17   mark up and mark downs in a timely fashion (Runnings Dep., 363:22-364:2); (3) move
18   time sensitive seasonal merchandise onto the sales floor (Runnings Dep., 365:1-10); (4)
19   make mandatory deposits in accordance with asset protection standards (Runnings
20   Dep., 369:12-18); and (5) consistently perform register audits. (Runnings Dep., 369:24-
21   370:3.) Each of these tasks is an exempt function that Runnings has failed to complete
22   in clear violation of Dollar Tree policy.

23   Runnings claims he must be on the floor to complete tasks that he states
24   his hourly employees cannot complete in the budgeted time. (Runnings Dep., 317:19-
25   319:1; 371:22-373:3.) Other than his blanket assertion that he lacked sufficient payroll
26   hours, Runnings has no evidence to support that claim. In fact, Runnings admitted that
27   he could not explain what was different in the weeks where he certified "yes" from the
28   weeks he certified "no". (Runnings Dep., 315:16-317:3.) The training of employees is an
-18-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;        CASE NOS. C 07-2050 SC &
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                              C 07-04012 SC

1  exempt task that Runnings states he often delegates. (Runnings Dep., 253:7-254:19.)

2  To the extent he is delegating exempt training to subordinates and opting to perform

3  non-exempt work, Runnings is failing to perform his job in an acceptable manner.

4  Moreover, Runnings demonstrated at his deposition that he was not familiar with much

5  of the information made available to him to assist him in performing exempt functions.

6  (Runnings Dep., 96:12-97:9; 100:13-18; 117:16-118:6; 118:10-14; 118:21-119:2; 136:13-

7  16; 137:7-24.)

8           If a Store Manager is properly fulfilling all of his required duties, he will

9  have spent over half his time performing exempt functions.  Based on all his

10  responsibilities and his testimony as to how he spends his time, it is clear Runnings does

11  spend over half his time performing exempt functions.  The fact that Runnings believes

12  he does not spend more than half his time performing exempt functions, because he

13  misconstrues what is and is not exempt under the law, does not make him non-exempt.

14  If Runnings did not always spend half his time performing exempt functions, it is only

15  because of his substandard performance and that too will not make him non-exempt.

16           **6.    Runnings' Monthly Salary Is Two Times The California
                     Minimum Wage.**

17

18           The Wage Order requires that an executive employee "earn a monthly

19  salary equivalent to no less than two times the state minimum wage for full-time

20  employment."  8 Cal. Code Regs. § 11040(1)(A).  California's minimum wage was just

21  raised to $8.00 per hour.  Runnings' annual base salary increased from a low of $45,500

22  in 2004 to $49,200 in 2007 – approximately three times the current minimum wage.  In

23  addition to his base salary, Runnings is eligible for and has received monthly bonuses

24  for meeting sales goals.  (Runnings Dep., 99:10-15.)

25           **D.    Runnings Cannot Assert Any Claims Arising Prior To December 11,
                     2004.**

26           Assuming arguendo the court does not grant summary judgment, Runnings

27  cannot recover upon any of his claims arising prior to December 11, 2004.  Pursuant to

28  the Order and Judgment Granting Final Approval of Settlement, attached as Exhibit A to

-19-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CASE NOS. C 07-2050 SC &
C 07-04012 SC

1    the Request for Judicial Notice ("RJN"), Runnings, as a putative class member,  is

2    prevented from asserting claims relating to overtime and meal and rest break violations

3    arising before December 11, 2004.

