1 | MAUREEN E. MCCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
2 | ALEX HERNAEZ (State Bar No. 201441)
Email: hernaez@kmm.com
3 | KAUFF MCCLAIN & MCGUIRE LLP
One Post Street, Suite 2600
4 | San Francisco, California 94104
Tel:   (415) 421-3111
5 | Fax:  (415) 421-0938

6 | Attorneys for Defendant
DOLLAR TREE STORES, INC.

7 |

8 | BETH HIRSCH BERMAN (VA Bar No. 28091)
Email: bberman@williamsmullen.com
WILLIAMS MULLEN
9 | Dominion Tower, Suite 1700, 999 Waterside Drive
Norfolk, Virginia 23510
10 | Telephone:   (757) 629-0604
Facsimile:    (757) 629-0660

11 |

12 | *Pro Hac Vice* Attorneys for Defendant
DOLLAR TREE STORES, INC.

13 |

14 | UNITED STATES DISTRICT COURT

15 | NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CRUZ, and JOHN D. HANSEN, individually and on behalf of all others similarly situated, | CASE NO.  C 07 2050 SC |
| Plaintiffs, | |
| v. | |
| DOLLAR TREE STORES, INC., | |
| Defendant. | |
| ROBERT RUNNINGS individually, and on behalf of all others similarly situated, | CASE NO. C 07 04012 SC |
| Plaintiff, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT DOLLAR TREE STORES, INC.'S MOTION FOR SUMMARY JUDGMENT [RUNNINGS]** |
| v. | |
| DOLLAR TREE STORES, INC., | |
| Defendant. | **JUDGE:** Hon. Samuel Conti |
| | **COMPLAINTS FILED:** April 11, 2007 July 6, 2007 |
| | **TRIAL DATES:** No dates set. |

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT DOLLAR
TREE STORES, INC.'S MOTION FOR SUMMARY JUDGMENT [RUNNINGS]

CASE NOS. C 07-2050 SC &
C 07-04012 SC

1    Defendant Dollar Tree Stores, Inc. hereby requests that the Court take

2  judicial notice of the following document pursuant to Federal Rule of Evidence 201:

3    **Exhibit A**:    The *Order and Judgment Granting Final Approval of*

4  *Settlement* was filed on July 14, 2005, in the Superior Court for Orange County (Case

5  No. 01CC00329). *See Hott v. City of San Jose*, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000)

6  ("Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of papers

7  filed in other courts.").

8

9  DATED:    January 19, 2008    Respectfully submitted,

10    KAUFF MCCLAIN & MCGUIRE LLP

11

12    By:_____ /S/ _____
    ALEX HERNAEZ

13    Attorneys for Defendant
    DOLLAR TREE STORES, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT DOLLAR TREE
STORES, INC.'S MOTION FOR SUMMARY JUDGMENT [RUNNINGS]

CASE NOS. C 07-2050 SC &
C 07-04012 SC

**Exhibit A**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

ELECTRONICALLY
RECEIVED

JUL 1 4 2005

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

ALAN SLATER, Clerk of the Court
Ɉ Frausto
BY J. FRAUSTO

Jun 29 2005

ALAN SLATER, Clerk of the Court

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

MICHAEL WILLIAMS, et al, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

DOLLAR TREE STORES, INC. a Virginia corporation; DOLLAR TREE STORES, INC., dba DOLLAR TREE, DOLLAR BILL$, ONLY $1.00, ONLY $ONE, 98 CENT CLEARANCE CENTER and DOLLAR EXPRESS and DOES 1 through 50, inclusive

Defendants.

