Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. # 220972)
Carrie Lin, Esq. (S.B. #241849)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
web: www.scalaw.com

Attorneys for Representative Plaintiff Robert
Runnings and the Plaintiff class

Don Edgar, Esq. (S.B. #139324)
Jeremy Fietz, Esq. (S.B. #200396)
**THE EDGAR LAW FIRM**
408 College Avenue
Santa Rosa, California 95401
Telephone: (707) 545-3200
Facsimile: (707) 587- 3040

Attorneys for Representative Plaintiffs John Hansen
and Miguel Cruz and the Plaintiff Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CRUZ and JOHN D. HANSEN, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>DOLLAR TREE STORES, INC.<br><br>Defendant. | **Case No.: C-07-02050 SC**<br><br>**CLASS ACTION**<br><br>**ROBERT RUNNINGS AND JOHN D. HANSEN'S NON-OPPOSITION AND REQUEST FOR HEARING ON DEFENDANT'S MOTION FOR RELIEF** |
| ROBERT RUNNINGS, et al.,<br><br>Plaintiff,<br>vs.<br><br>DOLLAR TREE STORES, INC.<br><br>Defendant. | **Case No.: C-07-4012 SC** (*Consolidated Action*)<br><br>**CLASS ACTION**<br><br>Trial Dates: No dates set<br>Date: *TBD*<br>Time: *TBD*<br>Judge: Hon. Samuel Conti<br>Courtroom: 1, 17th Floor |

- 1 -
Plaintiffs' Non-Opposition and Request for Hearing on Defendant's Motion for Miscellaneous Relief

1    Representative Plaintiffs respectfully submit this Statement of Non-Opposition, and Request
2 for a Hearing/Teleconference on Defendant's Motion for Miscellaneous Relief. Indeed, Plaintiffs
3 do not, as Defendant speculates, seek an "open-ended" briefing schedule on Defendant's Motions
4 for Summary Judgment; Plaintiffs understand that Defendant has the right to file dispositive motions
5 as it sees fit and, all things remaining equal, actually *prefers* getting a ruling on such motions out
6 of the way at the earliest practicable time. Having said that, however, Plaintiffs' counsel feel it
7 would be self-prejudicial to agree to file an Opposition to a motion that seeks not only to dismiss
8 the claims of the named plaintiffs, but also threatens the putative class, *before discovery has even*
9 *begun in earnest*.

10    While Plaintiffs' counsel does not object to the Court setting a briefing schedule for these
11 dispositive motions, it does object to Defendant's attempts to *color* this dispute in a self-serving
12 fashion. By way of background, it cannot be reasonably disputed that:

13    •    Plaintiffs propounded discovery on Defendant well in advance of Defendant's Motion
14 for Summary Judgment. *Exhibits A and B to the Declaration of Carrie S. Lin, Esq. In Support of*
15 *Plaintiffs' Partial Opposition to Defendant's Motion Lin Decl.* ("*Lin Decl.*") *Lin Decl.*, *¶ ¶ 2-3*.

16    •    Defendant failed to provide complete responses to this discovery after requesting and
17 being courteously granted *an extension of time* to respond thereto. One week prior to the new
18 response date, Defendant filed its Motions for Summary Judgment. *Exhibit C to the Lin Decl.*, *Lin*
19 *Decl. ¶ 4*.

20    •    Defendant's Motions for Summary Judgment *rely on the same class-wide discovery*
21 *that has been heretofore withheld* from Plaintiffs during the discovery process. Specifically, Dollar
22 Tree submitted a "summary" of putative class members' work related records, without even
23 providing the names or contact information of the putative class members who had completed them.
24 *Exhibit E to the Lin Decl.*, *Lin Decl. ¶ 6*.

25    •    Plaintiffs have not had an opportunity to compel supplemental discovery from
26 Defendant, nor have they had the opportunity to take any depositions from Defendant with the
27 benefit of written discovery. *Lin Decl. ¶ 7*.

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- • Plaintiffs' counsel has expressed these concerns to Defendant repeatedly. Defendant rejected these concerns, has kept the motions on calendar, has repeatedly insisted that Plaintiffs counsel commit to a briefing schedule *prior* to actual receipt of any supplemental discovery, and has rejected Plaintiffs' attorneys' proposal that the parties discuss these issues via a teleconference with the Court. In fact, after Plaintiffs' counsel, Scott Cole, coordinated a teleconference with Mr. Hernaez (Dollar Tree's attorney) and Jeremy Fietz (Plaintiff Hansen's counsel) on February 13, 2008, Mr. Hernaez, after threatening that he would just *rather file a motion*, ended the call by abruptly hanging up on Plaintiffs' counsel. *Lin Decl. ¶ 8*. These facts show an approach by Defendant's counsel that is a far cry from what is portrayed in the motion.

As explained above, while Plaintiffs' counsel will remain flexible to file their summary judgment Oppositions upon any reasonable timetable set by the Court, the potential prejudice to the named plaintiffs occasioned by the above-described events (which Plaintiffs' attorneys are happy to discuss further, should the Court agree that a hearing on the instant motion is warranted) should be kept in mind in setting those dates.

Dated: February 14, 2008.

Respectfully Submitted:
**SCOTT COLE & ASSOCIATES, APC**

By: /s/Carrie S. Lin
Carrie S. Lin, Esq.
Attorneys for Representative Plaintiff
Robert Runnings and the Plaintiff Class