# EXHIBIT A

1  Scott Edward Cole, Esq. (S.B. #160744)
   Matthew R. Bainer, Esq. (S.B. #220972)
2  Carrie S. Lin, Esq. (S.B. #241849)
   **SCOTT COLE & ASSOCIATES, APC**
3  1970 Broadway, Ninth Floor
   Oakland, California 94612
4  Telephone: (510) 891-9800
   Facsimile:  (510) 891-7030
5  web:  www.scalaw.com

6  Attorneys for Representative Plaintiff Robert Runnings
   and the Plaintiff Class
7

8  Don Edgar, Esq. (S.B. #139324)
   Jeremy Fietz, Esq. (S.B. #200396)
9  **THE EDGAR LAW FIRM**
   408 College Avenue
10 Santa Rosa, California 95401
   Telephone: (707) 545-3200
11 Facsimile: (707) 587- 3040

12 Attorneys for Representative Plaintiffs John Hansen
   and Miguel Cruz and the Plaintiff Class

13

14                **UNITED STATES DISTRICT COURT**

15               **NORTHERN DISTRICT OF CALIFORNIA**

16

17 MIGUEL A. CRUZ and JOHN D.            )   Case No.: C-07-02050 SC
   HANSEN, et al.,                       )
18                                        )   CLASS ACTION
                          Plaintiffs,     )
19 vs.                                    )   **REPRESENTATIVE PLAINTIFFS'**
                                          )   **SPECIAL INTERROGATORIES (SET ONE)**
20 DOLLAR TREE STORES, INC.              )
                                          )
21                        Defendant.      )
                                          )
22 ROBERT RUNNINGS, et al.,              )   **Case No.: C-07-4012 SC**
                                          )   *(Consolidated Action)*
23                        Plaintiffs,     )
   vs.                                    )   CLASS ACTION
24                                        )
   DOLLAR TREE STORES, INC.              )
25                                        )
                          Defendant.      )
26 ─────────────────────────────────────  )

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   PROPOUNDING PARTY:   Representative Plaintiffs

2   RESPONDING PARTY:    Defendant Dollar Tree Stores

3   SET NO:              One

4

5   **PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure Rule 33(b)(3),

6   Representative Plaintiffs in the above-entitled action hereby request that you answer the following

7   special interrogatories, in full, within thirty (30) days from the date of service of this notice.

8

9   ## INSTRUCTIONS

10   In answering these interrogatories, furnish all such information as is available to you, not

11   merely such information as you know of your own personal knowledge, including, but not

12   necessarily limited to, information which is in the possession of your attorneys and/or all

13   investigators for your attorneys, and/or any investigators retained or hired by you, prior to seeking

14   legal advice, and or any investigations conducted by your supervisors, employees, and/or agents. If

15   any of the interrogatories herein cannot be answered in full after exercising due diligence to secure

16   such information, please answer to the extent possible, whether or not based on hearsay, and specify

17   the reason for your inability to answer the remainder.

18   The interrogatories set forth hereinafter are deemed to incorporate all introductory matter,

19   including, but not necessarily limited to, definitions of certain terms as set forth by Plaintiffs.

20   **YOU ARE HEREBY REQUESTED TO READ CAREFULLY ALL SUCH**

21   **DEFINITIONS.**

22   In any instance where the answer to any interrogatory is contained in [a] document(s) or

23   where you are asked to identify [a] document(s), Representative Plaintiffs request, in lieu of or in

24   addition to identification, that you attach the document(s) to your answers and indicate clearly to

25   which interrogatory each document or documents are applicable.

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**DEFINITIONS**

1.    The term **"Defendant," "You"** or **"Your(s)"** refers to the party(ies) to which these requests are propounded and any agents, employees, officers, directors, subsidiaries, affiliates, predecessor corporation(s), both present and former, including their attorneys and insurers, except to the extent that a privilege not to answer is specifically stated.

2.    The term **"Class(es)"** refer(s) to each [of the] class definition(s) provided in the **Complaint** (as defined in this section, below).

3.    The term **"Class Member(s)"** refer(s) to each and every one of the named plaintiffs in the above-captioned action as well as each and every person eligible for membership in one or more of the plaintiff class(es) and/or subclass(es), as described and defined in the operative Complaint(s) filed in this action and, if a consolidation or coordination of actions, the collective allegations and parties to each and every one of the included actions.

4.    The term **"Representative Plaintiff(s)"** refer(s) to each and every named plaintiff identified in the operative Complaint(s) filed in this action and, if a consolidation or coordination of actions, the collective allegations to each and every one of the included actions.

5.    **"Persons"** and/or **"individual(s)"** means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, employers, or any other kind of entity or subsidiary, division and/or department thereof.

6.    **"Complaint"** refer(s) to the operative (most recent version of and/or amendment to) Complaint filed in this action and, if a consolidation or coordination of actions, the collective allegations and parties to each and every one of the Included/Consolidated/Coordinated Complaints.

7.    **"Document(s)"** or **"records"** shall mean a writing, as defined by Federal Rules of Evidence 1001, and shall include writings and printed matter of any kind and description, including, but not limited to: electronically-stored data, including computer disks or tapes; electronic audio or video recordings and the scripts of same; electronic or hard copy embodiments of analytical or monitoring equipment or devices; photographs; drawings; maps; sketches; plot plans; diagrams; notes; minutes and electronic recordings of oral communications; letters and memoranda; computer printouts and any hard copy representation(s) of data, information and/or other record compilations

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  which are stored by means of computer or electronic devices; logs; charts or strips of analytical or

2  monitoring equipment; x-rays or other output of radiographic examinations; transcripts of testimony

3  and proceedings; videotapes; films; blueprints; reports; summaries; newspaper accounts; statements;

4  estimates; proposals and protocols; citations; orders and court pleadings. It shall also include any

5  additional copy or duplicate of any document as described above which contains any handwriting,

6  typewriting, notation, modification or other addition thereto of any kind, as well as any rough or

7  preliminary draft(s) of the document. Defendant shall produce those documents and/or other tangible

8  items sought herein whether or not created, maintained, distributed, acquired or otherwise in the

9  possession of any predecessor corporations or business entities to the extent that said documents

10  and/or tangible items are within the care, custody and/or control of Defendant.

11    8.    For each interrogatory wherein a request is made to **"identify"** an individual or group

12  or class of individuals, state with respect to such individual or group/class of individuals:

13        a.    His, her, or its name;

14        b.    His, her, or its known or last known home address and telephone number;

15        c.    His, her, or its business address and telephone number and that/those of his,

16            her, or its employer(s); and,

17        d.    His, her, or its relationship to you.

18    9.    For each interrogatory wherein a request is made to **"identify"** and/or **"describe"** any

19  function(s) or job task(s), state with respect to such **"function(s)/job task(s)"**:

20        a.    The frequency with which the **"function(s)/job task(s)"** is to be performed;

21        b.    The weight, if any, an individual performing that **"function(s)/job task(s)"**
            is required to lift; and

22

23        c.    Whether the **"function(s)/job task(s)"** is/are the responsibility of other
            employees.

24    10.    The time period covered by these requests shall be the most expansive class period

25  defined in the **Complaint** (i.e., four years prior to the filing of the initial **Complaint**), through the

26  present, unless otherwise specified (herein also referred to as the **"class period"**). Unless so

27  specified, each and every interrogatory herein requests information made available and/or acquired

28  by **You** and/or within **Your** possession, custody, or control during said period and/or generated prior

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  thereto, but remaining in effect or becoming effective at any point in time during said period and/or

2  information known or believed to exist during said period and/or in effect or becoming effective at

3  any point during said period.

