1  Scott Edward Cole, Esq. (S.B. #160744)
   Matthew R. Bainer, Esq. (S.B. #220972)
2  Carrie S. Lin, Esq. (S.B. #241849)
   **SCOTT COLE & ASSOCIATES, APC**
3  1970 Broadway, Ninth Floor
   Oakland, California 94612
4  Telephone: (510) 891-9800
   Facsimile:  (510) 891-7030
5  web:    www.scalaw.com

6  Attorneys for Representative Plaintiff
   and the Plaintiff Class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT RUNNINGS, individually, and on behalf of all others similarly situated, | **Case No.: C-07-0412 SC** |
| Plaintiffs, | **CLASS ACTION** |
| vs. | **PLAINTIFF ROBERT RUNNINGS' OBJECTIONS TO THE DECLARATIONS OF CHARLOTTA JACOBSEN-ALLEN AND CARLOS HERNANDEZ** |
| DOLLAR TREE STORES, INC. | |
| Defendant. | Date:         March 21, 2008<br>Time:         10:00 a.m.<br>Judge:        Hon. Samuel Conti<br>Courtroom: 1, 17th Floor |
| MIGUEL A. CRUZ and JOHN D. HANSEN, individually, and on behalf of all others similarly situated, | **Case No.: C-07-02050 SC** (*Consolidated Action*)<br><br>**CLASS ACTION** |
| Plaintiffs, | |
| vs. | |
| DOLLAR TREE STORES, INC. | |
| Defendant. | |

**OBJECTIONS TO JACOBSEN-ALLEN'S DECLARATION**

1. <u>Page 3, ¶ 8, lines 3-10, and Exhibit A</u>: "Patricia Doss, an Employee Relations Manager for Dollar Tree Management, Inc. ("DTM"), provided me with a report showing whether or not California Store Managers spent more than 50% of the previous week working on exempt functions. This report showed the responses by week, the number of stores that responded, percentage of Store Managers responding and whether their response was yes or no. I compared the number of "yes" responses to the total number of responses made. The results of this comparison are attached as Exhibit A hereto."

<u>Objections:</u>   *Exhibit A* to Ms. Jacobsen-Allen's Declaration is inadmissible hearsay not subject to any exception, as the putative class members are not yet parties to this action. *FRE 801*. Defendant has provided a summary of out-of-court written statements made by class members *whose identities remain unknown to Plaintiff*, to establish that these class members, on average, performed more exempt than non-exempt work for every pay period within the class period. Not only are the certification forms themselves inadmissible hearsay, but Ms. Jacobsen's limited "summary" and description thereof violates the best evidence rule, *FRE Rule 1002*, as well as *FRE Rule 1006*, which renders inadmissible any summary of records or writings where the originals, or duplicates thereof, have not been made available to the Opposing Party, and are themselves inadmissible. *See, Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1997).

2. <u>Page 3, ¶ 9, Lines 12-13</u>: "At any given time, Mr. Runnings supervised anywhere between eight and forty hourly employees including Assistant Store Managers."

<u>Objections:</u> Ms. Jacobsen-Allen has no personal knowledge or legal basis on which to state that Mr. Runnings "supervised" the hourly employees in his store. As such, this lacks foundation in violation of *FRE Rule 602*, and contains improper lay opinion testimony and legal conclusions in violation of *FRE Rule 702. See, also, The Flinkote Co. v. Gen. Accident Assurance Co.*, 410 F. Supp. 2d 875, 885 (N.D. Cal. 2006). This statement also violates *FRE Rule 403*, in that it is likely to cause undue prejudice and confusion of the issues. Ms. Jacobsen-Allen does not describe how many employees were present in the store for any given year, pay period, or day.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**OBJECTIONS TO HERNANDEZ DECLARATION**

1. <u>Pages 3-12, ¶¶ 5-17.</u>

2. <u>Objections</u>: Mr. Hernandez's *entire* Declaration lacks foundation. Mr. Hernandez does not have personal knowledge of Mr. Runnings' performance as a Store Manager. Indeed, Mr. Hernandez does not even claim to have met Mr. Runnings. Thus, his entire Declaration is irrelevant and lacks foundation on the issue of whether Mr. Runnings performs more exempt than non-exempt work, and/or whether he otherwise meets the various prongs of the executive Exemption, as Mr. Hernandez has never observed Mr. Runnings' job performance. *FRE Rules 602, 401, and 402*. *See, also*, *The Flinkote Co. v. Gen. Accident Assurance Co.*, 410 F. Supp. 2d 875, 885 (N.D. Cal. 2006). For the same reason, Mr. Hernandez's Declaration violates *FRE Rule 403*, in that it causes prejudice and unnecessary confusion on the issue of whether Mr. Runnings is properly classified as executive exempt. Because Mr. Hernandez can only properly testify to what Dollar Tree's stated "expectations" for Store Manager's performance was, this Declaration may not be used by Dollar Tree in support of its Executive Exemption defense.

Dated: February 29, 2008.

Respectfully Submitted:
**SCOTT COLE & ASSOCIATES, APC**

By: /s/Carrie S. Lin
Carrie S. Lin, Esq.
Attorneys for Representative Plaintiff
Robert Runnings and the Plaintiff Class