MAUREEN E. McCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
KAUFF McCLAIN & McGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 421-3111
Facsimile: (415) 421-0938

Attorneys for Defendant
DOLLAR TREE STORES, INC.

BETH HIRSCH BERMAN (VA Bar No. 28091)
Email: bberman@williamsmullen.com
WILLIAMS MULLEN
Dominion Tower, Suite 1700
999 Waterside Drive
Norfolk, VA 23510
Telephone: (757) 629-0604
Facsimile: (757) 629-0660

*Pro Hac Vice* Attorneys For Defendant
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIGUEL A. CRUZ, and JOHN D. HANSEN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

DOLLAR TREE STORES, INC.,

Defendant.

ROBERT RUNNINGS individually, and on behalf of all others similarly situated,

Plaintiff,

v.

DOLLAR TREE STORES, INC.,

Defendant.

CASE NO. C 07 2050 SC
CASE NO. C 07 04012 SC

**DOLLAR TREE STORES, INC.'S REPLY TO PLAINTIFF ROBERT RUNNINGS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

**DATE:** March 21, 2008
**TIME:** 10:00 a.m.
**DEPT:** Ctrm. 1, 17th Floor
**JUDGE:** Hon. Samuel Conti

**COMPLAINTS FILED:** April 11, 2007
July 6, 2007
**TRIAL DATES:** No dates set.

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DOLLAR TREE STORES, INC.'S REPLY TO PLAINTIFF ROBERT RUNNINGS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
CASE NO. C 07 2050 SC
CASE NO. C 07 04012 SC

# TABLE OF CONTENTS

Page

I. LEGAL STANDARD FOR SUMMARY JUDGMENT ....1
II. ARGUMENT ....1
A. Plaintiff Has Raised No Genuine Issues Of Material Fact ....1
B. Plaintiff's Attempts To Evade The Executive Exemption Are Based On Critical Misunderstandings Of The Relevant Law. ....5
1. The Court Can Properly Look To Federal Law When Interpreting Federal Regulations ....5
2. Plaintiff Exercises Discretion And Independent Judgment ....7
3. Plaintiff Is Authorized To Hire and Fire Subordinates ....9
4. Plaintiff Is The Primary Manager Of His Store ....9
5. Plaintiff Directly Supervises Two Or More Employees ....10
C. This Court Should Find That Dollar Tree's Ramirez Defense Bars Plaintiff's Claims. ....10
1. The Court Can Properly Determine If Dollar Tree's Expectations Are Realistic. ....10
2. Dollar Tree's Expectations Were Realistic. ....11
3. Dollar Tree's Expressed Disapproval At Plaintiff's Failure To Meet Expectations. ....12
D. Summary Judgment Should Not Be Denied Under Rule 56(f) ....13
III. CONCLUSION ....14

- i -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DOLLAR TREE STORES, INC.'S REPLY TO PLAINTIFF ROBERT RUNNINGS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

CASE NO. C 07 2050 SC

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ....................1, 2

*Baldwin v. Trailer Inns, Inc.*,
266 F.3d 1104 (9th Cir. 2001)....................2, 5, 9

*British Airways Bd. v. Boeing Co.*,
585 F.2d 946 (9th Cir. 1978)....................13

*Brown v. Mississippi Valley State University*,
311 F.3d 328 (5th Cir. 2002)....................13

*California Union Ins. Co. v. American Diversified Sav. Bank*,
914 F.2d 1271 (9th Cir. 1990)....................14

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ....................1

*Donovan v. Burger King Corp.*,
675 F.2d 516 (2d Cir. 1982)....................8

*Haywood v. N. Amer. Van Lines Inc.*,
121 F.3d 1066 (7th Cir. 1997)....................7

*International Raw Materials, Ltd. v. Stauffer Chemical Co.*,
898 F.2d 946 (3rd Cir. 1990) ....................13

*Kennedy v. Allied Mutual Ins. Co.*,
952 F.2d 262 (9th Cir. 1991)....................2

*Lujan v. National Wildlife Federation*,
497 U.S. 871 (1990) ....................2

*Martinez v. Marin Sanitary Service*,
349 F. Supp. 2d 1234 (N.D. Cal. 2004) ....................2

*Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*,
475 U.S. 574 (1986) ....................1

