1  MAUREEN E. McCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  ALEX HERNAEZ (State Bar No. 201441)
   Email: hernaez@kmm.com
3  KAUFF McCLAIN & McGUIRE LLP
   One Post Street, Suite 2600
4  San Francisco, California 94104
   Telephone: (415) 421-3111
5  Facsimile: (415) 421-0938

6  Attorneys for Defendant
   DOLLAR TREE STORES, INC.
7
   BETH HIRSCH BERMAN (VA Bar No. 28091)
8  Email: bberman@williamsmullen.com
   WILLIAMS MULLEN
9  Dominion Tower, Suite 1700
   999 Waterside Drive
10 Norfolk, VA 23510
   Telephone: (757) 629-0604
11 Facsimile: (757) 629-0660

12 *Pro Hac Vice* Attorneys For Defendant
   DOLLAR TREE STORES, INC.

13

14                UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| MIGUEL A. CRUZ, and JOHN D. HANSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOLLAR TREE STORES, INC.,<br><br>Defendant. | CASE NO. C 07 2050 SC<br>CASE NO. C 07 04012 SC<br><br>**DOLLAR TREE STORES, INC.'S OBJECTIONS TO THE DECLARATION OF ROBERT RUNNINGS**<br><br>DATE: March 21, 2008<br>TIME: 10:00 a.m.<br>DEPT: Ctrm. 1, 17th Floor<br>JUDGE: Hon. Samuel Conti |
| ROBERT RUNNINGS individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC.,<br><br>Defendant. | **COMPLAINTS FILED:** April 11, 2007<br>July 6, 2007<br>**TRIAL DATES:** No dates set. |

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DOLLAR TREE STORES, INC.'S OBJECTIONS TO THE
DECLARATION OF ROBERT RUNNINGS

CASE NO. C 07 2050 SC
CASE NO. C 07 04012 SC

## I. INTRODUCTION

Plaintiff Robert Runnings was deposed at length on December 17, 2007. On February 29, 2008, he filed a Declaration of Robert Runnings ("Declaration"). Several portions of the Declaration flatly contradict his prior deposition testimony, without explanation. The Court should find the affidavit is a sham and disregard its contradictory portions.

## II. LAW

The general rule of the Ninth Circuit is that "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (citing *Foster v. Arcata Associates, Inc.*, 772 F.2d 1453, 1462 (9th Cir.1985). See also, *Hambleton Bros. Lumber Co. v. Balkin Enters.,Inc.*, 397 F.3d 1217, 1225-1226 (9th Cir. 2005). The rationale for the rule is that "[i]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Kennedy*, 952 F.2d at p. 266 (citations omitted).

The rule precludes "sham" testimony that flatly contradicts earlier testimony in an attempt to 'create' an issue of fact and avoid summary judgment." *Id.* at pp. 266-67. In making the determination whether an affidavit or declaration is in fact a sham, the Court must consider whether the party submitting the affidavit or declaration provides a sufficient explanation for the contradiction. *Martinez v. Marin Sanitary Service*, 349 F.Supp.2d 1234, 1242-43 (N.D. Cal. 2004) (finding that plaintiff's affidavit alleging additional prior instances of discrimination was a sham where he had every reason and opportunity to disclose at his prior deposition, and where he provided no explanation or description of newly acquired evidence). Therefore, where the declarant previously claims no knowledge, and subsequently expresses a clear recollection by affidavit, with no explanation for the discrepancy, the affidavit should be considered a sham, and its contradictory portions should be stricken under the sham affidavit rule.

-1-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DOLLAR TREE STORES, INC.'S OBJECTIONS TO THE
DECLARATION OF ROBERT RUNNINGS

CASE NO. C 07 2050 SC
CASE NO. C 07 04012 SC

## III. SPECIFIC OBJECTIONS

In this case, several portions of the Declaration flatly contradict Runnings' prior deposition testimony.

| Evidence to Which Objection is Made | Deposition Testimony |
|---|---|
| <u>Page 4, ¶12, lines 18-20</u>: If I did not feel ordering more product for the store was appropriate for any given week, I would have to run this decision by the corporate office. | In his deposition, he stated that at times he places a very big order and that at other times he places a quite small order and that he makes that determination by walking through the store. Runnings Deposition ("Runnings Dep.,") is attached as Exhibit A to the Declaration or Supplemental Declaration of Beth Hirsch Berman, 128:5-19. |
| <u>Page 4, ¶12, lines 22-23</u>: I must get approval from my District Manager if I want to schedule more hours. | In his deposition, he stated that during the holiday season he was given free rein to hire as many employees as he needed. Runnings Dep., 250:17-24. |
| <u>Page 5, ¶12, lines 8-11</u>: The appearance of a significant portion of Merchandise Displays are dictated by Dollar Tree (corporate). Dollar Tree (corporate) sends a map or so-called "plan-o-gram" to every Dollar Tree retail location so that the merchandise may be displayed according to Dollar Tree's preferences and policies. | In his deposition, he stated that his store has about 80 end caps, that Dollar Tree gives him suggested pictures for end cap displays but that he has to develop approximately 75% of the end caps without suggestions and that they have to be changed regularly. Runnings Dep., 105:13-106:8. |
| <u>Page 6, ¶ 12, lines 18-22</u>: Cashier schedules are generated by Dollar Tree's "Compass" system, an automated computer system in place at all Dollar Tree retail locations. The vast majority of hourly workers at my store are assigned to attend the cash registers, for obvious reasons; therefore, I am only truly responsible for compiling schedules for myself, the assistant managers, and the freight crew. | In his deposition, he stated that although the "Compass" system generates a schedule for the cashiers, he has to make adjustments. He stated that the system will only schedule two cashiers for the entire day which leaves multiple vacant shifts that he must fill, that it schedules the first cashier at 8:30 a.m. even though the store opens at 8:00 a.m. and that he has index cards for employees to put in schedule requests for things such as doctor's appointments and that he accommodates most requests. Runnings Dep., 244:5-245:23; 246:17-247:19. |

- 2 -

DOLLAR TREE STORES, INC.'S OBJECTIONS TO THE
DECLARATION OF ROBERT RUNNINGS

CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

| | |
|---|---|
| <u>Page 7, ¶ 12, lines 2-5</u>: I am not authorized to hire Assistant Managers without approval from Rick Tellstrom, my District Manager, and Rosalind, my Regional Manager. | In his deposition, he stated that he elected to ask Rick (Tellstrom) to take a hand in hiring assistant managers, because he feels that hiring is not his strong point. Runnings Dep., 68:17-21. |
| <u>Page 8, ¶ 12, lines 19-24</u>: To the extent that I ensure "compliance" with the law, it is because Dollar Tree has strict policies governing my actions as to: workers' compensation forms, store sanitation levels, minimum wage requirements, etc. In summary, Dollar Tree provides me with forms to use (presumably so that Dollar Tree is in compliance with various laws), and I use them. | With regard to Dollar Tree's Wage and Hour Policy, he states in his deposition that he is responsible for making sure everybody gets paid correctly and that he implements that by supervising their punching in and out, taking lunches, etc. by watching them and checking the time clocks. He regularly tells his employees that they must take lunch periods and breaks and instructs his assistant managers that they must enforce the policy as well. Runnings Dep., 227:1-24. |

Runnings provides no explanation for these contradictions. The Court should therefore find the Declaration is a sham and disregard its contradictory portions under the sham affidavit rule.

DATED:   March 14, 2008

KAUFF MCCLAIN & MCGUIRE LLP

By: _____/ S /_____
ALEX HERNAEZ

Attorneys for Defendant
DOLLAR TREE STORES, INC.

4823-2978-2786.1

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 3 -

DOLLAR TREE STORES, INC.'S OBJECTIONS TO THE
DECLARATION OF ROBERT RUNNINGS

CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC