1  MAUREEN E. McCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  ALEX HERNAEZ (State Bar No. 201441)
   Email: hernaez@kmm.com
3  KAUFF McCLAIN & McGUIRE LLP
   One Post Street, Suite 2600
4  San Francisco, California 94104
   Telephone:  (415) 421-3111
5  Facsimile:   (415) 421-0938

6  Attorneys for Defendant
   DOLLAR TREE STORES, INC.

7

8  BETH HIRSCH BERMAN (VA Bar No. 28091)
   Email: bberman@williamsmullen.com
   WILLIAMS MULLEN
9  Dominion Tower, Suite 1700
   999 Waterside Drive
10 Norfolk, VA 23510
   Telephone:  (757) 629-0604
11 Facsimile:   (757) 629-0660

12 *Pro Hac Vice* Attorneys For Defendant
   DOLLAR TREE STORES, INC.

13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16

17 | MIGUEL A. CRUZ, and JOHN D. HANSEN, individually and on behalf of all others similarly situated, | CASE NO. C 07 2050 SC<br>CASE NO. C 07 04012 SC |

18                 Plaintiffs,

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE DECLARATIONS OF CHARLOTTA JACOBSON-ALLEN AND CARLOS HERNANDEZ**

19 v.

20 DOLLAR TREE STORES, INC.,

                 Defendant.

21

22 **DATE:**    March 21, 2008
   **TIME:**    10:00 a.m.
   **DEPT:**    Ctrm. 1, 17th Floor
23 **JUDGE:**   Hon. Samuel Conti

24 ROBERT RUNNINGS individually, and on behalf of all others similarly situated,

   **COMPLAINTS FILED:** April 11, 2007
                          July 6, 2007
25                 Plaintiff,        **TRIAL DATES:**   No dates set.

26 v.

27 DOLLAR TREE STORES, INC.,

28                 Defendant.

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE
DECLARATIONS OF CHARLOTTA JACOBSON-ALLEN AND CARLOS HERNANDEZ

CASE NO. C 07 2050 SC
CASE NO. C 07 04012 SC

1    Defendant, Dollar Tree Stores Inc. ("Dollar Tree"), by counsel, submits its

2    Memorandum in Opposition to Plaintiff's Objections to the Declarations of Charlotta

3    Jacobson-Allen and Carlos Hernandez ("Objections"), filed by plaintiff, Robert Runnings

4    ("Runnings").

5    **I.    INTRODUCTION**

6    Dollar Tree filed the declarations of Charlotta Jacobson-Allen ("Jacobson-

7    Allen") and Carlos Hernandez ("Hernandez") on January 19, 2008 as exhibits to its

8    Memorandum of Law in Support of its Motion for Summary Judgment as to Robert

9    Runnings.  Runnings filed his Objections on February 29, 2008, asserting that two

10    discrete paragraphs of Jacobson-Allen's declaration are inadmissible, and that thirteen

11    paragraphs of Hernandez's declaration are inadmissible.  Runnings' objections as to

12    Jacobson-Allen's declaration should be overruled because the testimony sought to be

13    excluded falls within the business records exception.  In addition, Runnings' objections

14    to the Hernandez declaration should be overruled because Hernandez had the requisite

15    personal knowledge.  Hernandez worked for Dollar Tree as both a Store Manager and a

16    District Manager prior to assuming his present position as a Regional Training Manager.

17    As a result of holding those positions, Hernandez has direct knowledge, not only of

18    Dollar Tree's expectations for the Store Manager position, but also as to how the Store

19    Manager job is actually performed by Store Managers.

20    **II.    ARGUMENT**

21    **A.    Jacobson-Allen's Declaration Summaries Are Proper.**

22    **1.    Jacobson-Allen's Declaration Satisfies The Business Records
              Exception.**
23

24    In paragraph 8, lines 3-10 of her declaration, Jacobson-Allen explains how

25    she used Dollar Tree business records provided to her by Patricia Doss, an Employee

26    Relations Manager for Dollar Tree, to determine on a weekly basis the percentage of

27    California Store Managers who certified that they spent more than 50% of their time

28    performing exempt tasks.  As a result of those records, Jacobson-Allen created the chart

-1-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE                 CASE NO. C 07 2050 SC
DECLARATIONS OF CHARLOTTA JACOBSON-ALLEN AND CARLOS HERNANDEZ             CASE NO. C 07 04012 SC

1  shown as Exhibit A to her declaration.  That exhibit specifically incorporates the data
2  provided by Dollar Tree and adds a final column showing the percentage of all California
3  Store Managers certifying that they spent more than 50% of their time performing
4  exempt tasks.

5          Runnings objects to this testimony alleging it violates the hearsay rule, the
6  best evidence rule, and contains an improper summary.  Runnings is incorrect.
7  Jacobson-Allen's declaration is not inadmissible hearsay because it qualifies under the
8  business records exception.  The certification forms were recorded and their data was
9  entered into Dollar Tree's computer system in the ordinary course of business.  See
10  Declaration of Patricia Doss (Doss Decl. ¶3, lines 21-23) in support of Dollar Tree's
11  Reply to Plaintiff Robert Runnings' Opposition to the Motion for Summary Judgment and
12  attached hereto as Exhibit A as a courtesy copy.  These records have been maintained
13  by Dollar Tree since June 2005 – two years before this litigation arose.  Doss Decl. at
14  ¶3, lines 16-17.  The custodian of this data at Dollar Tree, Patricia Doss, produced the
15  data to counsel for Dollar Tree.  Doss Decl. at ¶5, lines 17-18 and ¶6, lines 22-23.
16  Jacobson-Allen, employed as a paralegal by Dollar Tree, summarized its contents in her
17  declaration.  Thus, the underlying reports on which Jacobson-Allen's summary relies
18  comports with the business records requirement of Federal Rule of Evidence 803(6).
19  The reports on which the summary is based have been provided to opposing counsel in
20  compliance with Federal Rule of Evidence 1006.  Therefore, paragraph 8 and Exhibit A
21  to the Jacobson-Allen declaration comply with the Federal Rules of Evidence and should
22  be considered by the Court.

23          **2.      Jacobson-Allen's Summary Of The Wage And Hour
                       Spreadsheets Is Admissible.**
24
25          In her declaration (accompanying Dollar Tree's Motion for Summary
26  Judgment as to Robert Runnings; Memorandum of Points and Authorities in Support
27  Thereof ("Dollar Tree's Memorandum")), Paula Brady explains that the Wage and Hour
28  Reports are prepared and maintained by Dollar Tree in the ordinary course of its

- 2 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1  business; that the reports identify all the employees in a given store by week, the hours

2  they worked and the pay they received; and that she provided the report for store 2939

3  (Runnings' store) to counsel for Dollar Tree.  Brady Decl. at ¶ 11, lines 21-25.

4  Jacobson-Allen testified that she reviewed those reports and that Runnings supervised

5  between 8 and 40 hourly employees.  Jacobson-Allen Decl. at ¶9, lines 11-13.  Runnings

6  quibbles that Jacobson-Allen does not describe how many employees were present for a

7  particular period.  However, the Wage and Hour reports were described by Paula Brady

8  as providing information on a weekly basis.  In accordance with Federal Rules of

9  Evidence 1006, Jacobson-Allen properly summarized the Wage and Hour reports for

10  Runnings' store.

11          Runnings also takes issue with Jacobson-Allen's use of the term

12  "supervised," stating it is likely to cause undue prejudice and confusion.  The Jacobson-

13  Allen declaration was submitted to the Court and is not before a jury.  Surely the Court

14  will not be confused.  Moreover, Runnings was the highest level manager at store 2939,

15  set his employees' schedules and assigned them tasks to do.  A true and correct copy of

16  applicable portions of Runnings' Deposition is attached as Exhibit A to the Declaration or

17  Supplemental Declaration of Beth Hirsch Berman, 64:23-25; 65:1-4;244:5-7; 265:15-18

18  and a true and correct copy of applicable portions of Tellstrom's Deposition is attached

19  as Exhibit B to the Berman Declaration, 108:10-15.  Thus, Jacobson-Allen's use of the

20  term "supervise" is consistent with the evidence and meaning of supervise as set forth in

21  29 C.F.R. 541.105(a) and 8 Cal. Code Regs. §11070(1)(A).

22          **B.      Hernandez Has Personal Knowledge.**

23          Runnings objects to Hernandez's declaration on the basis that "Mr.

24  Hernandez does not have personal knowledge of Mr. Runnings' performance as a Store

25  Manager."  Runnings asserts that Hernandez can therefore testify only concerning Dollar

26  Tree's expectations of performance for the position of Store Manager rather than

27  Runnings' actual performance.  Hernandez had personal knowledge, and Runnings'

28  objection is without merit.

- 3 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE
DECLARATIONS OF CHARLOTTA JACOBSON-ALLEN AND CARLOS HERNANDEZ

CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC

1    As a former Store Manager for Dollar Tree, Hernandez not only has
2    knowledge about Dollar Tree's expectations of its Store Managers, but he also has
3    personal knowledge as to what Store Managers do and how they spend their time.
4    Hernandez worked as a Dollar Tree Store Manager and knows what he spent his time
5    doing. Hernandez Decl. at ¶2, lines 11-13. Later, Hernandez became a District
6    Manager responsible for supervising an entire district of Store Managers. Hernandez
7    Decl. at ¶2, lines 13-16. Thus, Hernandez has first hand knowledge not only as to what
8    Dollar Tree expects its Store Managers to do, but also as to the reasonableness of those
9    expectations.

10    Moreover, the Ninth Circuit has repeatedly held that that personal
11    knowledge may be inferred from a declarant's position. *See Self-Realization Fellowship*
12    *Church v. Ananda Church of Self-Realization*, 206 F.3d 1322, 1330 (9th Cir.2000) ("As a
13    corporate officer of SRF, Ananda Mata could be expected to know the identity of SRF
14    employees and their tasks."); *Barthelemy v. Air Line Pilots Ass'n*, 897 F.2d 999, 1018
15    (9th Cir.1990) (CEO's personal knowledge of various corporate activities could be
16    presumed).

17    In this case, Hernandez is employed with Dollar Tree as its Regional
18    Training Manager for Region 9, which consists of some 98 stores in the Central Valley of
19    California and in Nevada. Prior to his current position, Hernandez held positions as
20    Store Manager for two different Dollar Tree stores in California, and as District Manager
21    for the Sacramento, California area. As Regional Training Manager, Hernandez
22    currently implements training programs at both the Store Manager and District Manager
23    level, and he regularly visits Dollar Tree stores throughout California. The store
24    managed by Runnings was in Hernandez's Region from about August 2005 to February
25    2007. Hernandez states, "Because of the duties I have here described (performing the
26    job, supervising the job, and providing training for the job), I have personal knowledge of
27    the duties performed by Dollar Tree Store Managers in California. Hernandez Decl. at
28    ¶2, pages 1-2, lines 25-1.

- 4 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1  **III.    CONCLUSION**

2         Therefore, because Hernandez has personal knowledge of the duties and

3  responsibilities performed by Dollar Tree Store Managers, because his position as a

4  Regional Training Manager involves overseeing the performance of Store Managers

5  within his Region, because Runnings was a Store Manager in Hernandez's Region, and

6  because Hernandez avers that he has personal knowledge of the performance of Dollar

7  Tree Store Managers in his Region, Hernandez has the required personal knowledge

8  and Runnings' objection should be overruled.

9
   DATED:      March 14, 2008                  KAUFF MCCLAIN & MCGUIRE LLP
10

11
                                              By:_____/ S /_____
12                                                          ALEX HERNAEZ

13                                            Attorneys for Defendant
                                              DOLLAR TREE STORES, INC.
14

15  4851-1099-9298.1

16

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE               CASE NO. C 07 2050 SC
DECLARATIONS OF CHARLOTTA JACOBSON-ALLEN AND CARLOS HERNANDEZ          CASE NO. C 07 4012 SC