1  MAUREEN E. McCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  ALEX HERNAEZ (State Bar No. 201441)
   Email: hernaez@kmm.com
3  KAUFF McCLAIN & McGUIRE LLP
   One Post Street, Suite 2600
4  San Francisco, California 94104
   Telephone: (415) 421-3111
5  Facsimile: (415) 421-0938

6  Attorneys for Defendant
   DOLLAR TREE STORES, INC.
7
   BETH HIRSCH BERMAN (VA Bar No. 28091)
8  Email: bberman@williamsmullen.com
   WILLIAMS MULLEN
9  Dominion Tower, Suite 1700
   999 Waterside Drive
10 Norfolk, VA 23510
   Telephone: (757) 629-0604
11 Facsimile: (757) 629-0660

12 *Pro Hac Vice* Attorneys For Defendant
   DOLLAR TREE STORES, INC.

13

14                    UNITED STATES DISTRICT COURT

15                    NORTHERN DISTRICT OF CALIFORNIA

16 | MIGUEL A. CRUZ, and JOHN D. HANSEN, | CASE NO. C 07 2050 SC
17 | individually and on behalf of all others | CASE NO. C 07 04012 SC
   | similarly situated,
18 |                          Plaintiffs, | **DOLLAR TREE STORES, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF ROBERT RUNNINGS REQUEST FOR JUDICIAL NOTICE**
19 | v.
20 | DOLLAR TREE STORES, INC.,
21 |                          Defendant. | DATE: March 21, 2008
                                            TIME: 10:00 a.m.
22 |                                         DEPT: Ctrm. 1, 17th Floor
                                             JUDGE: Hon. Samuel Conti
23
24 | ROBERT RUNNINGS individually, and on behalf of all others similarly situated, | COMPLAINTS FILED: April 11, 2007
                                                                                    July 6, 2007
25 |                          Plaintiff, | TRIAL DATES: No dates set.
26 | v.
27 | DOLLAR TREE STORES, INC.,
28 |                          Defendant.

KAUFF McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DOLLAR TREE STORES, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF     CASE NO. C 07 2050 SC
ROBERT RUNNINGS REQUEST FOR JUDICIAL NOTICE                           CASE NO. C 07 04012 SC

    Defendant, Dollar Tree Stores, Inc.'s ("Dollar Tree"), by counsel, submits its Memorandum in Opposition to Plaintiff's Request for Judicial Notice ("Request"), filed by plaintiff, Robert Runnings ("Runnings").

## I. INTRODUCTION

    Runnings filed his Request on February 29, 2008, asking that the Court take judicial notice pursuant to Fed. R. Evid. 201 of a document filed in another court in an unrelated case, the Declaration of Miles E. Locker in Support of Plaintiffs' Motion for Class Certification, *Areas v. Pac Pizza*, CIVMSC 06-01715 (Superior Court of California, Country of Contra Costa) ("Locker Declaration"), which Runnings wishes to submit in support of his opposition to Dollar Tree's Motion for Summary Judgment.

    The Locker Declaration is not judicially noticeable because Runnings offers the document to prove the truth of the matters asserted in the document, which is impermissible under Rule 201 of the Federal Rules of Evidence.

## II. ARGUMENT

### A. Runnings Request for Judicial Notice is Improper Because the Document is Offered for the Purpose of Establishing the Truth of its Contents.

    Under Fed. R. Evid. 201, the Court may take judicial notice of adjudicative facts not subject to reasonable dispute that are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.  The Court may take judicial notice of "matters of public record" as long as the facts are not "subject to reasonable dispute." *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).  Court filings and orders may be properly noticed under Fed. R. Evid. 201, however, "only for the limited purpose of recognizing the 'judicial act' that the order [or filing] represents on the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citing *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2nd Cir.1992)); *see also, General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082, n. 6 (7th Cir. 1997) ("We agree that courts

-1-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DOLLAR TREE STORES, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF
ROBERT RUNNINGS REQUEST FOR JUDICIAL NOTICE

CASE NO. C 07 2050 SC
CASE NO. C 07 04012 SC

generally cannot take notice of findings of fact from other proceedings for the truth [of the matter] asserted therein because these findings are disputable and usually are disputed"); *San Luis v. Badgley*, 136 F.Supp.2d 1136, 1146 (E.D. Cal. 2000) (a court "may take judicial notice of a document filed in another court not for the truth of the matters asserted in the litigation, but rather to establish the fact of such litigation and related filings") (citing *Jones*, 29 F.3d at p. 1553 (quoting *Liberty Mut. Ins. Co.*, 969 F.2d at pp. 1388-89)).

In this case, the only apparent purpose for which Runnings submits the Locker Declaration is to prove the truth of its contents, i.e., that Mr. Locker's assessment of California law is accurate and that his conclusions regarding evidence submitted by the defendant in *Areas v. Pac Pizza* should apply to Dollar Tree's evidence. For example, in footnote 26 of Runnings' Memorandum of Points and Authorities In Opposition to Defendant's Motion for Summary Judgment ("Runnings' Opposition"), the Locker Deposition is offered to provide a legal conclusion as to whether "directly and closely related" tasks are exempt or not. Therefore, the request for judicial notice is not proper under Fed. R. Evid. 201, as the legal conclusions contained in the Locker Declaration are disputable and are disputed.

B.  **Expert Testimony From Another Case is Not Judicially Noticeable.**

The Ninth Circuit has held that taking judicial notice of findings from another case exceeds the limits of Fed. R. Evid. 201. *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003) (citing *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) (a court "may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it"). Statements in Runnings' Opposition about the evidentiary value of Dollar Tree's store manager certifications are supposedly supported by references to the Locker Declaration at footnotes 15, 20 and 45. Yet a review of the Locker Declaration discloses that Locker is discussing Pac Pizza documents, not Dollar Tree's. In this case, pursuant to the limits of Fed. R. Evid. 201,

- 2 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DOLLAR TREE STORES, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF
ROBERT RUNNINGS REQUEST FOR JUDICIAL NOTICE

CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC

1  Runnings cannot ask the Court to take judicial notice of Mr. Locker's opinions, made in
2  another case, based on facts from another wholly unrelated case.

### C. Runnings Cannot Offer Expert Testimony on Ultimate Issues of Law.

Moreover, Fed. R. Evid. 702 allows expert witnesses to testify concerning only specialized knowledge to assist a trier of fact or to determine a fact in issue. The Ninth Circuit has held "an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court." E.g., *United States v. Moran*, 493 F.3d 1002, 1008 (9th Cir. 2007) (quoting *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). *See also McHugh v. United Services Auto Ass'n.*, 164 F.3d 451, 454 (9th Cir. 1999) (stating expert testimony may not be used to provide legal meaning). In this case, the Locker Declaration is fraught with inadmissible legal opinions and conclusions concerning how to classify work performed by an employee as exempt or non-exempt under California law. Therefore, even if the Locker Declaration were judicially noticeable, it is still inadmissible under Fed. R. Evid. 702.

### III. CONCLUSION

For these reasons, Dollar Tree respectfully requests that the Court disregard the Locker Declaration and all references thereto in Runnings' Opposition.

DATED:   March 14, 2008          KAUFF MCCLAIN & MCGUIRE LLP


By: _____/ S /_____
                ALEX HERNAEZ

Attorneys for Defendant
DOLLAR TREE STORES, INC.

4848-9597-5938.1

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 3 -

DOLLAR TREE STORES, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF
ROBERT RUNNINGS REQUEST FOR JUDICIAL NOTICE

CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC