UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CRUZ, and JOHN D. HANSEN, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DOLLAR TREE STORES, INC.,<br><br>　　　　Defendant.<br>_____<br><br>ROBERT RUNNINGS, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOLLAR TREE STORES, INC.,<br><br>　　　　Defendant.<br>_____ | Case No. 07-2050 SC<br>　　　　　07-4012 SC<br><br>Consolidated<br><br>ORDER DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AS TO JOHN HANSEN AND <u>ROBERT RUNNINGS</u> |

## I. **<u>INTRODUCTION</u>**

This matter comes before the Court on the Motions for Summary Judgment ("Motions") submitted by the defendant Dollar Tree Stores "Defendant" or "Dollar Tree"). <u>Cruz</u> Docket No. 48, <u>Runnings</u> Docket No 36. The plaintiffs John D. Hansen ("Hansen") and Robert Runnings ("Runnings") each filed an Opposition and Dollar Tree submitted replies. <u>Cruz</u> Docket Nos. 61, 63; <u>Runnings</u> Docket Nos.

49, 50.  For the following reasons, Dollar Tree's Motions are DENIED.

## II. BACKGROUND

Miguel Cruz and Hansen, on behalf of themselves and all others similarly situated, filed a class action against Dollar Tree, alleging that they were improperly classified as exempt managers and denied wages for overtime.  First Am. Compl., Cruz Docket No. 1, ¶¶ 2-4.  Runnings filed a substantially similar class action in California Superior Court, which Dollar Tree removed to this Court.  Runnings Docket No. 1.  On August 30, 2007, the Court signed a Related Case Order after finding that the two cases were similar.  Cruz Docket No. 34; Runnings Docket No. 21.  On November 20, 2007, the Court signed a Joint Stipulation and Proposed Order for Consolidation of Actions signed by counsel for Cruz, Hansen, Dollar Tree, and Runnings.  Cruz Docket No. 45; Runnings Docket No. 33.

## III. OBJECTIONS TO DECLARATIONS AND REQUESTS FOR JUDICIAL NOTICE

As a preliminary matter, the Court addresses the various objections raised by the parties to certain declarations.

### A.  Hansen Declaration

Dollar Tree objects to numerous statements in the declaration filed by Hansen in Support of his Opposition to Summary Judgment. Docket Nos. 60 (Hansen Decl.), 64 (Objections).  Dollar Tree argues that statements in the declaration contradict statements made by Hansen at a prior deposition and that the Court should

2

therefore construe the declaration as a "sham" declaration. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior testimony." Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991).

The Court reviewed Dollar Tree's objections, Hansen's declaration, and Hansen's deposition testimony. Contrary to Dollar Tree's arguments, the Court cannot conclude that Hansen's declaration is "'sham' testimony that flatly contradicts earlier testimony in an attempt to 'create' an issue of fact and avoid summary judgment." Id. at 266-67. For example, Dollar Tree objects to Hansen's statement in his declaration that "Dollar Tree discouraged creativity." Hansen Decl. ¶ 10. During his deposition, however, when asked by counsel for Dollar Tree whether "the merchandising department at Dollar Tree encourages store managers to be creative in setting up displays," Hansen replied "Not really." Hansen Dep., Ex. A to Hirsch Decl., Cruz Docket No. 49, at 54. In another example, Dollar Tree objects to Hansen's statement in his declaration that he had a clear recollection of spending more than half of his time stocking shelves and working the cash register. Hansen Decl. ¶ 7. Dollar Tree argues that this directly contradicts his deposition testimony. During his deposition, however, when Hansen was asked whether he could recall what percentage of his time was spent stocking shelves, he replied: "I can't really say specifically, but quite a bit. I just remember that being quite a bit of my time." Hansen Dep., Ex. A to Supp. Hirsch Decl., Cruz Docket No. 67, at 324. The fact

that Hansen later was able to state that "quite a bit" was more than half of his time does not lead to the conclusion that his declaration is a sham declaration.[1] Dollar Tree's remaining objections to portions of Hansen's declaration are equally unavailing and are thus OVERRULED.

### B. Runnings Declaration

Dollar Tree also objects to various statements in the declaration of Runnings. Dollar Tree argues that much of what Runnings states in his declaration is directly contradicted by statements made by Runnings during his deposition. After reviewing the declaration and the excerpts of the deposition testimony provided by Dollar Tree, the Court finds that the alleged contradictions amount to little more than minor inconsistencies that are not uncommon when one person testifies at two different times, months apart, about the same events. Dollar Tree's objections are OVERRULED.

### C. Jacobson-Allen and Hernandez Declarations

Runnings objects to the declarations of Charlotta Jacobson-Allen and Carlos Hernandez submitted in support of Dollar Tree's Motions. Runnings Docket Nos. 39, 41. The Court need not reach this issue, as Dollar Tree's Motion for Summary judgment is

---

[1] Hansen does state in his declaration that Dollar Tree's attorney never asked him how much time, or what percentage of his time, was spent stocking and working the cash register. Hansen Decl. ¶ 8. This is clearly incorrect, as a review of Hansen's deposition demonstrates. Hansen Dep., Ex. A to Supp. Hirsch Decl. at 323-24. Nonetheless, that Hansen could not remember every question he was asked during the course of a deposition spanning more than a day does not transform his declaration into a sham declaration.

4

denied.

**D.    Request for Judicial Notice**

Both parties submitted requests for judicial notice. Dollar Tree seeks judicial notice of an order filed in Williams v. Dollar Tree Stores et al., Case No. 01CC00329 (Sup. Ct. Cal., Orange County, June 14, 2005) (Order and Judgment Granting Final Approval of Settlement). Def.'s Request for Judicial Notice ("RJN"), Runnings Docket No. 38. The request is GRANTED. See Hott v. City of San Jose, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000) (stating "[p]ursuant to Federal Rule of Evidence 201, the Court may take judicial notice of papers filed in other courts").

Although this request is granted, the relevance of this document is less than clear. Dollar Tree, in its Motion, asserts that "Runnings, as a putative class member, is prevented from asserting claims relating to overtime and meal and rest break violations arising before December 11, 2004" because of the Order and Judgment cited above. Mot. at 19-20. Nowhere in the Order and Judgment, however, is the class of that action defined. This Court, therefore, has no way of knowing whether Runnings would have been part of that class. In addition, although Dollar Tree asserts that December 11, 2004, is the operative date, the Court, after reviewing the state court order several times, finds no mention of this date. Instead, the Order and Judgment clearly states that the effective date is "deemed by the Court to be the date when this order and judgment is entered and filed by the Court." RJN ¶ 7. That date was July 14, 2005.

For these reasons, Dollar Tree's request for judicial notice

is granted, but its argument that Runnings is somehow precluded from asserting claims arising before December 11, 2004, is wholly unsupported. Dollar Tree is free to raise this argument again so long as it provides justification for its assertion.

Runnings seeks judicial notice of a declaration filed by an attorney in another case filed in state court. Runnings' RJN, <u>Runnings</u> Docket No. 53. The relevance of this document to the current Motion is unclear. Runnings' request is therefore DENIED.

## IV. LEGAL STANDARD

Entry of summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Summary judgment should be granted where the evidence is such that it would require a directed verdict for the moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986). Thus, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). In addition, entry of summary judgment in a party's favor is appropriate when there are no material issues of fact as to the essential elements of the party's claim. <u>Anderson</u>, 477 U.S. at 247-49.

A party moving for summary judgment on an issue where it does

not have the ultimate burden of persuasion at trial may satisfy its initial burden of production in one of two ways.  "The moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial."  <u>Nissan Fire & Marine Ins. Co. v. Fritz Cos.</u>, 210 F.3d 1099, 1106 (9th Cir. 2000). "Once the moving party carries its initial burden, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must provide affidavits or other sources of evidence that set forth specific facts showing that there is a genuine issue for trial."  <u>Devereaux v. Abbey</u>, 263 F.3d 1070, 1076 (9th Cir. 2001) (internal quotation marks omitted).

### V. <u>DISCUSSION</u>

After review of the parties' submissions, the Court finds that triable issues of fact remain as to whether Plaintiffs' employment positions with Dollar Tree are exempt under both the California Labor Code and the Fair Labor Standards Act.  Dollar Tree's Motions are therefore DENIED.

///
///
///
///
///
///

## VI. CONCLUSION

For the reasons discussed herein, the Court DENIES Defendant's Motions for Summary Judgment. The parties are to appear for a status conference on Friday, August 1, 2008, at 10:00 a.m. in Courtroom #1.


IT IS SO ORDERED.


Dated: July 8, 2008

UNITED STATES DISTRICT JUDGE