Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
Carrie S. Lin, Esq. (S.B. #241849)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
web: www.scalaw.com

Attorneys for Representative Plaintiff Robert Runnings
and the Plaintiff Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| MIGUEL A. CRUZ and JOHN D. HANSEN, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br>DOLLAR TREE STORES, INC.<br>Defendant. | **Case No.: C-07-02050 SC** (*Consolidated Action*)<br><br>**CLASS ACTION** |
| ROBERT RUNNINGS, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br>DOLLAR TREE STORES, INC.<br>Defendant. | **Case No.: C-07-4012 SC**(*Consolidated Action*)<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORY NO. 1**<br><br>Date:    October 10, 2008<br>Time:    10:00 a.m.<br>Judge:   Hon. Samuel Conti<br>Courtroom: 1 |

### I. INTRODUCTION

Through this Motion, Plaintiffs seek the identities and contact information for putative class members in this wage and hour class action. Both California and federal law clearly hold that plaintiffs are entitled to this information prior to certification of the class, as putative class members

1  are not only "interested" parties, but percipient witnesses with vital information to the proposed
2  class' claims. Finally, and especially in the context of a proposed *employment* class action,
3  disclosure of putative class members' non-work contact information is necessary to ensure equal
4  access to witnesses and discovery throughout the litigation.

5      As such, Plaintiffs request that the Court order defendant Dollar Tree Stores, Inc. (hereinafter
6  "Dollar Tree" and/or "Defendant")  to disclose the names and contact information for all putative
7  class members, without limitation, by a date certain.

9  **II.    STATEMENT OF FACTS**

10     On July 3, 2008, Robert Runnings filed the underlying action against his then-current
11 employer in Alameda County Superior Court. The lawsuit alleges that retail chain Dollar Tree mis-
12 classifies its California Store Managers as overtime-exempt employees, thereby depriving them of
13 back-pay and meal and rest breaks. Shortly thereafter, Mr. Runnings' class claims were removed to
14 federal court on the basis of the Class Action Fairness Act, and consolidated with the previously-
15 filed case of *Miguel Cruz and John D. Hansen v. Dollar Tree Stores, Inc.*, C-07-02050 SC. On
16 October 19, 2007, the parties entered into and filed a stipulated protective order limiting the use of
17 confidential information exchanged in the course of discovery. *See*, *Declaration of Carrie Lin* ("*Lin*
18 *Decl.*") ¶ 3, *Exhibit A*.

19     On December 7, 2007, Plaintiffs propounded their first set of discovery, including Special
20 Interrogatories and Requests for Production of Documents. *Lin Decl.* ¶ 4, *Exhibit B*. Plaintiffs'
21 Special Interrogatory No. 1 requested  the names and contact information for putative class
22 members.

23     Shortly thereafter, on January 19, 2008, Dollar Tree filed Motions for Summary Judgment
24 against two of the Representative Plaintiffs in this action. Notably, in support of its Motion for
25 Summary Judgment against Robert Runnings, Dollar Tree attached a summary of "payroll
26 certification" forms from other putative class members, claiming that the forms (which required
27 putative class members to check a "yes" or "no" box as to whether he or she performed more exempt
28 than non-exempt work on a pay period basis) *indisputably* proved that the majority of class members

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

were properly classified as exempt. *Lin Decl*.¶ 5, *Ex. C*. Although Defendant relied on this document to support a *dispositive motion*, the summary did not include the identities of the putative class members, nor were Plaintiffs afforded an opportunity to contact or depose any of the putative class members who allegedly completed these payroll certification forms. Further, the summary was later shown, by Defendant's own admission, to be deficient, in that many of the putative class members' original responses thereto were "not captured" by Dollar Tree's computer system, due to a "computer glitch" in the system. *Lin Decl*.¶ 6, *Ex. D* (Declaration of Patricia Doss, pg. 2: 22-25).

After requesting an extension of time, defendant Dollar Tree responded to Plaintiffs' discovery requests on January 29, 2008, over a week after it had filed its Motions for Summary Judgment. Despite having already relied on information provided by other putative class members in said motions, Defendant objected to Plaintiffs' request for the class list on the grounds that it was "overly broad, unduly burdensome, and outside the scope of permissible discovery" to provide such information. *Lin Decl*.¶ 7, *Ex. E*. Notably, Defendant did not object on the grounds of third party privacy rights.

On July 8, 2008, the Court denied Dollar Tree's Motions for Summary Judgment. After additional attempts to meet and confer about the class list failed,[1] Plaintiffs have filed this motion to compel.

### III.  LEGAL ARGUMENT

#### A.  DEFENDANT HAS WAIVED ANY THIRD PARTY PRIVACY OBJECTION TO PRODUCTION OF THIS INFORMATION

Courts should not consider any objection that is not asserted in an untimely fashion, i.e., any objection that is not stated in writing within 30 days of the discovery request being served. *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409-410 (C.D. Cal. 2005). "If a party fails to file timely objections to [discovery] requests, such a failure constitutes a waiver of any objections which a party

---

[1] In lieu of producing the names and home contact information for the proposed class members, counsel for Defendant offered to produce the *names* of putative class members and the store numbers/locations at which they currently work. *Lin Decl*.¶ 9. Plaintiff rejected this offer for the reasons discussed in this motion.

1 might have to the requests. [Citations omitted]. Therefore, a court will not consider any objections that were not asserted in the responding party's discovery responses." *Id*. Such a rule is necessary to avoid prejudice to the party requesting discovery, and to ensure the timely and efficient resolution of discovery disputes.

Here, Defendant did not state any third party privacy objection to Plaintiffs' request for the names and contact information of all putative class members in its written responses to discovery. Defendant first raised this objection via letter to Plaintiffs' counsel on August 27, 2008, (almost eight months after serving written responses and objections thereto), after being informed that Plaintiffs planned to bring a motion to compel such information. As such, Defendant has waived its right to assert this objection at this point in litigation.

### B. BECAUSE MINIMAL PRIVACY RIGHTS ATTACH TO WITNESS IDENTITIES OR CONTACT INFORMATION, AND DISCLOSURE OF SUCH INFORMATION IS AN INTEGRAL PART OF THE CIVIL DISCOVERY PROCESS, DEFENDANT SHOULD PRODUCE THIS INFORMATION WITHOUT LIMITATION

Several California and federal court decisions (including two recent decisions from Judges within the Northern District of California) have stated that only marginal privacy rights attach to a person's name and contact information when such information is sought for the purpose of identifying witnesses in civil litigation. *Puerto v. Superior Court*, 158 Cal.App.4th 1242 (2008); *Tierno v. Rite Aid*, 2008 WL 3287035 (N.D. Cal. July 31, 2008); *Tierno v. Rite Aid*, Case No. C 05 2520 TEH/JL (N. D. Cal. May 30, 2008 [Docket No. 161]). *See, also*, *Pioneer Electronics (USA)*, 40 Cal.4th 360, 372 (2007); *Salazar v. Avis Budget Group*, 2007 WL 2990281 at * 2 (S.D. Cal., Oct. 10, 2007) Accordingly, courts may, in their discretion, order production of witness contact information without requiring that production be delayed so that the potential witnesses may "opt-out" of having their names and contact information revealed for litigation purposes. *Tierno*, 2008 WL 3287035 at 3. This is particularly appropriate where the parties have already entered into a protective order to prevent improper use of information exchanged during the discovery process. *Id*.

Indeed, in *Pioneer Electronics*, the seminal case on this topic, the California Supreme Court expressed doubt as to whether *any* privacy-based limitation should attach to production of basic

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

contact information for putative class members. Although in that case the California Supreme Court ultimately found that the trial court's use of an "opt-out" mailing notice for disclosure of certain proposed class members' contact information was not reversible error, the language used in its privacy analysis suggests that the Court did not necessarily believe that the preconditions imposed on disclosure of the information was necessary, and that, if called upon to fashion an order in the trial court's stead, could just have easily ordered *unlimited production* of the information. Specifically, the Court in *Pioneer* said:

> "[Defendant's] failure to demonstrate that its customers entertained a reasonable expectation of privacy, or would suffer a serious invasion of their privacy, *could end our inquiry....before any balancing is necessary.*" *Id.* at 373. (*Emphasis Added*)

Moreover, unrestricted production of witness contact information is often necessary to further the important policy of ensuring that civil litigants have equal access to discovery. *Puerto*, 158 Cal.App.4th 1242 (2008); *Atari, Inc. v. Superior Court*, 166 Cal.App.3d 867, 873 (1985); *Pioneer*, 40 Cal.4th at 374. [2] In its most recent opinion on this topic, the California Supreme Court again cast doubt on the legitimacy of any privacy-based limitation on discovery of witness contact information. *Puerto*, 158 Cal.App.4th at 1256. Specifically, the Court warned against imposition of any limitation on discovery that could create:

> ...an inequitable situation in which one party has access to all, or nearly all potential witnesses, but the other party is dependent on the willingness of those witnesses to participate in discovery. The inequity is all the more stark when one considers that some number of witnesses would need to be willing to volunteer to participate in litigation *against their current employer*...
> [g]enerally, witnesses are not permitted to decline to participate in civil discovery, even when the information sought from them is personal or private." *Id.* at 1256.

Indeed, courts should look with skepticism upon a defendant-employer's professed solicitude for employees' privacy rights to their contact information, where the defendant's prior behavior

---

[2] The *Pioneer* Court noted that "many of [the individuals in question] would be *percipient witnesses* to relevant [facts]," and went on to say that preconditioning disclosure of their names and contact information would provide the defendant with a significant litigation advantage by allowing it to "retain for its own exclusive use and benefit" the testimony of witnesses who were in the best position to provide plaintiff with information helpful to his case.

suggests such solicitude to be an "artifice" to prevent plaintiffs from talking to witnesses who have information that would be helpful to their claims. *Salazar v. Avis Budget Group*, 2007 WL 2990281 at * 2 (S.D. Cal., Oct. 10, 2007).

Here, Plaintiffs seek the names and contact information for putative class members (defined as any person who works or has worked for Dollar Tree as a California Store Manager between April 11, 2003 and the present time). Clearly, these individuals would be witnesses with relevant information crucial to proving Plaintiffs' claims, as well as demonstrating that these claims should be adjudicated on a class-wide basis.[3] The fact that Defendant has *already relied* (albeit unsuccessfully) on statements allegedly made by the putative class members in its defense of this action clearly supports Plaintiffs' position that they are witnesses, and that their identities and contact information should be treated as such. Defendant's refusal to afford Plaintiffs an opportunity to interview these people not only indicates that it's objections to production of the class list are more litigation-driven than privacy-based, but causes the additional inequity of giving Defendant continued unilateral access to discovery crucial to Plaintiffs' claims.

Finally, Defendant's proposed compromise of providing only putative class members names' and last known Dollar Tree work addresses is clearly insufficient, for the following reasons:

- Plaintiffs would only be provided viable contact information for people who are *still employed* with Dollar Tree, and who may constitute only a fraction of the total class;

- Plaintiffs would only be able to speak to putative class members who are still financially dependent upon Dollar Tree, and therefore much less inclined to speak with Plaintiffs' counsel for fear of retaliation;

- Plaintiffs would be forced to contact these individuals *while they are at work*, where Dollar Tree may observe or record potentially privileged communications, or where, at the minimum, putative class members may be hesitant to speak with Plaintiffs' counsel due to work-related time constraints or for fear of being observed;

- By requiring Plaintiffs' counsel to conduct a separate (and far less accurate) public-records search for the non-work contact information of putative class members, the Court would effectively be creating privacy concerns where none would otherwise exist. For example, counsel would run the risk of accidentally contacting *true* strangers to this litigation- i.e., people who have never worked for Dollar Tree, or who have never even heard of Dollar Tree. Even defendant could not desire such a

---

[3] In addition to being witnesses, putative class members are interested parties to the action. If this case is certified and proceeds to trial, or if this case settles in the interim, these individuals' legal rights will be effected.

result.

For all of the foregoing reasons, Plaintiffs respectfully request that this Court order Dollar Tree to disclose the identities and last known home addresses and telephone numbers for all putative class members immediately, and without requiring administration of a costly and time consuming "opt-out" procedure.[4] All such witness information shall be treated confidential under the previously filed stipulated protective Order.

### C. DEFENDANT'S REMAINING OBJECTIONS TO PRODUCTION OF THIS DISCOVERY ARE BOILERPLATE AND INVALID

#### 1. Defendant Has Not Shown That Responding To Plaintiffs' Discovery Would Be Unduly Burdensome

In addition to its belated privacy objections, Defendant objects that responding to Plaintiffs' request for the class list would be "unduly burdensome." This objection is meritless.

As a preliminary matter, the party asserting undue burden must make a particularized showing of how it would be burdened and/or prejudiced if ordered to respond to the discovery request as worded. Dollar Tree has failed to make any such showing – nor could it, as the information sought is easily ascertained through its own payroll records.

Further, even where the party opposing discovery has made a particularized factual showing of undue burden, the balancing test utilized by courts to assess such an objection favors disclosure (1) where the information sought cannot be obtained through other means and (2) where the discovery is necessary to corroborate the requesting party's claim or defense. *Greyhound*

---

[4] Although the Court may, in its discretion, order mailing and administration of a joint "opt-out" notice, recent California and federal decisions have cast doubt on the legitimacy of such a system. Specifically, such a system creates an unprecedented exception to the general rule that percipient witnesses are not allowed to "opt-out" of the civil litigation process. *See, Puerto,* 158 Cal.App.4th at 1556; *Tierno*, 2008 WL 3287035 at 3. In this case, where litigation has been on-going for over a year, where there is a protective Order in place to protect privacy interests, and where Defendant has already relied on statements allegedly made by putative class members, administration of a costly (and time consuming) opt-out notice would be inequitable. *Lin Decl*. ¶10.

1  *Corporation v. Superior Court*, 55 Cal.2d 355, 384 (1961). *John Morse v. Superior Court*, 7
2  Cal.App.3d 286 (1970). Both of these factors are present here, and, as such, the discovery should
3  be ordered.

### 2. Defendant's Objection That Plaintiffs' Request Is Outside The Scope Of Permissible Discovery Is Meritless

Finally, Defendant objects to disclosure of the class list on the grounds that the request is "outside the permissible scope of discovery." This objection has no foundation in either fact or law.

The scope of permissible discovery is broad, and includes as a matter of course disclosure of witness's names and contact information. Fed. R. Civ. P. 26(b)(1). Although Defendant requested bifurcation of merits discovery from class certification discovery in its initial Case Management Statement (which Plaintiff opposed as inefficient), Presiding Judge Samuel Conti has issued no such order. Even if such an order had been entered, however, the information sought via this Motion is clearly relevant to class certification issues, and, as such, should be produced.

## IV. CONCLUSION

Based on the foregoing reasons, Plaintiffs respectfully request that this Court order Dollar Tree to produce the names and contact information for all putative class members, *without* requiring the parties to send a joint "opt-out" notice to these individuals, and that Dollar Tree produce such information to Plaintiffs within 10 court days of the date of its Order on this motion.

Dated: September 5, 2008

**SCOTT COLE & ASSOCIATES, APC**

By:  /s/ Carrie S. Lin
     Carrie S. Lin
     Attorneys for Representative Plaintiff
     Robert Runnings And the Plaintiff Class