1  Scott Edward Cole, Esq. (S.B. #160744)
   Matthew R. Bainer, Esq. (S.B. #220972)
2  Carrie S. Lin, Esq. (S.B. #241849)
   **SCOTT COLE & ASSOCIATES, APC**
3  1970 Broadway, Ninth Floor
   Oakland, California 94612
4  Telephone: (510) 891-9800
   Facsimile: (510) 891-7030
5  web: www.scalaw.com

6  Attorneys for Representative Plaintiff Robert
   Runnings
7  and the Plaintiff Class

8

9              **UNITED STATES DISTRICT COURT**

10   **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

11

12  MIGUEL A. CRUZ and JOHN D.      )  **Case No.: C-07-02050 SC** (*Consolidated Action*)
    HANSEN, individually, and on behalf )
13  of all others similarly situated,  )  **CLASS ACTION**
                                       )
14              Plaintiffs,            )
    vs.                                )
15                                     )
    DOLLAR TREE STORES, INC.          )
16                                     )
                Defendant.             )
17  ─────────────────────────────────  )  ─────────────────────────────────────
                                       )
18  ROBERT RUNNINGS, individually,    )  **Case No.: C-07-4012 SC** (*Consolidated Action*)
    and on behalf of all others similarly )
19  situated,                          )  **CLASS ACTION**
                                       )
20              Plaintiffs,            )  **DECLARATION OF CARRIE S. LIN IN**
    vs.                                )  **SUPPORT OF PLAINTIFFS' MOTION TO**
21                                     )  **COMPEL RESPONSES TO PLAINTIFFS'**
    DOLLAR TREE STORES, INC.          )  **SPECIAL INTERROGATORY NO. 1**
22                                     )
                Defendant.             )  Date:        October 10, 2008
23                                     )  Time:        10:00 a.m.
                                       )  Judge:       Hon. Samuel Conti
24  ─────────────────────────────────  )  Courtroom:   1

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

I, CARRIE S. LIN, do hereby declare as follows:

1.     I am an attorney-at-law, licensed to practice in the Northern District of California, and am an Associate at the law offices of Scott Cole & Associates, APC ("SCA"), attorneys-of-record for the plaintiff Robert Runnings in the above-entitled proceeding. I make these statements based on personal knowledge, and would so testify if called as a witness.

2.     I make this declaration in support of Plaintiffs' Motion to Compel defendant Dollar Tree Stores, Inc. ("Dollar Tree") to provide the names and contact information for putative class members in this action.

3.     A true and correct copy of the Stipulated Protective Order executed by the parties is attached hereto as *Exhibit A*."

4.     On December 7, 2008, Plaintiffs propounded their first set of discovery in this action, including Special Interrogatories and Requests for Production of Documents. Special Interrogatory No. 1 asks Defendant Dollar Tree to provide the names and contact information for all putative class members to this action. A true and correct copy of Plaintiffs' Special Interrogatory No. 1, with proof of service, is attached hereto as *"Exhibit B."*

5.     Shortly after Plaintiffs propounded their first set of discovery, and before Defendant responded thereto, Defendant filed Motions for Summary Judgment against Representative Plaintiffs Robert Runnings and John Hansen. In its Motion for Summary Judgment against Representative Plaintiff Robert Runnings, Defendant Dollar Tree attached a summary of "payroll certification" forms allegedly executed by other putative class members. Dollar Tree relied thereon for the proposition that the majority of putative class members performed more exempt than non-exempt work. The payroll certification summary did not include the names and contact information for the putative class members who allegedly executed them. A true and correct copy of the relevant portions of Dollar Tree's Motion for Summary Judgment (Page 18:7-13 of the Points and Authorities, as well as the Declaration of Charlotta Jacobsen-Allen, with exhibits) are attached hereto as "*Exhibit C*."

6.     Only after Plaintiff Robert Runnings pointed out in his Opposition to defendant Dollar Tree's Motion for Summary Judgment that several of the "payroll certification" forms that

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WACHOVIA TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

Decl. of Carrie S. Lin in Support of Plaintiffs' Motion to Compel Resp. to Plaintiffs' Special Interrogatory No. 1

1    he had personally completed had been destroyed by Dollar Tree at an earlier date in litigation, did

2    Dollar Tree file, in its Reply to Plaintiff's Opposition, a Declaration from a Dollar Tree employee

3    acknowledging that many of the payroll certification forms for other putative class members had

4    likewise been destroyed in a company wide "computer glitch." A true and correct copy of the

5    Declaration of Patricia Doss, submitted in support of Dollar Tree's Reply Brief to the Motion for

6    Summary Judgment, is attached hereto as "*Exhibit D*."

7        7.    Dollar Tree responded to Plaintiffs' discovery requests on January 29, 2008. A true

8    and correct copy of Dollar Tree's response to Plaintiffs' Special Interrogatory, No. 1 is attached

9    hereto as "*Exhibit E*."

10       8.    Shortly after Defendant's Motions for Summary Judgment were fully briefed and

11   pending before the Court, the parties entered into a stipulated stay on discovery.

12       9.    After Judge Conti issued his Order denying Defendant's Motions for Summary

13   Judgment, I communicated with defense counsel again regarding the class list, via both letter and

14   telephone. At those times, counsel for Defendant offered to produce, in lieu of the actual names and

15   contact information of putative class members, the names and last known Dollar Tree work-

16   addresses for putative class members. Plaintiffs rejected this offer.

17       10.   In my experience, administration of mailed notice to putative class members,

18   allowing them to opt-out of having their names and contact information disclosed, is both expensive

19   and time consuming. Depending on the size of the putative class, mailed notice by a third party

20   claims administrator could cost anywhere from $3,000.00 to $8,000.00. Further, having a third party

21   claims administrator mail and then administer such notice also typically delays production of witness

22   contact information by one to two months, if not longer.

23

24       I declare under penalty of perjury under the laws of the United States that the foregoing is

25   true and correct. Executed this 5th day of September, 2008 in Oakland, California.

26

27                                    /s/ Carrie S. Lin, Esq.
                                      Carrie S. Lin, Esq.

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Decl. of Carrie S. Lin in Support of Plaintiffs' Motion to Compel Resp. to Plaintiffs' Special Interrogatory No. 1

# EXHIBIT A

1  MAUREEN E. McCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  ALEX HERNAEZ (State Bar No. 201441)
   Email: hernaez@kmm.com
3  KAUFF McCLAIN & McGUIRE LLP
   One Post Street, Suite 2600
4  San Francisco, California  94104
   Telephone:   (415) 421-3111
5  Facsimile:    (415) 421-0938

6  Attorneys for Defendant
   DOLLAR TREE STORES, INC.
7
   BETH HIRSCH BERMAN (VA Bar No. 28091)
8  Email: bberman@williamsmullen.com
   WILLIAMS MULLEN
9  Dominion Tower, Suite 1700
   999 Waterside Drive
10 Norfolk, VA  23510
   Telephone:   (757) 629-0604
11 Facsimile:    (757) 629-0660

12 Pro Hac Vice Attorneys For Defendant
   DOLLAR TREE STORES, INC.
13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17  MIGUEL A. CRUZ, and JOHN D. HANSEN, individually and on behalf of all others 18  similarly situated, | CASE NO. C 07-02050 SC (ENE) **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| 19                        Plaintiffs, | **JUDGE:**  Hon. Samuel Conti |
| 20       v. | **COMPLAINT FILED:**   April 11, 2007 |
| 21  DOLLAR TREE STORES, INC., | **TRIAL DATE:**         No date set. |
| 22                        Defendant. | |

23

24         Plaintiffs Miguel A. Cruz and John D. Hansen ("Plaintiffs") and Defendant

25  Dollar Tree Stores, Inc. ("Defendant"), by their respective counsel, hereby stipulate and

26  agree as follows:

27         WHEREAS, the parties to this proceeding anticipate that during the course

28  of the above-captioned litigation, the parties will produce or provide documents and

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

STIPULATION AND [PROPOSED] PROTECTIVE ORDER                    CASE NO. C 07-02050 SC (ENE)

1   information which one or more parties contend contain trade secrets or other sensitive,

2   private, confidential or proprietary information; and,

3   WHEREAS, the parties to this proceeding wish to protect the confidentiality

4   of such documents and information and to ensure that the parties can obtain and pursue

5   discovery with the minimum of delay and expense; THEREFORE,

6   IT IS HEREBY AGREED, STIPULATED AND ORDERED THAT:

7   1.   In connection with discovery and other proceedings in this action,

8   the parties may designate any document, thing, material, testimony or other information

9   derived therefrom, as "Confidential Information" under the terms of this Stipulated

10   Protective Order.  Neither party shall designate any discovery material as "Confidential

11   Information" without first making a determination that the information is properly subject

12   to protection under Fed. R. Civ. P. 26(c) and that such protection is warranted in good

13   faith.  Confidential Information shall not be disclosed except as provided for herein.

14   2.   Confidential Information is that which any party reasonably believes

15   has not lawfully been made public and which concerns or relates to the personnel

16   information, processes, objectives, strategies, plans, advertising, methodologies,

17   procedures, operations, type of work, products, services, sales, purchases, transfers,

18   identification of customers, customer information, bank and payroll related agreements,

19   policies, marketing plans, vendor information, profit margins, product quantities and

20   costs amount or source of income, costs, profits, losses, financial information, business

21   forecasts, or expenditures of any person, firm, partnership, corporation, or other

22   organization or organizational structure, if the disclosure of such information has the

23   effect of causing harm or potential harm to the competitive position or privacy rights of

24   the person, firm, partnership, corporation, or to the organization from which the

25   information was obtained or of third parties, including but not limited to persons

26   transacting business with any of the parties to this action.

27   3.   Documents that are confidential under this Order shall be so

28   designated by writing, typing, stamping or otherwise affixing the legend "Confidential

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-2-

STIPULATION AND [PROPOSED] PROTECTIVE ORDER                    CASE NO. C 07-02050 SC (ENE)

1  Information" (and such other and further legend as may reasonably be included to

2  specify such confidentiality) on copies of the document.  Stamping the legend

3  "Confidential Information" on the cover of any multi-page document shall designate all

4  pages of the document as confidential, unless otherwise indicated by the producing

5  party.  Confidential documents (including deposition transcripts) also may be so

6  designated after production by written communication and reproduction with a

7  "Confidential Information" legend for purposes of substitution of the original

8  documentation, and all parties shall use their best efforts to ensure that no prior

9  disclosure shall be used or re-disclosed contrary to the terms of this Order.

10        4.      The inadvertent or unintentional disclosure of Confidential

11  Information shall not be deemed a waiver in whole or in part of a party's claim of

12  confidentiality.  Any such inadvertently or unintentionally disclosed Confidential

13  Information shall be designated as Confidential Information as soon as reasonably

14  possible after the producing party becomes aware of the inadvertent or unintentional

15  disclosure and the producing party shall provide counsel for the other parties with a

16  duplicate copy bearing the legend "Confidential Information," whereupon the unmarked

17  copies will be returned or destroyed.

18        5.      Portions of transcripts of depositions in which any Confidential

19  Information is quoted, paraphrased, discussed or referred to, or in which the subject

20  matter covered by any Confidential Information is discussed or referred to, shall be

21  subject to the same confidential treatment as provided herein for the underlying

22  Confidential Information and shall be designated as confidential.  Requests for such

23  confidential treatment may be made at the deposition or at the latest within twenty (20)

24  days after receipt of a transcript thereof.  All transcripts of depositions shall be treated as

25  confidential for at least that 20 day period.

26        6.      Recognizing the legitimate confidentiality needs of the parties, all

27  discovery shall be used only by the parties to this action for purposes of resolution of the

28  claims asserted in this action, any trial and appeal of this action, and enforcement of any

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-3-

STIPULATION AND [PROPOSED] PROTECTIVE ORDER                    CASE NO. C 07-02050 SC (ENE)

1 award or judgment thereon. Information designated as "Confidential Information" under

2 this Order, and any summaries, copies, abstracts, or other documents derived in whole

3 or in part from information, designated as confidential, shall be used only by the parties

4 to this action, for the purpose of the prosecution, defense or settlement of the claims

5 asserted in this action, any trial and appeal of this action and the enforcement of any

6 award or judgment based on such claims, and for no other purpose.

7        7.    Confidential Information, produced pursuant to this Order may be

8 disclosed or made available only to counsel for a party (including the paralegal, clerical

9 and secretarial staff employed by such counsel), to a trier of fact or law in any forum in

10 which the claims asserted in this action may be adjudicated or enforced and the

11 administrators of that forum, and to "Qualified Persons." A Qualified Person is a person

12 who falls into one of the categories set forth below:

13                (a)    a party, or a current or former officer, director or employee of

14 a party deemed necessary by counsel to aid in the prosecution, defense or settlement of

15 this action;

16                (b)    experts or consultants (together with their clerical staff)

17 retained by such counsel to assist in the prosecution, defense or settlement of this action

18 provided; however, that prior to disclosure of any Confidential Information to an expert or

19 consultant, the party that wishes to make the disclosure shall affirm that the expert or

20 consultant has not previously been retained by the non-disclosing party or a competitor

21 of the non-disclosing party. (A competitor shall be defined as any discount variety

22 retailer.) If the expert or consultant has been so retained, the parties shall meet and

23 confer with each other and, if necessary, submit the issue to the Court prior to the

24 disclosure to the expert or consultant of any Confidential Information;

25                (c)    witnesses testifying at deposition or at the hearing of this

26 matter either during their testimony or in preparation therefore; however, if a witness

27 refuses to sign the Nondisclosure Agreement, the parties shall meet and confer with

28

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-4-

STIPULATION AND [PROPOSED] PROTECTIVE ORDER            CASE NO. C 07-02050 SC (ENE)

1    each other and, if necessary, submit the issue to the Court prior to the disclosure to the

2    witness of any Confidential Information;

3                    (d)      any person to whom disclosure is reasonably necessary to

4    enforce any award or judgment rendered against any party in this proceeding; and

5                    (e)      any other person ordered by the Court or as to whom all

6    parties in writing agree.

7           8.      Any person or entity to whom Confidential Information is disclosed

8    pursuant to Subparagraphs 7 (a)-(e), above, shall, prior to receiving such Confidential

9    Information, be provided with a copy of this Order and shall execute a Nondisclosure

10    Agreement in the form set forth in Attachment A hereto, such forms to be maintained by

11    counsel for the party sharing Confidential Information and undertaking to have such

12    forms executed.

13           9.      On the request of any party, any person who is not a Qualified

14    Person shall be excluded from any deposition during the period in which Confidential

15    Information is used, referred to or discussed.

16           10.      The parties may further designate certain discovery material,

17    testimony, or other information of an extraordinarily highly confidential and/or propriety

18    nature as "CONFIDENTIAL INFORMATION COUNSEL ONLY" (hereinafter "Counsel-

19    Only Material" or "Highly Confidential" material), in the manner described above. Such

20    designation shall not be used routinely or to gain advantage in this litigation, but rather

21    shall be used only in exceptional cases where the protections afforded by the

22    Confidential and Highly Confidential classifications are insufficient. For example, where

23    disclosure to clients or witnesses would create a potential for harm to Defendant's

24    business interests (for example, where any such individual is working for a competitor of

25    Defendant). Counsel-Only Material, and the information contained therein, shall be

26    disclosed only to counsel for the parties (including the paralegal, clerical and secretarial

27    staff employed by such counsel), and to experts who execute Attachment A. If

28    disclosure of Counsel-Only Material is made pursuant to this paragraph, all other

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-5-

STIPULATION AND [PROPOSED] PROTECTIVE ORDER           CASE NO. C 07-02050 SC (ENE)

1 | provisions in this Order with respect to confidentiality shall also apply, except where
2 | inconsistent with this paragraph.

3 |      11.    The restrictions set forth in this Stipulation and Order shall not:

4 |      (a)    apply to any discovery matter which a party can show was
5 | lawfully possessed, obtained or developed by it other than through discovery in this
6 | action;

7 |      (b)    apply to any information which lawfully is or lawfully becomes
8 | public knowledge, not in violation of this Stipulation and Order;

9 |      (c)    operate as an admission by the recipient that any of the
10 | information contains or reflects confidential information;

11 |      (d)    prejudice in any way the right of any party or non-party to
12 | object on any basis to the production of discovery matter it considers not subject to
13 | discovery;

14 |      (e)    prejudice in any way the right of any party or non-party to
15 | seek a determination from the Court as to whether particular information shall be
16 | produced;

17 |      (f)    prevent the parties from entering into a written agreement to
18 | alter or waive the provisions or protections provided herein, generally or with respect to
19 | any information;

20 |      (g)    prejudice in any way the right of any party or non-party to
21 | seek such additional or other protection as that party may deem appropriate with regard
22 | to the confidentiality of the information;

23 |      (h)    be construed to require any party to produce information that
24 | it considers privileged or otherwise not subject to discovery;

25 |      (i)    be deemed a waiver of any objections a party otherwise
26 | would have to any discovery request propounded in this action or a waiver of any third
27 | party's claim to right of privacy.

28 |

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-6-

STIPULATION AND [PROPOSED] PROTECTIVE ORDER        CASE NO. C 07-02050 SC (ENE)

1          12.    This Order shall be without prejudice to the right of any party at any

2  time after information is designated Confidential Information to file a motion with the

3  Court, upon not less than ten (10) days notice to all parties: (i) to challenge the

4  designation of any particular document or information as confidential or whether its use

5  should be restricted, provided such party has first made a good-faith attempt to resolve

6  such question with the designating party; or (ii) seek a separate protective order as to

7  any particular document or information, including restrictions differing from those as

8  specified herein. The Order shall not be deemed to prejudice the parties in any way in

9  any future application for modifications of this Order.

10        13.    The parties will mark any document which they believe should be

11  filed under seal either as Counsel-Only Material or as Highly Confidential. Defendant's

12  use of such designations shall only apply to documents containing trade secret and

13  proprietary information of the Defendant, the public disclosure of which would be

14  detrimental to Dollar Tree's competitive interests. The designation of a document in a

15  manner that subjects it to seal shall be subject to a meet and confer requirement if

16  objected to by the other party. The sealing requirements of Local Rule 79-5 will apply to

17  any document so designated until and unless a Court orders that the documents are not

18  subject to seal. Should Plaintiffs desire to file any document so marked by Defendant

19  (that is Counsel-Only Material or Highly Confidential), Defendant will prepare the

20  Administrative Motion to File Under Seal (including the supporting declaration) that is

21  required by Local Rule 79-5 (b) (1). Plaintiffs' counsel shall provide the document(s) to

22  be so submitted to Defendant's counsel who will attend to submitting such documents in

23  accordance with the provisions of Local Rule 79-5.

24        14.    The burden of establishing that any information designated as

25  Confidential Information, Highly Confidential Information, or Counsel-Only Material

26  meets the definitions set forth herein shall be on the party which seeks to uphold the

27  designation. Any information or documents designated as Confidential Information

28  which are subject to motion pursuant to the paragraph shall be treated as Confidential

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-7-

STIPULATION AND [PROPOSED] PROTECTIVE ORDER          CASE NO. C 07-02050 SC (ENE)

1   Information in accordance with the terms of this Stipulation and Order until such time as

2   the Court rules otherwise.

3           15.    All documents produced in this proceeding shall be used by the

4   party to whom such documents are produced solely for purposes of the investigation

5   and/or resolution of the claims arising in this action, any trial and appeal of this action

6   and the enforcement of any award thereon and for no other purpose.

7           16.    This Order shall survive the final termination of this action and the

8   Court shall retain jurisdiction to enforce, construe or modify its terms. Within thirty (30)

9   days following final disposition of this action, counsel for the parties shall assemble and

10  return to each other all Confidential Information (including Highly Confidential

11  Information) and/or Counsel-Only Material, including all copies of same, or (by mutual

12  agreement only) shall certify the destruction thereof, except Counsel shall be permitted

13  to retain for their respective files (i) copies of all papers and documents filed with the

14  Court and (ii) their work product (including documents used to develop legal thoughts

15  and litigation strategy), such as pleadings, correspondence, and memoranda, which

16  contain or refer to confidential discovery matter, provided that all such confidential

17  discovery matter and work product shall remain subject to this Stipulation and Order.

18  Confidential Information (including Highly Confidential Information) and/or Counsel-Only

19  Material, including all copies of same retained pursuant to paragraph 16(ii) shall be

20  returned two years subsequent to the end of the above-captioned litigation. Attorney

21  work-product incorporating such Confidential Information may be maintained by the

22  creating party indefinitely, but subject to the protections from disclosure contained

23  herein. Moreover, information retained shall not be used for any other purpose

24  whatsoever including but not limited to any other litigation.

25          17.    The Court shall maintain jurisdiction to enforce the terms of this

26  Order for three (3) years after final disposition of the action.

27

28

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-8-

STIPULATION AND [PROPOSED] PROTECTIVE ORDER        CASE NO. C 07-02050 SC (ENE)

THE FILER OF THE DOCUMENT ATTESTS THAT THE CONTENT OF THIS DOCUMENT IS ACCEPTABLE TO ALL PERSONS REQUIRED TO SIGN THIS DOCUMENT.

DATED: October 18, 2007

Respectfully submitted,

EDGAR LAW FIRM

By: _____
JEREMY R. FIETZ

Attorneys for Plaintiffs
MIGUEL A. CRUZ and JOHN D. HANSEN

DATED: October 18, 2007

Respectfully submitted,

KAUFF McCLAIN & McGUIRE LLP

By: _____
MAUREEN E. McCLAIN

Attorneys for Defendant
DOLLAR TREE STORES, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED:

DATED: ___10/22/07_____

Honorable S_____
United States _____ Judge

IT IS SO ORDERED
Judge Samuel Conti

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-9-

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

CASE NO. C 07-02050 SC (ENE)

1

## ATTACHMENT A

2

## NONDISCLOSURE AGREEMENT

3          As a condition to inspecting or otherwise using documents and information

4    produced in the above-captioned action, I certify that I have read the attached Stipulation

5    and Order regarding the handling of documents and information designated as

6    "Confidential", "Highly Confidential", or "Confidential Information Counsel Only" (the

7    "Stipulation and Order") and hereby agrees to make no use of such documents and/or

8    information except as permitted by the Stipulation and Order, to make no disclosure of

9    such documents and/or information to persons other than those who may have access to

10   it under such Stipulation and Order, to return all originals and all copies of such

11   documents and/or information when required to do so under the Stipulation and Order,

12   and otherwise to be bound by all of the terms and provisions of the Stipulation and

13   Order.

14

15

16   DATED: _____          SIGNED: _____

17

18

19   4826-0211-8913.6

20

21

22

23

24

25

26

27

28

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

STIPULATION AND [PROPOSED] PROTECTIVE ORDER                CASE NO. C 07-02050 SC (ENE)

# EXHIBIT B

Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
Carrie S. Lin, Esq. (S.B. #241849)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
web:  www.scalaw.com

Attorneys for Representative Plaintiff Robert Runnings
and the Plaintiff Class

Don Edgar, Esq. (S.B. #139324)
Jeremy Fietz, Esq. (S.B. #200396)
**THE EDGAR LAW FIRM**
408 College Avenue
Santa Rosa, California 95401
Telephone: (707) 545-3200
Facsimile: (707) 587- 3040

Attorneys for Representative Plaintiffs John Hansen
and Miguel Cruz and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CRUZ and JOHN D. HANSEN, et al., | Case No.: C-07-02050 SC |
| Plaintiffs, | <u>CLASS</u> <u>ACTION</u> |
| vs. | **REPRESENTATIVE PLAINTIFFS' SPECIAL INTERROGATORIES (SET ONE)** |
| DOLLAR TREE STORES, INC. | |
| Defendant. | |
| ROBERT RUNNINGS, et al., | **Case No.: C-07-4012 SC** *(Consolidated Action)* |
| Plaintiffs, | |
| vs. | <u>CLASS</u> <u>ACTION</u> |
| DOLLAR TREE STORES, INC. | |
| Defendant. | |

- 1 -
Representative Plaintiffs' Special Interrogatories (Set One)

PROPOUNDING PARTY:    Representative Plaintiffs

RESPONDING PARTY:    Defendant Dollar Tree Stores

SET NO:    One

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure Rule 33(b)(3), Representative Plaintiffs in the above-entitled action hereby request that you answer the following special interrogatories, in full, within thirty (30) days from the date of service of this notice.

## INSTRUCTIONS

In answering these interrogatories, furnish all such information as is available to you, not merely such information as you know of your own personal knowledge, including, but not necessarily limited to, information which is in the possession of your attorneys and/or all investigators for your attorneys, and/or any investigators retained or hired by you, prior to seeking legal advice, and or any investigations conducted by your supervisors, employees, and/or agents. If any of the interrogatories herein cannot be answered in full after exercising due diligence to secure such information, please answer to the extent possible, whether or not based on hearsay, and specify the reason for your inability to answer the remainder.

The interrogatories set forth hereinafter are deemed to incorporate all introductory matter, including, but not necessarily limited to, definitions of certain terms as set forth by Plaintiffs.

**YOU ARE HEREBY REQUESTED TO READ CAREFULLY ALL SUCH DEFINITIONS.**

In any instance where the answer to any interrogatory is contained in [a] document(s) or where you are asked to identify [a] document(s), Representative Plaintiffs request, in lieu of or in addition to identification, that you attach the document(s) to your answers and indicate clearly to which interrogatory each document or documents are applicable.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## DEFINITIONS

1.      The term **"Defendant," "You"** or **"Your(s)"** refers to the party(ies) to which these requests are propounded and any agents, employees, officers, directors, subsidiaries, affiliates, predecessor corporation(s), both present and former, including their attorneys and insurers, except to the extent that a privilege not to answer is specifically stated.

2.      The term **"Class(es)"** refer(s) to each [of the] class definition(s) provided in the **Complaint** (as defined in this section, below).

3.      The term **"Class Member(s)"** refer(s) to each and every one of the named plaintiffs in the above-captioned action as well as each and every person eligible for membership in one or more of the plaintiff class(es) and/or subclass(es), as described and defined in the operative Complaint(s) filed in this action and, if a consolidation or coordination of actions, the collective allegations and parties to each and every one of the included actions.

4.      The term **"Representative Plaintiff(s)"** refer(s) to each and every named plaintiff identified in the operative Complaint(s) filed in this action and, if a consolidation or coordination of actions, the collective allegations to each and every one of the included actions.

5.      **"Persons"** and/or **"individual**(s)" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, employers, or any other kind of entity or subsidiary, division and/or department thereof.

6.      **"Complaint"** refer(s) to the operative (most recent version of and/or amendment to) Complaint filed in this action and, if a consolidation or coordination of actions, the collective allegations and parties to each and every one of the Included/Consolidated/Coordinated Complaints.

7.      **"Document(s)"** or **"records"** shall mean a writing, as defined by Federal Rules of Evidence 1001, and shall include writings and printed matter of any kind and description, including, but not limited to: electronically-stored data, including computer disks or tapes; electronic audio or video recordings and the scripts of same; electronic or hard copy embodiments of analytical or monitoring equipment or devices; photographs; drawings; maps; sketches; plot plans; diagrams; notes; minutes and electronic recordings of oral communications; letters and memoranda; computer printouts and any hard copy representation(s) of data, information and/or other record compilations

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  which are stored by means of computer or electronic devices; logs; charts or strips of analytical or

2  monitoring equipment; x-rays or other output of radiographic examinations; transcripts of testimony

3  and proceedings; videotapes; films; blueprints; reports; summaries; newspaper accounts; statements;

4  estimates; proposals and protocols; citations; orders and court pleadings. It shall also include any

5  additional copy or duplicate of any document as described above which contains any handwriting,

6  typewriting, notation, modification or other addition thereto of any kind, as well as any rough or

7  preliminary draft(s) of the document. Defendant shall produce those documents and/or other tangible

8  items sought herein whether or not created, maintained, distributed, acquired or otherwise in the

9  possession of any predecessor corporations or business entities to the extent that said documents

10  and/or tangible items are within the care, custody and/or control of Defendant.

11        8.        For each interrogatory wherein a request is made to "**identify**" an individual or group

12  or class of individuals, state with respect to such individual or group/class of individuals:

13              a.        His, her, or its name;

14              b.        His, her, or its known or last known home address and telephone number;

15              c.        His, her, or its business address and telephone number and that/those of his,

16                        her, or its employer(s); and,

17              d.        His, her, or its relationship to you.

18        9.        For each interrogatory wherein a request is made to "**identify**" and/or "**describe**" any

19  function(s) or job task(s), state with respect to such "**function(s)/job task(s)**":

20              a.        The frequency with which the "**function(s)/job task(s)**" is to be performed;

21              b.        The weight, if any, an individual performing that "**function(s)/job task(s)**"
                          is required to lift; and

22

23              c.        Whether the "**function(s)/job task(s)**" is/are the responsibility of other
                          employees.

24        10.        The time period covered by these requests shall be the most expansive class period

25  defined in the **Complaint** (i.e., four years prior to the filing of the initial **Complaint**), through the

26  present, unless otherwise specified (herein also referred to as the "**class period**"). Unless so

27  specified, each and every interrogatory herein requests information made available and/or acquired

28  by **You** and/or within **Your** possession, custody, or control during said period and/or generated prior

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

thereto, but remaining in effect or becoming effective at any point in time during said period <u>and/or</u> information known or believed to exist during said period <u>and/or</u> in effect or becoming effective at any point during said period.

     11.       The conjunctive shall also include the disjunctive and vice versa.

     12.       The singular shall also include the plural and vice versa.

## **INTERROGATORIES**

INTERROGATORY NO. 1:

     **Identify** each and every **Class Member**.

INTERROGATORY NO. 2:

     **Identify** each facility (by address, telephone number and/or location number, if applicable) where any **Class Member** has performed work for **You** at any time during the **class period**.

INTERROGATORY NO. 3:

     **Identify** and/or **describe** how **You** determine whether **Class Members** should be paid on an overtime-exempt basis for each pay period with the **class period**.

INTERROGATORY NO. 4:

     **Identify** and/or **describe** each task performed by **Class Members** that **You** contend is exempt under California law.

INTERROGATORY NO. 5:

     **Identify** and/or **describe** each task performed by **Class Members** that **You** consider to be non-exempt under California law.

INTERROGATORY NO. 6:

     **Describe** all efforts **You** have made to ensure that **Class Members** are performing more exempt than non-exempt work for each pay period within the **class period**.

INTERROGATORY NO. 7:

     **Identify** and/or **describe Your** policies and procedures regarding the methods by which **Class Members** reported the number of hours worked for each week during the **class period**.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1   INTERROGATORY NO. 8:

2      **Identify** and/or **describe** any and all efforts made by **You** to provide or permit **Class**

3   **Members** to take meal and/or rest breaks.

4   INTERROGATORY NO. 9:

5      **Identify** and/or **describe** any and all efforts made by **You** to inform **Class Members** of the

6   applicable test for the Executive Exemption to California's overtime laws.

7

8   Dated: December 13, 2007

9                                           SCOTT COLE & ASSOCIATES, APC

10                          By: _____

11                               Carrie S. Lin, Esq.
                                Attorneys for the Representative Plaintiffs
12                               and the Plaintiff Class

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  Scott Edward Cole, Esq. (S.B. #160744)
2  Matthew R. Bainer, Esq. (S.B. #220972)
   Carrie S. Lin, Esq (S.B. #241849)
3  **SCOTT COLE & ASSOCIATES, APC**
   1970 Broadway, Ninth Floor
   Oakland, California 94612
4  Telephone: (510) 891-9800
   Facsimile: (510) 891-7030
5  web:    www.scalaw.com

6  Attorneys for Representative Plaintiff
   and the Plaintiff Classes
7

8  Don Edgar, Esq. (S.B. #139324)
   Jeremy Fietz, Esq. (S.B. #200396)
9  **THE EDGAR LAW GROUP**
   408 College Avenue
   Santa Rosa, CA 95401
10 Telephone: (707) 545-3200
   Facsimile: (707) 587-3040
11

12 Attorneys for Representative Plaintiffs John Hansen
   and Miguel Cruz and the Plaintiff Class

13

14              **UNITED STATES DISTRICT COURT**

15            **NORTHERN DISTRICT OF CALIFORNIA**

16

17 MIGUEL A. CRUZ and JOHN D.        )   **Case No.: C-07-02050 SC**
   HANSEN, et al.,                   )
18                                   )   **PROOF OF SERVICE**
                   Plaintiffs,       )
19                                   )   **CLASS ACTION**
   v.                                )
20                                   )
   DOLLAR TREE STORES, INC.          )
21                                   )
                   Defendant.        )
22 ─────────────────────────────     )   **Case No.: C-07-4012 SC**
   ROBERT RUNNINGS, et al.,          )   *(Consolidated Action)*
23                                   )
                   Plaintiff,        )   **CLASS ACTION**
24 vs.                               )
                                     )
   DOLLAR TREE STORES, INC.          )
25                                   )
                   Defendant         )
26 ─────────────────────────────     )

27

28

**PROOF OF SERVICE**

I am over 18 years of age and not a party to the within entitled action. I am employed at and my business address is the law offices of Scott Cole & Associates, A Professional Corporation, 1970 Broadway, Ninth Floor, Oakland, California 94612. On this date, I served a copy of:

**REPRESENTATIVE PLAINTIFFS' SPECIAL INTERROGATORIES (SET ONE)**

**REPRESENTATIVE PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS (SET ONE)**

on the attorney(s) for the parties to this action by the following method(s):

[X]    by placing one true copy thereof enclosed in a sealed envelope, and serving same as follows:

    [ ]    by <u>personally delivering</u> same addressed as shown below, to an attorney, as indicated below, at the indicated address and serving same in accordance with CCP § 1011(a) by leaving same at the attorney's office, with the envelope being clearly labeled, as below, to indicate the attorney(s) being served, with a receptionist or with a person having charge thereof;

    [X]    by placing same, with postage fully prepaid, in the <u>United States Mail</u>, addressed as indicated below. I am readily familiar with the practices of these law offices for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service in the same day in the ordinary course of business.

Maureen McClain, Esq.
Alex Hernaez, Esq.
**KAUFF MCCLAIN & MCGUIRE, LLP**
One Post Street, Ste. 2600
San Francisco, CA 94104

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed at Oakland, California, on December 13, 2007.

George Rafal

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# EXHIBIT C

1    It is Dollar Tree's reasonable expectation that its Store Managers spend
2  more than half their time performing exempt management duties.  The Store Manager is
3  in charge of a multimillion dollar enterprise with numerous employees and constant flow
4  of merchandise.  In order to effectively run a store, the Store Manager has to efficiently
5  utilize properly trained associates based upon an analysis of the store's workflow in
6  addition to the other managerial tasks associated with running a safe and profitable
7  store.  (Hernandez Decl., ¶ 6.)  Dollar Tree expects the Store Manager to delegate so
8  that the Store Manager is performing only the work that most other employees cannot
9  do.  (Hernandez Decl., ¶ 7.)  In order to properly carry out all the tasks and duties
10  required of a Store Manager outlined above, the Store Manager will necessarily spend
11  the majority of his time on non-exempt tasks.  Indeed, the majority of Dollar Tree store
12  managers spend more than half their time performing exempt functions.  (Jacobson-
13  Allen Decl., ¶ 8.)

14    Runnings cannot make himself a non-exempt employee by failing to
15  complete required Store Manager functions.  Runnings admits that he failed to:
16  (1) complete employee evaluations (Runnings Dep., 94:16-95:9; 97:3-12); (2) complete
17  mark up and mark downs in a timely fashion (Runnings Dep., 363:22-364:2); (3) move
18  time sensitive seasonal merchandise onto the sales floor (Runnings Dep., 365:1-10); (4)
19  make mandatory deposits in accordance with asset protection standards (Runnings
20  Dep., 369:12-18); and (5) consistently perform register audits.  (Runnings Dep., 369:24-
21  370:3.)  Each of these tasks is an exempt function that Runnings has failed to complete
22  in clear violation of Dollar Tree policy.

23    Runnings claims he must be on the floor to complete tasks that he states
24  his hourly employees cannot complete in the budgeted time.  (Runnings Dep., 317:19-
25  319:1; 371:22-373:3.)  Other than his blanket assertion that he lacked sufficient payroll
26  hours, Runnings has no evidence to support that claim.  In fact, Runnings admitted that
27  he could not explain what was different in the weeks where he certified "yes" from the
28  weeks he certified "no".  (Runnings Dep., 315:16-317:3.)  The training of employees is an

-18-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1  MAUREEN E. MCCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  ALEX HERNAEZ (State Bar No. 201441)
   Email: hernaez@kmm.com
3  KAUFF MCCLAIN & MCGUIRE LLP
   One Post Street, Suite 2600
4  San Francisco, California  94104
   Telephone:   (415) 421-3111
5  Facsimile:    (415) 421-0938

6  Attorneys for Defendant
   DOLLAR TREE STORES, INC.
7
   BETH HIRSCH BERMAN (VA Bar No. 28091)
8  Email: bberman@williamsmullen.com
   WILLIAMS MULLEN
9  Dominion Tower, Suite 1700
   999 Waterside Drive
10 Norfolk, Virginia  23510
   Telephone:   (757) 629-0604
11 Facsimile:    (757) 629-0660

12 Attorneys for Defendant
   DOLLAR TREE STORES, INC.

13

14           UNITED STATES DISTRICT COURT

15           NORTHERN DISTRICT OF CALIFORNIA

16 MIGUEL E. CRUZ, and JOHN D. HANSEN,          CASE NO.  C 07 2050 SC
   individually and on behalf of all others
17 similarly situated,

18                    Plaintiffs,

19 v.

20 DOLLAR TREE STORES, INC.,

21                    Defendant.

22 ROBERT RUNNINGS individually, and on         CASE NO.  C 07 04012 SC
   behalf of all others similarly situated,
23                                               **DECLARATION OF CHARLOTTA
                                                 JACOBSEN-ALLEN**
24                    Plaintiff,

25 v.                                            **JUDGE:**    Hon. Samuel Conti
                                                 **COMPLAINT FILED:**   April 11, 2007;
26 DOLLAR TREE STORES, INC., and DOES 1                                 July 6, 2007
   through 25, inclusive,                        **TRIAL DATE:** No date set.
27
                     Defendants.
28

-1-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DECLARATION OF CHARLOTTA JACOBSEN-ALLEN          CASE NOS. C 07-2050 SC AND C 07-04012 SC

1    I, Charlotta Jacobson-Allen, declare as follows:

2    1.    I am over the age of eighteen and have personal knowledge of the facts

3    set forth below. If called upon as a witness, I could testify competently thereto.

4    2.    I am employed by Williams Mullen, P.C. as a Paralegal.

5
6    3.    Ms. Brady provided me with a "Payment Detail Listing" (also referred to as

7    a PR260 report) for Robert Runnings. The Payment Detail Listing identifies any hours

8    for which Mr. Runnings received compensation, the amount of compensation along with

9    any bonuses he received during any given week.

10   4.    Ms. Brady provided me with "Compass" schedules available during

11   Runnings' tenure with Dollar Tree as a Store Manager.

12
13   5.    Ms. Brady provided me with spreadsheets ("Wage and Hour

14   Spreadsheets") which identify the employees who worked in Runnings' store, the hours

15   each employee worked and the wages each earned for any given week.

16   6.    Exhibit 42 to Runnings' Deposition lists Robert Runnings' certification

17   responses indicating whether or not he spent more than 50% of the previous week

18   working on exempt functions.

19   7.    I reviewed Mr. Runnings' certification responses as demonstrated on

20   Exhibit 42 in conjunction with the Wage and Hour Reports from Ms. Brady. According to

21   Exhibit 42, Mr. Runnings stated he could not certify that he spent more than 50% of his

22   work week performing exempt functions because he did not have "enough hours" during

23   the week ending January 20, 2007. According to the Wage and Hour Reports, Mr.

24   Runnings' employees worked 318 payroll hours. On June 25, 2005, Mr. Runnings

25   certified he did spend more than 50% of his work week performing exempt functions

26   while his employees worked 299 payroll hours. I also compared the sales for those two

27

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-2-
C:\Documents and
DECLARATION OF CHARLOTTA JACOBSON-ALLEN          CASE NOS: C 07 2050 SC AND C 07 04012 SC

1   periods.  The sales for the week-ending June 25, 2005 were almost 13% higher than
2   those for week-ending January 20,2007.

3       8.      Patricia  Doss,  an  Employee  Relations  Manager  for  Dollar  Tree
4   Management, Inc. ("DTM"), provided me with a report showing whether or not California
5
6   Store Managers spent more than 50% of the previous week working on exempt
7   functions.  This report showed the responses by week, the number of stores that
8   responded, percentage of Store Managers responding and whether their response was
9   yes or no.  I compared the number of "yes" responses to the total number of responses
10  made. The results of this comparison are attached as Exhibit A hereto.

11      9.      I reviewed the Wage and Hour Spreadsheets.  At any given time, Mr.
12
13  Runnings supervised anywhere between eight and 40 hourly employees including
14  Assistant Store Managers.  The total number of hours worked by his employees ranged
15  from a low of 151 to a high of 1,055.

16      10.     Based on the PR260s, Mr. Runnings base earnings went from $45,500 in
17  2004 to $49,200 in 2007.

18      I declare under penalty of perjury under the laws of the Commonwealth of Virginia
19  that the foregoing is true and correct.
20
21      Executed in Norfolk, Virginia this 19th day of January, 2008.
22
23                                          Charlotta Jacobson-Allen
24
25
26
27
28

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-3-
C:\Documents and

DECLARATION OF CHARLOTTA JACOBSON-ALLEN          CASE NOS: C 07 2050 SC AND C 07 04012 SC

**Exhibit A**

CALIFORNIA JOB CERTIFCATION SUMMARY REPORT

| STORES | PAYROLL W/E DATE | COMPLETED | PERCENT | PAYROLLWEEK | YES% | NO% | Percentage Yes vs. Complete |
|---|---|---|---|---|---|---|---|
| 200 | 6/4/2005 | 200 | 100% | 6/4/2005 | 88.17% | 11.83% | 88.17% |
| 200 | 6/11/2005 | 200 | 100% | 6/11/2005 | 91.19% | 8.81% | 91.19% |
| 201 | 6/18/2005 | 201 | 100% | 6/18/2005 | 85.29% | 14.71% | 85.29% |
| 201 | 6/25/2005 | 201 | 100% | 6/25/2008 | 90.14% | 9.86% | 90.14% |
| 201 | 7/2/2005 | 201 | 100% | 7/2/2005 | 86.96% | 13.04% | 86.96% |
| 202 | 7/9/2005 | 201 | 100% | 7/9/2005 | 87.34% | 12.66% | 86.91% |
| 202 | 7/16/2005 | 201 | 100% | 7/16/2005 | 88.46% | 11.54% | 88.02% |
| 202 | 7/23/2005 | 201 | 100% | 7/23/2005 | 84.75% | 15.25% | 84.33% |
| 202 | 7/30/2005 | 201 | 100% | 7/30/2005 | 92.45% | 7.55% | 92.00% |
| 202 | 8/6/2005 | 202 | 100% | 8/6/2005 | 90.24% | 9.76% | 90.24% |
| 202 | 8/13/2005 | 202 | 100% | 8/13/2005 | 98.11% | 1.89% | 98.11% |
| 202 | 8/20/2005 | 200 | 99% | 8/20/2005 | 91.84% | 8.16% | 90.93% |
| 202 | 8/27/2005 | 202 | 100% | 8/27/2005 | 84.91% | 15.09% | 84.91% |
| 202 | 9/2/2005 | 202 | 100% | 9/3/2005 | 88.46% | 11.54% | 88.46% |
| 203 | 9/17/2005 | 203 | 100% | 9/17/2005 | 85.98% | 14.02% | 85.98% |
| 206 | 10/1/2005 | 206 | 100% | 10/1/2005 | 88.24% | 11.76% | 88.24% |
| 209 | 10/8/2005 | 209 | 100% | 10/8/2005 | 82.35% | 17.65% | 82.35% |
| 209 | 10/15/2005 | 209 | 100% | 10/15/2005 | 90.91% | 9.09% | 90.91% |
| 209 | 10/22/2005 | 209 | 100% | 10/22/2005 | 86.11% | 13.89% | 86.11% |
| 209 | 10/29/2005 | 209 | 100% | 10/29/2005 | 88.37% | 11.63% | 88.37% |
| 209 | 11/5/2005 | 209 | 100% | 11/5/2005 | 90.63% | 9.38% | 90.63% |
| 210 | 11/12/2005 | 203 | 97% | 11/12/2005 | 75.00% | 25.00% | 72.50% |
| 210 | 11/19/2005 | 210 | 100% | 11/19/2005 | 75.76% | 24.24% | 75.76% |
| 210 | 11/26/2005 | 205 | 98% | 11/26/2005 | 88.46% | 11.54% | 86.36% |
| 210 | 12/3/2005 | 200 | 95% | 12/3/2005 | 87.88% | 12.12% | 83.69% |
| 210 | 12/10/2005 | 204 | 97% | 12/10/2005 | 87.10% | 12.90% | 84.61% |
| 210 | 12/24/2005 | 200 | 95% | 12/24/2005 | 65.22% | 34.78% | 62.11% |
| 210 | 1/2/2006 | 210 | 100% | 12/31/2005 | 90.00% | 10.00% | 90.00% |
| 210 | 1/9/2006 | 210 | 100% | 1/7/2006 | 93.55% | 6.45% | 93.55% |
| 210 | 1/16/2006 | 208 | 99% | 1/14/2006 | 85.71% | 14.29% | 84.90% |
| 210 | 1/23/2006 | 200 | 95% | 1/21/2006 | 90.48% | 9.52% | 86.17% |
| 210 | 1/30/2006 | 210 | 100% | 1/28/2006 | 93.94% | 6.06% | 93.94% |
| 210 | 2/6/2006 | 210 | 100% | 2/4/2006 | 89.47% | 10.53% | 89.47% |
| 210 | 2/13/2006 | 210 | 100% | 2/11/2006 | 91.67% | 8.33% | 91.67% |
| 210 | 2/20/2006 | 210 | 100% | 2/18/2006 | 92.86% | 7.14% | 92.86% |
| 210 | 2/27/2006 | 210 | 100% | 2/25/2006 | 89.13% | 10.87% | 89.13% |

CALIFORNIA JOB CERTIFCATION SUMMARY REPORT

| STORES | PAYROLL W/E DATE | COMPLETED | PERCENT | PAYROLLWEEK | YES% | NO% | Percentage Yes vs. Complete |
|---|---|---|---|---|---|---|---|
| 210 | 3/6/2006 | 210 | 100% | 3/4/2006 | 75.56% | 24.44% | 75.56% |
| 212 | 3/13/2006 | 200 | 94% | 3/11/2006 | 80.95% | 19.05% | 76.37% |
| 213 | 3/20/2006 | 195 | 92% | 3/18/2006 | 81.97% | 18.03% | 75.04% |
| 213 | 3/27/2006 | 200 | 94% | 3/25/2006 | 79.31% | 20.69% | 74.47% |
| 214 | 4/3/2006 | 213 | 100% | 4/1/2006 | 86.54% | 13.46% | 86.13% |
| 214 | 4/10/2006 | 210 | 98% | 4/8/2006 | 79.66% | 20.34% | 78.17% |
| 214 | 4/17/2006 | 210 | 98% | 4/15/2006 | 79.03% | 20.97% | 77.56% |
| 214 | 4/24/2006 | 198 | 93% | 4/22/2006 | 69.39% | 30.61% | 64.20% |
| 214 | 5/1/2006 | 200 | 93% | 4/29/2006 | 84.09% | 15.91% | 78.59% |
| 214 | 5/8/2009 | 201 | 94% | 5/6/2006 | 87.04% | 12.96% | 81.75% |
| 214 | 5/15/2006 | 198 | 93% | 5/13/2006 | 85.71% | 14.29% | 79.31% |
| 214 | 5/22/2006 | 200 | 93% | 5/20/2006 | 82.86% | 17.14% | 77.44% |
| 214 | 5/29/2006 | 210 | 98% | 5/27/2006 | 74.36% | 25.64% | 72.97% |
| 214 | 6/5/2006 | 189 | 88% | 6/10/2006 | 87.88% | 12.12% | 77.61% |
| 214 | 6/19/2006 | 210 | 98% | 6/24/2006 | 84.38% | 15.63% | 82.80% |
| 214 | 6/26/2006 | 206 | 96% | 7/1/2006 | 83.78% | 16.22% | 80.65% |
| 214 | 7/3/2006 | 209 | 98% | 7/8/2006 | 82.35% | 17.65% | 80.43% |
| 214 | 7/10/2006 | 211 | 99% | 7/15/2006 | 88.37% | 11.63% | 87.13% |
| 214 | 7/17/2006 | 206 | 96% | 7/22/2006 | 81.20% | 18.80% | 78.16% |
| 214 | 7/24/2006 | 200 | 93% | 7/29/2006 | 87.88% | 12.12% | 82.13% |
| 214 | 7/31/2006 | 214 | 100% | 8/5/2006 | 89.23% | 10.77% | 89.23% |
| 214 | 8/7/2006 | 199 | 93% | 8/12/2006 | 77.05% | 22.95% | 71.65% |
| 214 | 8/14/2006 | 206 | 96% | 8/19/2006 | 87.14% | 12.86% | 83.89% |
| 214 | 8/21/2006 | 211 | 99% | 8/26/2006 | 89.47% | 10.53% | 88.22% |
| 214 | 8/28/2006 | 207 | 97% | 9/2/2006 | 84.44% | 15.56% | 81.68% |
| 217 | 9/4/2006 | 212 | 98% | 9/9/2006 | 81.82% | 18.18% | 79.93% |
| 217 | 9/11/2006 | 206 | 95% | 9/16/2006 | 86.27% | 13.73% | 81.90% |
| 219 | 9/18/2006 | 210 | 96% | 9/23/2006 | 83.98% | 16.02% | 80.53% |
| 220 | 9/25/2006 | 214 | 97% | 9/30/2006 | 86.58% | 13.42% | 84.22% |
| 223 | 10/2/2006 | 200 | 90% | 10/7/2006 | 88.57% | 11.43% | 79.44% |
| 225 | 10/9/2006 | 200 | 89% | 10/14/2006 | 77.27% | 22.73% | 68.69% |
| 225 | 10/16/2006 | 220 | 98% | 10/21/2006 | 80.00% | 20.00% | 78.22% |
| 225 | 10/23/2006 | 220 | 98% | 10/28/2006 | 86.15% | 13.85% | 84.24% |
| 225 | 10/30/2006 | 221 | 98% | 11/4/2006 | 86.05% | 13.95% | 84.52% |
| 225 | 11/6/2006 | 222 | 99% | 11/11/2006 | 83.02% | 16.98% | 81.91% |
| 225 | 11/13/2006 | 224 | 100% | 11/18/2006 | 84.62% | 15.38% | 84.24% |

CALIFORNIA JOB CERTIFCATION SUMMARY REPORT

| STORES | PAYROLL W/E DATE | COMPLETED | PERCENT | PAYROLLWEEK | YES% | NO% | Percentage Yes vs. Complete |
|---|---|---|---|---|---|---|---|
| 225 | 11/20/2006 | 225 | 100% | 11/25/2006 | 83.75% | 16.25% | 83.75% |
| 225 | 11/27/2006 | 220 | 98% | 12/2/2006 | 83.33% | 16.67% | 81.48% |
| 225 | 12/4/2006 | 220 | 98% | 12/9/2006 | 81.54% | 18.46% | 79.73% |
| 225 | 12/11/2006 | 202 | 90% | 12/16/2006 | 83.72% | 16.28% | 75.16% |
| 225 | 12/18/2006 | 219 | 97% | 12/23/2006 | 85.71% | 14.29% | 83.43% |
| 225 | 12/26/2006 | 205 | 91% | 12/30/2006 | 78.57% | 21.43% | 71.59% |
| 225 | 1/1/2007 | 200 | 89% | 1/6/2007 | 81.82% | 18.18% | 72.73% |
| 225 | 1/8/2007 | 198 | 88% | 1/13/2007 | 78.45% | 21.55% | 69.03% |
| 225 | 1/15/2007 | 220 | 98% | 1/20/2007 | 77.87% | 22.13% | 76.14% |
| 225 | 1/22/2007 | 177 | 79% | 1/27/2007 | 78.10% | 21.90% | 61.43% |
| 225 | 1/29/2007 | 160 | 71% | 2/3/2007 | 81.03% | 18.97% | 57.62% |
| 225 | 2/6/2007 | 154 | 68% | 2/10/2007 | 82.58% | 17.42% | 56.52% |
| 230 | 2/13/2007 | 162 | 70% | 2/17/2007 | 79.37% | 20.63% | 55.90% |
| 230 | 2/20/2007 | 155 | 67% | 2/24/2007 | 79.53% | 20.47% | 53.59% |
| 230 | 2/27/2007 | 152 | 66% | 3/3/2007 | 78.63% | 21.37% | 51.96% |
| 230 | 3/6/2007 | 165 | 72% | 3/10/2007 | 81.48% | 18.52% | 58.45% |
| 230 | 3/13/2007 | 184 | 80% | 3/17/2007 | 77.78% | 22.22% | 62.22% |
| 230 | 3/20/2007 | 184 | 80% | 3/24/2007 | 82.01% | 17.99% | 65.61% |
| 230 | 3/27/2007 | 183 | 80% | 3/31/2007 | 79.23% | 20.77% | 63.04% |
| 230 | 4/3/2007 | 198 | 86% | 4/7/2007 | 81.20% | 18.80% | 69.91% |
| 230 | 4/10/2007 | 208 | 90% | **4/14/2007** | 81.20% | 18.80% | 73.44% |
| 230 | 4/17/2007 | 227 | 99% | 4/21/2007 | 80.00% | 20.00% | 78.96% |
| 230 | 4/24/2007 | 192 | 83% | 4/28/2007 | 79.56% | 20.44% | 66.42% |
| 230 | 5/1/2007 | 194 | 84% | 5/5/2007 | 80.15% | 19.85% | 67.60% |
| 230 | 5/7/2007 | 186 | 81% | 5/12/2007 | 82.19% | 17.81% | 66.47% |
| 230 | 5/14/2007 | 182 | 79% | **5/19/2007** | 76.22% | 23.78% | 60.32% |
| 230 | 5/21/2007 | 187 | 81% | 5/26/2007 | 82.14% | 17.86% | 66.79% |
| 230 | 5/28/2007 | 184 | 80% | 6/2/2007 | 84.72% | 15.28% | 67.78% |
| 230 | 6/4/2007 | 179 | 78% | 6/9/2007 | 82.78% | 17.22% | 64.43% |
| 230 | 6/11/2007 | 174 | 76% | 6/16/2007 | 81.51% | 18.49% | 61.66% |
| 230 | 6/18/2007 | 183 | 80% | 6/23/2007 | 85.31% | 14.69% | 67.88% |
| 230 | 6/25/2007 | 178 | 77% | 6/30/2007 | 80.89% | 19.11% | 62.60% |
| 230 | 7/2/2007 | 180 | 78% | 7/7/2007 | 83.66% | 16.34% | 65.47% |
| 230 | 7/9/2007 | 188 | 82% | 7/14/2007 | 83.75% | 16.25% | 68.46% |
| 237 | 7/16/2007 | 184 | 78% | 7/21/2007 | 83.97% | 16.03% | 65.20% |
| 237 | 7/23/2007 | 179 | 76% | 7/28/2007 | 83.65% | 16.35% | 63.18% |

CALIFORNIA JOB CERTIFCATION SUMMARY REPORT

| STORES | PAYROLL W/E DATE | COMPLETED | PERCENT | PAYROLLWEEK | YES% | NO% | Percentage Yes vs. Complete |
|---|---|---|---|---|---|---|---|
| 237 | 7/30/2007 | 184 | 78% | 8/4/2007 | 79.29% | 20.71% | 61.56% |
| 237 | 8/9/2007 | 184 | 78% | 8/11/2007 | 77.89% | 22.11% | 60.47% |

# EXHIBIT D

MAUREEN E. McCLAIN (State Bar No. 062050)
Email:  mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
Email:  hernaez@kmm.com
KAUFF McCLAIN & McGUIRE LLP
One Post Street, Suite 2600
San Francisco, California  94104
Telephone:   (415) 421-3111
Facsimile:    (415) 421-0938

Attorneys for Defendant
DOLLAR TREE STORES, INC.

BETH HIRSCH BERMAN (VA Bar No. 28091)
Email:  bberman@williamsmullen.com
WILLIAMS MULLEN
Dominion Tower, Suite 1700
999 Waterside Drive
Norfolk, VA  23510
Telephone:   (757) 629-0604
Facsimile:    (757) 629-0660

*Pro Hac Vice* Attorneys For Defendant
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CRUZ, and JOHN D. HANSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOLLAR TREE STORES, INC.,<br><br>Defendant. | CASE NO.  C 07 2050 SC<br>CASE NO.  C 07 04012 SC<br><br>**DECLARATION OF PATRICIA DOSS IN SUPPORT OF DOLLAR TREE STORES, INC.'S REPLY ON SUMMARY JUDGMENT AS TO ROBERT RUNNINGS**<br><br>**DATE:**   March 21, 2008<br>**TIME:**    10:00 a.m.<br>**DEPT:**   Ctrm. 1, 17th Floor<br>**JUDGE:**  Hon. Samuel Conti |
| ROBERT RUNNINGS individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC.,<br><br>Defendant. | **COMPLAINTS FILED:**    April 11, 2007<br>July 6, 2007<br>**TRIAL DATES:**    No dates set. |

KAUFF McCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

I, Patricia Doss, declare that:

1. I am over the age of eighteen and have personal knowledge of the facts set forth below. If called upon as a witness, I could testify competently thereto.

2. I am a Human Resources Manager for Dollar Tree Management, Inc. ("DTM"), a wholly owned subsidiary of Dollar Tree Stores, Inc. ("DTS"). (DTM and DTS shall be collectively referred to as "Dollar Tree.") DTS has several wholly owned subsidiaries, including DTM, which operate from the same location as DTS' corporate office and exist for the sole purpose of providing support for the operations of DTS and its other wholly owned subsidiaries and affiliates. As a Human Resources Manager, my responsibilities include working with employees in Dollar Tree's stores and I have access to Dollar Tree's human resources records.

3. In June, 2005, Dollar Tree began to have its Store Managers in California complete a certification form on a weekly basis. The form requires each Store Manager to state whether or not s/he spent more than 50% of the previous week working on exempt functions. Along with that form is a document that identifies a non-exhaustive list of types of duties that are exempt. The certification is to be completed on-line. Responses are maintained in Dollar Tree's system in the ordinary course of conducting its business except that, due to a computer glitch that was not immediately recognized, there were periods of time where someone responded but their answer was not captured.

4. As part of my duties, I would periodically check to see that the certifications had

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

C:\Documents and

DECLARATION OF PATRICIA DOSS IN SUPPORT OF DOLLAR
TREE STORES, INC.'S REPLY ON SUMMARY JUDGMENT AS
TO ROBERT RUNNINGS

CASE NOS: C 07 2050 SC AND C 07 04012 SC

1   been completed and what they said. On several occasions, I sent hard copy

2   (paper) certifications to Store Managers who had weeks where they had not

3   completed them and asked that they complete and return them to me.

4

5   5.   From the data that Dollar Tree maintains, I created a report of all responses. The

6        report shows the responses by week, the number of open stores in California for

7        each week, the number of stores that responded, the percentage of Store

8        Managers responding, the number of stores that did not complete a certification

9        and the percentage of Store Managers who did not respond. Also on that report

10       under a column entitled "notes," I identified the weeks that data was missing due

11       to computer glitches, indicated when district managers were contacted about

12       incomplete certifications, identified when I sent out paper forms to be completed

13       to stores that were missing certifications and made notes about why certain

14       stores did not provide certifications. I updated that report approximately once a

15       month. A copy of that report is attached hereto as Exhibit A. I provided a copy of

16       that report to counsel for Dollar Tree.

17

18

19   6.   From the data maintained by Dollar Tree, I also created a report, attached hereto

20       as Exhibit B, that identifies the percentage of yes responses and no responses

21       received for each week. I provided a copy of that report to counsel for Dollar

22       Tree also.

23

24   7.   As I mention in paragraph 3 above, there were some computer system problems

25       that prevented Dollar Tree from capturing all on-line certification responses.

26       After the problem was discovered and it was determined that the missing data

27       could not be captured, I reviewed the alert attached hereto as Exhibit C before it

28

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

C:\Documents and

DECLARATION OF PATRICIA DOSS IN SUPPORT OF DOLLAR          CASE NOS: C 07 2050 SC AND C 07 04012 SC
TREE STORES, INC.'S REPLY ON SUMMARY JUDGMENT AS
TO ROBERT RUNNINGS

1    was sent to Dollar Tree's stores in California in late September, 2007.    As

2    explained in Exhibit C, just the missing certifications were available to complete.

3    Certifications that had been captured were not available to complete again.    I

4    read the declaration Robert Runnings provided in opposition to Dollar Tree's

5    motion for summary judgment and Exhibit J to that declaration.    Exhibit J

6    contains my email response to Mr. Runnings, dated 9/26/07.  The alert I refer to

7    in that email is Exhibit C to this declaration.

8

9         I declare under penalty of perjury that the foregoing is true and correct.

10   Executed in Chesapeake, Virginia this 10th day of March, 2008.

11

12                                                    Patricia Doss

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (416) 421-3111

-4-

C:\Documents and

DECLARATION OF PATRICIA DOSS IN SUPPORT OF DOLLAR        CASE NOS: C 07 2050 SC AND C 07 04012 SC
TREE STORES, INC.'S REPLY ON SUMMARY JUDGMENT AS
TO ROBERT RUNNINGS

# EXHIBIT A

CALIFORNIA JOB CERTIFCATION SUMMARY REPORT

| STORES | PAYROLL W/E DATE | COMPLETED | PERCENT | INCOMPLETE | PERCENT | Notes |
|--------|------------------|-----------|---------|------------|---------|-------|
| 200 | 6/4/2005 | 200 | 100% | 0 | 0% | |
| 200 | 6/11/2005 | 200 | 100% | 0 | 0% | |
| 201 | 6/18/2005 | 201 | 100% | 0 | 0% | |
| 201 | 6/25/2005 | 201 | 100% | 0 | 0% | |
| | | | | | | |
| | | | | | | |
| 201 | 7/2/2005 | 201 | 100% | 0 | 0% | |
| 202 | 7/9/2005 | 201 | 100% | 0 | 0% | |
| 202 | 7/16/2005 | 201 | 100% | 0 | 0% | |
| 202 | 7/23/2005 | 201 | 100% | 0 | 0% | |
| 202 | 7/30/2005 | 201 | 100% | 0 | 0% | |
| | | | | | | |
| | | | | | | |
| 202 | 8/6/2005 | 202 | 100% | 0 | 0% | |
| 202 | 8/13/2005 | 202 | 100% | 0 | 0% | |
| 202 | 8/20/2005 | 200 | 99% | 2 | 1% | |
| 202 | 8/27/2005 | 202 | 100% | 0 | 0% | |
| | | | | | | |
| | | | | | | |
| 202 | 9/2/2005 | 202 | 100% | 0 | 0% | |
| 202 | 9/10/2005 | 202 | 100% | 0 | 0% | |
| 203 | 9/17/2005 | 203 | 100% | 0 | 0% | |
| 203 | 9/24/2005 | 203 | 100% | 0 | 0% | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| 206 | 10/1/2005 | 206 | 100% | 0 | 0% | |
| 209 | 10/8/2005 | 209 | 100% | 0 | 0% | |
| 209 | 10/15/2005 | 209 | 100% | 0 | 0% | |
| 209 | 10/22/2005 | 209 | 100% | 0 | 0% | |
| 209 | 10/29/2005 | 209 | 100% | 0 | 0% | |
| | | | | | | |
| | | | | | | |
| 209 | 11/5/2005 | 209 | 100% | 0 | 0% | |
| 210 | 11/12/2005 | 203 | 97% | 7 | 3% | |
| 210 | 11/19/2005 | 210 | 100% | 0 | 0% | |
| 210 | 11/26/2005 | 205 | 98% | 5 | 2% | |
| | | | | | | |
| | | | | | | |
| 210 | 12/3/2005 | 200 | 95% | 10 | 5% | |
| 210 | 12/10/2005 | 204 | 97% | 6 | 3% | |
| 210 | 12/17/2005 | 208 | 99% | 2 | 1% | |
| 210 | 12/24/2005 | 200 | 95% | 10 | 5% | |
| | | | | | | |
| | | | | | | |
| 210 | 1/2/2006 | 210 | 100% | 0 | 0% | |
| 210 | 1/9/2006 | 210 | 100% | 0 | 0% | |
| 210 | 1/16/2006 | 208 | 99% | 2 | 1% | |
| 210 | 1/23/2006 | 200 | 95% | 5 | 2% | |
| 210 | 1/30/2006 | 210 | 100% | 0 | 0% | |
| | | | | | | |
| | | | | | | |

CALIFORNIA JOB CERTIFCATION SUMMARY REPORT

| STORES | PAYROLL W/E DATE | COMPLETED | PERCENT | INCOMPLETE | PERCENT | Notes |
|--------|------------------|-----------|---------|------------|---------|-------|
| 210 | 2/6/2006 | 210 | 100% | 0 | 0% | |
| 210 | 2/13/2006 | 210 | 100% | 0 | 0% | |
| 210 | 2/20/2006 | 210 | 100% | 0 | 0% | |
| 210 | 2/27/2006 | 210 | 100% | 0 | 0% | |
| | | | | | | |
| | | | | | | |
| 210 | 3/6/2006 | 210 | 100% | 0 | 0% | |
| 212 | 3/13/2006 | 200 | 94% | 12 | 6% | **Six Bay Area Stores** |
| 213 | 3/20/2006 | 195 | 92% | 18 | 8% | **Six Bay Area Stores** |
| 213 | 3/27/2006 | 200 | 94% | 13 | 6% | **NOTICE TO DM'S 3/29** |
| | | | | | | |
| 214 | 4/3/2006 | 213 | 100% | 1 | 0% | **Notice to DM's 4/5** |
| 214 | 4/10/2006 | 210 | 98% | 4 | 2% | **Notice to DM's 4/11** |
| 214 | 4/17/2006 | 210 | 98% | 4 | 2% | **Notice to DM's 4/20** |
| 214 | 4/24/2006 | 198 | 93% | 16 | 7% | **Notice to DM's 4/26** |
| | | | | | | |
| 214 | 5/1/2006 | 200 | 93% | 14 | 7% | **Notice to DM's 5/4** |
| 214 | 5/8/2009 | 201 | 94% | 13 | 6% | **Notice to DM's 5/11** |
| 214 | 5/15/2006 | 198 | 93% | 16 | 7% | **Notice to DM's 5/17** |
| 214 | 5/22/2006 | 200 | 93% | 14 | 7% | **Notice to DM's 5/24** |
| 214 | 5/29/2006 | 210 | 98% | 4 | 2% | **Notice to DM's 5/31** |
| | | | | | | |
| 214 | 6/5/2006 | 189 | 88% | 25 | 12% | **Notice to DM's 6/8** |
| 214 | 6/12/2006 | IS PROBLEM | NO CERTS | | | |
| 214 | 6/19/2006 | 210 | 98% | 4 | 2% | **RETURN MAIL** |
| 214 | 6/26/2006 | 206 | 96% | 8 | 4% | **RETURN MAIL** |
| | | | | | | |
| 214 | 7/3/2006 | 209 | 98% | 5 | 2% | **RETURN MAIL** |
| 214 | 7/10/2006 | 211 | 99% | 3 | 1% | **RETURN MAIL** |
| 214 | 7/17/2006 | 206 | 96% | 8 | 4% | **RETURN MAIL** |
| 214 | 7/24/2006 | 200 | 93% | 14 | 7% | **RETURN MAIL** |
| 214 | 7/31/2006 | 214 | 100% | 0 | 0% | **RETURN MAIL** |
| | | | | | | |
| 214 | 8/7/2006 | 199 | 93% | 15 | 7% | **RETURN MAIL** |
| 214 | 8/14/2006 | 206 | 96% | 8 | 4% | **RETURN MAIL** |
| 214 | 8/21/2006 | 211 | 99% | 3 | 1% | **RETURN MAIL** |
| 214 | 8/28/2006 | 207 | 97% | 7 | 3% | **RETURN MAIL** |
| | | | | | | |
| 217 | 9/4/2006 | 212 | 98% | 5 | 2% | **RETURN MAIL** |
| 217 | 9/11/2006 | 206 | 95% | 9 | 4% | **RETURN MAIL** |
| 219 | 9/18/2006 | 210 | 96% | 9 | 4% | **Problems with download** |
| 220 | 9/25/2006 | 214 | 97% | 6 | 3% | **RETURN MAIL** |
| | | | | | | |
| 223 | 10/2/2006 | 200 | 90% | 23 | 10% | **Problems with download** |
| 225 | 10/9/2006 | 200 | 89% | 25 | 11% | **Problems with download** |
| 225 | 10/16/2006 | 220 | 98% | 5 | 2% | **RETURN MAIL** |
| 225 | 10/23/2006 | 220 | 98% | 5 | 2% | **RETURN MAIL** |
| 225 | 10/30/2006 | 221 | 98% | 4 | 2% | **RETURN MAIL** |
| | | | | | | |
| 225 | 11/6/2006 | 222 | 99% | 3 | 1% | **RETURN MAIL** |
| 225 | 11/13/2006 | 224 | 100% | 1 | 0% | **RETURN MAIL** |
| 225 | 11/20/2006 | 225 | 100% | 0 | 0% | **RETURN MAIL** |

## CALIFORNIA JOB CERTIFCATION SUMMARY REPORT

| STORES | PAYROLL W/E DATE | COMPLETED | PERCENT | INCOMPLETE | PERCENT | Notes |
|--------|------------------|-----------|---------|------------|---------|-------|
| 225 | 11/27/2006 | 220 | 98% | 5 | 2% | RETURN MAIL |
| | | | | | | |
| 225 | 12/4/2006 | 220 | 98% | 5 | 2% | RETURN MAIL |
| 225 | 12/11/2006 | 202 | 90% | 23 | 10% | RETURN MAIL |
| 225 | 12/18/2006 | 219 | 97% | 6 | 3% | RETURN MAIL |
| 225 | 12/26/2006 | 205 | 91% | 20 | 9% | RETURN MAIL |
| | | | | | | |
| 225 | 1/1/2007 | 200 | 89% | 25 | 11% | Problems with download |
| 225 | 1/8/2007 | 198 | 88% | 27 | 12% | Problems with download |
| 225 | 1/15/2007 | 220 | 98% | 5 | 2% | |
| 225 | 1/22/2007 | 177 | 79% | 48 | 21% | |
| 225 | 1/29/2007 | 160 | 71% | 65 | 29% | |
| | | | | | | |
| 225 | 2/6/2007 | 154 | 68% | 71 | 32% | |
| 230 | 2/13/2007 | 162 | 70% | 68 | 30% | |
| 230 | 2/20/2007 | 155 | 67% | 80 | 35% | |
| 230 | 2/27/2007 | 152 | 66% | 75 | 33% | |
| | | | | | | |
| 230 | 3/6/2007 | 165 | 72% | 65 | 28% | PROBLEMS WITH DATA |
| 230 | 3/13/2007 | 184 | 80% | 46 | 20% | PROBLEMS WITH DATA |
| 230 | 3/20/2007 | 184 | 80% | 46 | 20% | PROBLEMS WITH DATA |
| 230 | 3/27/2007 | 183 | 80% | 47 | 20% | PROBLEMS WITH DATA |
| | | | | | | |
| 230 | 4/3/2007 | 198 | 86% | 32 | 14% | PROBLEMS WITH DATA |
| 230 | 4/10/2007 | 208 | 90% | 22 | 10% | PROBLEMS WITH DATA |
| 230 | 4/17/2007 | 227 | 99% | 3 | 1% | PROBLEMS WITH DATA |
| 230 | 4/24/2007 | 192 | 83% | 38 | 17% | PROBLEMS WITH DATA |
| | | | | | | |
| 230 | 5/1/2007 | 194 | 84% | 36 | 16% | CHANGED |
| 230 | 5/7/2007 | 186 | 81% | 44 | 19% | |
| 230 | 5/14/2007 | 182 | 79% | 48 | 21% | |
| 230 | 5/21/2007 | 187 | 81% | 43 | 19% | |
| 230 | 5/28/2007 | 184 | 80% | 46 | 20% | |
| | | | | | | |
| 230 | 6/4/2007 | 179 | 78% | 51 | 22% | |
| 230 | 6/11/2007 | 174 | 76% | 56 | 24% | Incountered issue |
| 230 | 6/18/2007 | 183 | 80% | 47 | 20% | |
| 230 | 6/25/2007 | 178 | 77% | 52 | 23% | |
| | | | | | | |
| 230 | 7/2/2007 | 180 | 78% | 50 | 22% | |
| 230 | 7/9/2007 | 188 | 82% | 42 | 18% | |
| 237 | 7/16/2007 | 184 | 78% | 53 | 22% | |
| 237 | 7/23/2007 | 179 | 76% | 58 | 24% | |
| 237 | 7/30/2007 | 184 | 78% | 53 | 22% | |
| | | | | | | |
| 237 | 8/9/2007 | 184 | 78% | 53 | 22% | |

# EXHIBIT B

PERCENTAGE OF YES AND NO RESPONSES FOR CALIFORNIA JOB CERTIFICATION

| PAYROLLWEEK | YES% | NO% |
|---|---|---|
| 6/4/2005 | 88.17% | 11.83% |
| 6/11/2005 | 91.19% | 8.81% |
| 6/18/2005 | 85.29% | 14.71% |
| 6/25/2008 | 90.14% | 9.86% |
| 7/2/2005 | 86.96% | 13.04% |
| 7/9/2005 | 87.34% | 12.66% |
| 7/16/2005 | 88.46% | 11.54% |
| 7/23/2005 | 84.75% | 15.25% |
| 7/30/2005 | 92.45% | 7.55% |
| 8/6/2005 | 90.24% | 9.76% |
| 8/13/2005 | 98.11% | 1.89% |
| 8/20/2005 | 91.84% | 8.16% |
| 8/27/2005 | 84.91% | 15.09% |
| 9/3/2005 | 88.46% | 11.54% |
| 9/17/2005 | 85.98% | 14.02% |
| 10/1/2005 | 88.24% | 11.76% |
| 10/8/2005 | 82.35% | 17.65% |
| 10/15/2005 | 90.91% | 9.09% |
| 10/22/2005 | 86.11% | 13.89% |
| 10/29/2005 | 88.37% | 11.63% |
| 11/5/2005 | 90.63% | 9.38% |
| 11/12/2005 | 75.00% | 25.00% |
| 11/19/2005 | 75.76% | 24.24% |
| 11/26/2005 | 88.46% | 11.54% |
| 12/3/2005 | 87.88% | 12.12% |
| 12/10/2005 | 87.10% | 12.90% |
| 12/24/2005 | 65.22% | 34.78% |
| 12/31/2005 | 90.00% | 10.00% |
| 1/7/2006 | 93.55% | 6.45% |
| 1/14/2006 | 85.71% | 14.29% |
| 1/21/2006 | 90.48% | 9.52% |
| 1/28/2006 | 93.94% | 6.06% |
| 2/4/2006 | 89.47% | 10.53% |
| 2/11/2006 | 91.67% | 8.33% |
| 2/18/2006 | 92.86% | 7.14% |
| 2/25/2006 | 89.13% | 10.87% |
| 3/4/2006 | 75.56% | 24.44% |
| 3/11/2006 | 80.95% | 19.05% |
| 3/18/2006 | 81.97% | 18.03% |
| 3/25/2006 | 79.31% | 20.69% |
| 4/1/2006 | 86.54% | 13.46% |
| 4/8/2006 | 79.66% | 20.34% |
| 4/15/2006 | 79.03% | 20.97% |
| 4/22/2006 | 69.39% | 30.61% |
| 4/29/2006 | 84.09% | 15.91% |
| 5/6/2006 | 87.04% | 12.96% |
| 5/13/2006 | 85.71% | 14.29% |
| 5/20/2006 | 82.86% | 17.14% |
| 5/27/2006 | 74.36% | 25.64% |
| 6/10/2006 | 87.88% | 12.12% |
| 6/17/2006 | 78.79% | 21.21% |

PERCENTAGE OF YES AND NO RESPONSES FOR CALIFORNIA JOB CERTIFICATION

| PAYROLLWEEK | YES% | NO% |
|---|---|---|
| 6/24/2006 | 84.38% | 15.63% |
| 7/1/2006 | 83.78% | 16.22% |
| 7/8/2006 | 82.35% | 17.65% |
| 7/15/2006 | 88.37% | 11.63% |
| 7/22/2006 | 81.20% | 18.80% |
| 7/29/2006 | 87.88% | 12.12% |
| 8/5/2006 | 89.23% | 10.77% |
| 8/12/2006 | 77.05% | 22.95% |
| 8/19/2006 | 87.14% | 12.86% |
| 8/26/2006 | 89.47% | 10.53% |
| 9/2/2006 | 84.44% | 15.56% |
| 9/9/2006 | 81.82% | 18.18% |
| 9/16/2006 | 86.27% | 13.73% |
| 9/23/2006 | 83.98% | 16.02% |
| 9/30/2006 | 86.58% | 13.42% |
| 10/7/2006 | 88.57% | 11.43% |
| 10/14/2006 | 77.27% | 22.73% |
| 10/21/2006 | 80.00% | 20.00% |
| 10/28/2006 | 86.15% | 13.85% |
| 11/4/2006 | 86.05% | 13.95% |
| 11/11/2006 | 83.02% | 16.98% |
| 11/18/2006 | 84.62% | 15.38% |
| 11/25/2006 | 83.75% | 16.25% |
| 12/2/2006 | 83.33% | 16.67% |
| 12/9/2006 | 81.54% | 18.46% |
| 12/16/2006 | 83.72% | 16.28% |
| 12/23/2006 | 85.71% | 14.29% |
| 12/30/2006 | 78.57% | 21.43% |
| 1/6/2007 | 81.82% | 18.18% |
| 1/13/2007 | 78.45% | 21.55% |
| 1/20/2007 | 77.87% | 22.13% |
| 1/27/2007 | 78.10% | 21.90% |
| 2/3/2007 | 81.03% | 18.97% |
| 2/10/2007 | 82.58% | 17.42% |
| 2/17/2007 | 79.37% | 20.63% |
| 2/24/2007 | 79.53% | 20.47% |
| 3/3/2007 | 78.63% | 21.37% |
| 3/10/2007 | 81.48% | 18.52% |
| 3/17/2007 | 77.78% | 22.22% |
| 3/24/2007 | 82.01% | 17.99% |
| 3/31/2007 | 79.23% | 20.77% |
| 4/7/2007 | 81.20% | 18.80% |
| **4/14/2007** | 81.20% | 18.80% |
| 4/21/2007 | 80.00% | 20.00% |
| 4/28/2007 | 79.56% | 20.44% |
| 5/5/2007 | 80.15% | 19.85% |
| 5/12/2007 | 82.19% | 17.81% |
| **5/19/2007** | 76.22% | 23.78% |
| 5/26/2007 | 82.14% | 17.86% |
| 6/2/2007 | 84.72% | 15.28% |
| 6/9/2007 | 82.78% | 17.22% |

PERCENTAGE OF YES AND NO RESPONSES FOR CALIFORNIA JOB CERTIFICATION

| PAYROLLWEEK | YES% | NO% |
|---|---|---|
| 6/16/2007 | 81.51% | 18.49% |
| 6/23/2007 | 85.31% | 14.69% |
| 6/30/2007 | 80.89% | 19.11% |
| 7/7/2007 | 83.66% | 16.34% |
| 7/14/2007 | 83.75% | 16.25% |
| 7/21/2007 | 83.97% | 16.03% |
| 7/28/2007 | 83.65% | 16.35% |
| 8/4/2007 | 79.29% | 20.71% |
| 8/11/2007 | 77.89% | 22.11% |
| 8/18/2007 | 79.70% | 20.30% |
| 8/25/2007 | 79.38% | 20.62% |
| 9/1/2007 | 81.12% | 18.88% |
| 9/8/2007 | 73.82% | 26.18% |
| 9/15/2007 | 79.27% | 20.73% |
| 9/22/2007 | 77.89% | 22.11% |
| 9/29/2007 | 82.54% | 17.46% |
| 10/6/2007 | 85.11% | 14.89% |
| 10/13/2007 | 81.32% | 18.68% |
| 10/20/2007 | 80.56% | 19.44% |
| 10/27/2007 | 83.24% | 16.76% |
| 1/3/2007 | 85.96% | 14.04% |
| 11/10/2007 | 86.44% | 13.56% |
| 11/17/2007 | 85.31% | 14.69% |
| 11/24/2007 | 87.50% | 12.50% |
| 12/1/2007 | 86.23% | 13.77% |
| 12/8/2007 | 86.90% | 13.10% |
| 12/15/2007 | 85.53% | 14.47% |
| 12/22/2007 | 87.74% | 12.26% |
| 12/29/2007 | 83.89% | 16.11% |
| 1/5/2008 | 84.03% | 15.97% |

# EXHIBIT C

**Document Title:**    Payroll Certifications for 2007

| **Who** | **What (Level 1 Category)** | **Where (Site Location)** |
|---|---|---|
| ✓ State | ☐ Back Office | ✓ **Breaking News** |
| ☐ Region | ☐ Front End | ☐ Help Desk Corner |
| ☐ Accepts Credit Cards | ✓ **Miscellaneous** | ☐ Top Problems |
| ☐ Register Type | | ☐ Where's the Problem |

| Level 2 Category | **Miscellaneous** |
|---|---|

**Expiration Date:**    10/05/07 23:59 pm

## Payroll Certifications for 2007

Our records indicate we are missing some Payroll Certifications for this year. Some certifications may have been lost due to a system problem while some were not completed. In any event, whether by computer difficulty or inaction there are some Payroll Certificates that require your attention.

All missing Payroll Certifications for 2007 are now available for you within the system. Please mark the appropriate response Y for yes did perform the duties, or N for no did not perform the duties, and indicate the reason for the N response. If you were not the manager in the store on any of the dates indicated please mark N and explain that you were not the manager at the time the certification was originally due.

We apologize for the inconvenience and appreciate your assistance.

# EXHIBIT E

1   MAUREEN E. McCLAIN (State Bar No. 062050)
    Email: mcclain@kmm.com
2   ALEX HERNAEZ (State Bar No. 201441)
    Email: hernaez@kmm.com
3   KAUFF McCLAIN & McGUIRE LLP
    One Post Street, Suite 2600
4   San Francisco, California 94104
    Telephone:  (415) 421-3111
5   Facsimile:   (415) 421-0938

6   Attorneys for Defendant
    DOLLAR TREE STORES, INC.
7
    BETH HIRSCH BERMAN (VA Bar No. 28091)
8   Email: bberman@williamsmullen.com
    WILLIAMS MULLEN
9   Dominion Tower, Suite 1700
    999 Waterside Drive
10  Norfolk, VA 23510
    Telephone:  (757) 629-0604
11  Facsimile:   (757) 629-0660

12  *Pro Hac Vice* Attorneys For Defendant
    DOLLAR TREE STORES, INC.
13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16  MIGUEL A. CRUZ, and JOHN D. HANSEN,          CASE NO.  C 07 2050 SC
17  individually and on behalf of all others
    similarly situated,
18                  Plaintiffs,

19  v.

20  DOLLAR TREE STORES, INC.,

21                  Defendant.

22  ROBERT RUNNINGS individually, and on         CASE NO. C 07 04012 SC
    behalf of all others similarly situated,
23                  Plaintiff,                   **RESPONSE TO
                                                 REPRESENTATIVE PLAINTIFFS'
24  v.                                           SPECIAL INTERROGATORIES
                                                 (SET ONE)**
25  DOLLAR TREE STORES, INC.,
                                                 **JUDGE:**    Hon. Samuel Conti
26                  Defendant.                   **COMPLAINTS FILED:**    April 11, 2007
                                                                         July 6, 2007
27                                               **TRIAL DATES:**    No dates set.

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

RESPONSE TO REPRESENTATIVE PLAINTIFFS' SPECIAL          CASE NO. C 07 2050 SC
INTERROGATORIES (SET ONE)                              CASE NO. C 07 04012 SC

1  PROPOUNDING PARTY:  REPRESENTATIVE PLAINTIFFS

2  RESPONDING PARTY:    DEFENDANT DOLLAR TREE STORES, INC.

3  SET NUMBER:              One

4          Defendant Dollar Tree Stores, Inc. ("Dollar Tree") submits the following

5  responses, pursuant to Rule 33(b)(3) of the Federal Rules of Civil Procedure, to

6  Representative Plaintiffs' Special Interrogatories (Set One).

7                          **GENERAL OBJECTIONS**

8          These answers and objections are made solely for the purpose of this

9  action.  Each answer is subject to all objections as to competence, relevance,

10  materiality, propriety and admissibility, and any and all other objections and grounds that

11  would require the exclusion of any statement if any interrogatories were asked of, or any

12  statements contained herein were made by, a witness present and testifying in court, all

13  of which objections and grounds are reserved and may be interposed at the time of trial.

14  The following answers are based upon information presently available to Defendant and,

15  except for explicit facts admitted herein, no incidental or implied admissions are intended

16  hereby.  The fact that Defendant has answered or objected to any interrogatory or part

17  thereof should not be taken as an admission that Defendant accepts or admits the

18  existence of any facts set forth or assumed by such interrogatories or that such answer

19  or objection constitutes admissible evidence.  The fact that Defendant has answered

20  part or all of any interrogatory is not intended and shall not be construed to be a waiver

21  by Defendant of all or any part of any objection to any interrogatory.

22          To the extent that any or all of the interrogatories call for information which

23  constitutes information or material prepared in anticipation of litigation or for trial or for

24  information or material covered by the work product doctrine or which constitutes

25  information which is privileged by virtue of the attorney-client privilege, Defendant

26  objects to each and every such interrogatory and thus will not supply or render any

27  information or material protected from discovery by virtue of the work product doctrine or

28  the attorney-client privilege.

-1-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

RESPONSE TO REPRESENTATIVE PLAINTIFFS' SPECIAL
INTERROGATORIES (SET ONE)

CASE NO. C 07 2050 SC
CASE NO. C 07 04012 SC

1    Defendant objects to providing information regarding the so-called "Class

2 Members." Because no class has been certified, Class Members do not exists.

3 Moreover, Defendant contends that a class cannot be properly certified because of the

4 facts of this case. Responses herein will be generally limited to the named plaintiffs.

5    The above-stated objections are hereby made applicable to each and all of

6 these requests and are hereby, as to each and all of them, incorporated by reference as

7 if fully set forth therein.

8 **INTERROGATORY NO. 1:**

9    **Identify** each and every **Class Member**.

10 **RESPONSE TO INTERROGATORY NO. 1:**

11    Objection: this Interrogatory is overbroad, unduly burdensome, and outside

12 the scope of permissible discovery.

13 **INTERROGATORY NO. 2:**

14    **Identify** each facility (by address, telephone number and/or location

15 number, if applicable) where any **Class Member** has performed work for **You** at any

16 time during the **class period**.

17 **RESPONSE TO INTERROGATORY NO. 2:**

18    Defendant will produce documents in response to this Interrogatory.

19 Please see response to Request for Production No. 3.

20 **INTERROGATORY NO. 3:**

21    **Identify** and/or **describe** how **You** determine whether **Class Members**

22 should be paid on an overtime-exempt basis for each pay period with the **class period**.

23 **RESPONSE TO INTERROGATORY NO. 3:**

24    Objection: this Interrogatory seeks information protected by the attorney-

25 client privilege, is overbroad, unduly burdensome, and outside the scope of permissible

26 discovery. The premise of this Interrogatory is faulty and therefore Defendant cannot

27 answer it fully. Defendant classifies its various job classifications as exempt or non-

28 exempt. For example, Dollar Tree classifies its store managers as exempt. This

KAUFF McCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 2 -

RESPONSE TO REPRESENTATIVE PLAINTIFFS' SPECIAL       CASE NO. C 07 2050 SC
INTERROGATORIES (SET ONE)                            CASE NO. C 07 4012 SC

1    decision was made by personnel in Dollar Tree's human resources department in

2    consultation with outside counsel.  Defendant considered the job duties and position

3    description of its store managers, together with all applicable laws and regulations.

4    **INTERROGATORY NO. 4:**

5           **Identify** and/or **describe** each task performed by **Class Members** that

6    **You** contend is exempt under California law.

7    **RESPONSE TO INTERROGATORY NO. 4:**

8           Objection: this Interrogatory seeks information protected by the attorney-

9    client privilege, is overbroad, unduly burdensome, and outside the scope of permissible

10   discovery.  Defendant responds to this Interrogatory by directing plaintiffs to the store

11   manager job description, which has already been produced.

12          In addition, while all store managers have certain core duties in common,

13   depending upon the store in which they work store managers may have responsibility for

14   complying with state laws regarding the sale of alcohol and/or acceptance of food

15   stamps.  Some store managers are training managers which gives them additional

16   responsibilities and duties with respect to training store manager and assistant store

17   managers and providing assistance to them after they are trained.  Other store

18   managers have responsibility for visiting other stores and helping them with problems

19   that may arise.  Some store managers have responsibilities related to surveillance

20   cameras.  Depending on the location of the store, i.e. mall, strip shopping centers, stand

21   alone, and the particular landlord's requirements, the store managers have different

22   responsibilities with respect to the maintenance, upkeep and report of the store facilities

23   and areas immediately adjacent thereto and may have different responsibilities with

24   respect to their tenancy.  A few of Defendant's stores sell merchandise at multi-price

25   points, thereby requiring pricing information for which the store manager is responsible.

26   Store managers in different districts have different responsibilities with respect to hiring,

27   firing, promoting and setting pay rates for the store employees.

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

RESPONSE TO REPRESENTATIVE PLAINTIFFS' SPECIAL        CASE NO. C 07 2050 SC
INTERROGATORIES (SET ONE)                             CASE NO. C 07 4012 SC

1  **INTERROGATORY NO. 5:**

2     **Identify** and or **describe** each task performed by **Class Members** that

3  **You** consider to be non-exempt under California law.

4  **RESPONSE TO INTERROGATORY NO. 5:**

5     Objection: this Interrogatory seeks information protected by the attorney-

6  client privilege, is overbroad, unduly burdensome, and outside the scope of permissible

7  discovery. Defendant cannot reasonably answer this Interrogatory because, inter alia, it

8  involves an individualized inquiry as to each putative "class member." Moreover, as

9  noted above, an inquiry of this scope is premature because no class has been certified.

10  **INTERROGATORY NO. 6:**

11     **Describe** all efforts **You** have made to ensure that **Class Members** are

12  performing more exempt than non-exempt work for each pay period within the **class**

13  **period**.

14  **RESPONSE TO INTERROGATORY NO. 6:**

15     Objection: this Interrogatory seeks information protected by the attorney-

16  client privilege, is overbroad, unduly burdensome, and outside the scope of permissible

17  discovery. Defendant responds to this Interrogatory by directing plaintiffs to the

18  certification documents (both manual and automated), which have already been

19  produced. In addition, District Managers are charged with the responsibility of ensuring

20  that Defendant's store managers perform work consistent with their status as exempt

21  employees.

22  **INTERROGATORY NO. 7:**

23     **Identify** and/or **describe Your** policies and procedures regarding the

24  methods by which **Class Members** reported the number of hours worked for each week

25  during the **class period**.

26  **RESPONSE TO INTERROGATORY NO. 7:**

27     Objection: this Interrogatory seeks information protected by the attorney-

28  client privilege, is overbroad, unduly burdensome, and outside the scope of permissible

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

RESPONSE TO REPRESENTATIVE PLAINTIFFS' SPECIAL
INTERROGATORIES (SET ONE)

CASE NO. C 07 2050 SC
CASE NO. C 07 4012 SC

1  discovery.  Defendant responds to this Interrogatory by directing plaintiffs to the work

2  schedules of the representative plaintiffs, which have already been produced.

3  **INTERROGATORY NO. 8:**

4       **Identify** and/or **describe** any and all efforts made by **You** to provide or

5  permit **Class Members** to take meal and/or rest breaks.

6  **RESPONSE TO INTERROGATORY NO. 8:**

7       Objection: this Interrogatory seeks information protected by the attorney-

8  client privilege, is overbroad, unduly burdensome, and outside the scope of permissible

9  discovery.  Although not required by applicable law, Plaintiffs made their own schedules

10  and were encouraged by District Managers to take meal and rest breaks.  Plaintiffs also

11  received training regarding meal and rest breaks.

12  **INTERROGATORY NO. 9:**

13       **Identify** and/or **describe** any and all efforts made by **You** to inform **Class**

14  **Members** of the applicable test for the Executive Exemption to California's overtime

15  laws.

16  **RESPONSE TO INTERROGATORY NO. 9:**

17       Objection: this Interrogatory seeks information protected by the attorney-

18  client privilege, is overbroad, unduly burdensome, and outside the scope of permissible

19  discovery.

20  DATED:    January 29, 2008          KAUFF MCCLAIN & MCGUIRE LLP

21

22

23          By: _____
                              ALEX HERNAEZ
24
            Attorneys for Defendant
25          DOLLAR TREE STORES, INC.

26

27

28
                                      - 5 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1     ## PROOF OF SERVICE BY MAIL

2             I am a citizen of the United States and employed in San Francisco County,

3     California.  I am over the age of eighteen years and not a party to the within-entitled

4     action.  My business address is One Post Street, Suite 2600, San Francisco, California

5     94104.  I am readily familiar with this firm's practice for collection and processing of

6     correspondence for mailing with the United States Postal Service.  On January 29, 2008,

7     I placed with this firm at the above address for deposit with the United States Postal

8     Service a true and correct copy of the within document(s):

9             **RESPONSE TO REPRESENTATIVE PLAINTIFFS'**
        **SPECIAL INTERROGATORIES (SET ONE)**

10

11    in a sealed envelope, postage fully paid, addressed as follows:

12    Scott Edward Cole, Esq.              Jeremy R. Fietz, Esq.
      Scott Cole & Associates, APC         Edgar Law Firm

13    The World Savings Tower              408 College Avenue
      1970 Broadway, Ninth Floor          Santa Rosa, CA  95401

14    Oakland, CA  94612

15            Following ordinary business practices, the envelope was sealed and

16    placed for collection and mailing on this date, and would, in the ordinary course of

17    business, be deposited with the United States Postal Service on this date.

18            I declare that I am employed in the office of a member of the bar of this

19    court at whose direction the service was made.

20            Executed on January 29, 2008, at San Francisco, California.

21

22    _____
                                Rita I. Chavez

23

24    4831-7786-7266.2

25

26

27

28

KAUFF McCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

RESPONSE TO REPRESENTATIVE PLAINTIFFS' SPECIAL          CASE NO. C 07 2050 SC
INTERROGATORIES (SET ONE)                               CASE NO. C 07 4012 SC