MAUREEN E. McCLAIN, Bar No. 062050
ANNAMARY E. GANNON, Bar No. 92175
KRISTA STEVENSON JOHNSON, Bar No. 185241
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:  415.433.1940
Facsimile:  415.399.8490
Email:  mmcclain@littler.com
Email:  agannon@littler.com
Email:  kjohnson@littler.com

Attorneys for Defendant
DOLLAR TREE STORES, INC.

BETH HIRSCH BERMAN, VA Bar No. 28091
WILLIAMS MULLEN
A Professional Corporation
999 Waterside Drive
1700 Dominion Tower
Norfolk, VA  23510
Telephone:  757.629.0604
Facsimile:  757.629.0660
Email:  bberman@williamsmullen.com

*Pro Hac Vice* Attorneys for Defendant
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CRUZ and JOHN D. HANSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOLLAR TREE STORES, INC.,<br><br>Defendant.<br><br>ROBERT RUNNINGS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC.,<br><br>Defendant. | Case Nos.  C 07 2050 SC and C 07 04012 SC<br><br>**DECLARATION OF MAUREEN McCLAIN IN SUPPORT OF DOLLAR TREE STORES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date:  May 1, 2009<br>Time:  10:00 a.m.<br>Dept.:  Crtrm. 1, 17th Floor<br>Judge:  Hon. Samuel Conti<br><br>Trial Date:  No Dates Set<br>Complaints Filed:  April 11, 2007<br>July 6, 2007 |

I, MAUREEN E. McCLAIN, declare:

1. I have personal knowledge of the facts set forth below. If called upon as a witness, I could testify competently thereto.

2. I am an attorney duly licensed to practice before all the courts of the State of California. I am a shareholder in the firm of Littler Mendelson, counsel for Defendant Dollar Tree Stores, Inc. ("Dollar Tree") in the above-entitled action.

3. The instant action was filed by Robert Runnings on July 6, 2007 in Alameda County Superior Court. On the basis of the Class Action Fairness Act of 2005, Dollar Tree removed the case to federal district court on August 7, 2007. Following Dollar Tree's request for reassignment to a district court judge, the matter was assigned to the Honorable Phyllis J. Hamilton. Following submission of a stipulated request for consolidation, this matter was consolidated with the above-captioned Cruz/Hansen complaint before the Honorable Samuel Conti on August 31, 2007.

4. By letter dated July 27, 2007, Plaintiff Runnings' counsel, the law firm of Scott Cole & Associates, sent a letter addressed to "Dear Store Manager" and mailed to each Dollar Tree store in California, advising the Store Manager of Runnings' lawsuit, and, *inter alia*, urging the recipient to contact the Cole law firm to "discuss this case and the role you might play in it." Attached as **Exhibit A** are true and correct copies of the letter dated July 27, 2007, sent by Runnings' counsel, Matthew R. Bainer, Esq., and the authenticating declaration of Mark Soderholm which was used to submit this letter to the Court in support of Dollar Tree's *Ex Parte* Motion for a Temporary Restraining Order. Dollar Tree requested, *inter alia*, that the Court require the Cole law firm to mitigate any improper effects of the letter, and supervise and/or halt the Cole law firm's communications with putative class members. By Order filed August 10, 2007, the Court declined to issue the TRO, but expressed concerns regarding aspects of the letter. Attached hereto as **Exhibit B** is a true and correct copy of Judge Hamilton's Order, filed August 10, 2007.

5. In February 2009, Mr. Bainer sent a letter to Store Manager Randy Maldonado whose deposition had been noticed by Dollar Tree. Attached hereto as **Exhibit C** is a true and correct copy of the February 9, 2009 letter from Mr. Bainer to Mr. Maldonado, which was marked Exhibit 137 to the deposition of Randy Maldonado taken by me on February 13, 2009. The

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DECL. OF MAUREEN McCLAIN ISO DOLLAR TREE'S
OPPOS. TO MOTION FOR CLASS CERTIFICATION

1.

CASE NOS. C 07 2050 SC
and C 07 04012 SC

letter stated "Please note that *we were not responsible* for Dollar Tree taking this course of action. However, we will attend the deposition to make any necessary objections on your behalf to the questions posed by Dollar Tree's lawyers. As a result of these events, it is imperative that we talk with you as far in advance of the deposition as possible and ask that you contact us immediately for that purpose". Attached hereto as **Exhibit D** are true and correct copies of excerpts from the deposition of Mr. Maldonado relating to the letter from Mr. Bainer. Mr. Maldonado testified that Mr. Bainer's letter had confused him. (Maldonado Depo., 173:24-175:10.) By the time Mr. Maldanado had received the letter, the date and location of his deposition had been changed to accommodate Plaintiffs' counsel's scheduling issues.

6. Runnings' (and now all Plaintiffs') counsel Scott E. Cole was disciplined by the California State Bar (one-year suspension stayed pending a two-year probation) on May 14, 2005. Attached hereto as **Exhibit E** is a true and correct copy of The State Bar of California's attorney web page for Scott E. Cole publicly available at http://members.calbar.ca.gov/search/member_detail.aspx?x=160744.

7. I am also counsel for Dollar Tree in a lawsuit filed by plaintiffs Kassondra Baas and Kelly Lofquist against Dollar Tree on June 13, 2007, in the matter of *Kassondra Baas and Kelly Lofquist v. Dollar Tree Stores, Inc.*, United States District Court, Northern District of California, Case No. 07-03108 JSW (hereinafter "*Baas/Lofquist*"), alleging, *inter alia*, that Dollar Tree altered the time records of its employees, thus failing to compensate the employees for all the time actually worked. The named plaintiffs in *Baas/Lofquist*, were assistant managers at the Dollar Tree store managed by John D. Hansen, named Plaintiff in the instant action. Essentially, the named plaintiffs in *Baas/Lofquist* alleged that their Store Manager, Plaintiff Hansen, altered their time records such that they were not compensated for the overtime hours they worked. Both the plaintiffs in *Baas/Lofquist* and Plaintiff Hansen in this case were simultaneously represented by the same attorney, Jeremy R. Fietz of the Edgar Law Firm, who was until recently proposed class counsel in the instant action. Starting in November 2007 (and repeatedly thereafter), I raised to Mr. Fietz Dollar Tree's view that he had a conflict of interest which precluded him from representing Plaintiffs John Hansen and Miguel Cruz in this action and plaintiffs Baas and Lofquist in the separate action.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECL. OF MAUREEN McCLAIN ISO DOLLAR TREE'S OPPOS. TO MOTION FOR CLASS CERTIFICATION    2.    CASE NOS. C 07 2050 SC and C 07 04012 SC

Attached hereto as **Exhibit F** is a true and correct copy of a letter I wrote to Mr. Fietz dated November 20, 2007 setting forth the nature of the conflict. Dollar Tree raised that conflict as part of its opposition to the *Baas/Lofquist* February 29, 2008 motion for class certification. By Order dated April 1, 2008, the Honorable Jeffrey White of this Court denied the *Baas/Lofquist* motion for class certification, by holding: (1) Mr. Fietz had a conflict in simultaneously representing Baas and Lofquist in their case, and Plaintiff Hansen in the instant action; (2) Mr. Fietz could not have the conflict waived because such a waiver would be required from all putative class members in the *Baas/Lofquist* matter; and (3) the *Baas/Lofquist* plaintiffs had failed to demonstrate their counsel, Mr. Fietz, would adequately represent the class as required by Federal Rule of Civil Procedure 23(a)(4), due to Mr. Fietz's aforementioned conflict. Attached hereto as **Exhibit G** is a true and correct copy of the Judge White's Order in *Baas/Lofquist*, dated April 1, 2008, setting forth the above facts and denying plaintiffs Baas/Lofquist's motion for class certification. Attached as **Exhibit H** is a true and correct copy of Judge White's subsequent Order dated December 19, 2008 again denying class certification in *Baas/Lofquist v. Dollar Tree Stores, Inc.*, this time on the grounds that Baas and Lofquist could not satisfy the predominance criterion of Rule 23(b)(3) and a class action was not proper under Rule 23(b)(1).

8.      Following Judge White's April 1, 2008 Order in the *Baas/Lofquist* matter, I had numerous communications with Mr. Fietz stating Dollar Tree's position that the Edgar Law Firm should withdraw from representing plaintiffs in both cases. On July 2, 2008, new counsel substituted for plaintiffs in the *Baas/Lofquist* matter. While Mr. Fietz represented that the Edgar Law Firm would likely withdraw from representing Cruz and Hansen (see Supplemental Joint Case Management Status Conference Statement dated July 25, 2008, pp. 3:22-4:2), such withdrawal did not occur until January 26, 2009 when Mr. Cole's firm became the sole counsel for Plaintiffs. Attached hereto as **Exhibit I** is a true and correct copy of the Supplemental Joint Case Management Status Conference Statement dated July 25, 2008 and the January 26, 2009 Notice of Substitution of Counsel.

9.      On October 11 and November 1, 2007, I took the deposition of Plaintiff Hansen in this matter. Attached hereto as **Exhibit J** are true and correct copies of excerpts from

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECL. OF MAUREEN McCLAIN ISO DOLLAR TREE'S
OPPOS. TO MOTION FOR CLASS CERTIFICATION

3.

CASE NOS. C 07 2050 SC
and C 07 04012 SC

Hansen's deposition transcript relating to the conflict issue referenced above. Hansen initially testified that he might have changed an employee's punch once to avoid overtime pay (Hansen Depo., 270:15-20) but changed that testimony, following a conversation with Mr. Fietz, to state that he did not recall whether it was "once or twice or anything." (Id., 277:21-278:7; 285:15-286:14). Hansen also testified that it was Dollar Tree policy to pay for all time worked (Id., 198:8-10; 648:13-17), that he knew any alteration to deprive employees of pay for time worked was wrong (Id., 270:24-271:7) and that one could not tell from an altered punch whether the alteration was made to correctly reflect time worked or to reduce time worked. (Id., 652:2-8).

10. On March 25, 2008, Dollar Tree propounded Interrogatories, Set One, and Request for Production of Documents, Set One, to Plaintiff Robert Runnings in the instant action. The written discovery addressed whether Runnings had in his possession and/or had disclosed wage information of Dollar Tree employees in his district. In response, Runnings produced a Dollar Tree document entitled "Active Associate Report" and responded that he had a discussion with Dollar Tree Store Manager Elaine Edwards concerning the document. Attached hereto as **Exhibit K** is a true and correct copy of Plaintiff Robert Runnings' Further Responses to Defendant's Interrogatories, Set One, dated October 3, 2008. Runnings also had a conversation with another Dollar Tree Store Manager, Jesus Martinez, concerning the Report. Attached as **Exhibit L** is a true and correct copy of the Declaration of Jesus Martinez obtained on March 5, 2008.

11. I am also counsel for Dollar Tree in a lawsuit filed by former Dollar Tree Store Manager Diane Fierro on January 22, 2008 with the Santa Clara County Superior Court, Case No. 108CV103712. Fierro's complaint asserted six causes of action against Dollar Trees Stores, Inc., James Dunaway and/or Roselyn Hammond, three of which raised Fierro's contention that she was misclassified as exempt and hence entitled to overtime for work at Dollar Tree in the three years preceding filing of her complaint. Attached hereto as **Exhibit M** is a true and correct copy of Fierro's complaint. See, the fourth through sixth causes of action. Dollar Tree answered the complaint on March 14, 2008.

a. Substantial discovery has been taken by both sides in the Fierro matter. I conducted Ms. Fierro's deposition on April 14, 2008. At the deposition, Fierro produced

documents in response to Dollar Tree's request for production of documents served with the deposition notice. Plaintiff to date has taken the depositions of several Dollar Tree employees: Regional Director Roselyn Hammond, Zone Sales Director Jim Dunaway, Manager of Field Training Development Terrie Peters and District Manager Woody Clifford. A significant portion of the discovery has related to the classification issue.

    b. On September 4, 2008, Dollar Tree and individual defendant Roselyn Hammond ("Defendants") filed their Motion for Summary Judgment/Adjudication. Dollar Tree's motion and Fierro's opposition addressed the classification issue. On November 19, 2008, the Honorable Kevin J. Murphy issued his Order on Defendants' motion denying the summary adjudication of Fierro's fourth, fifth and sixth causes of action concerning her exempt status. Attached hereto as **Exhibit N** is a true and correct copy of Judge Murphy's Order Re: Motion For Summary Judgment/Adjudication filed on November 19, 2008. Judge Murphy found that Defendants had met their initial burden to show Fierro was an exempt employee. "Plaintiff does not dispute that she was a Store Manager responsible for managing individual stores who regularly supervised two or more employees and who could (and did) hire, fire and discipline employees." (Exhibit N, 7:12:14.) However, the court also found that Plaintiff had raised a material issue of fact in claiming that her pre-litigation statements certifying that she had in fact performed exempt functions for a majority of her work time were not true. (Id., 7:22-8:8.) Approximately 100 pages of motion argument and factual support filed relative to the Fierro Motion for Summary Judgment/Adjudication addressed the exempt classification issue.

    c. Following Judge Murphy's decision, the parties continued to conduct investigation and discovery, including both parties' identification of witnesses who will describe how Fierro performed her job duties. Trial is set to commence in late July 2009.

    12. On January 18, 2008, Dollar Tree filed its motion for summary judgment/adjudication as to Plaintiffs Hansen and Runnings. Attached hereto as **Exhibit O** is a true and correct copy of this Court's July 8, 2008 Order Denying Defendant's Motions for Summary Judgment/Adjudication.

DECL. OF MAUREEN McCLAIN ISO DOLLAR TREE'S OPPOS. TO MOTION FOR CLASS CERTIFICATION   5.   CASE NOS. C 07 2050 SC and C 07 04012 SC

Executed in San Francisco, California on April 7, 2009. I have read this Declaration and hereby declare, under penalty of perjury under the laws of the United States of America, that it is true and correct.

          /s/ Maureen E. McClain
          MAUREEN E. McCLAIN

Firmwide:88847394.1 061603.1004

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECL. OF MAUREEN McCLAIN ISO DOLLAR TREE'S OPPOS. TO MOTION FOR CLASS CERTIFICATION     6.     CASE NOS. C 07 2050 SC and C 07 04012 SC