# EXHIBIT A

1

2  **RIGHETTI WYNNE, P.C.**
   **MATTHEW RIGHETTI, ESQ. (SBN 121012)**
3  **JOHN GLUGOSKI, ESQ. (SBN 191551)**
   456 Montgomery Street, 14th Floor
4  San Francisco, California 94104
   Telephone: (415) 983-0900
5  Facsimile: (415) 397-9005

6  Lead Counsel for Plaintiffs

7  **SEYFARTH SHAW LLP**
   **DAVID D. KADUE (SBN 113578)**
8  **AARON R. LUBELEY (SBN 199837)**
9  2029 Century Park East, Suite 3300
   Los Angeles, California 90067-3063
10 Telephone:  (310) 277-7200
   Facsimile:  (310) 201-5219

11
   Attorneys for Defendant
12 DOLLAR TREE STORES, INC.

13                    SUPERIOR COURT OF CALIFORNIA,

14                              ORANGE COUNTY

15

16 | MICHAEL WILLIAMS, et al, individually | Case No.  01CC00329 |
17 | and on behalf of all others similarly situated, | |
18 | Plaintiff, | *CONSOLIDATED AND ASSIGNED FOR* |
19 | vs. | *ALL PURPOSES TO THE HONORABLE* |
   | | *RONALD L. BAUER* |
20 | DOLLAR TREE STORES, INC. a | |
   | Virginia corporation; DOLLAR | |
21 | TREE STORES, INC., dba DOLLAR | **JOINT STIPULATION OF CLASS** |
   | TREE, DOLLAR BILLS, ONLY $1.00, | **SETTLEMENT AND RELEASE** |
22 | ONLY $ONE, 98 CENT CLEARANCE | **BETWEEN PLAINTIFFS AND** |
23 | CENTER and DOLLAR EXPRESS | **DEFENDANT DOLLAR TREE** |
   | and DOES 1 through 50, inclusive | **STORES, INC.** |
24 | | |
   | Defendants. | |
25 | Related and Consolidated actions: | |
26 | | |
   | 1. Maples v. Dollar Tree, OCSC 01CC12593 | |
27 | 2. Marshall v. Dollar Tree, OCSC 01CC00390 | |
   | 3. Young v. Dollar Tree , OCSC 02CC00045 | |
28

---

Joint Stipulation of Class Settlement and Release Between Plaintiffs And Defendant Dollar Tree Stores, Inc.

1        This Joint Stipulation of Class Settlement Agreement Between Plaintiffs and Defendant

2    Dollar Tree Stores, Inc., ("Agreement") is entered into between plaintiffs Alma Garcia, Donna

3    Anderson and David Easter, individually and as class representatives on behalf of all members of

4    the Class described in Section II.A of this Agreement on the one hand, and defendant Dollar Tree

5    Stores, Inc. ("Dollar Tree"), on the other hand, in the Consolidated Class Action Complaint styled

6    MICHAEL WILLIAMS, et al, individually and on behalf of those similarly situated v. DOLLAR

7    TREE STORES, INC., a Virginia corporation; DOLLAR TREE STORES, INC., dba Dollar Tree,

8    DOLLAR BILLS, ONLY $1.00, ONLY $ONE, 98 CENT CLEARANCE CENTER and

9    DOLLAR EXPRESS and DOES 1 through 50, inclusive, Case No. 01CC00329, pending in the

10   Superior Court of the State of California for the County of Orange (the "Suit"). The Suit alleges

11   that Dollar Tree and its predecessor 98 Cent Clearance Centers improperly classified its Store

12   Managers, Managers in Training, Assistant Managers, Merchandise Managers and Associate

13   Managers as exempt employees and failed to pay them overtime compensation, failed to provide

14   proper rest and meal periods, failed to provide accurate itemized wage statements and Plaintiffs

15   seek to recover on behalf of themselves and a class of similarly-situated persons damages,

16   restitution, penalties and injunctive relief under a variety of legal and equitable theories.   The

17   members of the Class described in Section II.A on the one hand and Dollar Tree on the other hand

18   constitute the "Settling Parties."

19       This Agreement shall become effective upon the "Effective Date," as set forth in

20   Section IV below. The Settling Parties hereby agree to do all things and to engage in all

21   procedures reasonably necessary and appropriate to obtain final Court approval of this Agreement

22   and dismissal with prejudice of the Suit, in consideration for: (a) the payment by Dollar Tree of

23   the consideration described herein, subject to the terms, conditions and limitations of this

24   Agreement; and (b) the release and dismissal with prejudice of all overtime claims by members of

25   the class as described in Sections II.C and IX of this Agreement.

26       Dollar Tree denies any liability or wrongdoing of any kind associated with the claims

27   alleged in the Suit, and further denies that, for any purpose other than that of settling the Suit, this

28

---

1

Joint Stipulation of Class Settlement And Release Between Plaintiffs And Defendant Dollar Tree Of California, Inc.

DTC02239

1  action is appropriate for class treatment. Dollar Tree contends, among other things, that it has

2  complied at all times with the California Labor Code and that the positions of salaried Dollar Tree

3  Store Manager, Manager in Training, Merchandise Manager, First Associate Manager and

4  Second Associate Manager and 98 Cent Store Manager, Senior Assistant Manager and Assistant

5  Manager  qualified for exempt status under California law.  Dollar Tree contends that it has

6  complied at all times with the California Business and Professions Code.  Dollar Tree has denied

7  and continues to deny each and every material factual allegation and alleged claim asserted in the

8  Suit.  Nothing herein shall constitute an admission by Dollar Tree of wrongdoing or liability or of

9  the truth of any factual allegations in the Suit.  Nothing herein shall constitute an admission by

10  Dollar Tree that the Suit is properly brought as class or representative actions other than for

11  settlement purposes.  To this end, the settlement of the Suit, the negotiation and execution of this

12  Agreement, and all acts performed or documents executed pursuant to or  in furtherance of this

13  Agreement or the settlement: (i) are not, shall not be deemed to be, and may not be used as, an

14  admission or evidence of any wrongdoing or liability on the part of Dollar Tree or of the truth of

15  any of the factual allegations in the Suit; (ii) are not, shall not be deemed to be, and may not be

16  used as, an admission or evidence of any fault or omission on the part of Dollar Tree in any civil,

17  criminal or administrative proceeding in any court, administrative agency or other tribunal; and

18  (iii) are not, shall not be deemed to be, and may not be used as, an admission or evidence of the

19  appropriateness of these or similar claims for class certification or administration other than for

20  purposes of administering this Agreement.  Plaintiffs believe they have filed a meritorious action

21  and that class certification is appropriate.  Plaintiffs contend that Dollar Tree violated California's

22  wage and hour laws and that the Suit is appropriate for class certification as the requisites for

23  class certification can be satisfied.

24        Subject to the Court's approval, the Settling Parties hereby stipulate to the Court's

25  appointment of Matthew Righetti of Righetti Wynne, P.C. and Scott Cole of Scott Cole and

26  Associates as Class Counsel with respect to the class listed in Section II.A.  Subject to the Court's

27

28

---

2

**Joint Stipulation of Class Settlement And Release Between Plaintiffs And Defendant Dollar Tree Of California, Inc.**

1    approval, the Settling Parties hereby stipulate to the Court's appointment of Matthew Righetti of

2    Righetti Wynne, P.C. as Class Settlement Counsel with respect to the Class listed in Section II.A.

3         Class Counsel have conducted a thorough investigation into the facts of the Suit, including

4    an extensive review of relevant documents and numerous depositions. Based on its own

5    independent investigation and evaluation, Class Counsel is of the opinion that the settlement with

6    Dollar Tree for the consideration and on the terms set forth in this Agreement is fair, reasonable,

7    and adequate and is in the best interest of the Class in light of all known facts and circumstances,

8    including the risk of significant delay, the risk the Class or any of them will not be certified by the

9    Court, defenses asserted by Defendant, and numerous potential appellate issues.

10        The terms of the settlement of this Suit resulted from mediation and arm's-length

11   negotiations following extensive discovery and the filing of the motion for summary adjudication

12   of plaintiff's UCL claims and the motion for class certification. Any claims, damages, or causes

13   of action arising out of the disputes which are the subject of this Suit, shall be fully and finally

14   settled and compromised as between the Settling Parties, subject to the terms and conditions set

15   forth in this Stipulation of Settlement and the approval of the Honorable Ronald L. Bauer, Orange

16   County Superior Court.

17                                              I.

18                                    SETTLEMENT FUND

19        A.    Subject to Court approval, Dollar Tree shall pay a total of Seven Million Six

20   Hundred Forty-four Thousand Two Hundred Forty Dollars ($7,644,240) (the "Settlement Fund")

21   in consideration for settlement of the Suit and related release and dismissal with prejudice of the

22   claims of the members of the Class. The Settlement Fund is the maximum, total and only amount

23   that Dollar Tree shall be required to pay for settlement of the Suits, with the sole exceptions of,

24   (i) an additional amount to pay the costs of claims administration in an amount up to but not to

25   exceed Thirty Thousand Dollars ($30,000) as set forth in Section VI.A.4 herein and (ii) the

26   employers' share of all income and payroll tax withholdings. The Settlement Fund shall cover

27   compensation to the Settlement Class, additional compensation to the class representatives, and

28

─────────────────────────────────────
3

Joint Stipulation of Class Settlement And Release Between Plaintiffs And Defendant Dollar Tree Of California, Inc.

DTC02241

1    attorneys' fees and reimbursement of litigation costs and expenses to Garcia, Easter, Anderson,

2    the Settlement Class and Class Counsel. The Class Period is defined to be from July 11, 1997

3    through December 11, 2004. The Settlement Fund is anticipated to provide approximately (i)

4    $125.00 per Workweek for weeks worked as a salaried Dollar Tree Store Manager, less attorneys'

5    fees, costs, and representative enhancements during the period from January 1, 1999 through

6    December 11, 2004, and (ii) approximately $150 per Workweek for weeks worked as a salaried

7    Dollar Tree Manager in Training, Merchandise Manager, First Associate Manager and Second

8    Associate Manager from January 1, 1999 through December 11, 2004 and 98 Cent Store

9    Manager, 98 Cent Store Senior Assistant Manager and 98 Cent Assistant Manager from July 11,

10   1997 through January 1, 1999, less attorneys' fees, costs, and representative enhancements during

11   the period. The actual amount distributed shall be governed by Sections VII and VIII below.

12   Amounts paid to the Claims Administrator for claims administration and to Class Counsel for

13   fees and costs are not remuneration for employment and not wages.

14        B.        Dollar Tree shall deposit the Settlement Fund into an interest bearing account

15   established by the Claims Administrator no later than ten (10) calendar days after receipt of notice

16   of the Court's entry of an order preliminarily approving the settlement. The Claims Administrator

17   shall promptly deposit these funds into an interest-bearing escrow account and shall disburse

18   these funds only pursuant to the procedures established herein. If final approval is granted, the

19   interest earned will be applied first to administration of the settlement and then, any remaining

20   amount, to augment the Gross Fund Value. If final approval is not granted, then the Defendant is

21   entitled to prompt return of the principal and all interest accrued.

22                                              II.

23                      APPROVAL OF SETTLEMENT AGREEMENT

24        A.        The Settlement Class consists of all Class Members who fail to timely opt out of

25   the settlement as provided for in this Agreement. Class Members are those persons who have

26   been employed by Defendant or its predecessor in the State of California in any salaried store

27

28

Joint Stipulation of Class Settlement And Release Between Plaintiffs And Defendant Dollar Tree Of California, Inc.

LA1 n495945.1 / 32534-000002

DTC02242

01-10-05    16:13    From-SEYFARTH SHAW ATTORNEYS    310-201-5219    T-409    P-021/068    F-264

1    position during at least one Workweek during the Class Period, including salaried employees in

2    these positions:

3            1.    Store Manager, Merchandise Manager, Manager in Training, First

4    Associate Manager or Second Associate Manager in any Dollar Tree store; and

5            2.    Store Manager, Senior Assistant Manager, and Assistant Manager in any

6    98 Cent store.

7        B.    Persons who timely request exclusion (also referred to as an "opting out") from the

8    Suit as set forth in Section V.B. of this Agreement shall not share in the distribution of the

9    Settlement Fund and are not bound by the terms of this Agreement.

10        C.    The Settling Parties' settlement of the Suit, and their rights and obligations

11    hereunder, are contingent upon approval by the Court of this Agreement as to the Class.  This

12    Agreement settles any and all claims of the Class against Dollar Tree for alleged unpaid overtime

13    to the extent such claims are based on work performed by members of the Class at any and all

14    times from July 11, 1997 through January 1, 1999 while such members held positions with 98

15    Cent as salaried Store Managers, Senior Assistant Manager and Assistant Manager, and from

16    January 1, 1999 through preliminary approval of the settlement agreement while such members of

17    the Class held salaried Store Manager, Manager in Training, Merchandise Manager, First

18    Associate Manager and Second Associate Manager positions with Dollar Tree in the State of

19    California, specifically including, but without limitation, claims set forth in Plaintiffs' Fourth

20    Amended Complaint for:  (1) alleged unpaid overtime wages under the California Labor Code;

21    (2) restitution of alleged unpaid overtime wages under the California Business and Professions

22    Code; (3) waiting-time penalties relating to the alleged failure to pay overtime wages; (4) interest

23    on alleged overtime wages; (5) attorneys' fees and costs, under the California Labor Code or

24    otherwise, arising from the alleged failure to pay overtime wages; (6) penalties for alleged rest

25    and meal period violations; (7) penalties for alleged failure to provide accurate itemized wage

26    statements; (8) all monies allegedly converted including interest; (9) all profits Dollar Tree

27

28

                             5

LA1 6495945.1 / 32534-000002

DTC02243

1   allegedly acquired from the alleged conversion, whether direct or indirect; and (10) punitive and

2   exemplary damages. This Agreement settles any and all claims.

3                         **III.**

### SETTLEMENT APPROVAL PROCEDURES
### AND NOTICE TO CLASS MEMBERS

6        A.     The Settling Parties' settlement of the Suit, and their rights and obligations

7   hereunder, is expressly conditioned on the Court's preliminary approval of this settlement as to

8   the Class described in Section II.A. Said preliminary approval shall be through the entry of an

9   Order of Preliminary Approval jointly prepared by the parties.

10        B.     On or before January 10, 2005, Settlement Counsel shall file a motion with the

11   Court for preliminary approval of the Settlement Agreement, and for an order certifying the

12   Settlement Class for settlement purposes only, and setting a date for the Settlement Fairness

13   Hearing. In conjunction with this request, Settlement Counsel shall submit this Agreement and

14   supporting papers, which shall set forth the terms of this Agreement, and will include proposed

15   forms of all notices and other documents as attached hereto necessary to implement the

16   Settlement Agreement. The Order for Preliminary Approval shall provide for notice of the

17   Agreement and related matters (including notice of the procedure to withdraw from the Class)

18   ("Class Notice") to be sent to the Settlement Class as specified herein.

19        C.     Not later than five (5) business days after receipt of notice of the Court's entry of

20   an Order of Preliminary Approval, Dollar Tree shall provide to the Claims Administrator and

21   Settlement Counsel, in an electronic format acceptable to the Claims Administrator, a database

22   that contains each Class Member's last known name, mailing address, social security number,

23   starting and ending date(s) as a salaried Dollar Tree Store Manager, Manager in Training,

24   Merchandise Manager, First Associate Manager and Second Associate Manager in Dollar Tree

25   Stores in California during the period from January 1, 1999 through December 11, 2004 and

26   starting and ending date(s) as a 98 Cent Store Manager, Senior Assistant Manager and Assistant

27   Manager in 98 Cent Stores in California during the period from July 11, 1997 through January 1,

28

6

Joint Stipulation of Class Settlement And Release Between Plaintiffs And Defendant Dollar Tree Of California, Inc.

LA1 6495945.1 / 32534-000002

DTC02244

1  1999. Dollar Tree shall cooperate and provide any additional information which the Claims

2  Administrator may reasonably request for the purpose of giving Class Notice, allocating and

3  distributing the Settlement Fund among Class Members, and otherwise administering this

4  Agreement. The Claims Administrator will independently review the Claim Forms and

5  documentation, based on Dollar Tree's payroll records, as to the length and dates of employment

6  of the members of the Classes and will verify the amounts due to qualified claimants as set forth

7  in this Agreement. The Claims Administrator shall report, in summary or narrative form, the

8  substance of its findings no later than seven (7) business days after receipt of the Class Member's

9  information.

10      D.      Not later than ten (10) business days after receipt of the information described in

11  Paragraph C, the Claims Administrator shall provide, via first class mail postage prepaid, a Notice

12  of Pendency of Class Action, Proposed Settlement and Hearing Date for Court Approval ("Class

13  Notice") to the members of the Class. Said Class Notice shall be in the form attached hereto as

14  Exhibit 1, a Claim Form in the form attached hereto as Exhibit 2, and Request for Exclusion

15  Form, in the form attached hereto as Exhibit 3, said Exhibits 1 through 3 to be approved first by

16  the Court. The Class Notice and Claim Form shall direct that each Class Member must return the

17  completed Claim Form postmarked within sixty (60) days from the date of mailing of the Notice

18  and Claim Form ("the Claim Filing Deadline"). The Claims Administrator will send Class

19  Members, by first-class mail, at their last known address, the court approved notice of this

20  settlement and of the opportunity to submit a claim or to opt out of the Settlement Class. Class

21  Members will have thirty days (30) days from the date of mailing in which to postmark

22  objections, or notice of opting out. Class Members will have sixty (60) days from the date of

23  mailing in which to postmark notice of their claim. The Claims Administrator will mail a follow-

24  up notice to those class members who have not responded 20 days before the expiration of the

25  claim period encouraging Class Members to respond. The Claims Administrator will skip trace

26  and remail all returned, undelivered mail within fifteen (15) days of receipt. It is the intent of the

27  settling parties that all reasonable means be used to locate Class Members. Consequently, the

28

---

7

LA1 (495945.1 / 32534-000002

DTC02245

1   Claims Administrator will resend undelivered notices to the addresses where Class Members have

2   lived for the past five years. If such addresses cannot be identified, the Claims Administrator will

3   resend notices to as many addresses as can be identified. The Claims Administrator shall

4   document any and all such further efforts, and keep such documentation for a period of four (4)

5   years from the date of the Court's final approval of the settlement. The Claims Administrator

6   shall provide copies of such documentation to Dollar Tree and/or Settlement Counsel upon

7   request.

8                                              **IV.**

9                                   **THE EFFECTIVE DATE**

10          This Agreement shall become final and effective (the "Effective Date") on the occurrence

11   of all of the following events:

12          A.      Entry by the Court of an Order of Preliminary Approval, appointment of Class

13   Settlement Counsel, and appointment of a Claims Administrator.

14          B.      Settlement Counsel filing, at least five (5) days prior to the final fairness hearing, a

15   declaration from the Claims Administrator: (1) certifying that Class Notice to the Class Members

16   was sent in accordance with Section III.D of this Agreement and the Order of Preliminary

17   Approval; and (2) reporting on the number of Class Members who submitted timely Claim Forms

18   and Request for Exclusion Forms.

19          C.      Entry by the Court of an Order and Judgment Granting Final Approval and

20   Dismissing Lawsuit with Prejudice. The parties shall jointly prepare a proposed Order and

21   Judgment to this effect, which shall reflect, inter alia, the dismissal with prejudice of the Suit and

22   the Court's approval of the settlement pursuant to the terms of this Agreement. Said proposed

23   Order and Judgment shall be lodged with the Court no later than five (5) days before the Final

24   Approval Hearing.

25          D.      The occurrence of the "Effective Date of Judgment," which shall be deemed to be

26   the last to occur of the following: (1) if an appeal or other review is not timely sought from the

27   Order and Judgment Granting Final Approval and Dismissing Lawsuit with Prejudice, the 65th

28

                                                   8
        Joint Stipulation of Class Settlement And Release Between Plaintiffs And Defendant Dollar Tree Of California, Inc.

LA1 6495945.1 / 32534-000002                                              DTC02246

1   day after service by Settlement Counsel of notice of entry of the judgment on all Class Member

2   who filed objections to the settlement; or (2) if an appeal or other review is timely sought from

3   the Order and Judgment Granting Final Approval and Dismissing Lawsuit with Prejudice by a

4   Class Member who sought to intervene, objected to, or otherwise challenged the settlement in the

5   trial court, the day after the trial court's judgment is affirmed or the appeal or other review is

6   dismissed or denied, and the judgment is no longer subject to judicial review or other challenge.

7                                          **V.**

8                      **EFFECT OF NON-APPROVAL,**
    **FAILURE OF THE EFFECTIVE DATE TO OCCUR, OR OPT-OUTS**
9                   **IN EXCESS OF TEN CLASS MEMBERS**

10       A.      If the events specified in Sections III.A and IV.A-D do not occur, this Agreement

11  shall be void, and any portion of the Settlement Fund previously deposited with the Claims

12  Administrator shall immediately be returned to Dollar Tree. In such event, (1) nothing in this

13  Agreement shall be construed as a determination, admission, or concession of any issue in the

14  Suits, and nothing in this Agreement may be offered into evidence in any trial on the merits of the

15  claims asserted in the Complaints filed in the Suit or in any subsequent pleading; (2) the Settling

16  Parties expressly reserve their rights with respect to the prosecution and defense of the Suit as if

17  this Agreement never existed; and (3) the Settling Parties shall each be responsible for one-half of

18  any costs for notice or claims administration incurred by the Claims Administrator through that

19  date.

20       B.      Within five (5) days from the conclusion of the claims period, the Claims

21  Administrator shall provide to Settlement Counsel and counsel for Dollar Tree a complete list of

22  all putative Class Members who have timely requested exclusion from the Class. Dollar Tree, in

23  its sole and independent discretion, shall have the right, but not the obligation, to revoke this

24  Agreement if requests for exclusion from the settlement are timely and validly filed by ten (10) or

25  more members of the Class listed in Section II.A. Requests for exclusion by any named Plaintiff

26  currently suing Dollar Tree on any claim subject to this Agreement shall not be counted for this

27  purpose except for the signatories to this Agreement. The Settling Parties and their counsel must

28

---

9

Joint Stipulation of Class Settlement And Release Between Plaintiffs And Defendant Dollar Tree Of California, Inc.

LA1 6493945.1 / 32534-000002

DTC02247

1   not encourage requests for exclusion for the settlement. Class Counsel specifically agrees not to

2   solicit opt outs, directly or indirectly, through any means. Dollar Tree shall exercise its rights

3   under this subparagraph by giving written notice to Class Counsel prior to final approval by the

4   Court.

5                                        VI.

6                        ATTORNEYS' FEES AND
                 REIMBURSEMENT OF COSTS AND EXPENSES
7

8       A.      The Class alleges a potential claim for attorneys' fees and costs pursuant to, inter

9   alia, the California Labor Code. All parties agree that any and all such claims for attorneys' fees

10   and costs have been settled in this Agreement.

11      B.      Dollar Tree understands that Class Counsel will apply to the Court for an award of

12   attorneys' fees, costs and expenses, which will be scheduled for determination at the hearing for

13   final approval of this settlement. Dollar Tree will not oppose Class Counsel's application for an

14   award of attorneys' fees in an amount up to, but not to exceed one-third of the Settlement Fund

15   (which is anticipated to equal) Two Million Five Hundred Forty Eight Thousand and Eighty

16   Dollars ($2,548,080.00) and an additional amount for Class Counsel's costs and expenses in an

17   amount up to, but not to exceed, One Hundred Fifty Thousand Dollars ($150,000) each and all of

18   which amounts to be paid exclusively from the Settlement Fund. Garcia, Easter, Anderson, any

19   other Class Member or Class Counsel shall not seek payment of attorneys' fees or reimbursement

20   of costs or expenses from Dollar Tree except as set forth herein.

21      C.      Class Counsel's application for attorneys' fees, costs and expenses is not part of

22   this Agreement, and is to be considered separately from the Court's consideration of the fairness,

23   reasonableness, adequacy, and good faith of the settlement of the Suit. However, any claims for

24   attorneys' fees and costs or expenses that the Class may possess against Dollar Tree have been

25   compromised and resolved in this Agreement. Any proceedings related to Class Counsel's

26   application for attorneys' fees and/or costs and expenses shall not terminate or cancel this

27

28

                                        10

LA1 n495945.1 / 32534-000002

DTC02248

1  Agreement, or otherwise affect the finality of the Court's Order Granting Final Approval or the

2  settlement of the Suit.

3      D.     The attorneys' fees and costs set forth above shall be paid to Class Counsel within

4  ten (10) calendar days of the latest following events: (i) the Court's final approval of the

5  settlement if no objections by Class Members have been filed that have not been withdrawn; or

6  (ii) the expiration of the time for appeal if an objection to the settlement has been filed and not

7  withdrawn, or (iii) the final resolution of any appeal filed by a timely objector to the settlement.

8  **VII.**

9  **PLAN OF ALLOCATION AND**
   **DISTRIBUTION OF THE SETTLEMENT FUND**

10

11      A.     The Settlement Fund shall be allocated in order, as follows:

12          1.    Attorneys' fees, costs and expenses of Class Counsel, as may be awarded

13  by the Court. These fees, costs and expenses shall be deducted from the Settlement Fund.

14          2.    A class representative enhancement to Donna Anderson, Kim Lewis-Doria,

15  David Easter, Alma Garcia, Jason Maples, John Nyquist, Geraldine Mello, Edgar Najera and

16  Penny Young as may be awarded by the Court, as reasonable additional compensation for the

17  time and effort expended by them in connection with the initiation and maintenance of <u>Williams</u>

18  <u>v. Dollar Tree Stores</u>, respectively, their willingness to give their time and effort to prosecute the

19  Suit as participants and class representatives, and their acceptance of the risk that they might have

20  been required to pay Dollar Tree's attorneys' fees and/or costs in the event of an unsuccessful

21  outcome. This payment to is in addition to any amount they may be entitled to receive on

22  account of their own individual overtime claims pursuant to this Agreement. The aggregate

23  amount of enhancements shall not exceed $105,000. Dollar Tree shall not oppose a request for

24  such class representative enhancement in an amount up to and including Eleven Thousand Six

25  Hundred Sixty-Six Dollars and Sixty-Six Cents ($11,666.66) to Donna Anderson; Eleven

26  Thousand Six Hundred Sixty-Six Dollars and Sixty-Six Cents ($11,666.66) to David Easter;

27  Eleven Thousand Six Hundred Sixty-Six Dollars and Sixty-Six Cents ($11,666.66) to Alma

28

Joint Stipulation of Class Settlement And Release Between Plaintiffs And Defendant Dollar Tree Of California, Inc.

LA1 6495945.1 / 32534-000002

DTC02249

1 Garcia; Eleven Thousand Six Hundred Sixty-Six Dollars and Sixty-Six Cents ($11,666.66) to

2 Jason Maples; Eleven Thousand Six Hundred Sixty-Six Dollars and Sixty-Six Cents ($11,666.66)

3 to John Nyquist; and Eleven Thousand Six Hundred Sixty-Six Dollars and Sixty-Six Cents

4 ($11,666.66) to Edgar Najera; Eleven Thousand Six Hundred Sixty-Six Dollars and Sixty-Six

5 Cents ($11,666.66) to Penny Young; Eleven Thousand Six Hundred Sixty-Six Dollars and Sixty-

6 Six Cents ($11,666.66) to Kim Lewis-Doria; and, Eleven Thousand Six Hundred Sixty-Six

7 Dollars and Sixty-Six Cents ($11,666.66) to Geraldine Mello. Any such enhancement will not be

8 subject to all applicable income and other payroll tax withholdings, and Dollar Tree shall be

9 solely responsible for issuing an IRS form 1099 related to the enhancement payments. The

10 Claims Administrator shall pay the enhancements as soon as practicable after the Effective Date

11 but no later than thirty (30) days following the Effective Date.

12       3.     Dollar Tree shall be liable for the reasonable costs of the Claims

13 Administrator for the administration of this Agreement in an amount not to exceed Thirty

14 Thousand Dollars ($30,000.00) and which shall be paid out of separate funds and not from the

15 Settlement Fund. Any amount exceeding Thirty Thousand Dollars ($30,000.00) shall be paid out

16 of the Settlement Fund.

17       4.     The Settlement Fund shall be allocated as follows: Each Settlement Class

18 Member will be entitled, provisionally, to a sum in the amount of the number of that Settlement

19 Class Member's verified Workweeks times a Weekly Payment. The Weekly Payment is the

20 number of Workweeks (as of December 11, 2004) divided into the Net Fund Value. The Net

21 Fund Value is the Gross Fund Value, less Court-approved attorney's fees, costs, administrative

22 costs and enhancement payments. If, as a result of the Claims Procedure described below, the

23 total Weekly Payments are less than the Net Fund Value, then the excess of the Net Fund Value

24 over the total Weekly Payments shall be applied first to costs of administration exceeding

25 $30,000.00 and then, to the extent of any remaining excess, to increase proportionally the amount

26 of the Weekly Payment. Subject to the proportional increase for excess funds, the Weekly

27 Payment to be paid to Settlement Class Members holding the Dollar Tree Store Manager position

28

---

12

LA1 6495945.1 / 32534-000002

DTC02250

1  during the Settlement Period shall be an amount no greater than one hundred twenty-five dollars

2  ($125.00) and the Weekly Payment to be paid to Settlement Class Members holding other

3  positions shall be an amount no greater than one hundred fifty dollars ($150.00). Settlement

4  Counsel and the Claims Administrator shall be responsible for the allocation and distribution of

5  the Net Distributable Amount to the Class Members who submit timely Claim Forms as set forth

6  in Section VIII herein.

7       B.    The Claims Administrator shall make payments from the Settlement Fund as

8  follows (with the exception of attorneys' fees which will be paid pursuant to section VI.D.):

9       1.    The Claims Administrator shall make the payments provided for in

10  Sections VII.A.1-2 as soon as practicable after the Effective Date and only after the Effective

11  Date.

12       2.    As soon as practicable after the Effective Date and only after the Effective

13  Date but no later than thirty (30) days following the Effective Date, the Claims Administrator

14  shall make payments from the Net Distributable Amount, referenced in Section VII.A.4, in

15  accordance with instructions from the individual Class Members as verified by Dollar Tree as

16  described in Section VIII of this Agreement. Upon completion of its calculation of payments, the

17  Claims Administrator shall provide all Settling Parties' Counsel with a report listing the amount

18  of payments to be made to each qualified claimant along with the amounts to be withheld. The

19  Claims Administrator shall file proof of payment with the Court and shall serve the same on all

20  Settling Parties' Counsel. Of the amount to be paid to Settlement Class Members, 35% is

21  allocated to back wages and compensatory penalties payable to Settlement Class Members, 25%

22  is allocated to non-compensatory penalties payable to the Settlement Class Members, 2% is

23  allocated to non-compensatory penalties attributed to the employees' share of any penalties under

24  California Labor Code section 2699 and payable to the Settlement Class Members, and 38% is

25  allocated to interest. The Claims Administrator shall make standard deductions and withholdings

26  (e.g.. for the Class Member's share of income and other payroll taxes, as required by law),

27  attributable to the Class Member's receipt of the Net Distributable Amount, from each eligible

28

---

13

Joint Stipulation of Class Settlement And Release Between Plaintiffs And Defendant Dollar Tree Of California, Inc.

DTC02251

1    Class Member's portion of the Net Distributable Amount. Dollar Tree shall provide the Claims

2    Administrator with any information necessary to make such deductions and withholdings. Dollar

3    Tree shall be solely responsible for the employer's share of all taxes, withholdings and Social

4    Security payments required by law to be made in conjunction with payments made to each Class

5    Member pursuant to this Agreement, such employer payments to be made from funds other than

6    the Settlement Fund.

7              3.    The Claims Administrator shall remit the above-described deductions and

8    withholdings from each individual Class Member's claim, along with the appropriate

9    documentation, to the relevant taxing agencies in accordance with all applicable laws and

10   regulations. Dollar Tree will be responsible for issuing any and all required Federal and State tax

11   reporting documents (such as W-2 and 1099 forms) to individual Class Members and to Class

12   Counsel for amounts paid under this Agreement.

13                                        **VIII.**

14                    **DETERMINATION OF THE AMOUNT, PROCESSING,**
                      **AND PAYMENT OF CLASS MEMBER CLAIMS**

15

16        A.    Those Class Members who have not returned a completed Claim Form,

17   postmarked by the Claim Filing Deadline, shall not share in the distribution of any part of the

18   Settlement Fund, but nevertheless shall be bound by the dismissal with prejudice of the Suit in

19   which that person was represented and shall be bound by the release of claims set forth in

20   Section IX of this Agreement. The Claims Administrator shall certify jointly to all Settling

21   Parties' Counsel what claims were timely filed.

22        B.    As soon as practicable after the Claim Filing Deadline, the Claims Administrator

23   shall calculate Per Week Payments for use in the allocation and distribution of the Net

24   Distributable Amount to those members of the Settlement Class who timely submitted completed

25   Claim Forms.

26             1.    In calculating these Per Week Payments for Class Members, "Workweeks"

27   for Class Members employed as salaried exempt employees of Dollar Tree Stores, is defined as

28

Joint Stipulation of Class Settlement And Release Between Plaintiffs And Defendant Dollar Tree Of California, Inc.

LA1 6495945.1 / 32534-000002

1   every week (seven-day period starting on a Sunday and ending on a Saturday) for which a Class

2   Member held a position as a salaried exempt employee during the Settlement Period, multiplied

3   by 0.923 (to account for paid time in the form of vacation or sick leave or other compensated non-

4   working time). The first Workweek for each Class Member will be rounded up and the last

5   Workweek will be rounded down for purposes of calculation. For Class Members employed as

6   employees of Step Ahead Investments ("98 Cent") (which operated until December 31, 1998)

7   Workweeks has been calculated by multiplying the number of 98 Cent positions (66 Managers,

8   33 Senior Assistant Managers, and 85 Assistant Managers) by the number of seventy-five (75),

9   which is the number of workweeks in the Settlement Period preceding January 1, 1999.

10  Workweeks do not include any weeks for members of the Class who have settled or litigated to

11  conclusion before a Court or an administrative agency any wage-hour claims against Dollar Tree

12  or 98 Cent as to any work performed during the Settlement Period, and does not include any

13  extended leave of absence periods in which a Class Member performed no work for four or more

14  consecutive weeks. In no event shall the sum of the items described in Section VII.A of this

15  Agreement, plus the total of the gross cash portions of the Net Distributable Amount to be

16  received by the Settlement Class Members, exceed Seven Million Six Hundred Forty-Four

17  Thousand Two Hundred Forty Dollars ($7,644,240). It is understood and agreed, as referenced in

18  Section VII.B.2 of this Agreement, that the Class Member's employee share of standard tax

19  deductions and withholdings will be made from each eligible Class Member's cash portion of the

20  Net Distributable Amount by the Claims Administrator.

21          C.      Dollar Tree certifies by execution of this Agreement based on a diligent search,

22  that the total number of Workweeks for the period of time covered by this Agreement is 56,624.

23  The parties agree that if the total number of workweeks in the Class Period increases or decreases

24  from 56,624 then the Gross Fund Value shall increase or decrease in the amount of $135.00 per

25  workweek accordingly, provided however that if the increase exceeds 5,000 workweeks then

26  Dollar Tree may terminate this settlement and if the decrease exceeds 5,000 workweeks then

27  Plaintiffs may terminate this settlement. Any such termination right must be exercised in writing

28

Joint Stipulation of Class Settlement And Release Between Plaintiffs And Defendant Dollar Tree Of California, Inc.

LA1 #495945.1 / 32534-000002

1   within ten days after Dollar Tree discloses its final workweek information in writing. Dollar

2   Tree's final disclosure of workweek information will take place soon after the claim period has

3   ended. The Settling Parties shall meet and confer in good faith concerning any disputes about the

4   amount of a Class Member's claim or a Class Member's entitlement to any claim at all. Any

5   disputes that are not resolved in this manner shall be submitted to the Court who will hold an

6   information hearing on all such disputes in one hearing, and issue a non-appealable decision as to

7   the total amount due, if any, to the Class Member based upon their Workweeks. The Settling

8   Parties agree that Dollar Tree's employment, personnel and payroll records of dates of paid

9   employment as a Store Manager, Manager in Training, Merchandise Manager, First Associate

10  Manager and Second Associate Manager shall control the decision in any dispute concerning the

11  number of Workweeks during the class period.

12      D.      The Claims Administrator shall provide counsel for the Settling Parties with a

13  Final Accounting and Report not later than ninety (90) days after the Effective Date which shall

14  include but not be limited to identifying information for all Class Members receiving payments

15  hereunder, including gross amounts paid, amounts withheld, dates for which payments were

16  made, current addresses, telephone numbers and social security numbers; identifying information

17  for all persons who opted out of any Classes; an accounting of all funds distributed, and a report

18  in an electronic format acceptable to Dollar Tree reflecting all information necessary for Dollar

19  Tree's withholding and reporting obligations with the relevant taxing authorities.

20                                  IX.

21                          **RELEASE OF DOLLAR TREE**

22      A.      In exchange for the consideration set forth in this Agreement, each Class Member,

23  on behalf of himself/herself, and each of his/her descendants, dependents, heirs, executors,

24  administrators, assigns, successors, agents and attorneys, does hereby and is deemed to forever

25  release, discharge, and promise not to sue Dollar Tree, as well as its past, present and future

26  corporate parents, subsidiaries, divisions, affiliates, predecessors, successors, shareholders,

27  officers, directors, employees, agents, attorneys, insurers, trustees, representatives, administrators,

28

Joint Stipulation of Class Settlement And Release Between Plaintiffs And Defendant Dollar Tree Of California, Inc.

LA1 0495945.1 / 32534-000002

01-10-05    16:19    FROM-SEYFARTH SHAW ATTORNEYS    310-201-5219    T-409  P.033/068  F-264

1    fiduciaries, assigns, subrogees, executors and privies, and each of them (collectively, the

2    "Releasees"), with respect to and from any and all claims, actions, causes of action, suits,

3    agreements, obligations, liens, demands, damages, debts, obligations, guarantees, costs, expenses,

4    attorney's fees, damages, controversies, liabilities, action or causes of action contingent or

5    accrued of any kind whatsoever, in law or in equity, whether contractual or tort, common law,

6    statutory or administrative, federal, state or otherwise, and whether known or unknown, suspected

7    or unsuspected, which the Class Member has, had, or hereafter may claim to have, against

8    Releasees, or any of them, which are based on, or in any way related to, the classification of Class

9    Members as exempt employees under any federal, state or local law, the nonpayment of or failure

10    to record overtime under any federal, state or local law, the failure to pay penalties under the

11    California Labor Code (including without limitation penalties under Labor Code sections 203,

12    226.7 and 558 and under Wage Order 7 of the Industrial Welfare Commission), the failure to

13    grant, pay for or record meal and rest periods, and any other claims alleged or which could have

14    been alleged relating to overtime compensation and/or meal periods and rest breaks, including

15    without limitation to, all claims relating to overtime compensation and/or meal periods and rest

16    breaks arising under the Fair Labor Standards Act, the California Labor Code or Business &

17    Professions Code (including Section 17200), or the Wage Orders of the California Industrial

18    Welfare Commission; claims for restitution and other equitable relief, liquidated damages,

19    punitive damages, waiting time penalties, penalties of any nature whatsoever, retirement, health

20    benefits, stock options, stock deferred compensation benefits or any other benefit claimed on

21    account of unpaid overtime, attorneys' fees and costs, whether known or unknown, during the

22    Class Period, arising from employment by Dollar Tree and 98 Cent or termination from

23    employment by Dollar Tree or 98 Cent within California. All members of the Settlement Class

24    also hereby release any claim under Labor Code section 2699, and agree that they will not

25    participate in any proceeding seeking penalties under Section 2699.

26        <u>Waiver of California Civil Code Section 1542</u>. All members of the Class (including,

27    without limitation, Plaintiffs Garcia, Easter and Anderson), intend and/or are deemed to intend

28

<hr>

17

Joint Stipulation of Class Settlement And Release Between Plaintiffs And Defendant Dollar Tree Of California, Inc.

LA1 6495945.1 / 32534-000002

DTC02255

1   that this Agreement should be effective as a bar to any and all Released Claims. In furtherance of

2   this intention, all members of each Class expressly waive any and all rights or benefits conferred

3   on them by the provisions of Section 1542 of the California Civil Code, which provides as

4   follows:

5       "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS

6       WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT

7       TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING

8       THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE

9       MATERIALLY AFFECTED HIS SETTLEMENT WITH THE

10      DEBTOR."

11      All members of each Class understand fully the statutory language of Civil Code

12   Section 1542, and, with this understanding, assume all risks for Released Claims that have

13   already arisen or may in the future arise, whether known or unknown, suspected or unsuspected,

14   and specifically waive all rights they may have under California Civil Code Section 1542.

15   Plaintiffs and the Class understand that, if any of the facts relating in any manner to the Suits, or

16   to the release and dismissal of claims as provided in this Agreement, are hereafter found to be

17   other than or different from the facts now believed to be true, they have expressly accepted and

18   assumed that risk and agree that this Agreement and the release of claims contained herein shall

19   nevertheless remain effective.

20                                      X.

21                  ADDITIONAL TERMS AND CONDITIONS

22      A.      Claims Administrator.

23      The Settling Parties jointly consent to the appointment of Rust Consulting to perform the

24   customary duties of Claims Administrator and all duties enumerated in this Agreement which are

25   assigned to the Claims Administrator. All disputes relating to the Claims Administrator's ability

26   and need to perform its duties shall be referred to the Court, if necessary, which will have

27   continuing jurisdiction over the terms and conditions of this Agreement until all payments and

28

Joint Stipulation of Class Settlement And Release Between Plaintiffs And Defendant Dollar Tree Of California, Inc.

LA1 t-495945.1 / 32534-000002

DTC02256

1 | obligations contemplated by this Agreement have been fully carried out.

2 |     **B.**    Notices.

3 |        Except for Class Member notices which are required herein to be made to the

4 | Claims Administrator, all notices, requests, demands and other communications related to or in

5 | connection with this Agreement shall be in writing, and shall be provided by appropriate method

6 | depending on the urgency (e.g., personal delivery, telecopy, overnight delivery, or First Class

7 | U.S. Mail) to:

| TO THE CLASSES: | TO DOLLAR TREE OF CALIFORNIA, INC. |
|---|---|
| Matthew Righetti, Esq.<br>Righetti & Wynne<br>456 Montgomery Street, Suite 1400<br>San Francisco, California 94104<br>Tel: (415) 983-0900<br>Fax: (415) 397-9005 | David Kadue, Esq.<br>Seyfarth Shaw, LLP<br>2029 Century Park East, 33rd Floor<br>Los Angeles, CA 90067<br>Tel: (310) 201-5211<br>Fax: (310) 201-5219 |

13 |     **C.**    Modification by Writing Only.

14 |        This Agreement, and its terms and Exhibits, may be modified only in a writing

15 | signed by all counsel of record for the parties, and will not become effective unless and until

16 | approved by the Court or otherwise as ordered by the Court.

17 |     **D.**    Representations.

18 |        1.    Garcia, Easter, Anderson and Class Counsel represent that they are

19 | presently unaware of any other lawsuit or administrative proceeding pending in California, with

20 | the exception of Landry v. Dollar Tree Stores, Orange County Superior Court Case

21 | No. 04CC00621 and Edmisten v. Dollar Tree Stores, Orange County Superior Court Case

22 | No. 03CC00505 which alleges any of the claims asserted by Garcia, Easter and Anderson in the

23 | Suit.

24 |        2.    Plaintiffs Garcia, Easter and Anderson, on behalf of themselves and the

25 | Class respectively, have expressly authorized Settlement Counsel to take all appropriate action

26 | required or permitted to be taken pursuant to this Agreement to effectuate its terms.

27 |        3.    Each attorney executing this Agreement or any of its Exhibits on behalf of

28 | any party hereto hereby warrants that full authority to do so has been given by his/her client(s).

DTC02257

**E.** <u>Further Cooperation.</u>

    The Settling Parties and their respective counsel of record shall proceed diligently to prepare and execute all documents, to seek the necessary Court approvals, and to do all other things reasonably necessary to conclude the settlement and dismiss this action with prejudice.

**F.** <u>Construction and Integration.</u>

    This Agreement, including its exhibits, constitutes the entire agreement between the parties. No representations, warranties or inducements have been made to any party concerning the subject matter of this Agreement and/or exhibits other than the representations, warranties and covenants contained in such documents. This Agreement and related exhibits shall be construed each as a whole, and with reference to one another, according to their fair meaning and intent. Each of the Settling Parties represent that its/her counsel has participated and cooperated in the drafting and preparation of this Agreement and related exhibits; hence, in any construction to be made of this Agreement and/or exhibits, the same shall not be construed against any party on the basis that said party was the drafter.

**G.** <u>Governing Law.</u>

    This Agreement and the Exhibits hereto shall be deemed to have been negotiated, executed and delivered, and to be wholly performed, in the State of California. The rights and obligations of the parties under the Agreement shall be construed and enforced in accordance with, and be governed by, the substantive and procedural laws of the State of California without regard to California's choice of law principles.

**H.** <u>Counterparts.</u>

    This Agreement may be executed in one or more faxed counterparts, which may be filed with the Court. All executed counterparts, and each of them, shall be deemed to be one and the same instrument. Once available, a complete set of original executed counterparts shall be filed with the Court.

Joint Stipulation of Class Settlement And Release Between Plaintiffs And Defendant Dollar Tree Of California, Inc.

LAI 6-495945.1 / 32534-000002

DTC02258

I.      **Attorneys' Fees, Costs and Expenses.**

        Except as otherwise specifically provided for herein, each party shall bear its/her own attorneys' fees, costs and expenses, taxable or otherwise, incurred by them in or arising out of the Suits, and shall not seek reimbursement thereof from any other party to this Agreement.

J.      **Continuing Jurisdiction.**

        Except as otherwise specifically provided for herein, the Superior Court of the State of California for the County of Orange shall retain jurisdiction to construe, interpret and enforce this Agreement and the settlement, to supervise all notices, the administration of the settlement and this Agreement and distribution of the Settlement Fund, and to hear and adjudicate any dispute arising from or related to the settlement and/or the Agreement.

K.      **Class Counsel Signatories.**

        It is agreed that because the Class Members are so numerous, it is impossible or impractical to have each Class Member execute this Agreement. The Class Notice shall be construed to advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Agreement were executed by each member of the Class.

L.      **Captions and Interpretations.**

        Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof.

        I have read the foregoing Agreement. I accept and agree to the provisions it contains, and hereby execute it voluntarily with full understanding of its consequences.

Dated:_____          By:_____
                                         Bob Sasser
                                         Chief Executive Officer
                                         Dollar Tree Stores, Inc.

Dated:   1/10/05                 By:_____
                                         Aaron R. Lubeley
                                         Seyfarth Shaw, LLP
                                         Attorneys for Defendant

---

21

Joint Stipulation of Class Settlement And Release Between Plaintiffs And Defendant Dollar Tree Of California, Inc.

DTC02259

1

2   Dated: _Jan 10, 05_                          By: _____

3                                                    Matthew Righetti
                                                     Righetti □ Wynne
4                                                    Lead Class Counsel for Plaintiffs

5

6   Dated: _____               By: _____

7                                                    Scott Cole
                                                     Scott Cole & Associates
8                                                    Class Counsel for Plaintiffs

9   Dated: _____               By: _____

10                                                   Alma Garcia
                                                     Class Representative
11

12

13  Dated: _____               By: _____

                                                     David Easter
14                                                   Class Representative

15  Dated: _____               By: _____

16                                                   Donna Anderson
                                                     Class Representative

17

18

19

20

21

22

23

24

25

26

27

28

                                        22

Joint Stipulation of Class Settlement And Release Between Plaintiffs And Defendant Dollar Tree Of California, Inc.

LA1 6495945.1 / 32534-000002

DTC02260