LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

1 MAUREEN E. McCLAIN, Bar No. 062050
KRISTA STEVENSON JOHNSON, Bar No. 185241
2 MATTHEW P. VANDALL, Bar No. 196962
LITTLER MENDELSON
3 A Professional Corporation
650 California Street, 20th Floor
4 San Francisco, CA 94108.2693
Telephone: 415.433.1940
5 Facsimile: 415.399.8490
Email: mmcclain@littler.com
6 Email: kjohnson@littler.com
Email: mvandall@littler.com
7
Attorneys for Defendant
8 DOLLAR TREE STORES, INC.

9 BETH HIRSCH BERMAN, VA Bar No. 28091
WILLIAMS MULLEN
10 A Professional Corporation
999 Waterside Drive
11 1700 Dominion Tower
Norfolk, VA 23510
12 Telephone: 757.629.0604
Facsimile: 757.629.0660
13 Email: bberman@williamsmullen.com

14 *Pro Hac Vice* Attorneys for Defendant
DOLLAR TREE STORES, INC.
15

16 UNITED STATES DISTRICT COURT

17 NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 18 MIGUEL A. CRUZ and JOHN D. HANSEN, individually and on behalf of all<br>19 others similarly situated,<br>20         Plaintiffs,<br>21 v.<br>DOLLAR TREE STORES, INC.,<br>22         Defendant.<br>23 | **Case Nos. C 07 2050 SC and C 07 04012 SC**<br><br>**DECLARATION OF MATTHEW P. VANDALL IN SUPPORT OF DEFENDANT DOLLAR TREE STORES, INC.'S MOTION TO DECERTIFY THE CLASS**<br><br>**EXHIBIT "Y" FILED UNDER SEAL PER COURT'S APRIL 16, 2010, ORDER [DOCKET NO. 159]** |
| 23 ROBERT RUNNINGS, individually, and<br>24 on behalf of all others similarly situated,<br>25         Plaintiff,<br>v.<br>26<br>DOLLAR TREE STORES, INC.,<br>27<br>        Defendant.<br>28 | Date: July 23, 2010<br>Time: 10:00 a.m.<br>Dept.: 1, 17th Floor<br>Judge: Hon. Samuel Conti<br><br>Trial Date: March 7, 2011<br>Complaints Filed: April 11, 2007<br>                             July 6, 2007 |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECLARATION OF MATTHEW P. VANDALL ISO
DEFT'S MOTION TO DECERTIFY THE CLASS

CASE NOS. C 07 2050 SC
and C 07 04012 SC

I, MATTHEW P. VANDALL, declare:

A. I am a shareholder in the firm of Littler Mendelson, counsel for Defendant Dollar Tree Stores, Inc. ("Dollar Tree" or "Defendant") in the above-entitled action. I have personal knowledge of the facts set forth below. If called upon as a witness, I could testify competently thereto. I am an attorney duly licensed to practice before all the courts of the State of California.

B. The instant action was filed by Robert Runnings on July 6, 2007 in Alameda County Superior Court. On the basis of the Class Action Fairness Act of 2005, Dollar Tree removed the case to federal district court on August 7, 2007. Following Dollar Tree's request for reassignment to a district court judge, the matter was assigned to the Honorable Phyllis J. Hamilton. This matter was consolidated with the above-captioned Cruz/Hansen complaint before the Honorable Samuel Conti on August 31, 2007.

C. On May 26, 2009, the Court issued its Order Granting Plaintiffs' Amended Motion For Class Certification ("Certification Order") which certified a class consisting of all persons who are/were employed by Defendant in California as store managers since December 12, 2004. On July 2, 2009, the Court amended such order to include the May 26, 2009 end point for the Class Period.

D. There are two related single plaintiff cases currently pending in the California Superior Court in Santa Cruz and Santa Clara Counties: (1) *Randy Smith v. Dollar Tree Stores, Inc., et al.*, Case No. CIS-CV-160473 (Santa Cruz); and (2) *Diane Fierro v. Dollar Tree Stores, Inc., et al.*, Case No. 108CV103712 (Santa Clara). Plaintiff Smith opted out of the Class and his overtime lawsuit is scheduled for a 7-10 day trial to commence on August 30, 2010. Plaintiff Fierro's state court action is stayed pending resolution of this case and/or the issuance of a decertification order.

I. **DISCOVERY SINCE THE CLASS CERTIFICATION ORDER.**

　A. **Defendant's First Set of Requests For Admissions.**

E. Attached hereto as **Exhibit A** is a true and correct copy of Defendant's Requests for Admissions, Set One (the "First RFAs") served upon representative plaintiff Miguel Cruz ("Cruz") on June 29, 2009. Defendant also served on June 29, 2009, an identical set of the First RFAs on representative plaintiffs Robert Runnings ("Runnings") and John Hansen ("Hansen").

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DECLARATION OF MATTHEW P. VANDALL ISO
DEFT'S MOTION TO DECERTIFY THE CLASS

1.

CASE NOS. C 07 2050 SC and
C 07 04012 SC

The First RFAs ask Plaintiffs to admit or deny whether they considered their various job duties and responsibilities to constitute "exempt" duties within the meaning of the executive exemption as it is described in 8 Cal. Code Regs. § 11070(1)(A)(1).

  F. Attached hereto as **Exhibit B** is a true and correct copy of Cruz's Objections and Responses to the First RFAs which are marked "Received" by my firm on August 4, 2009. An identical set of objections and responses to the First RFAs were received from Runnings and Cruz that same day.

  G. Attached hereto as **Exhibit C** is a true and correct copy of a September 21, 2009 letter I received from Molly Kuehn, Esq., one of the Class Counselors of record in this action. At page 2 of 6 in Exhibit C, Ms. Kuehn argues that Plaintiffs are unable to respond to the First RFAs on the ground that they are overbroad:

> Inherent in the structure of this RFA is the presupposition that the Certification fully expresses what Store Managers do from day to day and describes duties that would be found to be legally exempt. Plaintiff, however, does not agree with this assumption. . . . Furthermore, this RFA is overbroad on a temporal basis since, for example, the needs of a particular store may change from pay period to pay period and . . . could also change depending upon 'variations in store size, sales volume, products offered by each store, employee complements, supervisory styles and merchandising approaches.

This reasoning was applied to each of the individual requests at issue in the First RFAs. *See* Exh. C at pp. 3, 4 & 5.

  H. On October 1, 2009, the parties submitted their dispute concerning the First RFAs to the Discovery Magistrate, Hon. Joseph C. Spero ("Judge Spero"). Attached hereto as **Exhibit D** is a true and correct copy of the parties' 10/1/09 joint letter brief to Judge Spero (without attachments). Attached hereto as **Exhibit E** is the Reporters' Transcript of Proceedings from the October 19, 2009 hearing concerning such dispute. Judge Spero ordered Class Counsel to respond to the First RFAs within thirty days of the hearing. Exh. D at p. 17:12-15.

  I. Attached hereto as **Exhibit F** is a true and correct copy of Cruz's November 18, 2009, Amended Objections and Responses to the First RFAs. Class Counsel denied each request contained within the First RFAs. *See* Exh. F.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECLARATION OF MATTHEW P. VANDALL ISO DEFT'S MOTION TO DECERTIFY THE CLASS   2.   CASE NOS. C 07 2050 SC and C 07 04012 SC

B.   **Defendant's Second Set of Requests For Admissions.**

J.   On September 24, 2009, Defendant served a second set of Requests for Admissions (the "Second RFAs"), which required the responder to review the deposition testimony of a Class Member regarding a particular job duty, and to admit or deny whether such description of that job duty was "representative of the class as a whole." A true and correct copy of the Second RFAs issued to Cruz are attached hereto as **Exhibit G.**

K.   A true and correct copy of Cruz's October 27, 2009 Objections to the Second RFAs are attached hereto as **Exhibit H.** An identical set of Objections were served by Runnings and Hansen on October 27, 2009. All three Plaintiffs refused to respond to each individual request for admission contained within the Second RFAs on the following ground:

> Plaintiff, however, does not know whether all other Dollar Tree Store Managers would testify that they shared this responsibility, and/or when they had it, and/or whether they would describe this responsibility in the same manner that Plaintiff and/or [the deponent] would. On this basis and to this extent, Plaintiff denies the remainder of this Request.

*See e.g.,* Exh. H at p. 3:21-24 and *passim*.

L.   Following a meet and confer discussion concerning the Second RFAs, Class Counsel served on November 30, 2009, Cruz's Amended Objections and Responses to the Second RFAs, a true and correct copy of which is attached hereto as **Exhibit I.** An identical set of amended objections were served by both Runnings and Hansen on the same date. The only change Class Counsel made between October 27 and November 30, 2009 was to remove the objections stating that the individual requests within the Second RFAs seek "Plaintiff's opinion on wage and hour laws." *Id.* at p. 2.

M.   On December 23, 2009, the parties submitted their dispute concerning the Second RFAs to Judge Spero. Attached hereto as **Exhibit J** is a true and correct copy of the parties' 12/23/09 joint letter brief. Exhibit J is attached without its voluminous supporting exhibits (the bulk of which constitute the various requests and responses that are attached as Exhibits F, G and H, to this declaration).

N.   Attached hereto as **Exhibit K** is a true and correct copy of the Reporters'

DECLARATION OF MATTHEW P. VANDALL ISO DEFT'S MOTION TO DECERTIFY THE CLASS — 3. — CASE NOS. C 07 2050 SC and C 07 04012 SC

Transcript of Proceedings from the January 22, 2010 hearing concerning the parties dispute over the Second RFAs. During the discovery hearing, Class Counselor Molly Kuehn argued that Class Counsel "will not have the information from – from our class members to say that any particular manner in which a duty is completed is representative unless the Court orders us to obtain that specific information." Exh. K at pp. 7:22-8:1. Class Counselor Kuehn also argued that, in order to respond to the Second RFAs, Class Counsel was "going to have to have some kind of substantial colleague campaign to contact [the Class Members] and get this kind of information" which, Ms. Kuehn posited, "could take months." *Id.* at p. 10:10-15. Judge Spero ordered Plaintiffs to provide complete responses to the Second RFAs by April 30, 2010. *Id.* at p. 11:5-10.

O. Attached hereto as **Exhibit L** is a true and correct copy of Cruz's April 30, 2010 Further Amended Objections and Responses to the Second RFAs. An identical set of amended objections and responses were served by both Runnings and Hansen on the same date.

C. **Defendant's Written Discovery to Class Members.**

P. On March 25, 2010 the Court ordered that Defendant "shall serve 10 Special Interrogatories and 10 Requests for the Production of Documents on Class Members" (the "Class Discovery Requests") which discovery was to be served through Class Counsel. 3/25/10 Order After Case Management Conference. ¶ 1. Defendant served the Class Discovery Requests on Class Counsel on March 26, 2010. Attached hereto as **Exhibit M** and **Exhibit N**, respectively, are true and correct copies of the Special Interrogatories and Requests for the Production of Documents that comprise the Class Discovery Requests served on 3/26/10.

Q. Class Counsel served model responses to the Class Discovery Requests on April 26, 2010, true and correct copies of which are attached hereto as **Exhibit O** (Model Responses to Special Interrogatories) and **Exhibit P** (Model Responses to Document Requests).

R. The parties were unable to resolve their dispute regarding the Class Discovery Requests and presented the issue to Judge Spero on May 28, 2010. Attached hereto as **Exhibit Q** is a true and correct copy of the parties' Joint Letter Brief on this subject. Exhibit Q is filed without supporting exhibits for the Court's convenience (the bulk of which that are relevant here comprise the Class Discovery Requests and the model objections which are already attached hereto as Exhibits

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECLARATION OF MATTHEW P. VANDALL ISO
DEFT'S MOTION TO DECERTIFY THE CLASS

4.

CASE NOS. C 07 2050 SC
and C 07 04012 SC

M-P).

S. On June 9, 2010, Judge Spero held a discovery conference with respect to the parties' dispute concerning, among other things, the Class Discovery Requests. Following the hearing, Judge Spero issued his written order that certain of the Class Discovery Requests be revised and served immediately upon Class Counsel. *See* 6/9/10 Order Granting in Part, Denying in Part Motion to Compel (Joint Letter Brief) (the "Class Discovery Order"). (A true and correct copy of the Class Discovery Order is attached hereto as **Exhibit R**. upon Class Counsel.) Defendant modified 718 separate sets of Special Interrogatories and 718 separate sets of Requests for the Production of Documents in compliance with the Class Discovery Order.

T. The modified Class Discovery Requests were served upon Class Counsel the following day, June 10, 2010. True and correct copies of the modified Special Interrogatories and Requests for the Production of Documents that were directed to Class Member Justin M. Hulen are attached hereto as **Exhibit S** and **Exhibit T**, respectively. I am informed and believe that the modified Class Discovery Requests were hand delivered to the office of Class Counsel on or before 12:30 p.m. on June 10, 2010. A true and correct copy of the proof of service for the modified Class Discovery Requests is attached hereto as **Exhibit U**.

U. Judge Spero ordered that all responses to the modified Class Discovery Requests "are due on or before July 16, 2010." *See* Exh. R (Class Discovery Order), ¶ 8.

D. **Class Counsel's Failure To Provide A Trial Plan.**

V. On February 9, 2010, Class Counsel filed Plaintiffs' Notice of Motion and Motion for Case Management Order No. 1, a true and correct copy of which is attached hereto as **Exhibit V**. Through that motion, Class Counsel proposed that the "parties should be ordered to meet and confer to discuss and agree upon the methodology for selecting exemplar plaintiffs and, if possible, the names of those exemplar plaintiffs." Class Counsel further characterized the Class Certification Order as an acknowledgement that this case may be tried through representational testimony. *See* Exh. V at p. 5, n. 3. Further, Plaintiffs sought a stay of formal liability discovery during the process of selecting the purported exemplar plaintiffs. *Id.* at p. 3:16-17.

W. As of the March 5, 2010 Case Management Conference, Class Counsel again

emphasized that they intend to try this case through representational testimony. *See* Joint Supplemental CMC Statement, ¶ 8(a) (describing Class Counsel's request for a case management order that establishes an appropriate number of "exemplar" plaintiffs to testify at trial). Class Counsel also requested a discovery stay until the number of representative plaintiffs was determined. *Id.*

II.   **RELEVANT DECLARATIONS FILED IN THIS ACTION.**

X.   On April 10, 2009, Defendant filed its Opposition to Plaintiffs' Motion for Class Certification ("Opposition Brief"). For the Court's convenience, certain declarations filed in Support of the Opposition Brief are being filed herewith. The purpose of filing these documents again is to avoid burdening the Court with the need to locate and review certain evidence referenced in Defendant's Motion to Decertify the Class. The declarations previously filed with this Court in support of the Opposition Brief along with their new corresponding Exhibit references are:

   a.   A true and correct copy of the **Declaration of David McDearmon** is attached hereto as **Exhibit W**; *see also,* Dckt. #144, 144-1, 144-2 and 144-3;

   b.   A true and correct copy of the **Declaration of Steven Pearson** is attached hereto as **Exhibit X**; *see also,* Dckt. #145;

   c.   A true and correct copy of the **Declaration of Charlotta Jacobson-Allen** is attached hereto as **Exhibit Y**; *see also* Dckt. #137. Included within Ms. Jacobson-Allen's declaration are Exhibit C (Declaration of Mark Adams), Exhibit D (Declaration of Dawn Bazinet), Exhibit E (Declaration of Edward Mehall), Exhibit F (Declaration of Jenene Rodgers), and Exhibit G (Declaration of Frank Torrell) – which were previously filed in this fashion in support of the Opposition Brief.

   d.   A true and correct copy of Defendant's Administrative Motion for Relief to file under seal portions of Exhibit A to the Declaration of Charlotta Jacobson-Allen is attached hereto as **Exhibit Z** (*see* Dckt. #156) and a true and correct copy of the April 16, 2009 Order of the Court granting Defendant's Motion for Administrative Relief to File Under Seal is attached hereto as **Exhibit AA**; *see also,* Dckt. #159.

### III. INFORMATION CONCERNING RECENT OPT OUTS.

Y. Former Class Member Bertha Castro was scheduled to be deposed in April 2010 in Palm Springs, CA. On the day the deposition was scheduled to take place, however, Class Counselor Kuehn informed me that Ms. Castro had chosen instead to opt out of the litigation and that she would not be deposed. Ms. Kuehn agreed to accept an e-mail acknowledgement of Ms. Castro's decision to opt out of the litigation. A true and correct copy of my April 13, 2010, e-mail to Ms. Kuehn on this subject is attached hereto as **Exhibit BB**.

Z. Following confirmation of Ms. Castro's opt out, I contacted her to discuss her decision. Ms. Castro agreed to voluntarily provide a declaration supporting Defendant's Motion to Decertify the Class – a true and correct copy of which is attached hereto as **Exhibit CC**. Ms. Castro reported to me that she felt harassed, intimidated and threatened by Class Counsel. *See* Exh. CC, ¶ 4. She informed me that Class Counsel had "interviewed" her prior to the deposition. She could not remember all of the questions she was asked other than whether she was "required" to unload the truck or ring a cash register in her capacity as a Store Manager for Dollar Tree. *Id.*, ¶ 3. She recalled trying to answer these questions truthfully by explaining the circumstances that would lead to her having to ring a register or having to oversee the process of unloading the truck. *Id.* However, the representative from Scott Cole & Associates kept interrupting her and telling her that she <u>had</u> to respond to his questions by saying "yes" or "no". *Id.* For example, with respect to unloading the truck, Ms. Castro tried to explain to Class Counsel that she had a Merchandise Manager who performs that function at store number 2850 and that she rarely gets involved in unloading the truck. According to Ms. Castro, Class Counsel was not interested in her explanations and insisted that she respond by saying "yes" or "no". *Id.* Similarly, Ms. Castro recalled trying to explain the circumstances that would warrant her ringing a register (such as seeing long line of customers or having a cashier call in sick), but Class Counsel cut her off again and told instructed her to respond by saying "yes" or "no". Class Counsel continued cutting Ms. Castro off throughout the process of completing the questionnaire to such a great extent that Ms. Castro stated later that she "felt as though he was not interested in hearing the truth because he refused to listen to any of my explanations." *Id.*

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECLARATION OF MATTHEW P. VANDALL ISO DEFT'S MOTION TO DECERTIFY THE CLASS

7.

CASE NOS. C 07 2050 SC and C 07 04012 SC

AA. Former Class Member Jerry Clemens also recently decided to opt out of the lawsuit. I noticed Mr. Clemens' deposition on March 18, 2010 and scheduled it to occur on April 7, 2010. Following several failed attempts to reschedule Mr. Clemens, his deposition was re-noticed to occur on June 7, 2010. Mr. Clemens appeared for the deposition on that date in Palm Springs, California. However, Mr. Clemens decided to opt out of the litigation. Mr. Clemens signed a letter confirming his opt out but and he did not agree to sit through the deposition procedure. (A true and correct copy of Mr. Clemens' June 7th opt out is attached hereto as **Exhibit DD**)

BB. The extent of the Class Members who would prefer to opt out of the litigation, as Ms. Castro and Mr. Clemens have, is presently unknown because Defendant is precluded from communicating with the represented Class Members. I have reason to believe, however, that there is at least one other Class Member who wishes to opt out of the litigation. Class Member Anthony Waitschies contacted Defendant and reported that he was being contacted by Class Counsel and that he did not want to be a part of the lawsuit. I informed Class Counsel that Mr. Waitschies had expressed this intention and that he was instructed to contact Class Counsel to discuss his concerns. A true and correct copy of my April 28, 2010 e-mail to Ms. Kuehn is attached hereto as **Exhibit EE**.

CC. On May 17, 2010, Class Counselor Kuehn informed me that Mr. Waitschies confirmed his decision to opt out with Class Counsel by telephone. She also informed me that Class Counsel was insisting upon receiving written confirmation from Mr. Waitschies concerning his decision to opt out the Class. Class Counsel has not confirmed Mr. Waitschies as an opt out since May 17, 2010 despite my request that they do so. (A true and correct copy of my 5/17/10 confirming e-mail to Ms. Kuehn is attached hereto as **Exhibit FF**)

## IV. REPRESENTATIVE PLAINTIFF ROBERT RUNNINGS' MOTION FOR SUMMARY JUDGMENT AND SUPPORTING DECLARATION.

DD. Attached hereto for the Court's convenience as **Exhibit GG** and **Exhibit HH**, respectively, are Plaintiff Robert Runnings' Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment and the supporting Declaration of Robert Runnings.

DECLARATION OF MATTHEW P. VANDALL ISO DEFT'S MOTION TO DECERTIFY THE CLASS — 8. — CASE NOS. C 07 2050 SC and C 07 04012 SC

## V. THE DECLARATIONS OF DAVID LEWIN, PH.D.

EE. On March 25, 2010, the Court approved the parties' Joint Order After Case Management Conference ("Joint Order"). The Joint Order stated *inter alia* that Defendant's Motion for Decertification must be filed on or before June 30, 2010 and that each party shall have one expert of the Decertification Motion. (Dckt. #208, ¶ 3) The Order further stated that the "parties disagree as to the timing of expert identification and the disclosure of expert reports including whether rebuttal reports shall be allowed and the schedule for disclosing such reports". *Id.* The parties then submitted their dispute to the Court via an April 2, 2010 Joint Administrative Motion For Scheduling Order Regarding Parties' Expert Disclosure (the "Joint Brief"). In its portion of Joint Brief, Defendant explained that Class Counsel proposed that both parties have an expert "to provide an opinion on how many class members should testify at trial as representative plaintiffs." Joint Brief at p. 1:22-24. Despite this, Class Counsel argued that "Plaintiffs can only speculate as to what issues will require an expert opinion" (*id.* at p. 3:21-22) and that Plaintiffs should be allowed to designate an expert "rebuttal witness, whose identify and findings [would be] disclosed only **after** the moving party makes its disclosures" (*id.* at pp. 4:18-5:1 (emphasis in original)). The Court ordered the "simultaneous disclosure of experts and reports with the initial report being due on May 7, 2010 and the rebuttal reports due on May 21, 2010. Scheduling Order re Expert Disclosures at p. 2:1-3.)

FF. Attached hereto as **Exhibit II** is a true and correct copy of the May 7, 2010 Declaration of David Lewin that was served on my office by Class Counsel. Defendant objects to aspects of this Declaration as set forth in Defendant's Objections to the Expert Reports of David Lewin, which is filed herewith.

GG. Attached hereto as **Exhibit JJ** is a true and correct copy of the May 21, 2010 Response of David Lewin to Declaration of Robert Crandall (the "Lewin Rebuttal Declaration"). Defendant objects to aspects of the Lewin Rebuttal Declaration as set forth in Defendant's Objections to the Expert Reports of David Lewin, which his filed herewith.

DECLARATION OF MATTHEW P. VANDALL ISO DEFT'S MOTION TO DECERTIFY THE CLASS    9.    CASE NOS. C 07 2050 SC and C 07 04012 SC

Executed in San Francisco, California on June 18, 2010. I have read this Declaration and hereby declare, under penalty of perjury under the laws of the United States of America, that it is true and correct.

          /s/ *Matthew P. Vandall*
          **MATTHEW P. VANDALL**

FIRMWIDE:95580406.2 061603.1004

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECLARATION OF MATTHEW P. VANDALL ISO
DEFT'S MOTION TO DECERTIFY THE CLASS

10.

CASE NOS. **C 07 2050 SC**
and **C 07 04012 SC**