MAUREEN E. MCCLAIN, Bar No. 62050
KRISTA STEVENSON JOHNSON, Bar No. 185241
MATTHEW P. VANDALL, Bar No. 196962
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:    415.433.1940
Facsimile:     415.399.8490
Email:         mmcclain@littler.com
               kjohnson@littler.com
               mvandall@littler.com

Attorneys for Defendant
DOLLAR TREE STORES, INC.

BETH HIRSCH BERMAN, VA Bar No. 28091
WILLIAMS MULLEN
A Professional Corporation
999 Waterside Drive
1700 Dominion Tower
Norfolk, VA  23510
Telephone:    757.629.0604
Facsimile:     757.629.0660
Email:         bberman@williamsmullen.com

*Pro Hac Vice* Attorneys for Defendant
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CRUZ and JOHN D. HANSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOLLAR TREE STORES, INC.,<br><br>Defendant. | **Case Nos.  C 07 2050 SC and C 07 04012 SC**<br><br>**DECLARATION OF JERRY CLEMENS IN SUPPORT OF DEFENDANT'S MOTION TO DECERTIFY THE CLASS**<br><br>Date:          July 23, 2010<br>Time:          10:00 a.m.<br>Dept.:         Crtrm. 1, 17th Floor<br>Judge:         Hon. Samuel Conti<br><br>Trial Date:              March 7, 2011<br>Complaints Filed:    April 11, 2007<br>                              July 6, 2007 |
| ROBERT RUNNINGS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC.,<br><br>Defendant. | |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECLARATION OF JERRY CLEMENS IN SUPPORT OF
DEFENDANT'S MOTION TO DECERTIFY THE CLASS

1.

CASE NOS. **C 07 2050 SC**
and **C 07 04012 SC**

I, JERRY CLEMENS, declare:

1.    My name is Jerry Clemens. I am providing this declaration voluntarily. Dollar Tree Stores, Inc. ("Dollar Tree") has informed me that providing or not providing this declaration will not affect my employment with Dollar Tree. All the facts contained in this declaration are based upon my own personal knowledge and, if called as a witness, I could competently testify to them.

2.    I am employed as a Store Manager by Dollar Tree Stores, Inc. at store number 1899 in San Bernardino, California. I was originally hired by Dollar Tree in or about March 2005 as an Manager in Training. I worked as a store manager between June 2005 and May 26, 2009 and I continue to work in that capacity through the present day. I have opted out of the above-captioned Class Action overtime lawsuit that is currently proceeding in California because I have no desire to participate in the litigation as a member of the Class.

3.    I spoke with a representative of Scott Cole & Associates for the first time on June 7, 2010, the morning my deposition was scheduled to occur. I learned about the deposition in late May 2010 when I was served with a deposition subpoena. I decided on June 7, 2010, after having an opportunity to consult with Scott Cole & Associates, that I did not wish to participate in the Store Manager overtime class action that is currently proceeding in the United States District Court for the Northern District of California. Prior to that date, I had received the Class Notice but I did not understand that I needed to take action to opt out of the lawsuit. In any event, I did not, and do not, wish to be a member of the Class because it is my belief that I spend a majority (that is more than 50%) of my actual work time each week at Store No. 1899 performing managerial tasks, such as supervising, training and directing the work of my subordinate employees.

4.    I enjoy my job as Dollar Tree store manager. My store is a high volume store in that my annual sales regularly exceed [REDACTED]. Because everything in my store sells for a dollar or less, that translates into more than [REDACTED] of merchandise moving through my store on an annual basis. It is my responsibility as the store manager to, among other things, supervise or oversee the process of receiving the merchandise to be sold at my store, to ensure that there is enough product on hand to keep the store shelves filled with merchandise, and to maintain a clean,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DECLARATION OF JERRY CLEMENS IN SUPPORT OF
DEFENDANT'S MOTION TO DECERTIFY THE CLASS

2.

CASE NOS. C 07 2050 SC
and C 07 04012 SC

1   well stocked store that will enhance the shopping experience of my customers. I do this, primarily,

2   by managing my subordinate employees and making sure that they perform the various operational

3   tasks that I assign them each day that I am at work.

4           5.      I currently have 18 hourly employees working at my store including 3

5   assistant managers. Generally, I maintained this level of staffing at Store 1899 store prior to May

6   26, 2009 at 1899. Because of the volume of merchandise that flows through my store on an annual

7   basis, and the number of employees I directly supervise, I am confident that I spend the majority

8   (that is, more than 50%) of my actual work time on managerial tasks such as supervising associates,

9   planning the daily tasks and activities of the associates working beneath me, reviewing and

10  analyzing various management reports (such as sales reports, payroll, vendor reports, the top 200

11  units of merchandise sold at my store, on hand merchandise, marks ups and mark downs, cashier

12  statistics reports, etc.).

13          6.      My work experience as a Dollar Tree Store Manager has changed over time

14  based upon a number of factors, including the size of the store, the sales volume, the experience and

15  knowledge of my team, and the management style of my Regional Director, Gary Marinello.

16          7.      My current store, Store No. 1899, is a high volume store. I managed this store

17  during the Class Period. I have previously managed lower volume stores, including Store Nos. 1773

18  and 2216. I have had a different team in place at Store 1899 than I did at Stores 1773 and 2216. In

19  my view, the team I worked with at Store 1899 during the Class Period was superior to the team I

20  worked with at Store 1773 and 2216 because of their depth of knowledge concerning Dollar Tree

21  and their years of retail experience.  While I also had some knowledgeable and experienced

22  personnel at Stores 1773 and 2216, I simply had more of them at Store 1899.  The sales volume at at

23  Stores 1773 and 2216 was also much lower than at 1899. That resulted in fewer payroll hours being

24  allocated to my stores which translated directly into differences in productivity which, in turn,

25  resulted in varying levels of efficiency in the ways the stores ran. Although I was always able to

26  delegate tasks to my subordinates, these differences resulted in me spending additional time

27  performing non-managerial tasks such as stocking and ringing a register at Stores 1773 and 2216.

28          8.      It has also been my experience at Store 1899 that my Regional Director, Gary

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

DECLARATION OF JERRY CLEMENS IN SUPPORT OF
DEFENDANT'S MOTION TO DECERTIFY THE CLASS

3.

CASE NOS. C 07 2050 SC
and C 07 04012 SC

1   Marinello, provides me with a sufficient level of autonomy to manage my store as I see fit.  It has

2   been my experience working under Gary Marinello at Store 1899 that if I need additional payroll

3   hours, they are provided to me.  When I need help at my store, I feel that I receive it rather than

4   being forced to do the work myself. This was not always the case under prior Regional Directors.

5           9.      I consider myself to be fully in charge of my store at all times that I am on

6   shift.  I am constantly problem solving and making independent judgments about the operations of

7   my store.  For example, I am constantly evaluating the productivity of my staff.  That requires me to

8   make decisions throughout the day with respect various ways to motivate my hourly associates to

9   work more efficiently or to divert associates resources from one section of my store to another.  I

10  make decisions about what products to order for my store through the order and book, the quantities

11  I should  and where to place certain goods in the unallocated spaces of my store.  I am referring in

12  this paragraph to the time period before May 26, 2009.

13          10.     I do not spend much time stocking shelves at Store 1899.  My Merchandise

14  Manager performs that function with the freight team.  I do merchandise end caps to teach hourly

15  associates about effective product placement and, occasionally, I merchandise end caps and aisle

16  space myself but I am confident that I spend less than 35% of my time on this task.  When I do

17  perform these tasks I am usually training someone or showing them different techniques for

18  managing productivity.  In fact, I am confident that I do spend less than 50% of my actual work time

19  each week receiving product, distributing and storing product, stocking product, and cashiering.

20  This was true at all times that I was a store manager at Store 1899 during the Class Period (i.e.,

21  during my employment as a store manager prior to May 26, 2009).

22          11.     Each week, I complete a weekly certification of duties.  When I completed

23  that form prior to May 26, 2009, I understood that I was communicating to Dollar Tree that I was

24  spending more than 50% of my actual work time during the payroll period on managerial tasks, such

25  as those described above and in the job description for Dollar Tree's California Store Managers.  I

26  have responded both by saying yes and no during the Class Period.  No one from Dollar Tree has

27  ever attempted to influence the way I respond on the certification of duties form.  I have always

28  known that I am at liberty to respond by saying "no" in a given week and that I will not be penalized

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433.1940

DECLARATION OF JERRY CLEMENS IN SUPPORT OF
DEFENDANT'S MOTION TO DECERTIFY THE CLASS          4.          CASE NOS. C 07 2050 SC
                                                                          and C 07 04012 SC

1  or disciplined for doing so.  At Store 1899 I had no problem certifying "yes" each week because I

2  have no problem managing and directing my subordinate employees during the majority of each

3  work week prior to May 26, 2009.  I recall saying yes and no with varying frequency at Stores 1773

4  and 2216.

5          12.    I believe that Dollar Tree treats its employees fairly.  That certainly has been

6  my experience.

7          Executed  in  San  Bernardino,  California  on  June  11,  2010.    I  have  read  this

8  Declaration and hereby declare, under penalty of perjury under the laws of the United States of

9  America, that it is true and correct.

10  JERRY CLEMENS

11  Firmwide:95812474.1 061603.1004

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECLARATION OF JERRY CLEMENS IN SUPPORT OF
DEFENDANT'S MOTION TO DECERTIFY THE CLASS

5.

CASE NOS. C 07 2050 SC
and C 07 04012 SC