UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CRUZ, and JOHN D. HANSEN, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>DOLLAR TREE STORES, INC.,<br><br>      Defendant.<br>_____<br>ROBERT RUNNINGS, individually, and on behalf of all others similarly situated,<br>      Plaintiffs,<br><br>  v.<br><br>DOLLAR TREE STORES, INC.,<br><br>      Defendant.<br>_____ | Case Nos. 07-2050 SC<br>          07-4012 SC<br><br>ORDER RE: MOTIONS |

    Defendant Dollar Tree Stores, Inc. ("Dollar Tree" or "Defendant") filed nine motions that are on the Court's November 19, 2010 calendar. <u>Runnings</u> Docket, ECF Nos. 272, 284, 286, 288, 290, 292, 295, 300, 304. Having considered all the papers submitted in support of, and in opposition to, the motions, the Court denies all nine motions.

    1. The Court denies Defendant's Motion for Summary Adjudication of Class Issues and Claims, and Alternative Motion to Decertify the Class. The main issue in this case is whether 273 Dollar Tree store managers who responded "no" at least once on

Dollar Tree's weekly payroll certifications were mis-classified by Dollar Tree as exempt from overtime compensation. To qualify for the executive exemption, an employee must (1) manage the enterprise or a subdivision; (2) direct the work of others; (3) have the authority to hire or fire; (4) exercise discretion and independent judgment; (5) be primarily engaged in exempt activity more than half the time; and (6) earn a salary equal to twice the minimum wage. While the parties agree that Dollar Tree store managers earn a salary equal to twice the minimum wage, the Court finds that there are material issues of fact as to whether the other prongs of the executive exemption test are satisfied. Also, the Court denies Dollar Tree's alternative motion to decertify because Dollar Tree's defenses and realistic expectations concerning how store managers were spending their time are likely to prove susceptible to common proof at trial.

2. Having denied the Motion for Summary Adjudication regarding the class as a whole, the Court also denies Defendant's motions for summary judgment filed against individual class members Scott Diehl, Diana Durston, Mike Deubert, Paul Avila, and Allen Vogel. See In re Unisys Corp., No. 93-1668, 2002 U.S. Dist. LEXIS 25737, at *12 (E.D. Pa. Jan. 30, 2002) ("The Court's denial of summary judgment as to the class as a whole, however, is binding as to all individual class members.").

3. The Court denies Defendant's Motion for Summary Judgment Based on Bankruptcy Filings. The Court is not persuaded that absent class members who have filed for bankruptcy and who have not opted out of this case should be judicially estopped from

2

being part of the class. Their participation in this class action is too passive for the equitable doctrine of judicial estoppel to apply.

4. The Court denies Defendant's Motion to Dismiss Claims of Class Members who Failed to Respond to Defendant's Discovery. However, the Court will entertain a renewed motion to dismiss after class members are provided with one final opportunity to respond. Defendants were permitted to serve each class member with 10 special interrogatories and 10 requests for production of documents. <u>Cruz</u> Docket, ECF No. 150. Magistrate Judge Spero required Plaintiffs' counsel to send a written notice to non-responding class members. <u>Cruz</u> Docket, ECF No. 247. The Court will require Plaintiffs' counsel, within 7 days of this Order, to send another written notice to these class members indicating the Court will dismiss them from the class if they do not respond. If verified responses are not provided to Defendant's counsel within 21 days of Plaintiffs' mailing of the notice, then Defendant's counsel may file a renewed motion for non-responding class members to be dismissed.

///
///
///
///
///
///
///
///

5.  The Court denies Defendant's Motion to Dismiss Certain Class Members.  At trial, Dollar Tree must show it realistically expected store managers to be spending more than half of their time on exempt tasks, and if Dollar Tree can show that 37 of the 273 class members responded "no" on the weekly certifications merely because they were not working those weeks, then this evidence helps rather than hurts its defense of this case.  The Court will not dismiss these class members on this basis.

IT IS SO ORDERED.

Dated: November 19, 2010

_____
UNITED STATES DISTRICT JUDGE