IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CRUZ and JOHN D. HANSEN, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>      v.<br><br>DOLLAR TREE STORES, INC.,<br><br>   Defendant. | Case Nos. 07-04012-SC<br><br>Related Cases: 07-02050-SC<br><br><br>ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE PROTECTIVE ORDER |
| ROBERT RUNNINGS, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>      v.<br><br>DOLLAR TREE STORES, INC.,<br><br>   Defendant. | |

## I.  INTRODUCTION AND BACKGROUND

Now before the Court is Defendant Dollar Tree Stores, Inc.'s ("Dollar Tree") motion to enforce a protective order against Plaintiffs' counsel, Scott Cole & Associates ("Plaintiffs'

Counsel").[1] ECF No. 361 ("Mot."). Specifically, Dollar Tree seeks to enforce a December 9, 2011 stipulated protective order that provides, in relevant part: "Within thirty (30) days following final disposition of this action, counsel for the parties shall assemble and return to each other all Confidential Information . . . ." Case No. 07-0250 ECF No. 41 ("Protective Order") ¶ 16. Since Plaintiffs voluntarily dismissed this action, Plaintiffs' Counsel have returned hard copies and CDs of confidential documents produced by Dollar Tree through discovery but have insisted on retaining an electronic archival copy of these confidential documents. ECF 361-2 *"McClain Decl.") ¶¶ 21-23, Exs. G-J. Plaintiffs' Counsel argues that California Rule of Professional Conduct 4-100(B)(3) requires it to retain this archive as part of Plaintiffs' client file for not less than five years. Opp'n at 4. The Court finds that Rule 4-100(B)(3) requires no such thing and, accordingly, GRANTS Dollar Tree's Motion.

## II. DISCUSSION

Rule 4-100(B)(3) requires an attorney to retain a complete record of all client funds and other properties coming into the possession of the attorney for at least five years after the conclusion of a litigation. Specifically, the rule requires that an attorney:

> Maintain complete records of all funds, securities, and <u>other properties</u> of a client coming into the possession of the member or law firm and render appropriate accounts to the client regarding them; preserve such records for a period of no less than five years after final appropriate distribution of such funds or properties; and comply with any order for an audit of such records issued pursuant to

---

[1] The Motion is fully briefed. ECF No. 363 ("Opp'n"), 364 ("Reply").

2

the Rules of Procedure of the State Bar.
Cal. Rule of Prof. Conduct 4-100(B)(3) (Emphasis added).
Plaintiffs' Counsel interprets the term "other properties" to include all client files as well as confidential documents produced by an opposing party through discovery. Opp'n at 4-5.

Plaintiffs' Counsel's reasoning is predicated on two opinions: Ramirez v. Fuselier, 183 B.R. 583, 587 (B.A.P. 9th Cir. 1995); and White v. Experian Information Solutions Inc., NO. SACV 05-1070 DOC, 2009 U.S. Dist. LEXIS 117979 (C.D. Cal. Nov. 23, 2009). These cases stand for the proposition that the client file, particularly attorney work product, may be considered the property of the client.[2] However, neither case indicates that the client file includes confidential material produced by an opposing party or that an attorney has an obligation to retain such material.

---

[2] In Ramirez, the Court held that a creditor's seizure of a debtor-attorney's client files violated the automatic bankruptcy stay. The Court reasoned:

> Under California Rules of Professional Conduct, attorneys are considered fiduciary custodians of client files and are required to keep and maintain such files for five years after the conclusion of a case. It is well settled under California law that an attorney has a duty to promptly surrender any communicated work product contained in an attorney's litigation file upon request of the client. [Citation]. The California Supreme Court has also noted that it is unacceptable for an attorney to require clients to repossess their own files from an attaching creditor. [Citation.]

Ramirez, 183 B.R. at 587-88.
In White, a number of class members moved the Court to reconsider its grant of preliminary approval of a class action settlement on the grounds that plaintiff's counsel had engaged in misconduct. 2009 U.S. Dist. LEXIS 117979, at *10. In pursuit of evidence for their objections to the settlement, these class members moved for class counsel to produce their internal emails. Id. at *12. The Court ordered the class counsel to turn over the client file, but found that class counsel could withhold their work product as privileged. Id. at *22-25.

Nor does a close reading of Rule 4-100 support Plaintiffs' Counsel's position. Chapter 4 of the California Rules of Professional Conduct pertains to "financial relationships with clients." Along those lines, Rule 4-100 deals primarily with preserving the identity of funds and other property held in trust for a client. While the scope of a client's property under Rule 4-100 may have been expanded to include attorney work product, see Ramirez, 183. B.R. at 587-88, the Court is aware of no authority which has further broadened the rule so as to encompass the confidential information disclosed by an opposing party through discovery. Indeed, it strains credulity to suggest that another party's confidential materials become the property of a client when they are produced in discovery pursuant to a protective order. Further, reading Rule 4-100 so broadly would hamper the private resolution of discovery disputes. Parties might be unwilling to stipulate to protective orders or otherwise disclose confidential documents if they know that those documents could be retained by opposing counsel indefinitely.

The Court's reasoning is further buttressed by California Rule of Professional Conduct 3-700(D). Rule 3-700(D) provides that, upon termination of employment, an attorney shall, "[s]ubject to any protective order or non-disclosure agreement, promptly release to the client . . . all client papers and property." In other words, an attorney need not provide a client with confidential material subject to a protective order. As Dollar Tree points out, it would be unreasonable to interpret Rule 4-100 to mean that an attorney is obligated to retain for the client confidential material subject to a protective order when Rule 3-700(D) states

4

that a client is not entitled to retrieve such materials.

For these reasons, the Court finds that the terms of the Protective Order concerning the return of confidential materials trump any obligations that might arise out of Rule 4-100. Accordingly, Dollar Tree's motion to enforce the Protective Order is GRANTED.

Dollar Tree has also asked the Court to order Plaintiffs' Counsel to pay its attorney's fees for bringing the instant motion. Mot. at 9-10. Federal courts may "levy sanctions, including attorneys' fees, for willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001) (internal quotations and citations omitted). Sanctions are not appropriate here. Plaintiffs' Counsel retained an electronic archive of Dollar Tree's confidential information because it believed it had an ethical obligation to do so. While this position was overly cautious and ultimately incorrect, there is no indication that it was taken in bad faith. Accordingly, Dollar Tree's request for attorney's fees is DENIED.

### III. CONCLUSION

Dollar Tree's Motion to Enforce the Protective Order is GRANTED. Plaintiffs' Counsel is hereby ORDERED to remove from their server and return all electronic archival copies of Dollar Tree's confidential material to counsel for Dollar Tree no later than seven (7) days after the publication of this Order. Plaintiffs' Counsel is further ordered to certify in writing that (a) they have returned all electronic archival copies of Dollar

5

1 Tree's Confidential material except (i) copies of all papers and
2 documents containing confidential material filed with the Court,
3 and (ii) their work product (including documents used to develop
4 legal thoughts and litigation strategy) that contains Dollar Tree's
5 confidential material, and that (b) such retention is subject to
6 the express terms of the Protective Order and that Dollar Tree's
7 confidential material shall not be used in other litigation.
8 Dollar Tree's request for attorney's fees is DENIED.

10     IT IS SO ORDERED.

12     Dated: May 16, 2012             
13                                     UNITED STATES DISTRICT JUDGE