### E.    Runnings Position Is Properly Classified As Exempt, Thus The Remaining Counts Must Be Denied.

#### 1.    Exempt Employees Are Not Entitled To Meal Periods Or Rest Periods.

7    California law leaves exempt employees without overtime compensation

8    and all "other benefits, such as meal and rest breaks." *Whiteway v. FedEx Kinko's*

9    *Office and Print Servs., Inc.*, No. C 05-2320 SBA, 2007 WL 2408872, at *3 (N.D. Cal.,

10    Aug. 21, 2007); *see also* Wage Order 7-2001 § 1(A) ("Provisions of Section 3 through 12

11    [including meal breaks and rest breaks] shall not apply to persons employed in

12    administrative, executive, or professional capacities."). It follows that under California

13    law Runnings' claims for meal and rest break violations are without merit because

14    Runnings is an exempt employee. Thus, this claim must be denied.

#### 2.    Unfair Competition And Unfair Business Practices Claims Fail When The Underlying, Claimed Labor Law Violations Fail.

16    Runnings bases his unfair competition and unfair business practices claims

17    on his underlying claims for overtime, meal and rest breaks, and itemized wage

18    statements. However, Runnings' status as an exempt employee moots each of his

19    underlying claims of state law violations. Because unfair competition and unfair

20    business practice claims "borrow[] violations of other laws [including the Labor Code]

21    when committed pursuant to business activity," *Harris v. Investor's Business Daily, Inc.*,

22    138 Cal.App.4th 28, 32-33 (2006), it follows that Runnings' unfair competition and unfair

23    business practices claims fail due to the failure of Runnings' underlying claims. Stated

24    differently, because Runnings, as an exempt employee, is not entitled to overtime

25    compensation, meal breaks, rest breaks or itemized wage statements, none of his claims

26    remain to sustain an unfair competition and unfair business practices claim. Accordingly,

27    this claim must be denied.

28

-20-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CASE NOS. C 07-2050 SC &
C 07-04012 SC

1

### 3.   Exempt Employees Are Not Entitled To Itemized Wage Statements

2

3

The California Labor Code requires employers to furnish itemized wage

statements to all their employees "except for any employee . . . who is exempt . . . under

4

subdivision (a) of Section 515 or any applicable order of the Industrial Welfare

5

Commission . . . ." Cal. Labor Code § 226(a). California law thus moots Runnings'

6

claim for damages or penalties on itemized wage statement grounds because he is an

7

exempt employee. This claim, therefore, must be denied.

8

### 4.   Runnings Has No Claim For Waiting Time Penalties.

9

The waiting time penalties sought by Runnings could be due only in the

10

event Runnings were owed wages at the time his employment terminates. Cal. Labor

11

Code §§ 201 and 203. While Dollar Tree disputes that Runnings is owed any overtime

12

or rest or meal period compensation, because he is an exempt employee, even if he

13

were owed such wages, Runnings is still employed by Dollar Tree. Thus, he has no

14

standing to assert a claim for waiting time penalties.

15

### V.   CONCLUSION

16

Runnings is an exempt executive employee under California law as he

17

spends a majority of his time performing exempt functions. Runnings cannot reclassify

18

his position by failing to carry out his job duties in accordance with Dollar Tree's policies

19

and reasonable expectations even if such failure causes him to spend more than fifty

20

percent of his time on non-exempt tasks. Therefore, Dollar Tree respectfully submits it is

21

entitled to summary judgment on all counts.

22

///

23

///

24

///

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-21-

1    Assuming *arguendo* the court does not grant summary judgment, Runnings

2  cannot recover upon any of his claims arising prior to December 11, 2004.  Pursuant to

3  the Order and Judgment Granting Final Approval of Settlement, attached as Exhibit A to

4  the RJN, Runnings, as a putative class member, is prevented from asserting claims

5  relating to overtime and meal and rest break violations arising before December 11,

6  2004.

7  DATED:        January 19, 2008              Respectfully submitted,

8                                             KAUFF MCCLAIN & MCGUIRE LLP

9
                                             By:_____/S/_____
10                                                        ALEX HERNAEZ

11                                           Attorneys for Defendant
                                             DOLLAR TREE STORES, INC.

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ROBERT RUNNINGS;    CASE NOS. C 07-2050 SC &
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF              C 07-04012 SC