Related and Consolidated actions:
1. Maples v. Dollar Tree, OCSC 01CC12593
2. Marshall v. Dollar Tree, OCSC 01CC00390
3. Young v. Dollar Tree, OCSC 02CC00045

Case No. 01CC00329

*CONSOLIDATED AND ASSIGNED FOR ALL PURPOSES TO THE HONORABLE RONALD L. BAUER*

[Proposed] **ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF SETTLEMENT**

Date: June 27, 2005
Time: 10:30 a.m.
Dept.: CX-103

This matter having come before the Court for hearing, pursuant to the Order of the Court, ("Preliminary Approval Order"), on the application of Plaintiffs for approval of the settlement set forth in the Class Action Stipulation Regarding Settlement, attached as Exhibit A to the Joint Motion for Preliminary Approval ("Stipulation"), due and adequate notice having been given to the Class as required

1

JSTIP

in said Preliminary Approval Order, the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the matter, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      This Order and Judgment Granting Final Approval of Settlement ("Final Judgment") incorporates by reference the definitions set forth in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all members of the Class.

3.      The Court finds that the mailing of the Notice of Settlement to the 980 putative class members was properly administered by Rust Consulting Inc., pursuant to Court order and that in connection with the mailing of the notice the response was as follows: 672 Class Members filed timely and valid claims; 6 Class Members filed untimely claims; 8 individuals filed a timely and valid opt-out; and no objections were filed.

4.      This Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Class. Consummation of the settlement in accordance with the terms and provisions of the Stipulation is approved. The settlement shall be binding upon all members of the Class, who did not timely elect to be excluded from the Class when an opportunity was provided by the Court. In this case, the settlement shall not be binding on the eight individuals who filed a timely and valid opt-out.

5.      Defendant, Dollar Tree Stores Inc., shall pay the total, gross sum of $7,644,240.00 to or for the benefit of the Class, or to the attorneys for the Class (the "Settlement Fund"), in the manner more fully set forth below.   In addition, Dollar Tree shall also pay an additional amount to pay costs of claims administration in the amount of $30,000 as set forth in Section VI.A.4 of the Stipulation. Dollar Tree shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided in the Stipulation. The remaining $9,926.24 to cover the balance of the services provided by the claims administrator shall be paid out of the Settlement Fund.

[Proposed] ORDER AND JUDGMENT GRANTING
FINAL APPROVAL OF SETTLEMENT

6.    (a) Entry of this Final Judgment shall further constitute a release by Each Class and each member of the Dollar Tree Class as set out in the Stipulation, on behalf of himself/herself, and each of his/her descendants, dependents, heirs, executors, administrators, assigns, successors, agents and attorneys, does hereby and is deemed to forever release, discharge, and promise not to sue Dollar Tree Stores, Inc., as well as its past, present and future corporate parents, subsidiaries, divisions, affiliates, predecessors, successors, shareholders, officers, directors, employees, agents, attorneys, insurers, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors and privies, and each of them (collectively, the "Releasees"), with respect to and from

> any and all claims, actions, causes of action, suits, agreements, obligations, liens, demands, damages, debts, obligations, guarantees, costs, expenses, attorney's fees, damages, controversies, liabilities, action or causes of action contingent or accrued of any kind whatsoever, in law or in equity, whether contractual or tort, common law, statutory or administrative, federal, state or otherwise, and whether known or unknown, suspected or unsuspected, which the Class Member has, had, or hereafter may claim to have, against Releasees, or any of them, which are based on, or in any way related to, the classification of Class Members as exempt employees under any federal, state or local law, the nonpayment of or failure to record overtime under any federal, state or local law, the failure to pay penalties under the California Labor Code (including without limitation penalties under Labor Code sections 203, 226.7 and 558 and under Wage Order 7 of the Industrial Welfare Commission), the failure to grant, pay for or record meal and rest periods, and any other claims alleged or which could have been alleged relating to overtime compensation and/or meal periods and rest breaks , including without limitation to, all claims relating to overtime compensation and/or meal periods and rest breaks arising under the Fair Labor Standards Act, the California Labor Code or Business & Professions Code (including Section 17200), or the Wage Orders of the California Industrial Welfare Commission; claims for restitution and other equitable relief, liquidated damages, punitive damages, waiting time penalties, penalties of any nature whatsoever, retirement, health benefits, stock options, stock deferred compensation benefits or any other benefit claimed on account of unpaid overtime, attorneys' fees and costs, whether known or unknown, during the Class Period, arising from employment by Dollar Tree and 98 Cent or termination from employment by Dollar Tree or 98 Cent within California. All members of the Settlement Class also hereby release any claim under Labor Code section 2699, and agree that they will not participate in any proceeding seeking penalties under Section 2699.

    (b)    In addition, all Participating Class Members waive the provisions of California Civil Code § 1542 as to the above Released Claims. Civil Code § 1542 statues as follows:

---

3

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlements with the debtor.

(c)    Furthermore, upon occurrence of the Effective Settlement Date, the Court finds that each and every Participating Class Member, including the Class Representatives, and all successors in interest shall be permanently enjoined and forever barred from prosecuting any and all Released Claims against the Releasees or any related entity or individual. Thus, subject to and in accordance with this Stipulation re Settlement, even if the Plaintiffs and/or the Participating Class Members, or any of them, may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of Released Claims, the Plaintiffs and each Participating Class Member, upon the Effective Settlement Date, shall be deemed to have and by operation of the Judgment shall have fully, finally, and forever settled and released any and all claims raised in the consolidated Dollar Tree Overtime Action, or any of the other Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist.

7.    For purposes of these proceedings, the "Effective Date" is deemed by the Court to be the date when this order and judgment is entered and filed by the Court.

8.    This litigation (and all claims asserted at any time herein) is hereby fully and finally dismissed with prejudice, with each party to bear his/her/its own costs and attorneys' fees (except as otherwise expressly provided herein). Without limiting the generality and legal effect of the foregoing, this dismissal with prejudice extends to all claims ever asserted or could have been asserted in this litigation individually and/or on behalf of any group and/or purported or certified class and extends to all of the Settled Claims described in paragraph 7 above and the Joint Stipulation of Class Settlement.

9.    All members of the Class are barred and permanently enjoined from instituting, asserting or prosecuting, directly, representatively, derivatively or in any other capacity, any Settled Claims against Dollar Tree.

10.    The notice given to the Class of the settlement as described in the Stipulation and Preliminary Approval Order constituted the best notice practicable under the circumstances. The notice program provided due and adequate notice of these proceedings and of the matters set forth in the notice,

---

4

1    including the settlement set forth in the Stipulation, to all persons and entities entitled to such notice, and

2    said notice fully satisfied the requirements of due process and applicable law.

3        11.    There is no just reason for delay in entry of this Final Judgment, and therefore the Clerk of

4    the Court is hereby directed to enter this Final Judgment as the final Judgment of this Court in this case.

5        12.    For their efforts in prosecuting these actions the following individuals are awarded an

6    enhancement:

7        Donna Anderson        $3,710.00

8        Kim Lewis-Doria        $3,710.00

9        David Easter        $3,710.00

10       Alma Garcia        $3,710.00

11       Jason Maples        $3,710.00

12       Penny Young        $3,710.00

13

14       13.    All funds approved and/or awarded by the Court and set forth in this Order shall be paid

15   out according to the terms set forth in the Joint Stipulation Of Class Settlement And Release between

16   Plaintiffs and Defendant.

17       14.    With respect to those 6 Class Members who filed untimely claims, the Court hereby

18   finds that those claims shall be approved. No further late claims will be allowed without further order

19   of the Court.

20       15.    This Final Judgment is entered pursuant to Stipulation of the parties and is intended to

21   effectuate the settlement more fully described in the Stipulation.

22       16.    The Court sets a further status conference re final accounting for January 9, 2006 in CX

23   103.

24

25   DATED: _July 14, 2005_

26                        Honorable Ronald L. Bauer
                         Judge of the Superior Court
27

28

---

5

[Proposed] ORDER AND JUDGMENT GRANTING
FINAL APPROVAL OF SETTLEMENT