4      11.        The conjunctive shall also include the disjunctive and vice versa.

5      12.        The singular shall also include the plural and vice versa.

6

7  **INTERROGATORIES**

8  INTERROGATORY NO. 1:

9      **Identify** each and every **Class Member**.

10  INTERROGATORY NO. 2:

11      **Identify** each facility (by address, telephone number and/or location number, if applicable)

12  where any **Class Member** has performed work for **You** at any time during the **class period**.

13  INTERROGATORY NO. 3:

14      **Identify** and/or **describe** how **You** determine whether **Class Members** should be paid on

15  an overtime-exempt basis for each pay period with the **class period**.

16  INTERROGATORY NO. 4:

17      **Identify** and/or **describe** each task performed by **Class Members** that **You** contend is

18  exempt under California law.

19  INTERROGATORY NO. 5:

20      **Identify** and/or **describe** each task performed by **Class Members** that **You** consider to be

21  non-exempt under California law.

22  INTERROGATORY NO. 6:

23      **Describe** all efforts **You** have made to ensure that **Class Members** are performing more

24  exempt than non-exempt work for each pay period within the **class period**.

25  INTERROGATORY NO. 7:

26      **Identify** and/or **describe Your** policies and procedures regarding the methods by which

27  **Class Members** reported the number of hours worked for each week during the **class period**.

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   INTERROGATORY NO. 8:

2       Identify and/or describe any and all efforts made by You to provide or permit Class

3   Members to take meal and/or rest breaks.

4   INTERROGATORY NO. 9:

5       Identify and/or describe any and all efforts made by You to inform Class Members of the

6   applicable test for the Executive Exemption to California's overtime laws.

7

8   Dated: December 13, 2007

9                                   SCOTT COLE & ASSOCIATES, APC

10      By:    _____

11                  Carrie S. Lin, Esq.
                    Attorneys for the Representative Plaintiffs
12                  and the Plaintiff Class

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

# EXHIBIT B

1  Scott Edward Cole, Esq. (S.B. #160744)
2  Matthew R. Bainer, Esq. (S.B. #220972)
   Carrie S. Lin, Esq. (S.B. #241849)
3  **SCOTT COLE & ASSOCIATES, APC**
   1970 Broadway, Ninth Floor
4  Oakland, California 94612
   Telephone: (510) 891-9800
5  Facsimile: (510) 891-7030
   web: www.scalaw.com

6  Attorneys for Representative Plaintiff Robert Runnings
7  and the Plaintiff Class

8  Don Edgar, Esq. (S.B. #139324)
   Jeremy Fietz, Esq. (S.B. #200396)
9  **THE EDGAR LAW FIRM**
   408 College Avenue
10 Santa Rosa, California 95401
   Telephone: (707) 545-3200
11 Facsimile: (707) 587- 3040

12 Attorneys for Representative Plaintiffs John Hansen
   and Miguel Cruz and the Plaintiff Class

13

14                 **UNITED STATES DISTRICT COURT**

15                **NORTHERN DISTRICT OF CALIFORNIA**

16

17 MIGUEL A. CRUZ and JOHN D.        )    Case No.: C-07-02050 SC
   HANSEN, et al.,                   )
18                                   )    **CLASS ACTION**
                   Plaintiffs,       )
19 vs.                               )    **REPRESENTATIVE PLAINTIFFS'**
                                     )    **REQUEST FOR PRODUCTION OF**
20 DOLLAR TREE STORES, INC.          )    **DOCUMENTS AND THINGS (SET ONE)**
                                     )
21                 Defendant.        )
                                     )
22 ROBERT RUNNINGS, et al.,          )    Case No.: C-07-4012 SC
                                     )    *(Consolidated Action)*
23                 Plaintiff,        )
   vs.                               )    **CLASS ACTION**
24                                   )
   DOLLAR TREE STORES, INC.          )
25                                   )
                   Defendant.        )
26 ————————————————————              )

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL.: (510) 891-9800

PROPOUNDING PARTY:    Representative Plaintiffs

RESPONDING PARTY:    Defendant Dollar Tree Stores

SET NO:    One

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 34, Representative Plaintiffs in the above-entitled action hereby demand that you identify and produce therefor the following documents in your possession, custody and/or control, as described below. Defendant is directed to produce the specified documents within thirty (30) days of the date of service of these demands. Said production shall take place at the law offices of **Scott Cole & Associates, APC**, located at 1970 Broadway, Ninth Floor, Oakland, California 94612.

Please also take notice that, pursuant to Federal Rule of Civil Procedure 34(b), Defendant is required to serve a written response to this inspection demand within thirty (30) days from the date of service of this demand.

## DEFINITIONS AND INSTRUCTIONS

1.    The term **"Defendant," "You"** or **"Your(s)"** refers to the party(ies) to which these requests are propounded and any agents, employees, officers, directors, subsidiaries, affiliates, predecessor corporation(s), both present and former, including their attorneys and insurers, except to the extent that a privilege not to answer is specifically stated.

2.    The term **"Class(es)"** refer(s) to each [of the] class definition(s) provided in the **Complaint** (as defined herein).

3.    The term **"Class Member(s)"** refer(s) to [each and every one of] the named plaintiffs in the above-captioned action as well as each and every person eligible for membership in one or more of the plaintiff class(es) and/or subclass(es), as described and defined in the operative Complaint(s) filed in this action and, if a consolidation or coordination of actions, the collective allegations and parties to each and every one of the included actions.

4.    The term **"Representative Plaintiff(s)"** refer(s) to each and every named plaintiff identified in the operative Complaint(s) filed in this action and, if a consolidation or coordination

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    of actions, the collective allegations to each and every one of the included actions.

2         5.     "**Persons**" and/or "**individual**(s)" means natural persons, corporations, partnerships,

3    sole proprietorships, unions, associations, federations, employers, or any other kind of entity or

4    subsidiary, division and/or department thereof.

5         6.     "**Complaint**" refer(s) to the operative (most recent version of and/or amendment to)

6    Complaint filed in this action and, if a consolidation or coordination of actions, the collective

7    allegations and parties to each and every one of the Included/Consolidated/Coordinated Complaints.

8         7.     "**Document(s)**" or "**records**" shall mean a writing, as defined by Federal Rules of

9    Evidence 1001, and shall include writings and printed matter of any kind and description, including,

10   but not limited to: electronically-stored data, including computer disks or tapes; electronic audio or

11   video recordings and the scripts of same; electronic or hard copy embodiments of analytical or

12   monitoring equipment or devices; photographs; drawings; maps; sketches; plot plans; diagrams;

13   notes; minutes and electronic recordings of oral communications; letters and memoranda; computer

14   printouts and any hard copy representation(s) of data, information and/or other record compilations

15   which are stored by means of computer or electronic devices; logs; charts or strips of analytical or

16   monitoring equipment; x-rays or other output of radiographic examinations; transcripts of testimony

17   and proceedings; videotapes; films; blueprints; reports; summaries; newspaper accounts; statements;

18   estimates; proposals and protocols; citations; orders and court pleadings. It shall also include any

19   additional copy or duplicate of any document as described above which contains any handwriting,

20   typewriting, notation, modification or other addition thereto of any kind, as well as any rough or

21   preliminary draft(s) of the document. Defendant shall produce those documents and/or other tangible

22   items sought herein whether or not created, maintained, distributed, acquired or otherwise in the

23   possession of any predecessor corporations or business entities to the extent that said documents

24   and/or tangible items are within the care, custody and/or control of Defendant.

25        8.     The words "**identifying**," "**describing**," "**referring to**," "**relating to**," "**concerning**"

26   or variations thereof, as used herein in connection with any category of documents, means and

27   includes all documents that discuss, constitute, memorialize, mention, summarize, reflect, refer to

28   or may provide evidence of the subject matter of such category of **documents**.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

9.       If any information called for by any discovery request herein is withheld because **You** claim that such information constitutes a privileged **document** and/or communication, state the following with respect to each **document** or communication:

     a.     the date;

     b.     the identity of the author or maker, including the business or legal title or position and the individual's current address, and business and residence telephone numbers;

     c.     the identity of the recipient, including business or legal title or position and the individual's current address and business and residence telephone numbers;

     d.     the number of pages;

     e.     the subject matter;

     f.     the identity of all other persons who received copies of the **document** or otherwise learned of the document or communication; and

     g.     the specific factual basis of the claimed privilege.

10.       If any **document** requested has already been produced pursuant to previous discovery in this litigation, state with respect to such **document**:

     a.     the Bates number of the **document**, if applicable;

     b.     the date of the **document**;

     c.     the person who originated the **document**;

     d.     the present location of the **document**; and

     e.     the person in whose possession or under whose control the **document** presently is and the relationship of this **"person"** to **You**, if any.

11.       The time period covered by these requests shall be the most expansive class period defined in the **Complaint** (i.e., four years prior to the filing of the initial **Complaint**), through the present, unless otherwise specified (herein also referred to as the **"class period"**). Unless so specified, each and every demand herein requests **documents** generated or acquired by **You** and/or within **Your** possession, custody and/or control during said period <u>and/or</u> generated prior thereto, but remaining in effect or becoming effective at any point in time during said period.

12.       The conjunctive shall also include the disjunctive and vice versa.

13.       The singular shall also include the plural and vice versa.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## DOCUMENT REQUESTS

1.    All **documents referring** or **relating** to performance evaluations, awards, commendations and/or criticisms of the **Representative Plaintiffs** by any of **Your** current or former employees or agents.

2.    All **documents referring** or **relating** to communications with and/or statements by any employee, contractor and/or agent of **Yours** regarding the **Representative Plaintiffs** or this legal action.

3.    A list of the facilities (by address, telephone number and/or location number, if applicable) (whether or not operational and/or under **Your** control at the present time) where any **Class Member** has performed work at any time during the **class period**.

4.    All organizational charts that **identify** and/or **describe** each and every job position that reported, directly or indirectly, to **Class Members**, or any of them, during the **class period**.

5.    All **documents referring** or **relating** to any bonus and/or financial incentive programs in effect during the **class period** which were intended to provide compensation to the immediate supervisors of **Class Members**, or any of them.

6.    All **documents** which support **Your** contention, if any, that the job tasks performed by the **Representative Plaintiffs** are/were not representative of the job tasks performed by other **Class Members**.

7.    All **documents** which support **Your** contention, if any, that the job tasks performed by the **Representative Plaintiffs** differed, in any manner considered material by **You**, from the tasks **You** expect(ed) them to perform.

8.    All documents **referring** or **relating** to **Class Members'** knowledge of the applicable test for the Executive Exemption to California's overtime laws.

9.    All **documents referring** or **relating to Class Members'** communications with **Your** Human Resources department concerning responses on/to the "Payroll Certification" during any pay period.

10.    All **documents referring** or **relating to** any additional training you offered to **Class Members** as a result of Store Managers' statement of non-compliance on any "Payroll Certification"

form.

11.    All **documents referring** or **relating to** any disciplinary action you took against **Class Members** as a result of Store Managers' statement of non-compliance on any "Payroll Certification" form.

12.    All **documents referring** or **relating** to **Your** policies and procedures for receiving and reviewing **Class Members'** "Payroll Certifications" during each and very pay period.

13.    All **documents referring** or **relating** to the job candidate hiring criteria for each and every **Class Member** and/or **Class** position.

14.    All **documents referring** or **relating** to job descriptions, lists of particular positions' essential functions, task lists and/or actual duties for each and every **Class Member**.

15.    All **documents referring** to or evidencing any modifications/revisions (at any time during the **class period**) to **Your** job description for the Store Manager position.

16.    All **documents referring** to or evidencing any modifications/revisions (at any time) to **Your** job description for any Assistant Store Manager position.

17.    All **documents referring** to or evidencing any modifications/revisions (at any time during the **class period**) to the "Payroll Certification" form used by Store Managers.

18.    All **documents referring** to or **evidencing** any modifications/revisions (at any time during the **class period**) to the ASR (Automatic Store Replenishment) system used by **Class Members** to order supplies.

19.    All **documents referring** or **relating** to testing procedures for candidates applying for the Store Manager position.

20.    All time/motion studies **You** performed concerning the work of **Class Members**.

21.    All audits **You** performed concerning the work of **Class Members**.

22.    Copies of all video surveillance (and/or other forms of electronic or other media), generated during the **class period,** which recorded any **Class Member** performing labor.

23.    All **documents referring** or **relating** to work performed by **Class Members** for **You** during the **class period**.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

24.    All **documents referring** or **relating** to the list of tasks performed by **Class Members** that **You** contend are exempt under California law.

25.    All **documents referring** or **relating** to **Your** expectations regarding what non-exempt duties would be performed on a regular basis by **Class Members**.

26.    All **documents referring** or **relating** to **Your** expectations regarding what exempt duties would be performed on a regular basis by **Class Members**.

27.    All **documents referring** or **relating** to claims made by **Class Members**, whether verbally or in writing, against **You** regarding allegations of unpaid hours of work and/or a failure to provide meal and/or rest periods.

28.    All **documents referring** to or **evidencing** any modifications/revisions (at any time during the **class period**) to the Compass system for tracking time worked by **Your** employees.

29.    All **documents referring to**, or **evidencing** any disciplinary action **You** took against any **Class Member** during the **class period** for exceeding his or her allotted payroll budget.

30.    All **documents referring** or **relating** to efforts made by **You** to ensure that **Class Members** took meal and/or rest breaks.

31.    All **documents referring** or **relating** to **Your** expectations regarding the number of hours **Class Members** would work at **Your** facilities.

32.    All advance and/or work/time schedules, prepared at any time during the **class period**, which evidence **Class Members'** actual and/or anticipated hours of work.

33.    All **documents referring** or **relating** to efforts made by **You** to limit or prohibit overtime work by **Class Members**.

34.    All **documents referring** or **relating** to the methods or procedure(s) (including, but not necessarily limited to use of time keeping systems, punch clocks, written logs, verbal confirmations, register key-in procedures, swipe cards, etc.) for determining the number of hours (including overtime hours) actually and/or reportedly worked by **Class Members** during the **class period**.

35.    All **documents referring** or **relating** to the procedure(s) for collecting, maintaining and securing the integrity of payroll records regarding hours worked by **Class Members** during the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1 | class period.

2      36.    All **documents referring** or **relating** to the identity of individuals who have had

3 | access to records of the number of hours (including overtime hours) worked by **Class Members**

4 | during the **class period**.

5      37.    All **documents referring** or **relating** to the identity of individuals who were

6 | responsible for collecting and storing the **Class Members'** work hours during the **class period**.

7      38.    All time records (including, but not limited to, wage and/or deduction statements) for

8 | **Representative Plaintiffs** for work performed during the **class period**.

9      39.    All time records (including, but not limited to, wage and/or deduction statements) for

10 | **Class Members** for work performed during the **class period**.

11      40.    All **documents** which support **Your** contention, if any, that some or all of the

12 | allegations in the **Complaint** and/or **Class** definition(s) contained therein are inappropriate for class-

13 | wide adjudication.

14      41.    All **documents** identified in **Your** responses to Plaintiffs' Special Interrogatories,

15 | served concurrently herewith.

16      42.    All **documents referring** or **relating** to any disciplinary action taken by **You** against

17 | any person identified in **Your** Initial Disclosures.

18      43.    All **documents referring** or **relating** to any financial incentive program offered by

19 | **You** to any person identified in your Initial Disclosures.

20

21 | Dated: December 13, 2007

22                         **SCOTT COLE & ASSOCIATES, APC**

23           By:         _____

24                         Carrie S. Lin, Esq.

                            Attorneys for the Representative Plaintiffs

25                             and the Plaintiff Class

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    Scott Edward Cole, Esq. (S.B. #160744)
     Matthew R. Bainer, Esq. (S.B. #220972)
2    Carrie S. Lin, Esq (S.B. #241849)
     **SCOTT COLE & ASSOCIATES, APC**
3    1970 Broadway, Ninth Floor
     Oakland, California 94612
4    Telephone: (510) 891-9800
     Facsimile:  (510) 891-7030
5    web:    www.scalaw.com

6    Attorneys for Representative Plaintiff
     and the Plaintiff Classes
7
8    Don Edgar, Esq. (S.B. #139324)
     Jeremy Fietz, Esq. (S.B. #200396)
9    **THE EDGAR LAW GROUP**
     408 College Avenue
10   Santa Rosa, CA 95401
     Telephone: (707) 545-3200
11   Facsimile: (707) 587-3040

12   Attorneys for Representative Plaintiffs John Hansen
     and Miguel Cruz and the Plaintiff Class

13

14                 **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

16
17   MIGUEL A. CRUZ and JOHN D.           )   **Case No.: C-07-02050 SC**
     HANSEN, et al.,                      )
18                                        )   **PROOF OF SERVICE**
                      Plaintiffs,         )
19                                        )   **CLASS ACTION**
     v.                                   )
20                                        )
     DOLLAR TREE STORES, INC.             )
21                                        )
                      Defendant.          )
22   ROBERT RUNNINGS, et al.,             )   **Case No.: C-07-4012 SC**
                                          )   *(Consolidated Action)*
23                    Plaintiff,          )
     vs.                                  )   **CLASS ACTION**
24                                        )
     DOLLAR TREE STORES, INC.             )
25                                        )
                      Defendant           )
26                                        )
                                          )
27                                        )

28

## PROOF OF SERVICE

I am over 18 years of age and not a party to the within entitled action. I am employed at and my business address is the law offices of Scott Cole & Associates, A Professional Corporation, 1970 Broadway, Ninth Floor, Oakland, California 94612. On this date, I served a copy of:

**REPRESENTATIVE PLAINTIFFS' SPECIAL INTERROGATORIES (SET ONE)**

**REPRESENTATIVE PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS (SET ONE)**

on the attorney(s) for the parties to this action by the following method(s):

[X]    by placing one true copy thereof enclosed in a sealed envelope, and serving same as follows:

[ ]    by personally delivering same addressed as shown below, to an attorney, as indicated below, at the indicated address and serving same in accordance with CCP § 1011(a) by leaving same at the attorney's office, with the envelope being clearly labeled, as below, to indicate the attorney(s) being served, with a receptionist or with a person having charge thereof;

[X]    by placing same, with postage fully prepaid, in the United States Mail, addressed as indicated below. I am readily familiar with the practices of these law offices for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service in the same day in the ordinary course of business.

Maureen McClain, Esq.
Alex Hernaez, Esq.
**KAUFF MCCLAIN & MCGUIRE, LLP**
One Post Street, Ste. 2600
San Francisco, CA 94104

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed at Oakland, California, on December 13, 2007.

George Rafal

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# EXHIBIT C

## Carrie S. Lin

| | |
|---|---|
| **From:** | Carrie S. Lin |
| **Sent:** | Thursday, January 10, 2008 4:43 PM |
| **To:** | 'Hernaez, Alex' |
| **Cc:** | Legal Mgmt |
| **Subject:** | Discovery |

Alex,

Your proposed two week extension is fine. We will expect your client's responses on January 29th.

Carrie S. Lin, Esq.
Scott Cole & Associates, APC
Attorneys and Counselors
Telephone: (510) 891-9800
Facsimile: (510) 891-7030

*********************************************************************************************
Please Note:
The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender as soon as possible. In addition, please delete the erroneously received message from any device/media where the message is stored. Thank you.
*********************************************************************************************

Please visit our website at: http://www.scalaw.com for more information about Scott Cole & Associates, APC.

**From:** Hernaez, Alex [mailto:hernaez@kmm.com]
**Sent:** Thursday, January 10, 2008 1:47 PM
**To:** Carrie S. Lin
**Subject:** Discovery

## Are you OK with that 2-week extension?

Alex Hernaez
Kauff McClain & McGuire LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 955-1408
Mobile: (415) 902-5628
Fax: (415) 421-0938

www.kmm.com

This e-mail is intended only for the addressee and contains information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of

# EXHIBIT D

1  MAUREEN E. McCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  ALEX HERNAEZ (State Bar No. 201441)
   Email: hernaez@kmm.com
3  KAUFF McCLAIN & McGUIRE LLP
   One Post Street, Suite 2600
4  San Francisco, California 94104
   Telephone: (415) 421-3111
5  Facsimile: (415) 421-0938

6  Attorneys for Defendant
   DOLLAR TREE STORES, INC.
7
   BETH HIRSCH BERMAN (VA Bar No. 28091)
8  Email: bberman@williamsmullen.com
   WILLIAMS MULLEN
9  Dominion Tower, Suite 1700
   999 Waterside Drive
10 Norfolk, VA 23510
   Telephone: (757) 629-0604
11 Facsimile: (757) 629-0660

12 *Pro Hac Vice* Attorneys For Defendant
   DOLLAR TREE STORES, INC.
13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16
   MIGUEL A. CRUZ, and JOHN D. HANSEN,          CASE NO.  C 07 2050 SC
17 individually and on behalf of all others
   similarly situated,
18
                    Plaintiffs,
19
   v.
20
   DOLLAR TREE STORES, INC.,
21
                    Defendant.
22 ROBERT RUNNINGS individually, and on         CASE NO. C 07 04012 SC
   behalf of all others similarly situated,
23
                    Plaintiff,                  **RESPONSE TO**
                                                **REPRESENTATIVE PLAINTIFFS'**
24 v.                                           **SPECIAL INTERROGATORIES**
                                                **(SET ONE)**
25 DOLLAR TREE STORES, INC.,
                                                **JUDGE:**    Hon. Samuel Conti
26                  Defendant.                  **COMPLAINTS FILED:**    April 11, 2007
                                                                        July 6, 2007
27                                              **TRIAL DATES:**    No dates set.

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

RESPONSE TO REPRESENTATIVE PLAINTIFFS' SPECIAL
INTERROGATORIES (SET ONE)

CASE NO. C 07 2050 SC
CASE NO. C 07 04012 SC

1 PROPOUNDING PARTY: REPRESENTATIVE PLAINTIFFS

2 RESPONDING PARTY:    DEFENDANT DOLLAR TREE STORES, INC.

3 SET NUMBER:        One

4     Defendant Dollar Tree Stores, Inc. ("Dollar Tree") submits the following

5 responses, pursuant to Rule 33(b)(3) of the Federal Rules of Civil Procedure, to

6 Representative Plaintiffs' Special Interrogatories (Set One).

7                    **GENERAL OBJECTIONS**

8     These answers and objections are made solely for the purpose of this

9 action. Each answer is subject to all objections as to competence, relevance,

10 materiality, propriety and admissibility, and any and all other objections and grounds that

11 would require the exclusion of any statement if any interrogatories were asked of, or any

12 statements contained herein were made by, a witness present and testifying in court, all

13 of which objections and grounds are reserved and may be interposed at the time of trial.

14 The following answers are based upon information presently available to Defendant and,

15 except for explicit facts admitted herein, no incidental or implied admissions are intended

16 hereby. The fact that Defendant has answered or objected to any interrogatory or part

17 thereof should not be taken as an admission that Defendant accepts or admits the

18 existence of any facts set forth or assumed by such interrogatories or that such answer

19 or objection constitutes admissible evidence. The fact that Defendant has answered

20 part or all of any interrogatory is not intended and shall not be construed to be a waiver

21 by Defendant of all or any part of any objection to any interrogatory.

22     To the extent that any or all of the interrogatories call for information which

23 constitutes information or material prepared in anticipation of litigation or for trial or for

24 information or material covered by the work product doctrine or which constitutes

25 information which is privileged by virtue of the attorney-client privilege, Defendant

26 objects to each and every such interrogatory and thus will not supply or render any

27 information or material protected from discovery by virtue of the work product doctrine or

28 the attorney-client privilege.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-1-

RESPONSE TO REPRESENTATIVE PLAINTIFFS' SPECIAL
INTERROGATORIES (SET ONE)

CASE NO. C 07 2050 SC
CASE NO. C 07 04012 SC

1    Defendant objects to providing information regarding the so-called "Class

2    Members." Because no class has been certified, Class Members do not exists.

3    Moreover, Defendant contends that a class cannot be properly certified because of the

4    facts of this case. Responses herein will be generally limited to the named plaintiffs.

5    The above-stated objections are hereby made applicable to each and all of

6    these requests and are hereby, as to each and all of them, incorporated by reference as

7    if fully set forth therein.

8    **INTERROGATORY NO. 1:**

9    **Identify** each and every **Class Member**.

10   **RESPONSE TO INTERROGATORY NO. 1:**

11   Objection: this Interrogatory is overbroad, unduly burdensome, and outside

12   the scope of permissible discovery.

13   **INTERROGATORY NO. 2:**

14   **Identify** each facility (by address, telephone number and/or location

15   number, if applicable) where any **Class Member** has performed work for **You** at any

16   time during the **class period**.

17   **RESPONSE TO INTERROGATORY NO. 2:**

18   Defendant will produce documents in response to this Interrogatory.

19   Please see response to Request for Production No. 3.

20   **INTERROGATORY NO. 3:**

21   **Identify** and/or **describe** how **You** determine whether **Class Members**

22   should be paid on an overtime-exempt basis for each pay period with the **class period**.

23   **RESPONSE TO INTERROGATORY NO. 3:**

24   Objection: this Interrogatory seeks information protected by the attorney-

25   client privilege, is overbroad, unduly burdensome, and outside the scope of permissible

26   discovery. The premise of this Interrogatory is faulty and therefore Defendant cannot

27   answer it fully. Defendant classifies its various job classifications as exempt or non-

28   exempt. For example, Dollar Tree classifies its store managers as exempt. This

- 2 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

RESPONSE TO REPRESENTATIVE PLAINTIFFS' SPECIAL
INTERROGATORIES (SET ONE)

CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC

1    decision was made by personnel in Dollar Tree's human resources department in

2    consultation with outside counsel.  Defendant considered the job duties and position

3    description of its store managers, together with all applicable laws and regulations.

4    **INTERROGATORY NO. 4:**

5        **Identify** and/or **describe** each task performed by **Class Members** that

6    **You** contend is exempt under California law.

7    **RESPONSE TO INTERROGATORY NO. 4:**

8        Objection: this Interrogatory seeks information protected by the attorney-

9    client privilege, is overbroad, unduly burdensome, and outside the scope of permissible

10   discovery.  Defendant responds to this Interrogatory by directing plaintiffs to the store

11   manager job description, which has already been produced.

12       In addition, while all store managers have certain core duties in common,

13   depending upon the store in which they work store managers may have responsibility for

14   complying with state laws regarding the sale of alcohol and/or acceptance of food

15   stamps.  Some store managers are training managers which gives them additional

16   responsibilities and duties with respect to training store manager and assistant store

17   managers and providing assistance to them after they are trained.  Other store

18   managers have responsibility for visiting other stores and helping them with problems

19   that may arise.  Some store managers have responsibilities related to surveillance

20   cameras.  Depending on the location of the store, i.e. mall, strip shopping centers, stand

21   alone, and the particular landlord's requirements, the store managers have different

22   responsibilities with respect to the maintenance, upkeep and report of the store facilities

23   and areas immediately adjacent thereto and may have different responsibilities with

24   respect to their tenancy.  A few of Defendant's stores sell merchandise at multi-price

25   points, thereby requiring pricing information for which the store manager is responsible.

26   Store managers in different districts have different responsibilities with respect to hiring,

27   firing, promoting and setting pay rates for the store employees.

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 3 -

RESPONSE TO REPRESENTATIVE PLAINTIFFS' SPECIAL
INTERROGATORIES (SET ONE)

CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC

1  **INTERROGATORY NO. 5:**

2      **Identify** and or **describe** each task performed by **Class Members** that

3  **You** consider to be non-exempt under California law.

4  **RESPONSE TO INTERROGATORY NO. 5:**

5      Objection: this Interrogatory seeks information protected by the attorney-

6  client privilege, is overbroad, unduly burdensome, and outside the scope of permissible

7  discovery. Defendant cannot reasonably answer this Interrogatory because, inter alia, it

8  involves an individualized inquiry as to each putative "class member." Moreover, as

9  noted above, an inquiry of this scope is premature because no class has been certified.

10 **INTERROGATORY NO. 6:**

11     **Describe** all efforts **You** have made to ensure that **Class Members** are

12 performing more exempt than non-exempt work for each pay period within the **class**

13 **period**.

14 **RESPONSE TO INTERROGATORY NO. 6:**

15     Objection: this Interrogatory seeks information protected by the attorney-

16 client privilege, is overbroad, unduly burdensome, and outside the scope of permissible

17 discovery. Defendant responds to this Interrogatory by directing plaintiffs to the

18 certification documents (both manual and automated), which have already been

19 produced. In addition, District Managers are charged with the responsibility of ensuring

20 that Defendant's store managers perform work consistent with their status as exempt

21 employees.

22 **INTERROGATORY NO. 7:**

23     **Identify** and/or **describe Your** policies and procedures regarding the

24 methods by which **Class Members** reported the number of hours worked for each week

25 during the **class period**.

26 **RESPONSE TO INTERROGATORY NO. 7:**

27     Objection: this Interrogatory seeks information protected by the attorney-

28 client privilege, is overbroad, unduly burdensome, and outside the scope of permissible

- 4 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

RESPONSE TO REPRESENTATIVE PLAINTIFFS' SPECIAL
INTERROGATORIES (SET ONE)                                    CASE NO. C 07 2050 SC
                                                            CASE NO. C 07 4012 SC

1    discovery.  Defendant responds to this Interrogatory by directing plaintiffs to the work

2    schedules of the representative plaintiffs, which have already been produced.

3    **INTERROGATORY NO. 8:**

4         **Identify** and/or **describe** any and all efforts made by **You** to provide or

5    permit **Class Members** to take meal and/or rest breaks.

6    **RESPONSE TO INTERROGATORY NO. 8:**

7         Objection: this Interrogatory seeks information protected by the attorney-

8    client privilege, is overbroad, unduly burdensome, and outside the scope of permissible

9    discovery. Although not required by applicable law, Plaintiffs made their own schedules

10   and were encouraged by District Managers to take meal and rest breaks.  Plaintiffs also

11   received training regarding meal and rest breaks.

12   **INTERROGATORY NO. 9:**

13        **Identify** and/or **describe** any and all efforts made by **You** to inform **Class**

14   **Members** of the applicable test for the Executive Exemption to California's overtime

15   laws.

16   **RESPONSE TO INTERROGATORY NO. 9:**

17        Objection: this Interrogatory seeks information protected by the attorney-

18   client privilege, is overbroad, unduly burdensome, and outside the scope of permissible

19   discovery.

20   DATED:     January 29, 2008          KAUFF MCCLAIN & MCGUIRE LLP

21

22

23                                        By: _____
                                              ALEX HERNAEZ
24
                                          Attorneys for Defendant
25                                        DOLLAR TREE STORES, INC.

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

RESPONSE TO REPRESENTATIVE PLAINTIFFS' SPECIAL
INTERROGATORIES (SET ONE)

CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC

1

## PROOF OF SERVICE BY MAIL

2      I am a citizen of the United States and employed in San Francisco County,

3   California. I am over the age of eighteen years and not a party to the within-entitled

4   action. My business address is One Post Street, Suite 2600, San Francisco, California

5   94104. I am readily familiar with this firm's practice for collection and processing of

6   correspondence for mailing with the United States Postal Service. On January 29, 2008,

7   I placed with this firm at the above address for deposit with the United States Postal

8   Service a true and correct copy of the within document(s):

9      **RESPONSE TO REPRESENTATIVE PLAINTIFFS'
        SPECIAL INTERROGATORIES (SET ONE)**

10

11   in a sealed envelope, postage fully paid, addressed as follows:

12   Scott Edward Cole, Esq.              Jeremy R. Fietz, Esq.
     Scott Cole & Associates, APC         Edgar Law Firm

13   The World Savings Tower               408 College Avenue
     1970 Broadway, Ninth Floor           Santa Rosa, CA 95401

14   Oakland, CA 94612

15      Following ordinary business practices, the envelope was sealed and

16   placed for collection and mailing on this date, and would, in the ordinary course of

17   business, be deposited with the United States Postal Service on this date.

18      I declare that I am employed in the office of a member of the bar of this

19   court at whose direction the service was made.

20      Executed on January 29, 2008, at San Francisco, California.

21

22   _____

23                                   Rita I. Chavez

24   4831-7786-7266.2

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

RESPONSE TO REPRESENTATIVE PLAINTIFFS' SPECIAL
INTERROGATORIES (SET ONE)

CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC

# EXHIBIT E

1    MAUREEN E. MCCLAIN (State Bar No. 062050)
     Email: mcclain@kmm.com
2    ALEX HERNAEZ (State Bar No. 201441)
     Email: hernaez@kmm.com
3    KAUFF MCCLAIN & MCGUIRE LLP
     One Post Street, Suite 2600
4    San Francisco, California  94104
     Telephone:   (415) 421-3111
5    Facsimile:   (415) 421-0938

6    Attorneys for Defendant
     DOLLAR TREE STORES, INC.
7

8    BETH HIRSCH BERMAN (VA Bar No. 28091)
     Email: bberman@williamsmullen.com
     WILLIAMS MULLEN
9    Dominion Tower, Suite 1700
     999 Waterside Drive
10   Norfolk, Virginia  23510
     Telephone:   (757) 629-0604
11   Facsimile:   (757) 629-0660

12   Attorneys for Defendant
     DOLLAR TREE STORES, INC.
13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16   MIGUEL E. CRUZ, and JOHN D. HANSEN,          CASE NO.  C 07 2050 SC
     individually and on behalf of all others
17   similarly situated,

18                    Plaintiffs,

19   v.

20   DOLLAR TREE STORES, INC.,

21                    Defendant.

22   ROBERT RUNNINGS individually, and on         CASE NO.  C 07 04012 SC
     behalf of all others similarly situated,
23                                                **DECLARATION OF CHARLOTTA
                                                  JACOBSEN-ALLEN**
24                    Plaintiff,

25   v.                                           **JUDGE:**    Hon. Samuel Conti
                                                  **COMPLAINT FILED:**   April 11, 2007;
26   DOLLAR TREE STORES, INC., and DOES 1                                July 6, 2007
     through 25, inclusive,                       **TRIAL DATE:** No date set.
27
                      Defendants.
28

KAUFF McCLAIN &                          -1-
McGUIRE LLP
One Post Street
Suite 2600
San Francisco, CA 94104    DECLARATION OF CHARLOTTA JACOBSEN-ALLEN         CASE NOS. C 07-2050 SC AND C 07-04012 SC
Telephone (415) 421-3111

I, Charlotta Jacobson-Allen, declare as follows:

1.    I am over the age of eighteen and have personal knowledge of the facts set forth below.  If called upon as a witness, I could testify competently thereto.

2.    I am employed by Williams Mullen, P.C. as a Paralegal.

3.    Ms. Brady provided me with a "Payment Detail Listing" (also referred to as a PR260 report) for Robert Runnings.  The Payment Detail Listing identifies any hours for which Mr. Runnings received compensation, the amount of compensation along with any bonuses he received during any given week.

4.    Ms. Brady provided me with "Compass" schedules available during Runnings' tenure with Dollar Tree as a Store Manager.

5.    Ms. Brady provided me with spreadsheets ("Wage and Hour Spreadsheets") which identify the employees who worked in Runnings' store, the hours each employee worked and the wages each earned for any given week.

6.    Exhibit 42 to Runnings' Deposition lists Robert Runnings' certification responses indicating whether or not he spent more than 50% of the previous week working on exempt functions.

7.    I reviewed Mr. Runnings' certification responses as demonstrated on Exhibit 42 in conjunction with the Wage and Hour Reports from Ms. Brady.  According to Exhibit 42, Mr. Runnings stated he could not certify that he spent more than 50% of his work week performing exempt functions because he did not have "enough hours" during the week ending January 20, 2007.  According to the Wage and Hour Reports, Mr. Runnings' employees worked 318 payroll hours.  On June 25, 2005, Mr. Runnings certified he did spend more than 50% of his work week performing exempt functions while his employees worked 299 payroll hours.  I also compared the sales for those two

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

C:\Documents and

DECLARATION OF CHARLOTTA JACOBSON-ALLEN                    CASE NOS:  C 07 2050 SC AND C 07 04012 SC

1    periods.   The sales for the week-ending June 25, 2005 were almost 13% higher than

2    those for week-ending January 20,2007.

3          8.      Patricia  Doss,  an  Employee  Relations  Manager  for  Dollar  Tree

4    Management, Inc. ("DTM"), provided me with a report showing whether or not California

5    Store  Managers  spent  more  than  50%  of  the  previous  week  working  on  exempt

6    functions.   This report showed the responses by week, the number of stores that

7    responded, percentage of Store Managers responding and whether their response was

8    yes or no. I compared the number of "yes" responses to the total number of responses

9    made.  The results of this comparison are attached as Exhibit A hereto.

10         9.      I reviewed the Wage and Hour Spreadsheets.   At any given time, Mr.

11   Runnings supervised anywhere between eight and 40 hourly employees including

12   Assistant Store Managers.  The total number of hours worked by his employees ranged

13   from a low of 151 to a high of 1,055.

14        10.     Based on the PR260s, Mr. Runnings base earnings went from $45,500 in

15   2004 to $49,200 in 2007.

16        I declare under penalty of perjury under the laws of the Commonwealth of Virginia

17   that the foregoing is true and correct.

18        Executed in Norfolk, Virginia this 19th day of January, 2008.

19

20

21

22

23   Charlotta Jacobson-Allen

24

25

26

27

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA   94104
TELEPHONE (415) 421-3111

C:\Documents and

DECLARATION OF CHARLOTTA JACOBSON-ALLEN          CASE NOS:  C 07 2050 SC AND C 07 04012 SC

**Exhibit A**

CALIFORNIA JOB CERTIFICATION SUMMARY REPORT

| STORES | PAYROLL W/E DATE | COMPLETED | PERCENT | PAYROLLWEEK | YES% | NO% | Percentage Yes vs. Complete |
|--------|------------------|-----------|---------|-------------|------|-----|------------------------------|
| 200 | 6/4/2005 | 200 | 100% | 6/4/2005 | 88.17% | 11.83% | 88.17% |
| 200 | 6/11/2005 | 200 | 100% | 6/11/2005 | 91.19% | 8.81% | 91.19% |
| 201 | 6/18/2005 | 201 | 100% | 6/18/2005 | 85.29% | 14.71% | 85.29% |
| 201 | 6/25/2005 | 201 | 100% | 6/25/2008 | 90.14% | 9.86% | 90.14% |
| 201 | 7/2/2005 | 201 | 100% | 7/2/2005 | 86.96% | 13.04% | 86.96% |
| 202 | 7/9/2005 | 201 | 100% | 7/9/2005 | 87.34% | 12.66% | 86.91% |
| 202 | 7/16/2005 | 201 | 100% | 7/16/2005 | 88.46% | 11.54% | 88.02% |
| 202 | 7/23/2005 | 201 | 100% | 7/23/2005 | 84.75% | 15.25% | 84.33% |
| 202 | 7/30/2005 | 201 | 100% | 7/30/2005 | 92.45% | 7.55% | 92.00% |
| 202 | 8/6/2005 | 202 | 100% | 8/6/2005 | 90.24% | 9.76% | 90.24% |
| 202 | 8/13/2005 | 202 | 100% | 8/13/2005 | 98.11% | 1.89% | 98.11% |
| 202 | 8/20/2005 | 200 | 99% | 8/20/2005 | 91.84% | 8.16% | 90.93% |
| 202 | 8/27/2005 | 202 | 100% | 8/27/2005 | 84.91% | 15.09% | 84.91% |
| 202 | 9/2/2005 | 202 | 100% | 9/3/2005 | 88.46% | 11.54% | 88.46% |
| 203 | 9/17/2005 | 203 | 100% | 9/17/2005 | 85.98% | 14.02% | 85.98% |
| 206 | 10/1/2005 | 206 | 100% | 10/1/2005 | 88.24% | 11.76% | 88.24% |
| 209 | 10/8/2005 | 209 | 100% | 10/8/2005 | 82.35% | 17.65% | 82.35% |
| 209 | 10/15/2005 | 209 | 100% | 10/15/2005 | 90.91% | 9.09% | 90.91% |
| 209 | 10/22/2005 | 209 | 100% | 10/22/2005 | 86.11% | 13.89% | 86.11% |
| 209 | 10/29/2005 | 209 | 100% | 10/29/2005 | 88.37% | 11.63% | 88.37% |
| 209 | 11/5/2005 | 209 | 100% | 11/5/2005 | 90.63% | 9.38% | 90.63% |
| 210 | 11/12/2005 | 203 | 97% | 11/12/2005 | 75.00% | 25.00% | 72.50% |
| 210 | 11/19/2005 | 210 | 100% | 11/19/2005 | 75.76% | 24.24% | 75.76% |
| 210 | 11/26/2005 | 205 | 98% | 11/26/2005 | 88.46% | 11.54% | 86.36% |
| 210 | 12/3/2005 | 200 | 95% | 12/3/2005 | 87.88% | 12.12% | 83.69% |
| 210 | 12/10/2005 | 204 | 97% | 12/10/2005 | 87.10% | 12.90% | 84.61% |
| 210 | 12/24/2005 | 200 | 95% | 12/24/2005 | 65.22% | 34.78% | 62.11% |
| 210 | 1/2/2006 | 210 | 100% | 12/31/2005 | 90.00% | 10.00% | 90.00% |
| 210 | 1/9/2006 | 210 | 100% | 1/7/2006 | 93.55% | 6.45% | 93.55% |
| 210 | 1/16/2006 | 208 | 99% | 1/14/2006 | 85.71% | 14.29% | 84.90% |
| 210 | 1/23/2006 | 200 | 95% | 1/21/2006 | 90.48% | 9.52% | 86.17% |
| 210 | 1/30/2006 | 210 | 100% | 1/28/2006 | 93.94% | 6.06% | 93.94% |
| 210 | 2/6/2006 | 210 | 100% | 2/4/2006 | 89.47% | 10.53% | 89.47% |
| 210 | 2/13/2006 | 210 | 100% | 2/11/2006 | 91.67% | 8.33% | 91.67% |
| 210 | 2/20/2006 | 210 | 100% | 2/18/2006 | 92.86% | 7.14% | 92.86% |
| 210 | 2/27/2006 | 210 | 100% | 2/25/2006 | 89.13% | 10.87% | 89.13% |

CALIFORNIA JOB CERTIFICATION SUMMARY REPORT

| STORES | PAYROLL W/E DATE | COMPLETED | PERCENT | PAYROLLWEEK | YES% | NO% | Percentage Yes vs. Complete |
|---|---|---|---|---|---|---|---|
| 210 | 3/6/2006 | 210 | 100% | 3/4/2006 | 75.56% | 24.44% | 75.56% |
| 212 | 3/13/2006 | 200 | 94% | 3/11/2006 | 80.95% | 19.05% | 76.37% |
| 213 | 3/20/2006 | 195 | 92% | 3/18/2006 | 81.97% | 18.03% | 75.04% |
| 213 | 3/27/2006 | 200 | 94% | 3/25/2006 | 79.31% | 20.69% | 74.47% |
| 214 | 4/3/2006 | 213 | 100% | 4/1/2006 | 86.54% | 13.46% | 86.13% |
| 214 | 4/10/2006 | 210 | 98% | 4/8/2006 | 79.66% | 20.34% | 78.17% |
| 214 | 4/17/2006 | 210 | 98% | 4/15/2006 | 79.03% | 20.97% | 77.56% |
| 214 | 4/24/2006 | 198 | 93% | 4/22/2006 | 69.39% | 30.61% | 64.20% |
| 214 | 5/1/2006 | 200 | 93% | 4/29/2006 | 84.09% | 15.91% | 78.59% |
| 214 | 5/8/2009 | 201 | 94% | 5/6/2006 | 87.04% | 12.96% | 81.75% |
| 214 | 5/15/2006 | 198 | 93% | 5/13/2006 | 85.71% | 14.29% | 79.31% |
| 214 | 5/22/2006 | 200 | 93% | 5/20/2006 | 82.86% | 17.14% | 77.44% |
| 214 | 5/29/2006 | 210 | 98% | 5/27/2006 | 74.36% | 25.64% | 72.97% |
| 214 | 6/5/2006 | 189 | 88% | 6/10/2006 | 87.88% | 12.12% | 77.61% |
| 214 | 6/19/2006 | 210 | 98% | 6/24/2006 | 84.38% | 15.63% | 82.80% |
| 214 | 6/26/2006 | 206 | 96% | 7/1/2006 | 83.78% | 16.22% | 80.65% |
| 214 | 7/3/2006 | 209 | 98% | 7/8/2006 | 82.35% | 17.65% | 80.43% |
| 214 | 7/10/2006 | 211 | 99% | 7/15/2006 | 88.37% | 11.63% | 87.13% |
| 214 | 7/17/2006 | 206 | 96% | 7/22/2006 | 81.20% | 18.80% | 78.16% |
| 214 | 7/24/2006 | 200 | 93% | 7/29/2006 | 87.88% | 12.12% | 82.13% |
| 214 | 7/31/2006 | 214 | 100% | 8/5/2006 | 89.23% | 10.77% | 89.23% |
| 214 | 8/7/2006 | 199 | 93% | 8/12/2006 | 77.05% | 22.95% | 71.65% |
| 214 | 8/14/2006 | 206 | 96% | 8/19/2006 | 87.14% | 12.86% | 83.89% |
| 214 | 8/21/2006 | 211 | 99% | 8/26/2006 | 89.47% | 10.53% | 88.22% |
| 214 | 8/28/2006 | 207 | 97% | 9/2/2006 | 84.44% | 15.56% | 81.68% |
| 217 | 9/4/2006 | 212 | 98% | 9/9/2006 | 81.82% | 18.18% | 79.93% |
| 217 | 9/11/2006 | 206 | 95% | 9/16/2006 | 86.27% | 13.73% | 81.90% |
| 219 | 9/18/2006 | 210 | 96% | 9/23/2006 | 83.98% | 16.02% | 80.53% |
| 220 | 9/25/2006 | 214 | 97% | 9/30/2006 | 86.58% | 13.42% | 84.22% |
| 223 | 10/2/2006 | 200 | 90% | 10/7/2006 | 88.57% | 11.43% | 79.44% |
| 225 | 10/9/2006 | 200 | 89% | 10/14/2006 | 77.27% | 22.73% | 68.69% |
| 225 | 10/16/2006 | 220 | 98% | 10/21/2006 | 80.00% | 20.00% | 78.22% |
| 225 | 10/23/2006 | 220 | 98% | 10/28/2006 | 86.15% | 13.85% | 84.24% |
| 225 | 10/30/2006 | 221 | 98% | 11/4/2006 | 86.05% | 13.95% | 84.52% |
| 225 | 11/6/2006 | 222 | 99% | 11/11/2006 | 83.02% | 16.98% | 81.91% |
| 225 | 11/13/2006 | 224 | 100% | 11/18/2006 | 84.62% | 15.38% | 84.24% |

CALIFORNIA JOB CERTIFCATION SUMMARY REPORT

| STORES | PAYROLL WE DATE | COMPLETED | PERCENT | PAYROLLWEEK | YES% | NO% | Percentage Yes vs. Complete |
|---|---|---|---|---|---|---|---|
| 225 | 11/20/2006 | 225 | 100% | 11/25/2006 | 83.75% | 16.25% | 83.75% |
| 225 | 11/27/2006 | 220 | 98% | 12/2/2006 | 83.33% | 16.67% | 81.48% |
| 225 | 12/4/2006 | 220 | 98% | 12/9/2006 | 81.54% | 18.46% | 79.73% |
| 225 | 12/11/2006 | 202 | 90% | 12/16/2006 | 83.72% | 16.28% | 75.16% |
| 225 | 12/18/2006 | 219 | 97% | 12/23/2006 | 85.71% | 14.29% | 83.43% |
| 225 | 12/26/2006 | 205 | 91% | 12/30/2006 | 78.57% | 21.43% | 71.59% |
| 225 | 1/1/2007 | 200 | 89% | 1/6/2007 | 81.82% | 18.18% | 72.73% |
| 225 | 1/8/2007 | 198 | 88% | 1/13/2007 | 78.45% | 21.55% | 69.03% |
| 225 | 1/15/2007 | 220 | 98% | 1/20/2007 | 77.87% | 22.13% | 76.14% |
| 225 | 1/22/2007 | 177 | 79% | 1/27/2007 | 78.10% | 21.90% | 61.43% |
| 225 | 1/29/2007 | 160 | 71% | 2/3/2007 | 81.03% | 18.97% | 57.62% |
| 225 | 2/6/2007 | 154 | 68% | 2/10/2007 | 82.58% | 17.42% | 56.52% |
| 230 | 2/13/2007 | 162 | 70% | 2/17/2007 | 79.37% | 20.63% | 55.90% |
| 230 | 2/20/2007 | 155 | 67% | 2/24/2007 | 79.53% | 20.47% | 53.59% |
| 230 | 2/27/2007 | 152 | 66% | 3/3/2007 | 78.63% | 21.37% | 51.96% |
| 230 | 3/6/2007 | 165 | 72% | 3/10/2007 | 81.48% | 18.52% | 58.45% |
| 230 | 3/13/2007 | 184 | 80% | 3/17/2007 | 77.78% | 22.22% | 62.22% |
| 230 | 3/20/2007 | 184 | 80% | 3/24/2007 | 82.01% | 17.99% | 65.61% |
| 230 | 3/27/2007 | 183 | 80% | 3/31/2007 | 79.23% | 20.77% | 63.04% |
| 230 | 4/3/2007 | 198 | 86% | 4/7/2007 | 81.20% | 18.80% | 69.91% |
| 230 | 4/10/2007 | 208 | 90% | 4/14/2007 | 81.20% | 18.80% | 73.44% |
| 230 | 4/17/2007 | 227 | 99% | 4/21/2007 | 80.00% | 20.00% | 78.96% |
| 230 | 4/24/2007 | 192 | 83% | 4/28/2007 | 79.56% | 20.44% | 66.42% |
| 230 | 5/1/2007 | 194 | 84% | 5/5/2007 | 80.15% | 19.85% | 67.60% |
| 230 | 5/7/2007 | 186 | 81% | 5/12/2007 | 82.19% | 17.81% | 66.47% |
| 230 | 5/14/2007 | 182 | 79% | 5/19/2007 | 76.22% | 23.78% | 60.32% |
| 230 | 5/21/2007 | 187 | 81% | 5/26/2007 | 82.14% | 17.86% | 66.79% |
| 230 | 5/28/2007 | 184 | 80% | 6/2/2007 | 84.72% | 15.28% | 67.78% |
| 230 | 6/4/2007 | 179 | 78% | 6/9/2007 | 82.78% | 17.22% | 64.43% |
| 230 | 6/11/2007 | 174 | 76% | 6/16/2007 | 81.51% | 18.49% | 61.66% |
| 230 | 6/18/2007 | 183 | 80% | 6/23/2007 | 85.31% | 14.69% | 67.88% |
| 230 | 6/25/2007 | 178 | 77% | 6/30/2007 | 80.89% | 19.11% | 62.60% |
| 230 | 7/2/2007 | 180 | 78% | 7/7/2007 | 83.66% | 16.34% | 65.47% |
| 230 | 7/9/2007 | 188 | 82% | 7/14/2007 | 83.75% | 16.25% | 68.46% |
| 237 | 7/16/2007 | 184 | 78% | 7/21/2007 | 83.97% | 16.03% | 65.20% |
| 237 | 7/23/2007 | 179 | 76% | 7/28/2007 | 83.65% | 16.35% | 63.18% |

CALIFORNIA JOB CERTIFCATION SUMMARY REPORT

| STORES | PAYROLL W/E DATE | COMPLETED | PERCENT | PAYROLLWEEK | YES% | NO% | Percentage Yes vs. Complete |
|--------|------------------|-----------|---------|-------------|------|-----|------------------------------|
| 237 | 7/30/2007 | 184 | 78% | 8/4/2007 | 79.29% | 20.71% | 61.56% |
| 237 | 8/9/2007 | 184 | 78% | 8/11/2007 | 77.89% | 22.11% | 60.47% |