*McAllister v. Transamerica Occidental Life Ins. Co.*,
325 F.3d 997 (8th Cir. 2003)....................7

*McLaughlin v. Nationwide Mut. Ins. Co.*,
2004 WL 1857112 (D. Or. August 18, 2004) ....................8

-ii-

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DOLLAR TREE STORES, INC.'S REPLY TO PLAINTIFF ROBERT RUNNINGS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

CASE NO. C 07 2050 SC
CASE NO. C 07 04012 SC

*Murray v. Stuckey's Inc.*,
939 F.2d 614 (8th Cir. 1991)....................9

*Nelson v. Pima Community College*,
83 F. 3d 1075 (9th Cir. 1996)....................12

*Palazzolo-Robinson v. Sharis Management Corporation*,
68 F.Supp. 1186 (WD Wash. 1999)....................7

*T.W. Elec. Service Inc. v. Pacific Electrical Contractors Assoc.*,
809 F.2d 626 (9th Cir. 1987)....................1

*United States v. Moran*,
493 F.3d 1002 (9th Cir. 2007)....................5

*Whiteway v. FedEx Kinko's Office and Print Servs., Inc.*,
2007 WL 2408872 (N.D. Cal. August 21, 2007) ....................10, 11

**FEDERAL RULES**

Federal Rules of Civil Procedure
56(e) ....................1
56(c) ....................1
56(f) ....................13

**CALIFORNIA CASES**

*Alcala v. Western Ag Enterprises*,
182 Cal.App.3d 546, 550 (1986)....................6

*Bell v. Farmers Insurance Exchange*,
87 Cal.App.4th 805 (2001)....................6, 7

*Building Material & Construction Teamsters Union v. Farrell*,
41 Cal.3d 658 ....................6

*Hernandez v. Mendoza*,
199 Cal.App.3d 721 ....................6

*Morillion v. Royal Packing Co.*,
22 Cal.4th 575 (2000)....................6, 7

*Nordquist v. McGraw-Hill Broadcasting Co.*,
32 Cal.App.4th 555 (1995)....................6, 8

*Ramirez v. Yosemite Bottling Company*,
20 Cal.4th 785 (1999).................... passim

- iii -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DOLLAR TREE STORES, INC.'S REPLY TO PLAINTIFF ROBERT RUNNINGS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC

## OTHER AUTHORITIES

8 Cal. Code Regs. § 11070 1(A)(1)(e) ....7

8 CAL. ADMIN. CODE
§ 11070(1)(A)(1)(a)....2, 3
§ 11070(1)(A)(1)(c)....4, 9

29 C.F.R.
§ 541.102....2
§ 541.104....9, 10
§ 541.104(b) ....10
§ 541.105(a) ....10

- iv -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DOLLAR TREE STORES, INC.'S REPLY TO PLAINTIFF ROBERT RUNNINGS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC

## I. LEGAL STANDARD FOR SUMMARY JUDGMENT

In an attempt to defeat summary judgment Plaintiff Robert Runnings tries to create factual issues where none exist and attempts to confuse the legal standards where they are clear. Plaintiff attempts to paint summary judgment as a disfavored remedy and a "drastic device." (Plaintiff Robert Runnings' Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment, hereinafter "Opposition Br." page 7, lines 4-5.) However, the United States Supreme Court has held that: "the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Plaintiff, as the party opposing Dollar Tree's Motion for Summary Judgment, "must do more than simply show that there is some metaphysical doubt as to the material facts . . .. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986) (internal quotation omitted) (emphasis added).

## II. ARGUMENT

### A. Plaintiff Has Raised No Genuine Issues Of Material Fact.

Dollar Tree has met its burden to show that Plaintiff is properly classified as an exempt employee. Plaintiff must go beyond the pleadings and, by his own evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). "The materiality of a fact is thus determined by the substantive law governing the claim or defense. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987) (relying on *Anderson, supra* ). Moreover, Plaintiff may not merely state that he will discredit Dollar Tree's evidence at

-1-

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DOLLAR TREE STORES, INC.'S REPLY TO PLAINTIFF ROBERT RUNNINGS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
CASE NO. C 07 2050 SC
CASE NO. C 07 04012 SC

trial, in the hope that evidence can be developed to support the claim. *Id.* Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

Plaintiff has failed to set forth disputes of genuine issues as to any material fact. To the extent Plaintiff attempts to create factual differences by relying upon a self serving declaration that contradicts Plaintiff's prior deposition testimony, Plaintiff's declaration should be disregarded. It is well-established that "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mutual Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (citations omitted); *see also Martinez v. Marin Sanitary Service*, 349 F. Supp. 2d 1234, 1242 (N.D. Cal. 2004).

Moreover, the actual factual differences for which Plaintiff has provided evidence do not create genuine material differences. The differences Plaintiff alleged are not material to California's test for the executive exemption. Other of his supposed "disputed facts" are in reality legal arguments and do not form a basis upon which to deny summary judgment.

Plaintiff's Fact No. 1. – Plaintiff states he did not have full responsibility over his store, shared responsibilities with Assistant Managers and followed direct orders from District Managers and Dollar Tree corporate. These alleged facts are not material. The fact that non-exempt employees "may have performed some managerial tasks does not render the tasks nonexempt." *Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1115 (9th Cir. 2001). Indeed, delegation is itself an exempt duty. *See* 29 C.F.R. § 541.102. Plaintiff's statement that District Managers and Dollar Tree corporate supervise Store Managers is not material. The Wage Order provides the dividing line in the hierarchical chain. It stops at the employee in charge of a recognized subdivision of an enterprise, in this case, the employee in charge of the store. *See* 8 CAL. ADMIN. CODE § 11070(1)(A)(1)(a). If this were not the case there would never be an exempt employee, as each employee is accountable to persons higher up the corporate ladder, who in turn answer to another.

- 2 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DOLLAR TREE STORES, INC.'S REPLY TO PLAINTIFF ROBERT
RUNNINGS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC

Plaintiff's Fact No. 2. – Plaintiff states District Managers directed the work of the store employees and the day to day operations of the store. The portions of Plaintiff's deposition testimony on which he relies do not indicate that the District Manager was involved in the day to day operations of his store or directed the work of any employee other than the Plaintiff. A true and correct copy of the Runnings Deposition is attached as Exhibit A to the Declaration or Supplemental Declaration of Beth Hirsch Berman, 62:25-64:25. Even if these statements were true, this is not an element of the Executive Exemption test. The law requires that an employee's "duties and responsibilities involve the management of the enterprise…." 8 CAL. ADMIN. CODE § 11070(1)(A)(1)(a).

Plaintiff's Fact Nos. 3, 4. – Plaintiff states that he has virtually no control of the types of products he orders or the volume. That does not contradict the fact that he still is expected to order merchandise to attract customers or that he still must choose which products to order.

Plaintiff's Fact No. 5 – Plaintiff attempts to dispute the duties he performs including reviewing, analyzing and preparing reports. To support this, Plaintiff cites to deposition testimony that it was not his responsibility to review production records. This is but one record. It does not put into dispute the fact that Plaintiff's duty does indeed include reviewing, analyzing and preparing reports as Dollar Tree established in its motion. Plaintiff even acknowledged he reviews reports such as cashier audit reports and sales reports but, in an effort to thwart summary judgment, now attempts to minimize the effort involved. Runnings Dep., 39:10-40:24; 110:21-111:17; 190:2-191:17.

Plaintiff's Fact No. 6 – Plaintiff contends that the majority of scheduling is determined by Compass. Plaintiff provides no support for this proposition other than his sham declaration which directly contradicts his deposition testimony. Runnings Dep., 244:5 – 247:11. Even if the Compass system provides guidelines, this does not render the task non-exempt.

- 3 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DOLLAR TREE STORES, INC.'S REPLY TO PLAINTIFF ROBERT RUNNINGS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC

Plaintiff's Fact Nos. 7, 8. – Plaintiff contends that he does not have ultimate authority to hire a management team, fire employees or give promotions/raises. Even if taken as true, the facts asserted are of no legal consequence. The law states the employee must have the "authority to hire or fire" 8 CAL. ADMIN. CODE § 11070(1)(A)(1)(c). (Emphasis added.) Plaintiff does not dispute that he has the authority to hire hourly associates and recommend promotions/raises. Therefore, this factor of the exemption test is satisfied.

Plaintiff's Fact No. 9. – Plaintiff contends the planning of daily work activities involves little independent judgment but does not dispute that he plans the work. Plaintiff is disputing a legal conclusion not a fact.

Plaintiff's Fact No. 10. – Plaintiff contends his Assistant Managers also approve payroll to make the legal argument that the task is non-exempt. He has not created a factual dispute.

Plaintiff's Fact No. 11. – Plaintiff contends that Compass limits the work involved in reviewing employees. Plaintiff does not dispute his duty to review time records for accuracy.

Plaintiff's Fact No. 12. – Plaintiff contends that payroll limitations impose a restriction on his ability to hire. Plaintiff does not dispute the fact that he determines who and how many employees to hire.

Plaintiff's Fact Nos. 13, 14, 15. – Plaintiff disputes that he alone carried out various supervisory tasks. Plaintiff is not disputing that he carries out the tasks. Plaintiff disputes characterization of the task as exempt. That is a legal argument.

Plaintiff's Fact No. 16. – Plaintiff does not dispute that he is responsible for accounting for breakage, defective goods, expiration of dates and field markdowns. Plaintiff merely states that he cannot reduce an item's price without prior approval. This assertion does not dispute the underlying fact that he is responsible for the tasks of identifying and recommending which items should be marked down.

Plaintiff's Fact Nos. 17, 18. – Plaintiff contends that he did not exercise independent judgment and discretion in merchandising and maintaining compliance with regulations. That is a legal conclusion not a dispute of fact.

**B. Plaintiff's Attempts To Evade The Executive Exemption Are Based On Critical Misunderstandings Of The Relevant Law.**

Throughout his Opposition, Plaintiff misstates the law. Where Plaintiff cannot find legitimate support for his arguments, he relies upon the opinions of a discredited former DLSE employee submitted as expert testimony in another case with dissimilar facts (the Declaration of Miles E. Locker). Plaintiff's reliance on this "expert" report is improper and all references to it should be disregarded. The Ninth Circuit has held an expert witness cannot give an opinion as to a legal conclusion, i.e., an opinion on an ultimate issue of law. E.g., *United States v. Moran*, 493 F.3d 1002, 1008 (9th Cir. 2007). The Locker Declaration is fraught with inadmissible legal opinions and conclusions concerning how to classify work as exempt or non-exempt under California law.

**1. The Court Can Properly Look To Federal Law When Interpreting Federal Regulations.**

Because Plaintiff cannot dispute the fact that he was charged with carrying out all the exempt tasks, he argues that the majority of these tasks were non-exempt. Plaintiff mistakenly asserts that because he performs some of the same tasks as non-exempt workers, he is necessarily non-exempt. Opposition Br. page 8, lines 15-16 This is not true. *See Baldwin*, 266 F.3d at 1115. ("[T]hat the [plaintiffs] performed some of the same tasks as their subordinates is not in and of itself evidence that the [plaintiffs] do not qualify for the exemption.") Plaintiff cites the federal regulations to support his position and then incredibly and in error states that the Court may not look to federal cases interpreting the federal regulation upon which he relies. Opposition Br., n. 25. Plaintiff supports this proposition by arguing that because California has a "quantitative" standard, and the FLSA has a "qualitative" standard, federal cases do not apply. The quantitative/qualitative scheme has absolutely no bearing on determining if a particular

- 5 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DOLLAR TREE STORES, INC.'S REPLY TO PLAINTIFF ROBERT RUNNINGS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC

task is exempt or not. It comes into play only when assessing if the employee is "primarily" engaged in exempt duties. Because California wage laws are patterned on federal law, unless "the language or intent of state and federal labor laws substantially differ," *Ramirez v. Yosemite Bottling Company*, 20 Cal.4th 785, 798 (1999), federal cases interpreting the federal statutes may serve as persuasive guidance for interpreting California law.[1]

Furthermore, Plaintiff misapplies the California Supreme Court's holding in *Morillion v. Royal Packaging Co.* The court rested its holding on the fact that the Portal-to-Portal Act differed significantly from California law regarding travel time. *Morillion v. Royal Packing Co.*, 22 Cal.4th 575, 593-594 (2000). No such divergence between federal and state law exists in the instant matter. In fact, California courts have frequently turned to federal law to interpret state wage laws because the state provisions are modeled after the FLSA. *See*, e.g., *Bell v. Farmers Ins. Exch.*, 87 Cal.App.4th 805, 817-818 (2001) (citing *Building Material & Constr. Teamsters' Union v. Farrell*, 41 Cal.3d at 658 (1986)). Nothing in *Royal Packing* eroded the long-standing practice of turning to federal law to interpret California wage laws to the extent the two are not inconsistent. At least one California Court of Appeals has rejected the very argument Plaintiff attempts to advance here.

Plaintiff argues that *Morillion v. Royal Packing Co.*, supra, 22 Cal.4th 575 expands the holding of *Ramirez* into a rule of presumptive irrelevance of federal authorities in construing wage and hour laws, "[a]bsent convincing evidence of the IWC's intent to adopt the federal standard ...." *Morillion v. Royal Packing Co.*, supra, at p. 592. We do not, however, read *Morillion* as being inconsistent with other precedents relying on the guidance of federal law. The decision concerned the compensable nature of travel time as part of hours worked by agricultural employees. The federal definition of

[1] *See also Building Material & Construction Teamsters Union v. Farrell*, 41 Cal.3d at p. 658; *Nordquist v. McGraw-Hill Broadcasting Co.*, 32 Cal.App.4th 555, 562 (1995); *Hernandez v. Mendoza*, 199 Cal.App.3d 721, 726, fn. 1 (1988); *Alcala v. Western Ag Enterprises*, 182 Cal.App.3d 546, 550 (1986); *Bell v. Farmers Insurance Exchange*, 87 Cal.App.4th 805, 817 (2001).



KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

hours worked differed from the state definition by expressly exempting travel time. The court held only that it was error to invoke a differing federal standard to restrict the broader protections available under state law. "In determining how much weight to give federal authority in interpreting a California wage order," the court cautioned, it is necessary first to make a comparative analysis of the two "statutory schemes." *Id.* at p. 588; *Bell*, 87 Cal.App.4th at 818-819.

Accordingly, it is appropriate for this Court to consider federal and state law when determining which tasks constitute exempt functions. Federal regulations expressly provide that certain tasks not ordinarily exempt, may be exempt when necessarily connected with an executive's duties. Moreover, the Wage Order expressly states that: "[e]xempt work shall include all work that is directly and closely related to exempt work and work which is properly viewed as a means for carrying out exempt functions." 8 Cal. Code Regs. § 11070 1(A)(1)(e).

Dollar Tree's Memorandum in Support of its Motion for Summary Judgment is replete with examples where courts have held as exempt certain functions directly and closely related to an executive's job where those same functions, when viewed in isolation and without proper context, could be considered non-exempt. *See Palazzolo-Robinson v. Sharis Management Corporation*, 68 F.Supp. 1186, 1190 (WD Wash. 1999).

**2. Plaintiff Exercises Discretion And Independent Judgment.**

Plaintiff attempts to argue that he does not exercise discretion and independent judgment due to Dollar Tree's policies and business practices. Opposition Br., page 12, lines 8-21, page 13, lines 1-9. Plaintiff's unsupported allegation that Dollar Tree policies preclude a finding that he exercises discretion and independent judgment have been soundly rejected by a number of courts. *See McAllister v. Transamerica Occidental Life Ins. Co.*, 325 F.3d 997, 1001 (8th Cir. 2003) ("[j]ust because [plaintiff] was required to follow detailed manuals does not mean she did not exercise discretion and independent judgment."); *Haywood v. N. Amer. Van Lines Inc.*, 121 F.3d 1066, 1073 (7th Cir. 1997) (employee exercised discretion and independent judgment

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

notwithstanding company's guidelines); *Donovan v. Burger King Corp.*, 675 F.2d 516, 521-522 (2d Cir. 1982) (noting a business "of course, seeks to limit likely mistakes in judgment by issuing detailed guidelines, but judgments must still be made."); *McLaughlin v. Nationwide Mut. Ins. Co.*, 2004 WL 1857112 (D. Or. August 18, 2004) ("virtually every employee in America has one or more managers and must follow company policies, procedures and guidelines. The DOL and the Courts have made it absolutely clear that the fact that an employee has his work reviewed, or follows guidelines, does not defeat exempt status under the FLSA."). Although Plaintiff minimizes his role as a Store Manager, Plaintiff's own brief, as well as his deposition testimony, support Dollar Tree's contention that Plaintiff exercises discretion and independent judgment. Opposition Br., page 13, lines 2-6 (noting that Dollar Tree allows him to override Automatic Ordering "if he feels that his store is over-stocked" and bemoaning the fact that when ordering for his store, he must choose items from a list of items Dollar Tree has available for distribution.). Plaintiff does not deny that he chooses and orders all the frozen food in his store or that his other choices as to what to order are from among hundreds of different products. Runnings Dep., 30:4-13; 101:7-8. In fact, there are many facets of ordering and maintaining the proper merchandise mix that require the exercise of discretion and independent judgment. Declaration of Mark Adams in support of Dollar Tree's Reply ¶¶5a, 5b, 6a, 6b, 7 and 8.

Plaintiff further maintains that "[i]ndependent judgment and discretion are exercised only when 'the employee has the power to make an independent choice free from immediate supervision . . . of real and substantial significance to the policies or general operations of the business of the employer or the employer's customers.'" Opposition Br., page 11, lines 18-21 (citing *Nordquist*, 32 Cal. App. 4th at p. 563). However, the passage Plaintiff quotes from *Nordquist* is actually truncated to suit his ends. Plaintiff omitted a crucial passage from his quotation which states: "The decision may be in the form of a recommendation for action subject to the final authority of a superior . . ." *Id.* Hence, both the regulations and California cases contemplate an

- 8 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DOLLAR TREE STORES, INC.'S REPLY TO PLAINTIFF ROBERT
RUNNINGS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC

exempt executive's ability to affect a business in the form of making recommendations to a successively higher manager.

**3. Plaintiff Is Authorized To Hire and Fire Subordinates.**

Plaintiff claims that he does not have the "genuine" authority to hire and fire subordinates because Dollar Tree purportedly limits the number of payroll hours he may use and he does not have "ultimate" authority to determine those individuals hired as Assistant Managers. Opposition Br., page 13, lines 18-22. Nowhere does the law state an employee's authority must be "genuine" or "ultimate." Nothing limits Plaintiff's discretion to staff his store within the labor budget he has, including hiring the number of Associates he deems appropriate. Plaintiff testified he did not have to check with anyone before he hired Sales Associates. Runnings Dep., 250:17-251:23. The law states the employee must have the "authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight." 8 CAL. ADMIN. CODE § 11070(1)(A)(1)(c). This statute is disjunctive. An employee need only have the authority to hire or to fire; the employee need not have authority to do both. Therefore, this factor of the exemption test is satisfied.

**4. Plaintiff Is The Primary Manager Of His Store.**

It is undisputed that Store Managers are the sole exempt employees in their stores. Plaintiff attempts to create a disputed issue of fact by stating that Store Managers share and/or delegate certain responsibilities. Opposition Br., page 11, lines 9-12. This "issue", however, is irrelevant as the fact that non-exempt employees "may have performed some managerial tasks does not render the tasks non-exempt." *Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1115 (9th Cir. 2001) (citing *Murray v. Stuckey's Inc.*, 939 F.2d 614, 619 (8th Cir. 1991) ("whether other employees who reported to the manager were capable of performing part or even all of the manager's duties" was irrelevant.)).

- 9 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DOLLAR TREE STORES, INC.'S REPLY TO PLAINTIFF ROBERT RUNNINGS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC

Plaintiff further maintains that 29 C.F.R. § 541.104 stands for the proposition that Dollar Tree must demonstrate that Plaintiff's "work tasks have a real and significant impact on Dollar Tree as an enterprise, or a recognized subdivision thereof." Opposition Br., page 14, lines 3-6). No requirement exists in 29 C.F.R. § 541.104 that the executive's activities have "a real and significant impact" on Dollar Tree as an enterprise. Although the regulations require that an executive have managerial responsibilities over a recognized unit, 29 C.F.R. § 541.104(b) contemplates that a retail store constitutes a recognized department and, accordingly, the requirements that Plaintiff supervise a recognized unit have been established.

**5. Plaintiff Directly Supervises Two Or More Employees.**

Plaintiff attempts to argue that he does not supervise two or more employees as he shares this responsibility with "Dollar Tree (corporate) as an institution." Opposition Br., page 14, lines 15-25. Plaintiff's argument fails as the regulations contemplate supervision by an executive, not an institution. See 29 C.F.R. § 541.105(a). Dollar Tree has demonstrated that Plaintiff supervises at least two full-time equivalent employees. Runnings Dep., 189:24-190:1 ("Q Are you the supervisor of all employees who work in your store? A Yes.").

**C. This Court Should Find That Dollar Tree's *Ramirez* Defense Bars Plaintiff's Claims.**

**1. The Court Can Properly Determine If Dollar Tree's Expectations Are Realistic.**

Plaintiff maintains that whether Dollar Tree's stated expectations are reasonable or realistic must be determined by a jury rather than by this Court. Opposition Br., page 16, lines 1-6. Plaintiff is using an incorrect standard.

Judge Armstrong, in a similar case litigated by Plaintiff's counsel, rejected the argument that realistic expectations must be decided by a jury. *Whiteway v. FedEx Kinko's Office and Print Servs., Inc.*, 2007 WL 2408872 * 4 (N.D. Cal. August 21, 2007). The plaintiff in *Whiteway* maintained that the Center Managers were misclassified and, accordingly, were entitled to overtime compensation and other employment benefits

- 10 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DOLLAR TREE STORES, INC.'S REPLY TO PLAINTIFF ROBERT RUNNINGS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC

afforded to non-exempt employees. *Id.* at *1. The defendant moved for summary judgment on the grounds that it was entitled to judgment as a matter of law. *Id.* at * 2. In granting summary judgment, Judge Armstrong expressly considered whether the plaintiff diverged from his employer's express policy requiring that he spend more than 50% of his time performing exempt functions.

To determine the applicability of an exemption, one must determine 'the realistic requirements of the job.' *Ramirez*, 20 Cal.4th at 802 (emphasis in original). This requires a court to determine, "first and foremost, how the employee actually spends his or her time." *Id.* A court should also determine if the employees' practices diverge from the employer's realistic expectations. *Id.* at * 4.

In granting summary judgment, the court in *Whiteway* also determined that the plaintiff's practice of allegedly spending more than 50% of his time performing non-exempt tasks deviated from his employer's expectations. *Id.* at *10. Accordingly, this Court may consider Dollar Tree's evidence regarding its *Ramirez* defense when analyzing the appropriateness of Dollar Tree's Motion for Summary Judgment.

**2. Dollar Tree's Expectations Were Realistic.**

The California Supreme Court stated "the trial court should also consider whether the employee's practice diverges from the employer's realistic expectations, whether there was any concrete expression of employer displeasure over an employee's substandard performance, and whether these expressions were themselves realistic given the actual overall requirements of the job." *Ramirez*, 20 Cal.4th 802 (emphasis added). Dollar Tree has submitted evidence that the Plaintiff's significant managerial responsibilities were sufficient to occupy greater than half the workweek. See Declaration of Carlos Hernandez in support of Dollar Tree's Motion for Summary Judgment at ¶ 3. In addition, Dollar Tree has proven that a majority of California Store Managers certify that they spend more than half their time performing exempt tasks. See Declaration of Patricia Doss in support of Dollar Tree's Reply at ¶ 6, Ex. B and Declaration of Charlotta Jacobson-Allen in support of Dollar Tree's Motion for Summary

- 11 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DOLLAR TREE STORES, INC.'S REPLY TO PLAINTIFF ROBERT RUNNINGS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC

Judgment at ¶ 7. Plaintiff contends that the certifications are of no probative value because the Store Managers were not educated as to the meaning of the certifications. Opposition Br., page 16, lines 20, page 17, line 2. Plaintiff provides no support for this contention. *Nelson v. Pima Community College*, 83 F. 3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment."). Moreover, Plaintiff knew enough about the meaning of the certifications to respond "yes" on certain occasions based on the work he had performed that week and to respond "no" in other weeks when the way he had spent his time differed. Opposition Br., page 17, lines 5-7. Plaintiff should not be rewarded for acting in contravention of Dollar Tree's policies and expectations.

**3. Dollar Tree's Expressed Disapproval At Plaintiff's Failure To Meet Expectations.**

Dollar Tree provided ample evidence of its expressing disapproval to Plaintiff for failure to meet its realistic expectations. Plaintiff does not dispute this fact, but instead misstates the legal standard without citing any authority by claiming that the expressions of disapproval must be "reasonable." Opposition Br., page 17, lines 19-21. *Ramirez* mandates only that the expression is concrete and realistic. *Ramirez*, 20 Cal.4th at 802. Dollar Tree's expression of dissatisfaction cannot be more concrete than his superior admonishing him to spend less time on the sales floor and more time in the office planning. Runnings Dep., 259:3-260:15. The fact he won a district wide award based solely on increased sales, does not suggest that Dollar Tree wanted him to spend his day stocking. District Manager Richard Tellstrom testified he tried to teach Plaintiff how to delegate more tasks to Plaintiff's subordinates; however, Plaintiff continued to perform the tasks himself rather than take the time to properly train others. A true and correct copy of the Tellstrom Deposition is attached as Exhibit B to the Berman Declaration, 104:17-106:6.

Dollar Tree has presented undisputed evidence that its expectations were realistic and it concretely expressed its dissatisfaction to Plaintiff for his failure to meet

- 12 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DOLLAR TREE STORES, INC.'S REPLY TO PLAINTIFF ROBERT RUNNINGS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC

those expectations. Plaintiff has presented no evidence to dispute Dollar Tree's showings. Plaintiff's falling below the "50 percent mark due to his own substandard performance should not thereby be able to evade a valid exemption." *Ramirez*, 20 Cal. 4th at 802.

**D. Summary Judgment Should Not Be Denied Under Rule 56(f).**

Plaintiff argues that Dollar Tree's motion should be denied pursuant to Federal Rule 56(f). "When a party opposing summary judgment is unable to present facts "essential to justify his opposition" to the motion, Rule 56(f) authorizes him to file an affidavit setting forth his reasons." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 954 (9th Cir. 1978). On November 16, 2007, the Court ordered all summary judgment motions be filed by January 20, 2008, yet at no point did Plaintiff request the Court to stay consideration of summary judgment motions pending discovery. It is inappropriate for the Plaintiff now to ask the Court to deny Dollar Tree's motion in light of Plaintiff's failure timely to pursue the procedural remedy which the Federal Rules so clearly provide. *Id.* Plaintiff had ample opportunity to conduct discovery. The first of these consolidated cases was filed on April 11, 2007, yet no discovery was served on Dollar Tree until December 13, 2007,[2] nearly a month after the Court set the date by which Dollar Tree was to file its summary judgment motions.

The cases Plaintiff cites are not applicable. *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3rd Cir. 1990) involved complex issues of antitrust law where the facts were almost entirely in possession of the defendant and the court relied on authority establishing a different standard for summary judgment in private antitrust actions. In *Brown v. Mississippi Valley State University*, 311 F.3d 328 (5th Cir. 2002), almost no discovery had taken place because summary judgment was filed prior to the defendant's answering the complaint. In this case, Dollar Tree is not in

[2] Plaintiff tries to create the impression that Dollar Tree unreasonably delayed in responding to discovery. That is not the case. See Declaration of Alex Hernaez in support of Dollar Tree's Reply ¶¶ 1-8 and Ex. A.

- 13 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DOLLAR TREE STORES, INC.'S REPLY TO PLAINTIFF ROBERT RUNNINGS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC

sole possession of the majority of relevant facts, and Plaintiff has had the opportunity for discovery.

Furthermore, the discovery that the Plaintiff seeks is not material. The names of Dollar Tree's Store Managers have no bearing on Dollar Tree's motion against an individual plaintiff. Additionally, the certification forms themselves describe the exempt tasks. Determining the knowledge as to all the putative class members is not material. *California Union Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271 (9th Cir. 1990) ("The district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past, or if the movant fails to show how the information sought would preclude summary judgment." (citations omitted)).

## III. CONCLUSION

For all the foregoing reasons, Dollar Tree's Motion for Summary Judgment should be granted in its entirety.

DATED: March 14, 2008

KAUFF MCCLAIN & MCGUIRE LLP

By: / S /
ALEX HERNAEZ

Attorneys for Defendant
DOLLAR TREE STORES, INC.

4817-1210-6242.1

- 14 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DOLLAR TREE STORES, INC.'S REPLY TO PLAINTIFF ROBERT RUNNINGS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC